UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEMOND CYCLING, INC.,

      Plaintiff,

v.                                          Case No. _____

TREK BICYCLE CORPORATION,

      Defendant.

# EXHIBIT D

# PLAINTIFF'S FIRST SET OF DISCOVERY

ND: 4817-0667-0850, v. 1

Dockets.Justia.com

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

LeMond Cycling, Inc.,

Plaintiff,

vs.

Trek Bicycle Corporation,

Defendant.

**PLAINTIFF LEMOND CYCLING,
INC.'S FIRST SET OF DISCOVERY**

---

TO:    Defendant Trek Bicycle Corporation and its attorneys

Pursuant to the Minnesota Rules of Civil Procedure, Plaintiff LeMond Cycling, Inc. requires that Defendant Trek Bicycle Corporation answer the following Interrogatories and Requests for Production of Documents (hereinafter "First Set"), within thirty (30) days and in accordance with the provisions prescribed by such rules.

## I. DEFINITIONS

A.    "Agreement" means any contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons, together with all modifications or amendments thereto.

B.    "And" and "or" are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this First Set any document or response that might otherwise be construed to be outside its scope.

C. "Armstrong" means Lance Armstrong, any businesses Armstrong owns or controls, wholly or in part; each partnership or joint venture to which any of them is a party; and all persons acting on his behalf, including publicists, attorneys, employees, and other agents.

D. "Any" means one or more.

E. "Burke" means Trek's John Burke.

F. "Communicate" means to exchange, transfer, or disseminate facts or information, regardless of the means by which it is accomplished.

G. "Communication" means any exchange, transfer, or dissemination of facts or information, regardless of the means by which it is accomplished.

H. "Complaint" means a communication of displeasure, annoyance, resentment, injury, damage, or a grievance.

I. "Complaint in this Lawsuit" means the complaint in this lawsuit dated March 20, 2008.

J. "Describe" means to provide a comprehensive, complete, accurate, and detailed description, explanation, or listing.

K. "Document" means any written, recorded, or graphic material, whether prepared by you or by another person, that is in the possession, custody, or control of Trek. The term includes memoranda; reports; letters; telegrams; electronic correspondence; electronic mail (*i.e.*, e-mail or text messages); any communications recorded in any form or medium; notes; minutes; and transcripts of conferences, meetings, and telephone or other communications; contracts and other agreements, statements, ledgers, and other records of financial matters or commercial transactions; notebooks,

calendars, and diaries; diagrams, graphs, charts, blueprints, and other drawings; plans and specifications; publications and published or unpublished speeches or articles; photographs, photocopies, microfilm, microfiche, and other copies or reproductions; tape, disk, and other electronic recordings; and computer printouts. The term "document" also includes electronically-stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes the original document (or a copy thereof if the original is not available), all drafts, whether or not they resulted in a final document, and all copies which differ in any respect from the original, including any notation, underlining, marking, or information not on the original.

L.   "Dr. Ferrari" means Dr. Michele Ferrari.

M.   "Drafted" means wrote or authored.

N.   "Each" includes every, and vice versa.

O.   "Identify" means to state:

    1.   in the case of a natural person, the person's name, business address, and telephone number;

    2.   in the case of a person other than a natural person, its name, the address of its principal place of business, its telephone number, the name of its chief executive officer, and, if applicable, the natural person who is your company's primary contact at that entity;

    3.   in the case of a product, its manufacturer, its model name and number, and its generic name or other designation; each brand name under which it has been sold; any other name or other designation, including any code names by which the product has been known within your company; and its physical properties or characteristics;

MP-Primary 80006668.1

4. in the case of a communication, its date, type (*e.g.*, telephone conversation, letter, or meeting), the place where it occurred, the identity of the person who made the communication, the identity of each person who received the communication or who was present when it was made, and the subject matter discussed; and

5. in the case of a contract provision, the paragraph number of the provision in the contract and the number of the page or pages on which the provision appears, as well as the name of each entity in whose contract the provision appears.

