UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEMOND CYCLING, INC., | Case No. 08-CV-01010-RHK-JSM |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER** |
| TREK BICYCLE CORPORATION, | |
| Defendant. | |

Defendant Trek Bicycle Corporation ("Trek") has moved, pursuant to 28 U.S.C. § 1404(a), for an order transferring this action to the United States District Court for the Western District of Wisconsin.

### Introduction

On April 8, 2008, Trek filed suit in the United States District Court for the Western District of Wisconsin, seeking a declaration that it has not breached a sublicense agreement with LeMond Cycling, Inc. ("LeMond Cycling") and is entitled to terminate that agreement. Affidavit of Erik T. Salveson, Ex. 1. LeMond Cycling commenced by service a Minnesota state court action against Trek for alleged breach of the parties' sublicense agreement, seeking declaratory relief, injunctive relief, and damages. LeMond Cycling filed this action in Minnesota state court on April 8, 2008, after Trek filed its action in Wisconsin Federal District Court. Affidavit of Erik T. Salveson, Ex. 2.[1] At the

---

[1] LeMond Cycling informed Trek on the date it served the Complaint that it had "not yet filed the Summons or Complaint in the Hennepin County District Court" and thus the Summons and Complaint were not "publicly-available at this time." Affidavit of Erik T. Salveson, Ex. 3, Cover Letter to Summons and Complaint, attached. On April 8, 2008, LeMond Cycling first filed this Minnesota action.

heart of both actions is Trek's performance of the "best efforts" provision of the agreement and the damage LeMond's conduct has done to the LeMond bicycle brand and Trek's business. On April 9, 2008, Trek removed the Minnesota action to this court and, with this motion, seeks to transfer it to the Western District of Wisconsin.

Transfer is warranted because the convenience of the parties and witnesses and the interests of justice heavily favor the Western District of Wisconsin. The operative facts underlying the litigation—whether Trek utilized its "best efforts" to promote the LeMond brand—occurred in Wisconsin. Nearly all of the key witnesses and documents are located at Trek's headquarters in Waterloo, Wisconsin. In addition, any non-party witnesses that may be called would likely be subject to the Wisconsin federal court's subpoena power. Finally, upon transfer, this action would likely be consolidated with the action pending in the Western District of Wisconsin, involving the same parties and contract disputes. Transfer would result in judicial economy.

## Argument

Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Under this statutory language, there are three general factors that courts consider: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In addition to these factors, the court, in the exercise of its discretion, undertakes a "case-by-case analysis," weighing in the balance all the relevant case-specific factors. *Id.*; *Graff v. Qwest*

*Communications Corp.*, 33 F. Supp. 2d 1117, 1120-1121 (D. Minn. 1999).  Where that balance favors the moving party, transfer should be granted.  *Graff*, 33 F. Supp. 2d at 1121.

Transfer of this action to the United States District Court for the Western District of Wisconsin is warranted because: (1) the action could have been originally brought in United States District Court for the Western District of Wisconsin; and (2) the balance of the statutory and case-specific factors strongly favor transfer.

### A. The Action Could Have Been Brought in the Western District of Wisconsin.

LeMond Cycling could have brought this diversity action in the United States District Court for the Western District of Wisconsin, because Trek resides in this district and it is the district in which most of the events giving rise to the claims allegedly occurred.  28 U.S.C. §§ 1391(a)(1)&(2); 28 U.S.C. § 130(b).  That court also has personal jurisdiction over the parties.

### B. The Statutory and Case-Specific Factors Strongly Favor Transfer to the Western District of Wisconsin.

An analysis of the relevant factors indicates that this action should be transferred to the United States District Court for the Western District of Wisconsin.  In *Graff*, a case similar to the instant case, the Minnesota Federal District Court granted a motion to transfer finding that the balance of the factors strongly favored transfer to the Federal District Court in Colorado.  *Graff* involved breach of contract claims, which the plaintiff brought against the defendant in Minnesota state court on November 6, 1998.  On December 4, 1998, the defendant removed the case to the United States District Court for

the District of Minnesota. On the same day, the defendant filed a declaratory judgment action in the United States District Court for the District of Colorado, its principal place of business, seeking a declaration that it did not breach the parties' agreement. *Graff*, 33 F. Supp. 2d at 1118.

The defendant also filed a motion to transfer the removed Minnesota case to Colorado Federal District Court for consolidation with the federal action there. The Court granted the motion to transfer even though the plaintiff resided in Minnesota, had signed his employment contract in Minnesota and it would be inconvenient for him to travel to Colorado to litigate the case. The court held that the "net inconvenience" would be less if the case was transferred to Colorado. In reaching this conclusion, the Court noted that those involved in negotiating the plaintiff's employment worked at the defendant's headquarters in Colorado and the plaintiff had traveled to Colorado extensively in the past. Moreover, the operative facts giving rise to his litigation occurred in Colorado, where the contract was to be performed. *See id.* at 1121-22.

