Timebase Pty Ltd v. Thomson Corporation, The

# Exhibit 3

Dockets.Justia.com

LEXSEE 1998 US DIST LEXIS 16859



Cited
As of: May 07, 2008

**Imation Corp., Plaintiff, v. Sterling Diagnostic Imaging, Inc., Defendants, v. E.I. DuPont De Nemours & Company, Inc., Third-Party Defendants.**

**Civil File No. 97-2475 (PAM/JGL)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

*1998 U.S. Dist. LEXIS 16859; 47 U.S.P.Q.2D (BNA) 1745*

**April 21, 1998, Decided**
**April 21, 1998, Filed**

**DISPOSITION:** [*1] Plaintiff Imation Corp.'s Motion To Enjoin Defendant's Prosecution Of Later-Filed Declaratory Judgment Action In Delaware (Clerk Doc. No. 22) DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW; and Defendant Sterling Diagnostic Imaging, Inc.'s Motion To Transfer Venue (Clerk Doc. No. 7) DENIED.

**COUNSEL:** For IMATION CORP., plaintiff: Carolyn A Bates, 3M Company, St Paul, MN.

For IMATION CORP., plaintiff: Gregory A Madera, Fish & Richardson, Boston, MA.

For IMATION CORP., plaintiff: Michael Eugene Florey, Fish & Richardson, Mpls, MN.

For STERLING DIAGNOSTIC IMAGING, INC., defendant: Gerald Eugene Helget, Joanne Horwood Turner, Mackall Crounse & Moore, Mpls, MN.

For STERLING DIAGNOSTIC IMAGING, INC., defendant: Raymond P Niro, David J Sheikh, Niro Scavone Haller & Niro, Chicago, IL.

For STERLING DIAGNOSTIC IMAGING, INC., counter-claimant: Gerald Eugene Helget, Mackall Crounse & Moore, Mpls, MN.

For STERLING DIAGNOSTIC IMAGING, INC., counter-claimant: Raymond P Niro, David J Sheikh, Niro Scavone Haller & Niro, Chicago, IL.

For IMATION CORP., counter-defendant: Carolyn A Bates, 3M Company, St Paul, MN.

For IMATION CORP., counter-defendant: Gregory A Madera, Fish & Richardson, Boston, MA.

For IMATION CORP., counter-defendant: Michael Eugene Florey, Fish & Richardson, Mpls, MN.

For STERLING DIAGNOSTIC IMAGING, INC., third-party plaintiff: Gerald Eugene Helget, Mackall Crounse & Moore, Mpls, MN.

For STERLING DIAGNOSTIC IMAGING, INC., third-party plaintiff: Raymond P Niro, David J Sheikh, Niro Scavone Haller & Niro, Chicago, IL.

For E.I. DUPONT DE NEMOURS & COMPANY, INC., third-party defendant: Brian Boru O'Neill, Jonathan William Dettmann, William L Underwood, Faegre & Benson, Mpls, MN.

**JUDGES:** Paul A. Magnuson, United States District Court Judge.

1998 U.S. Dist. LEXIS 16859, *1; 47 U.S.P.Q.2D (BNA) 1745

**OPINION BY:** Paul A. Magnuson

**OPINION**

**MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiff Imation Corp.'s Motion To Enjoin Defendant's Prosecution Of Later-Filed Declaratory Judgment Action In Delaware, and upon Defendant Sterling Diagnostic Imaging, Inc.'s Motion To Transfer Venue. For the following reasons, the Court determines that Plaintiff's motion should be denied without prejudice with leave to renew the motion in the future and that Defendant's motion should be denied.

**BACKGROUND**

Plaintiff Imation Corp. ("Imation") is a Delaware corporation with its principal place of business in Oakdale, Minnesota. Defendant Sterling Diagnostic Imaging, Inc. ("Sterling") is also a Delaware corporation that, while operating in Delaware, has its principal place of business in Greenville, South Carolina. Both Imation and Sterling [*2] are technology companies engaged in the medical x-ray business.

