Timebase Pty Ltd v. Thomson Corporation, The                                                                    Doc. 16 Att. 4

# Exhibit 5

LEXSEE 2003 U.S. DIST. LEXIS 13250


Cited
As of: May 07, 2008

Facilitec Corp. and Ecolab, Inc., Plaintiffs, v. Omni Containment Systems, LLC, Defendant.

Civil No. 03-3187 (RHK/AJB)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

2003 U.S. Dist. LEXIS 13250

July 31, 2003, Decided

**DISPOSITION:** [*1] Defendant's Motion to Transfer denied.

**COUNSEL:** Thomas L. Hamlin and Stacie E. Oberts, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, Minnesota, for Plaintiffs.

Seymour J. Mansfield and Brian R. Dockendorf, Mansfield, Tanick & Cohen, Minneapolis, Minnesota; George W. Hamman, Law Offices of George W. Hamman, Chicago, Illinois, for Defendant.

**JUDGES:** RICHARD H. KYLE, United States District Judge.

**OPINION BY:** RICHARD H. KYLE

**OPINION**

## MEMORANDUM OPINION AND ORDER

### Introduction

Plaintiffs Facilitec Corp. ("Facilitec") and Ecolab, Inc. ("Ecolab") have sued Defendant Omni Containment Systems, LLC ("Omni") alleging that Omni's GREASE GUTTER product infringes U.S. Patent Nos. 5,196,040 and 6,143,047. Omni, a corporation with its principal place of business in Elgin, Illinois, has moved to transfer venue under *28 U.S.C. § 1404(a)*. For the reasons below, the Court will deny the Motion.

### Analysis

*Section 1404(a)* of Title 28, United States Code, states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." [1] [*2] *28 U.S.C. § 1404(a)*. Section *1404(a)* lays out three general categories of factors: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice. *Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997)* (internal citations omitted). The district court's evaluation of a transfer motion, however, is not limited to these factors. *Id.* Rather, such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors. *Id.* "The idea behind *§ 1404(a)* is that where a 'civil action' to vindicate a wrong - however brought in a court - presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26, 4 L. Ed. 2d 1540, 80 S. Ct. 1470 (1960)*. The burden is on the moving party to show why a change of forum is warranted. *Stinnett v. Third Nat'l Bank of Hampden County, 443 F. Supp. 1014, 1017*

Case 0:07-cv-01687-JNE-JJG   Document 36-5   Filed 06/14/07   Page 3 of 4

Page 2
2003 U.S. Dist. LEXIS 13250, *2

*(D. Minn. 1978)* (MacLaughlin, J.). The Court finds [*3] that Omni has not met that burden.

> 1    Omni concedes that venue is proper in the District of Minnesota.

### A. The Convenience of the Parties

The first factor is the convenience of the parties. "The logical starting point for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by the plaintiff and the proposed transferee district." 17 *Moore's Federal Practice* § 111.13[1][e][I] (quotation omitted). Here, Ecolab is located in the District of Minnesota, while Facilitec and Omni are located in the Northern District of Illinois. Although Omni asserts that this militates in favor of transfer, Ecolab's declarations make clear that Facilitec's administrative work is now conducted out of Ecolab's headquarters in St. Paul. Given the deference generally accorded a plaintiff's choice of its own home forum, *see* 15 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3849 (1986); *see also Morales v. Navieras de Puerto Rico, 713 F. Supp. 711, 713 (S.D.N.Y. 1989)* [*4] (noting that a plaintiff that chooses its home forum is generally presumed to have chosen the forum because it is convenient), and because *Section 1404(a)* provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient," *Graff v. Qwest Communication Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999)* (Doty, J.) (citing *Van Dusen v. Barrack, 376 U.S. 612, 646, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964))*, the Court finds that Omni has failed to carry its burden as to this factor.

### B. Convenience of the Witnesses

The next factor is the convenience of the witnesses. To demonstrate that this factor tips in favor of transfer, the party seeking the transfer must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover. *Nelson v. Master Lease Corp., 759 F. Supp. 1397, 1402 (D. Minn. 1991)* (MacLaughlin, J.) (citing Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3851 at 425). In determining the convenience of the witnesses, the Court must examine the materiality and importance of [*5] the anticipated witnesses' testimony and then determine their accessibility to the forum. *Reid-Walen v. Hansen, 933 F.2d 1390, 1396 (8th Cir. 1991)*. Here, Defendants have not produced any evidence by which the Court could conduct this analysis. While Defendants summarily identify their prospective witnesses, the Court cannot begin to assess the materiality and importance of their testimony without a general statement of what their testimony will cover. *See Nelson, 759 F. Supp. at 1402*. Because Omni has not provided such a statement, Omni has also failed to carry its burden as to this factor.

### C. Interest of Justice

The final factor is the interest of justice. Courts weigh the interest of justice factor very heavily. *Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996)* (Kyle, J.). The interest of justice factor "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works, 796 F.2d 217, 221 (7th Cir. 1986)*. Among the considerations that may be relevant to a court in analyzing [*6] this factor are the relative familiarity of the two courts with the law to be applied, the relative abilities of the parties to bear the expenses of litigating in a distant forum, judicial economy, the plaintiff's choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgment. *Terra, 119 F.3d at 696*.

Omni's sole argument implicating these considerations is that it is a "start-up" that would find it "extremely burdensome to have to litigate in Minnesota." (Hamman Decl. 2, 9.) Having failed, however, to carry its burden as to the other factors, the size of Omni's operations alone cannot be determinative. Even were its cursory submissions to the Court sufficient to demonstrate that it is a "small company [that] can ill afford the burden of litigating in a distant state," *Jane Russell Designs, Inc. v. Mendelson & Assocs., 114 F. Supp. 2d 856, 862 (D. Minn. 2000)* (Tunheim, J.), a transfer to the Northern District of Illinois "would simply shift that inconvenience to plaintiff. Such a shift is impermissible in light of the presumption in favor of a plaintiff's choice of forum." *Id.* Because Defendant's other arguments [*7] do not implicate the interest of justice factor--and because its sole relevant argument is wanting--the Court finds that this factor also weighs against transfer.

Omni has failed to carry its burden as to any of the relevant factors. Accordingly, the Court concludes that a transfer to the Northern District of Illinois is not warranted.

2003 U.S. Dist. LEXIS 13250, *7

Page 3

**Conclusion**

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Transfer (Doc. No. 7) is **DENIED**.

Date: July 31, 2003

RICHARD H. KYLE

United States District Judge