Timebase Pty Ltd v. Thomson Corporation, The

Doc. 16 Att. 5

# Exhibit 6

Dockets.Justia.com

LEXSEE 2005 U.S. DIST. LEXIS 21871


Positive
As of: May 07, 2008

Caddy Products, Inc., Plaintiff, v. American Seating Company, Defendant.

Civ. No. 05-800 (RHK/AJB)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

2005 U.S. Dist. LEXIS 21871

September 28, 2005, Decided

**DISPOSITION:** [*1] Defendant American Seating Company's Motion to Transfer Venue (Doc. No. 4) DENIED.

**COUNSEL:** Deirdre M. Kvale, Peter J. Ims, and Z. Peter Sawicki of Westman, Champlin & Kelly P.A., and Dyana L. Street and Richard G. Jensen of Fabyanske, Westra, Hart & Thomson P.A., for Plaintiff.

Conrad J. Clark of Clark & Brody, Todd R. Dickinson of Fisher & Dickinson P.C., and Michael D. O'Neill of O'Neill, Grills & O'Neill P.L.L.P., for Defendant.

**JUDGES:** RICHARD H. KYLE, United States District Judge.

**OPINION BY:** RICHARD H. KYLE

**OPINION**

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiff Caddy Products Inc. ("Caddy Products") commenced this action for patent infringement under *35 U.S.C. § 1 et seq.* alleging that a product manufactured and sold by Defendant American Seating Company ("American Seating") infringes on three of its patents for the design and manufacture of cupholders for stadium seats. The matter presently before the Court is American Seating's Motion to Transfer Venue under *28 U.S.C. § 1404(a)*. Based on the reasons set forth below, the Court will deny Defendant's motion.

### BACKGROUND

Plaintiff Caddy Products designs and manufactures [*2] a variety of products and accessories for public seating used in theaters and stadiums, including cupholders. (Bergin Aff. P1.) Caddy Products is a Minnesota corporation with its principal place of business in Thousand Palms, California, and its manufacturing operations center in Osceola, Wisconsin. (Bergin Aff. P3-4; Compl. at 1.) American Seating also designs, manufactures, and sells a variety of seating products and accessories for public locations, including cupholders. (Mem. in Supp. at 1.) American Seating is a Delaware corporation with its principal place of business in Grand Rapids, Michigan. (McDowell Aff. P5.)

Caddy Products commenced this litigation on allegations that a product manufactured and sold by American Seating infringes on three patents owned by Caddy Products, including *U.S. patent number 5,421,638* entitled "Seat Attachment," *U.S. patent number 5,628,103* entitled "Method for Mounting A Seat Attachment," and *U.S. patent number 6,641,101* entitled "Locking Bracket and Cupholder For Seat Frame." (Compl. at 2-4.) Caddy Products alleges that American

Seating manufactures, uses, and offers to sell without a license or authority, products covered by the patents at issue. [*3] (Id.) American Seating has now moved to transfer venue to the Western District of Michigan.

## STANDARD OF REVIEW

Pursuant to *28 U.S.C. § 1404(a)*, "for the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court's consideration, however, is not limited to these factors and may be based upon a case-by-case evaluation. Id. at 692. Generally, transfer under *§ 1404(a)* "should not be freely granted." *In re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982)*. The burden is on the moving party to show that a change of forum is warranted. *Stinnett v. Third Nat'l Bank of Hampden County, 443 F. Supp. 1014, 1017 (D. Minn. 1978)*.

## ANALYSIS

In this Motion to Transfer Venue, American Seating offers two primary reasons for transferring this case to the Western District of Michigan. First, American Seating contends that Caddy Products is not a resident of Minnesota, so venue in Minnesota is not appropriate. Second, American Seating argues the Western District of Michigan is a more convenient [*4] forum for its witnesses and transfer will decrease litigation expenses. Caddy Products counters that its choice of forum should be given deference based on Minnesota residency and convenience for non-party witnesses. The Court will consider the three relevant factors under *§ 1404(a)*: the convenience of the parties, the convenience of the witnesses, and the interest of justice.