P. "Including" means including, but not limited to.

Q. "LeMond" means Greg LeMond, any businesses LeMond owns or controls, wholly or in part; each partnership or joint venture to which any of them is a party; and all persons acting on his behalf, including publicists, attorneys, employees, and other agents.

R. "LeMond Cycling" means Plaintiff LeMond Cycling, Inc., and each of its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other person directly or indirectly, wholly or in part, owned or controlled by it, and each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

S. "Person" means any natural person, corporation, firm, company, sole proprietorship, partnership, joint venture, association, institute, or other business, legal, or government entity.

T. "Relate to" means discuss, describe, refer to, forecast, reflect, contain, analyze, study, report on, comment on, evidence, constitute, set forth, consider, recommend, concern, or pertain to, in whole or in part.

U. "Trek" means Defendant Trek Bicycle Corporation, and each of its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other person directly or indirectly,

MP-Primary 80006668.1

wholly or in part, owned or controlled by it, and each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

V.    "Year" means calendar year.

W.    "You" or "your" means the person upon whom this First Set was served, each of its predecessors, successors, parents, divisions, subsidiaries, and affiliates, each other person directly or indirectly, wholly or in part, owned or controlled by it, and each partnership or joint venture to which any of them is a party; and all present and former directors, officers, employees, agents, consultants, or other persons acting for or on behalf of any of them.

## II. INSTRUCTIONS

1.    Unless otherwise specified or the context otherwise indicates, the interrogatories and requests for production of documents below require responses for the period beginning January 1, 2001 and continuing forward, and require the production of documents created, sent, received, dated, or in effect during that period.

2.    The singular form of a noun or pronoun includes its plural form, and vice versa.

3.    To the extent that a word or phrase is not included in the "DEFINITIONS" section, *supra,* such word or phrase shall be defined by using the definition found in the most recent edition of *Black's Law Dictionary,* and if the word or phrase is not found in *Black's Law Dictionary,* the most recent edition of *Webster's New World Dictionary.*

4.    If any portion of any document is responsive to any document request, then the entire document must be produced. Documents produced pursuant to this First Set shall be produced in the

order in which they appear in your files and shall not be shuffled or otherwise rearranged. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please mark each page with your name or abbreviation and number each page consecutively beginning with 0001 (*i.e.*, TREK 0001). These marks should be placed at the lower right-hand corner of the page, but should not be placed as to obscure any information on the document.

5.  In responding to the interrogatories contained in this First Set, preface each answer by restating the interrogatory to which the answer is responsive.

6.  If you are unable to answer any interrogatory fully, submit as much information as is available and explain why your answer is incomplete. If precise information cannot be supplied, (a) submit your best estimate or judgment, so identified, and set out the source or basis of the estimate or judgment; and (b) provide such information available to you as comes closest to providing the information requested. Where incomplete answers, estimates, or judgments are submitted, and you know or have reason to believe that there are other sources of more complete or accurate information, identify or describe those other sources of information.

7.  If compliance with any part of this First Set includes the submission of information in machine-readable form, the data should be readable by a personal computer employing Microsoft Windows and should be produced on CD-ROMs in files readable by Microsoft software applications. Additionally, provide the following information about the data:

  a.  file name;
  b.  file format (*e.g.*, ASCII, LOTUS);
  c.  number of bytes;
  d.  disk density;

e.      operating system and version;
f.      record layout (*i.e.*, description, length, and position of each field); and
g.      translation tables for encoded fields.

Also submit a printout of the first 100 records.

8.      In responding to any interrogatories or document requests that call for information or documents relating to "any person" or "each person," include information or documents relating to you, if applicable.

9.      For each document or portion thereof withheld under a claim of privilege, including attorney-client privilege or the work product doctrine, submit a log identifying the withheld document by author, addressee(s), date, number of pages, and subject matter; specifying the nature and basis of the privilege claimed and the number of the paragraph of this First Set to which the withheld material is responsive; and identifying each person to whom the withheld material was sent and each person to whom the withheld material or its contents, or any part thereof, was disclosed. Any document or part of a document withheld under a claim of privilege must be preserved.