The court reached the same result in *Ahlstrom v. Clarent Corp*., No. Civ. 02-780, 2002 WL 31856386, at *4 (D. Minn. Dec. 19, 2002) (Kyle, J.). In *Ahlstrom*, the court granted the defendant's motion to transfer to the Northern District of California because events relevant to the securities litigation occurred there, not in Minnesota. California is where defendant allegedly made statements about assets and revenues, and prepared statements and SEC filings. Also, the accounting department allegedly responsible for the challenged practices was located in California, and a case was pending in California.

Finding that the interests of justice and judicial economy warranted transfer, the court held:

> As the Supreme Court observed, '[t]o permit a situation in which two cases involving the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.

*Id*. at *6 (internal quotation to *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)); *see also, Road Machinery & Supplies, Co. v. Fed. Signal Corp.*, No. Civ. 03-3524, 2003 WL 22326577 (D. Minn. Oct. 7, 2003) (Frank, J.) (court granted motion to transfer to Southern District of Iowa because events leading to dispute occurred in Iowa and documents, discovery, and witnesses necessary to resolve a pending administrative proceeding were located in Iowa, even though plaintiff corporation was located in Minnesota); *Northwest Territory Ltd. P'ship v. OMNI Properties, Inc*., No. Civ. 04-4531, 2005 WL 3132350, at *6 (D. Minn. Nov. 22, 2005) (Ericksen, J.) (court granted motion to transfer to the District of Colorado where, *inter alia*, even though Minnesota had "substantial connection to [plaintiff's] claims, the operative events constituting the alleged mismanagement of the Property largely took place in Colorado or Oklahoma . . . [defendant] OMNI's principal place of business is in Colorado, its officers are in Colorado, and the employees of OMNI are located in Colorado and Oklahoma" and one of plaintiff's agents most actively involved in defendant's management activities lived in Colorado); *GMAC/Residential Funding Corp. v. Platinum Co. of Real Estate and Fin. Servs.*, No. Civ. 02-1224, 2003 WL 1572007, at *2 (D. Minn. Mar. 13, 2003) (Kyle, J.) (court granted defendant's motion to transfer holding: "[p]laintiff's choice of forum,

however, is given substantially less weight if 'operative events' giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff. 17 Moore's Federal Practice § 111.13[1][c]. Indeed, 'a motion to transfer to the district in which the events occurred is likely to succeed.' *Id.*")).

### 1. *Convenience of the Parties*

The "convenience of the parties" factor weighs in favor of transfer because the "*net inconvenience* to the parties will be less if this case is transferred." *Graff*, 33 F. Supp. 2d at 1121 (emphasis supplied) (granting motion to transfer). In evaluating the "net convenience" to the parties, the primary factor is where the "operative facts" underlying the litigation took place. *Graff*, 33 F. Supp. 2d at 1121.

Here, the events allegedly giving rise to plaintiff's claims occurred largely in Wisconsin. LeMond Cycling licensed the LeMond brand and trademarks to Trek, a Wisconsin corporation, headquartered in Waterloo, Wisconsin, just a short distance from Madison. (Affidavit of Dean Gore at ¶ 2). LeMond Cycling claims that Trek breached the "best efforts" provision of the license agreement. Trek's efforts to design, market, promote, and sell LeMond branded bicycles all emanate from Wisconsin. (*Id.* at ¶ 3). The documents relevant to the issues in the case are also in Waterloo, Wisconsin. (*Id.* at ¶ 5). LeMond Cycling's "best efforts" claims will involve testimony from Trek's president, its Director of Product Marketing, and other Trek employees in its Waterloo headquarters. (*Id.* at ¶ 3). Trying the case in Madison will allow the live appearance of these witnesses, with much less disruption to ongoing business. (*Id.* at ¶ 6). The

witnesses will also be more readily accessible to the Court in Madison, making it easier to schedule testimony at trial and present the case economically and efficiently.

By contrast, few of the relevant events occurred in Minnesota. Further, transferring the case to Wisconsin will not inconvenience LeMond Cycling. *Graff*, 33 F. Supp. 2d at 1121. LeMond Cycling is an entity with few, if any, employees other than Greg LeMond, and little ongoing business other than licensing the LeMond name to Trek. (*Id*. at ¶ 7). Greg LeMond has traveled extensively to Wisconsin during the parties' relationship. He is a pilot and has flown himself to Trek functions in Wisconsin on numerous occasions. (Gore Affidavit at ¶ 4). His attorneys, likewise, have traveled for cases litigated throughout the nation.