According to the parties' pleadings and submissions, Imation is the owner of two United States Patents, No. 5,254,480 (the " '480 Patent") and No. 5,525,527 (the " '527 Patent"). In general, the '480 and the '527 Patents relate to processes for manufacturing x-ray detectors that receive, produce, and store x-ray images in a digital format. Specifically, the '480 Patent concerns a process for producing a large-area radiation detector. The '527 Patent concerns a process for manufacturing a radiation detector and an array of radiation detectors, comprising a thin film transistor and a radiation detector element. Ownership of both patents was assigned to Imation by Minnesota Mining and Manufacturing Co. ("3M") of St. Paul, Minnesota.

Through various means, Imation became aware of Sterling's marketing efforts regarding digital radiographic detector products, which Sterling was preparing for commercial sale in the near future. Imation sent Sterling a letter, dated May 19, 1997, notifying Sterling of the existence of Imation's patents. The letter provided Sterling with copies of the '480 and the '527 Patents and suggested that [*3] Sterling enter into a license

agreement with respect to them. Some months later, Sterling responded by letter, dated October 31, informing Imation that it had no need for a license because its process did not come within the scope of either patent.

On November 7, 1997, Imation filed this lawsuit (the "Minnesota Action") alleging that Sterling has infringed both the '480 and the '527 Patents. [1] Imation claims, among other things, that Sterling advertised its infringing technology (the Direct Radiography Detector System) in Minnesota, that it demonstrated the system at a trade show in Minnesota, and that it has sold infringing products to Minnesota hospitals. Imation seeks both injunctive relief and damages.

> 1   Imation did not immediately serve the initial complaint on Sterling. Instead, Imation sent a courtesy copy of the complaint to Sterling in an effort to foster settlement. The initial complaint charged Sterling with infringement of the '480 Patent only. The complaint was amended as a matter of course four days after it was served on Sterling on December 5, 1997. The amended complaint charges Sterling with infringement of the '527 Patent, in addition to the '480 Patent.

[*4]   On December 4, 1997, Sterling and Direct Radiography Corp. ("DRC") jointly filed a declaratory judgment action against Imation in Delaware federal court (the "Delaware Action"). DRC, a wholly-owned subsidiary of Sterling, allegedly developed and manufactured the "tiled" solid state digital arrays for use in the Sterling system. DRC is a Delaware corporation with its principal and only place of business in Glasgow, Delaware. In their Delaware pleadings, Sterling and DRC seek a declaration that they do not infringe either the '480 or the '527 Patents, and that both patents are invalid.

Sterling also filed an answer and counterclaim in the Minnesota Action. Therein, Sterling denies Imation's infringement claims and seeks a declaratory judgment identical to that requested in the Delaware Action. Moreover, Sterling filed a third-party complaint against E.I. DuPont De Nemours & Company, Inc. ("DuPont") on April 9, 1998. Sterling asserts that it is the successor in interest to DuPont in the technology at issue in this case. Accordingly, Sterling claims that DuPont is liable to Sterling in indemnity and breach of warranty for all or part of Imation's claims for infringement of the '480 and [*5] '527 Patents. [2]

Page 3

1998 U.S. Dist. LEXIS 16859, *5; 47 U.S.P.Q.2D (BNA) 1745

2   Though DuPont was not directly involved in the pending motions, counsel for DuPont was present at the April 17, 1998, motion hearing. At that time, counsel advised the Court of an additional, related proceeding that DuPont had filed in Delaware state district court against Sterling. In that action, DuPont seeks a declaratory judgment on the very claims that constitute Sterling's recently filed third-party complaint.

Sterling filed its motion to transfer venue on March 2, 1998. Sterling contends that the convenience of the parties and witnesses, as well as the interests of justice, make Delaware the more appropriate forum for resolving the parties' dispute. On March 31, Imation filed its present motion to enjoin the later-filed Delaware Action. Therein, Imation argues that this Court should enjoin the Delaware declaratory judgment action because of the well-recognized rule favoring first-filed lawsuits. Sterling's opposition to Imation's motion is based on the same considerations presented [*6] in its motion to transfer. The Court now turns to resolving the issues raised by the parties.