### A. Convenience for the Parties

The first consideration when analyzing a Motion for Transfer under *§ 1404(a)* is the convenience of the parties. "The logical starting point for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by the plaintiff and the proposed transferee district." *Birmingham Fire Ins. Co. v. Up North Plastics, Inc., 2004 U.S. Dist. LEXIS 6733, Civ. 04-21, 2004 WL 838169 at *2 (D. Minn. April 19, 2004)* (citing 17 *Moore's Federal Practice § 111.13(1)(e)(k)*). It is generally presumed that the most convenient district for litigation is the district within the closest physical proximity to a party. See *Facilitec Corp. v. Omni Containment Sys., L.L.C., 2003 U.S. Dist. LEXIS 13250, Civ. 03-3187, 2003 WL 21781914* [*5] *at *1 (D. Minn. July 30, 2003)* (citing *Morales v. Navieras de Puerto Rico, 713 F. Supp. 711, 713 (S.D.N.Y. 1989))*. Thus, when the plaintiff resides in the chosen forum and the defendant resides in the proposed transferee forum, one party will unavoidably be inconvenienced whether or not the transfer is granted. 17 *Moore's Federal Practice § 111.13(1)(e)(i)*. In such a case, the plaintiff's choice of forum will prevail. See *In re National Presto Indus. Inc., 347 F.3d 662, 663-65 (7th Cir. 2003)* (when the plaintiff and the defendant are in different states, there is no choice of forum that will avoid imposing inconvenience on one or the other, but "the tie is awarded to the plaintiff"). *Section 1404(a)* provides for transfer to a more convenient forum, "not to a forum likely to prove equally convenient or inconvenient." *Graff v. Qwest Communications Corp., 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999)* (citing *Van Dusen v. Barrack, 376 U.S. 612, 646, 11 L. Ed. 2d 945, 84 S. Ct. 805 (1964))*.

In this case, Caddy Products is a Minnesota corporation with its principal place of business in California, and American Seating is [*6] a Delaware corporation with its principal place of business in Michigan. American Seating argues that Caddy Products has already indicated its willingness to travel from California to litigate in a district court in the Midwest by filing in the District of Minnesota; based on this reasoning, it urges that transferring this case to Michigan cannot be considered "inconvenient." (Mem. in Supp. at 4.) However, Caddy Products filed this case in the District of Minnesota because it is a Minnesota corporation, has manufacturing facilities near the District of Minnesota, and two of its primary employees regularly travel to and have residences in Minnesota. (Mem. in Opp'n at 5.) As noted above, whether venue for this case is in Minnesota or Michigan, one party will be inconvenienced. Accordingly, Caddy Products' choice of forum in Minnesota weighs against granting American Seating Company's transfer motion. See *In re National Presto Indus. Inc., 347 F.3d at 662*.

### B. Convenience of the Witnesses

The second consideration in a Motion to Transfer under *§ 1404(a)* is the convenience of the witnesses. In order to demonstrate that this factor weighs in favor of

transfer, [*7] the defendant "must clearly specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Nelson v. Master Lease Corp.*, 759 F. Supp. 1397, 1402 (D. Minn. 1991). The court "must examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Reid-Walen v. Hansen*, 933 F.2d 1390, 1396 (8th Cir. 1991). Relevant considerations include the number of essential non-party witnesses, their place of residence, and the preference of courts for live testimony as opposed to depositions. *Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 594 F. Supp. 731, 734 (D. Minn. 1984). Generally, if residences of non-party witnesses for each litigant are divided between the current district and the proposed transferee district, then the "convenience of the witnesses" factor does not play a part in the balancing test for a transfer motion. See *Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F. Supp. 375, 384 (W.D. La. 1996).