10.      No agreement or stipulation by LeMond Cycling or any of its representatives purporting to modify, limit, or otherwise vary this First Set is valid or binding unless confirmed or acknowledged in writing, or made of record in open court, by a duly authorized representative thereof.

11.      If any document requested herein was at one time in existence, but has been lost, discarded, or destroyed, identify such documents as completely as possible, by providing as much of the following information as possible, including where known:

a.      the type and subject matter of the document;
b.      its date;

c. the date or approximate date the document was lost, discarded, or destroyed;

d. the circumstances and manner in which it was lost, discarded, or destroyed;

e. the reason(s) for disposing of the document (if discarded or destroyed);

f. the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document;

g. the identity of the person(s) who lost, discarded, or destroyed the document; and

h. the identity of all person(s) having knowledge of the content of the document.

12. The following interrogatories and document requests shall be deemed to be continuing in nature, and if information is discovered or comes to your attention after this discovery is answered which would change or supplement the responses given, demand is hereby made that said information be furnished immediately.

## III. INTERROGATORIES

**INTERROGATORY NO. 1:** For each person with knowledge of facts relating to the allegations contained in the Complaint in this Lawsuit:

a. state the person's name; and

b. describe the person's knowledge.

**INTERROGATORY NO. 2:** Identify each person that you may or will call as a witness at the trial in this lawsuit, and for each such person, describe their anticipated testimony.

**INTERROGATORY NO. 3:** For each agreement between LeMond Cycling and Trek:

a. describe the agreement;

b. identify each person with knowledge of the agreement, and for each such person, describe their knowledge; and

c. identify each document relating to the agreement.

**INTERROGATORY NO. 4:** Identify the three people most knowledgeable regarding Trek's efforts to market, promote, and advertise products bearing LeMond's name in any territory including but not limited to the United States and the countries Trek designated and set forth in Exhibit 1.02 of the June 29, 1995 Sublicense Agreement between the LeMond Cycling and Trek.

**INTERROGATORY NO. 5:** For authorized Trek retail location in Europe:

    a.    provide the name of the retail location;

    d.    identify Trek's main contact at the retail location; and

    e.    identify all Trek brands distributed through that retail location.

**INTERROGATORY NO. 6:** Identify the three people most knowledgeable regarding Trek's decision to end its business relationship with LeMond Cycling.

**INTERROGATORY NO. 7:** For each communication by or between Trek and Armstrong relating to LeMond or LeMond Cycling:

    a.    identify the communication;

    b.    describe the communication; and

    c.    identify each document relating to the communication.

**INTERROGATORY NO. 8:** For each agreement between Armstrong and Trek:

    a.    describe the agreement;

    b.    identify each person with knowledge of the agreement, and for each such person, describe their knowledge; and

    c.    identify each document relating to the agreement.

**INTERROGATORY NO. 9**: If it is your contention that LeMond and LeMond Cycling took any action which damages or has an adverse impact upon Trek or Trek's business or goodwill:

    a.    describe all facts in support of this contention;

    b.    identify each person with knowledge relating to this contention, and for each such person, describe their knowledge; and

    c.    identify each document relating to the contention.

**INTERROGATORY NO. 10**: For each communication constituting or containing a complaint relating to LeMond or LeMond Cycling:

    a.    identify the communication;

    b.    describe the communication; and

    c.    identify each document relating to the communication.

## IV. DOCUMENT REQUESTS

**REQUEST NO. 1**: All documents identified or referenced in your answers to the above interrogatories.

**REQUEST NO. 2**: All documents constituting, containing, or relating to agreements between LeMond Cycling and Trek, including all documents constituting or containing the agreement(s).

**REQUEST NO. 3**: Since January 1, 1995, all documents relating to Trek's efforts to market, promote, and advertise products bearing LeMond's name in any territory outside of the United States, including but not limited to the countries Trek designated and set forth in Exhibit 1.02 of the June 29, 1995 Sublicense Agreement between the LeMond Cycling and Trek.