Therefore, because the operative facts underlying the litigation, as well as the key witnesses and the documents are located in Waterloo, Wisconsin, the net convenience is in favor of Western District of Wisconsin.

### 2. *Convenience of the Witnesses*

The "convenience of the witnesses" factor also weighs in favor of transfer. In evaluating this factor, courts consider the location of all witnesses, the number of non-party witnesses, and the preference for live testimony over deposition testimony. *Graff*, 33 F. Supp. 2d at 1121. The "court must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Id.* at 1122. Trek anticipates calling several witnesses, including its President, Director of Product Marketing, National Sales Manager, Product Manager, International Sales Manager, Vice President of Finance, WSD Brand Manager, Inside

Regional Manager, Director of Product Development and other Trek employees. These witnesses will testify about Trek's marketing, promotion, and sales efforts of LeMond branded products and its 13-year business relationship with LeMond. They are all located in Wisconsin, and litigating in Madison would be most convenient for them. (Gore Aff. at ¶ 3).

In addition, Trek anticipates it may need to call former employees who reside in Wisconsin and who dealt with LeMond. Such witnesses would be subject to the subpoena power of the district court in Madison, but could not be compelled to testify in Minneapolis. On the other hand, plaintiff's witness appears to be Greg LeMond, who is the owner of LeMond Cycling and has traveled for litigation in the past. Given that the case is centered in Wisconsin, few non-party witnesses would be subject to the Minnesota Federal Court's subpoena power.

In sum, most of the essential witnesses are located in Wisconsin. Most non-party witnesses are also in Wisconsin and subject to the subpoena power of that Western District of Wisconsin. Thus, the "convenience of the witnesses" factors weighs in favor of transfer.

### 3. *Interests of Justice*

The "interests of justice" factor is weighed "very heavily." *Graff*, 33 F. Supp. 2d at 1122. The factors a court may consider include judicial economy, the relative ability of the parties to bear the expense of litigating in a distant forum, obstacles to a fair trial, relative familiarity of the two courts with law to be applied, and each party's ability to enforce a judgment. *Graff*, 33 F. Supp. 2d at 1122.

In *Graff*, the Court found "judicial economy" significantly supported transferring the suit. Litigation was pending in two courts: the defendant had filed a federal declaratory judgment action in Colorado less than a month after the plaintiff had filed its state court action. The defendant had removed the state case to federal court the same day. *Id.* at 1118. The court reasoned that it was "untenable" to have "the simultaneous pendency of two separate actions relating to the same facts in different courts." *Id.* at 1122. Transfer, therefore, would permit "[r]esolution of all related claims in one forum" and would "eliminate duplicative discovery and the possibility of conflicting orders." *Id.* That factor together with the other factors evaluated, including that the operative facts took place in the transferee forum, convinced the court that the balance of the factors strongly favored transfer.

Likewise, here, a lawsuit is pending in the Western District of Wisconsin involving the same parties and contract disputes. Trek would move to consolidate the actions in the Western District of Wisconsin. Given the overlap in issues, witnesses, and pleadings, it is reasonable to anticipate the action would be consolidated and/or assigned to the same judge (particularly given that there are only two judges in the Western District of Wisconsin). *Ahlstrom*, No. Civ. 02-780, 2002 WL 31856386, at *4 (D. Minn. Dec. 19, 2002) (Kyle, J.). Transfer would conserve judicial resources, avoid duplicative discovery, and increase efficiency. Further, Wisconsin law will likely govern the contract disputes. Thus, transferring the case to Wisconsin would promote judicial economy.

## Conclusion

For the above reasons, Trek requests the Court grant its Motion to Transfer this case to the United States Court for the Western District of Wisconsin.

HALLELAND LEWIS NILAN & JOHNSON, P.A.

Dated:  April 10, 2008

By:  /s/ Erik T. Salveson
  Erik T. Salveson (Reg. No. 177969)
  Amanda M. Cialkowski (Reg. No. 306514)
  Benjamin R. Rolf (Reg. No. 386413)
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
Telephone:  (612) 338-1838
Fax:  (612) 338-7858

OF COUNSEL

Ralph A. Weber (Wisc. Reg. No. 1001563)
Christopher P. Dombrowicki (Wisc. Reg. No. 1041764
Kristal S. Stippich (Wisc. Reg. No. 1061028)
GASS WEBER MULLINS LLC
309 North Water Street, Suite 700
Milwaukee, WI  53202
Telephone: (414) 223-3300
Fax:   (414) 224-6116
Email: weber@gasswebermullins.com
    dombrowicki@gasswebermullins.com

**ATTORNEYS FOR DEFENDANT**