## DISCUSSION

It is a well-established rule that in cases of parallel litigation, "the first court in which jurisdiction attaches has priority to consider the case." *Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985); see also Upchurch v. Piper Aircraft Corp., 736 F.2d 439, 440 (8th Cir. 1984).* The "first to file" rule exists to promote judicial economy and to avoid the potential for conflicting rulings as to the same controversy. *See Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).* Application of the rule "is not intended to be rigid, mechanical, or inflexible," *Orthmann, 765 F.2d at 121,* but instead to best serve the interests of justice. The prevailing standard is that "in the absence of compelling circumstances," *Merrill Lynch v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982),* the first to file rule should apply. *See Orthmann, 765 F.2d at 121.* The actions need not be identical as to issues, *see Fat Possum Records, Ltd. v. Capricorn Records, Inc., 909 F. Supp. 442, 445 (N.D. Miss. 1995),* [*7] or parties, *see Williams v. National Housing Exch. Inc., 898 F. Supp. 157, 159 (S.D.N.Y. 1995),* for them to be found duplicative. In the circumstances before this Court, application of the first to

file rule is proper.

First, the timing of the two actions at issue is undisputed. The parties do not contest that Imation filed its original complaint in federal court in Minnesota on November 7, 1997, and that Sterling received immediate notice of that action. Sterling and DRC then filed their declaratory judgment action approximately one month later, on December 4, in Delaware federal court. As such, the Minnesota Action was filed first.

Second, the factual and legal issues in both actions are identical. Resolution of the Minnesota litigation and the Delaware litigation turns on the same two patents--the '480 and '527 Patents. Moreover, the same circumstances surrounding the alleged infringement are central to both actions. In order for Sterling and DRC to prevail on their Delaware Complaint, they would have to disprove the very same infringement allegations in Imation's Minnesota Complaint.

Finally, the parties to the two actions are substantially similar. Sterling is Defendant [*8] in the first-filed Minnesota Action and Plaintiff in the later-filed Delaware Action. In addition, Imation is both a defendant in Delaware and a plaintiff in Minnesota. Furthermore, DRC's current absence from the Minnesota action is not fatal to the application of the first-filed rule. It is apparent from the pleadings that Sterling is a proper party to the Minnesota Action. This is further corroborated by the Delaware Complaint, wherein Sterling and DRC state that "Sterling et al. has developed and demonstrated a system which is the apparent basis for Imation's Complaint [in Minnesota]." (Del. Compl. P 12) (Singer Decl. Ex. 1). Moreover, Sterling does not dispute that DRC is its wholly-owned subsidiary.

In response, Sterling provides no support for its contention that DRC is a necessary party apart from mere argumentation and repeated question-raising regarding whether this Court may exercise personal jurisdiction over DRC. With this dearth of evidence, there is no reason why the Minnesota Action must not go forward without DRC as a party. If it so chooses, DRC could attempt to be a co-Plaintiff with Sterling in Sterling's counterclaims for declaratory judgment in the Minnesota [*9] Action. In summary, the Court concludes that the first-filed rule should apply to this case absent a showing of compelling circumstances.

Sterling   asserts   that   this   case   does   present

Case 0:07-cv-01687-JNE-JJG   Document 36-3   Filed 06/14/07   Page 5 of 6

Page 4

1998 U.S. Dist. LEXIS 16859, *9; 47 U.S.P.Q.2D (BNA) 1745

"compelling circumstances" for departing from the first-filed rule because Delaware is the appropriate forum for adjudication of all the parties' claims and defenses. In essence, the same considerations that Sterling raises in its opposition to Imation's motion are those that Sterling offers in support of its motion to transfer venue under *28 U.S.C. § 1404(a)*. Therefore, since resolution of both motions turns on the same considerations, the Court directs its attention to the "transfer" analysis under *section 1404*. *See Terra Int'l, Inc. v. Mississippi Chem. Corp., 922 F. Supp. 1334, 1354-55 (N.D. Iowa 1996), aff'd, 119 F.3d 688 (8th Cir.), cert. denied, 139 L. Ed. 2d 609, 118 S. Ct. 629 (1997)*.

The applicable federal transfer statute provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *28 U.S.C. § 1404(a)*. As is clear from the statute, [*10] the decision to transfer rests within the discretion of the court and must be made "according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988)* (quotations omitted). While *section 1404(a)* provides the avenue for transfer, it "was not intended to change the balance of power between the parties." *Terra, 922 F. Supp. at 1356*. As one court has observed: "In any determination of a motion to transfer under *§ 1404(a)*, the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought." *Id.* (quotations omitted).