In this case, American Seating identifies four witnesses [1] who reside in the [*8] proposed transferee district of Western Michigan to support the "convenience of the witnesses" prong of the balancing test. (Mem. in Supp. at 5.) American Seating gives limited information regarding the proposed testimony of these witnesses, sharing only that the witnesses will testify about designing and selling the product at issue in this case. (Id.) Caddy Products also identifies four witnesses [2] who reside or regularly conduct business in Minnesota as support for its original forum selection. (Mem. in Opp'n at 7.) Caddy Products represents that the witnesses will provide testimony regarding the design and sales of the product at issue. (Id.) Thus, with an equal number of relevant witnesses in each district, the "convenience of the witnesses" factor is neutralized in the transfer balancing test and does not weigh in favor of either party. See *Icon Indus. Controls Corp.*, 921 F. Supp. at 384.

> 1   Trevor Haney, Thomas Kemppainen, Bernard Herold, and Richard Gianino. (Mem. in Supp. at 5.)
> 2   Peter Bergin, John Ayotte, James Winebarger, and Nick Westman. (Mem. in Opp'n at 7.)

[*9] **C. In the Interest of Justice**

Courts weigh the interest of justice factor very heavily. *Radisson Hotels Int'l Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 641 (D. Minn. 1996). The interest of justice factor "may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). The considerations relevant to this factor are the relative familiarity of the two districts with the law to be applied, the relative abilities of the parties to bear the expenses of litigating in a distant forum, judicial economy, the plaintiff's choice of forum, obstacles to a fair trial, and each party's ability to enforce a judgment. *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).

In this case, American Seating raises two interest of justice considerations in support of its Motion to Transfer Venue: plaintiff's choice of forum and comparative costs of the litigation in each forum. (Mem. in Supp. at 5-6.) American Seating argues that Caddy Products' choice of forum should be given significantly [*10] less deference because Caddy Products does not reside in Minnesota. In addition, American Seating contends the comparative costs of litigation clearly favor transfer. The Court will consider each of its arguments in turn.

**1. Plaintiff's choice of forum**

Generally, federal courts give considerable deference to a plaintiff's choice of forum. *Terra Int'l, Inc.*, 119 F.3d at 695. However, courts afford plaintiff's choice of forum significantly less deference when the plaintiff is not a resident of the selected forum. *Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999). Based on Nelson, American Seating argues that Caddy Products' choice of forum should be given significantly less deference because the company is not a resident of Minnesota. (Mem. in Supp. at 6.) For the purposes of venue, however, corporations are considered to be residents of the state of their incorporation *and* of the state where they maintain their principal place of business. See *Van's Supply Equip., Inc. v. Echo Inc.*, 711 F. Supp. 497, 501 (W.D. Wis. 1989). Caddy Products is incorporated in Minnesota and has a principal place of business [*11] in California. (Bergin Aff. 1.) Therefore, American Seating is wrong in its conclusion that Caddy Products is not a resident of Minnesota. Giving deference to Caddy Products' choice of forum weighs against the Court granting Defendant's transfer motion.

**2. Comparative costs of litigation in each forum**

American Seating also supports this Motion with the argument that its costs would be less if the case is

litigated in the Western District of Michigan due to the accessibility of witnesses and evidence. (Mem. in Supp. at 6.) However, "the relative ease of access to physical and documentary evidence does not weigh strongly in favor of transfer because such evidence can be easily transported." *Race Safe Systems, Inc. v. Indy Racing League, 251 F. Supp. 2d 1106, 1110 (N.D.N.Y. 2003).* Both parties in this case will incur expenses to litigate this case in any venue. The fact that American Seating will have to travel from Michigan to Minnesota for court appearances is not a sufficient basis to grant its Motion to Transfer under *§ 1404(a).*

Based on the Court's determination that none of the above factors weigh in favor of transferring this case to the Western District [*12] of Michigan, American Seating's Motion will be denied.

## CONCLUSION

Based on the foregoing, and all of the files, records and proceedings herein, it is **ORDERED** that Defendant American Seating Company's Motion to Transfer Venue (Doc. No. 4) is **DENIED.**

Dated: September 28, 2005

RICHARD H. KYLE

United States District Judge