10

**REQUEST NO. 4:** Since January 1, 1995, all documents relating to the sales, profits, expenses, and losses of bicycles bearing LeMond's name or relating to LeMond Cycling, including, without limitation, any responsive balance sheets, profit and loss statements, and statements of cash flow.

**REQUEST NO. 5:** Since January 1, 1995, documents constituting or containing monthly, quarterly, and yearly summaries of Trek sales, profits, expenses, and losses, broken down by product categories.

**REQUEST NO. 6:** Since January 1, 1995, documents constituting or containing monthly, quarterly, and yearly projections of Trek sales, broken down by product categories.

**REQUEST NO. 7:** Since January 1, 1995, all documents relating to requests for additional products bearing LeMond's name in the United States and any territory outside the United States, including but not limited to the countries Trek designated and set forth in Exhibit 1.02 of the June 29, 1995 Sublicense Agreement between the LeMond Cycling and Trek.

**REQUEST NO. 8:** Since January 1, 1995, all documents relating to Trek's efforts to market, promote, and advertise any of its brands or products, including products bearing LeMond's name, in *Bicycling* magazine.

**REQUEST NO. 9:** Since January 1, 1995, all documents relating to Trek's efforts to market, promote, and advertise products bearing LeMond's name in the United States.

**REQUEST NO. 10:** Documents sufficient to show Trek's actual or estimated market share in any actual or alleged market, including bicycles.

**REQUEST NO. 11:** All documents relating to Trek's plans to promote and maintain the LeMond brand until the expiration of the Agreement on September 30, 2010.

MP-Primary 80006668.1

**REQUEST NO. 12:** Documents sufficient to show Trek's distribution network in any territory outside the United States, including but not limited to the countries Trek designated and set forth in Exhibit 1.02 of the June 29, 1995 Sublicense Agreement between the LeMond Cycling and Trek.

**REQUEST NO. 13:** All documents relating to any communication to or from LeMond relating to Dr. Ferrari or Armstrong, including all draft and final press releases that you claim LeMond or LeMond Cycling authorized you to release relating to Armstrong.

**REQUEST NO. 14:** All documents relating to any action that LeMond or LeMond Cycling took which damaged or had an adverse impact upon Trek or Trek's business or goodwill.

**REQUEST NO. 15:** All documents relating to press releases you communicated to the media or the public that reference LeMond, LeMond Cycling, or any bicycle bearing LeMond's name, including all documents constituting or containing press releases.

**REQUEST NO. 16:** All documents constituting or containing complaints relating to LeMond or LeMond Cycling.

**REQUEST NO. 17:** A copy of each agreement or communication between Trek and each person that communicated a complaint regarding LeMond or LeMond Cycling.

**REQUEST NO. 18:** All documents relating to professional cyclists' actual or alleged use of performance-enhancing drugs, including Trek's communications relating to the same, doping allegations relating to Armstrong or any other professional cyclist, and Dr. Ferrari.

**REQUEST NO. 19:** All documents that you intend to use at the trial or any hearing in this matter, including, without limitation, all documents that you intend to introduce into evidence or use as a demonstrative exhibit.

12

**REQUEST NO. 20:** All documents referencing any negative or positive financial or other material impact or affect caused by Armstrong's contractual relationship(s) with Trek.

**REQUEST NO. 21:** All documents constituting or containing any complaint relating to Armstrong.

**REQUEST NO. 22:** All documents constituting or containing any communication with Armstrong regarding LeMond or LeMond-branded products.

**REQUEST NO. 23:** All documents constituting or containing any agreements with Armstrong, including but not limited to any endorsement and spokesperson agreement, including all drafts, versions, and documents related to the negotiation and drafting of such agreement(s).

**REQUEST NO. 24:** Documents sufficient to show any telephone call made to or received from Armstrong relating to Trek, including the telephone calls including Burke on August 13, 2001.

**REQUEST NO. 25:** A copy of Burke's calendar or daily planner for each year from 1995 through 2008.

**REQUEST NO. 26:** A copy of any document constituting or containing any effort to preserve or otherwise protect documents relevant to Trek's dispute with LeMond, as well as documents sufficient to show to whom said document was provided.

MP-Primary 80006668.1