One of the fundamental considerations to the transfer analysis is the "balance of convenience" of the parties and witnesses. To meet its burden as to the convenience of the parties, Sterling must show that its "inconvenience 'strongly' outweighs the inconvenience [Imation] would suffer if venue" were in the District of Delaware. *Nelson v. Bekins Van Lines Co., 747 F. Supp. 532, 535 (D. Minn. 1990)*. At the present [*11] time, the parties to this suit are Imation (which is principally located in Minnesota) Sterling (which is principally located in South Carolina), and DuPont (which is principally located in Delaware). Considering these locales, as well as the three companies' business activities in Minnesota, Sterling has not shown that its inconvenience sufficiently outweighs that of Imation. In essence, transferring this action to Delaware

would merely shift the inconvenience.

A related consideration is the convenience of the witnesses. In its motion memoranda, Sterling provides a laundry list of potential witnesses in this lawsuit. Consideration of witness convenience, however, is "more than the number of witnesses who might be inconvenienced by one forum or the other." *Terra, 922 F. Supp. at 1359*. The Court must also weigh considerations such as the quality of the testimony, the willingness of the witness to appear, whether deposition testimony would be unsatisfactory, and whether compulsory process would be necessary or possible. *See id.* Sterling fails to provide any supporting exhibits, affidavits, or declarations that clarify these issues. Therefore, the Court concludes that Sterling [*12] has not meet its burden with respect to the balance of convenience.

A separate factor to be considered is the "interest of justice." Under this component of the transfer analysis, courts evaluate such items as the plaintiff's choice of forum, the cost of making the necessary proof, questions regarding the enforceability of a judgment, whether a fair trial could be had, and whether a local court should determine issues of local law. *See Terra, 922 F. Supp. at 1363* (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)*). This case does not involve any issues of local law. Moreover, the parties' resources appear adequate to litigate in the Minnesota forum.

In addition, Sterling raises two other items for consideration. First, Sterling argues that the location of relevant documents, records, and other significant proof favors the Delaware venue. Specifically, Sterling notes that much of the documentation regarding development of the tiled digital arrays are located at DuPont headquarters and are used in the system located at DRC's facility in Delaware. Again, however, Sterling fails to recognize that pertinent documentation is located in [*13] various locales, including but not limited to, Minnesota. Second, Sterling contends that a Delaware venue would permit inspection of the allegedly infringing process at the DRC facility. Clearly, permitting the jury to view the process would be impossible if the trial were held in Minnesota. In this case, however, the Court is not inclined to give considerable weight to this possibility as the process at issue takes place at a sub-atomic level. Sterling has offered no arguments as to the benefit that would be derived from on-site inspection.

1998 U.S. Dist. LEXIS 16859, *13; 47 U.S.P.Q.2D (BNA) 1745

In short, the Court finds that none of these considerations decisively favors Sterling. As such, the Court concludes that Sterling has not met its burden to show that transfer is appropriate. Therefore, the Court denies Sterling's motion to transfer venue to the District of Delaware and retains jurisdiction over these proceedings.

**CONCLUSION**

The Court finds that the first-filed rule applies to the action at bar and that transfer of this action to the District of Delaware is not appropriate under these circumstances. Therefore, the Court denies Sterling's motion to transfer venue to the District of Delaware. Imation currently has pending [*14] before the Delaware Court a motion to dismiss the later-filed Delaware Action. This motion is based, in part, on the first-filed rule. If the Delaware Court grants the motion to dismiss, it would moot Imation's present request for a stay of the Delaware Action. To avoid unnecessary pronouncements, at this time, this Court denies without prejudice Imation's motion to stay the Delaware Action, but leaves open the door for refiling the motion should it become necessary.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Plaintiff Imation Corp.'s Motion To Enjoin Defendant's Prosecution Of Later-Filed Declaratory Judgment Action In Delaware (Clerk Doc. No. 22) is DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW; and

2. Defendant Sterling Diagnostic Imaging, Inc.'s Motion To Transfer Venue (Clerk Doc. No. 7) is DENIED.

Dated: *April 21*, 1998

Paul A. Magnuson

United States District Court Judge