Timebase Pty Ltd v. Thomson Corporation, The

Doc. 16 Att. 8

# Exhibit 9

Dockets.Justia.com

LEXSEE 2005 U.S. DIST. LEXIS 16998


Cited
As of: May 07, 2008

**Ecolab Inc., Plaintiff, v. S&L Enterprises, Inc., Defendant.**

**Civ. No. 05-1044 (RHK/JSM)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

*2005 U.S. Dist. LEXIS 16998*

**August 12, 2005, Decided**

**COUNSEL:** [*1] Bret A. Puls and Erin Minkler, Oppenheimer Wolff & Donnelly LLP, Minneapolis, MN, for Plaintiff.

Boris Parker, Saliterman & Siefferman, P.C., Minneapolis, MN, for Defendant.

**JUDGES:** RICHARD H. KYLE, United States District Judge.

**OPINION BY:** RICHARD H. KYLE

**OPINION**

**MEMORANDUM OPINION AND ORDER**

**Introduction**

Ecolab Inc. ("Ecolab") filed a petition to confirm an arbitration award against S&L Enterprises, Inc. ("S&L") in this Court after S&L had filed a Motion to Vacate or Modify the same arbitration award in federal court in Oklahoma. S&L now moves to dismiss, transfer, or stay the instant action in favor of the proceedings in Oklahoma pursuant to the first-filed rule. For the reasons set forth below, the Court will grant S&L's Motion and will transfer this action to the United States District Court for the Western District of Oklahoma. [1]

1 The undersigned made this ruling known to the parties from the bench at oral argument on this matter.

**Background**

The parties engaged in binding arbitration in [*2] early 2005. The result of that process was an arbitration award in favor of Ecolab, issued on May 20, 2005. The arbitrator determined that Ecolab was the prevailing party in the arbitration, and awarded Ecolab more than $ 200,000 in costs and attorneys' fees.

On May 20, 2005, the same day that the final arbitration award issued, S&L filed a Motion/Complaint to Partially Vacate or Modify the Arbitration Award in the United States District Court for the Western District of Oklahoma. Ecolab was served with that action on May 26, 2005. The following day, on May 27, 2005, Ecolab filed a Petition to Confirm the arbitration award in this Court.

On June 7, 2005, Ecolab responded to the Oklahoma action by filing an Answer and a brief in opposition to S&L's Motion to vacate or modify the award. Ecolab has not challenged jurisdiction or venue in the Oklahoma action.

**Analysis**

S&L argues that this Court should adhere to the

Case 0:07-cv-01687-JNE-JJG   Document 36-9   Filed 06/14/07   Page 3 of 4

Page 2
2005 U.S. Dist. LEXIS 16998, *2

first-filed rule, pursuant to which it should transfer or dismiss this action in favor of the first-filed action in Oklahoma. "The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider [*3] the case." *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (citations omitted); *see U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488-89 (8th Cir. 1990). "The first-filed rule gives priority . . . to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings." *Keymer v. Management Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999) (citation omitted). Pursuant to the first-filed rule, a court has the discretion to dismiss the later action, or transfer it, if the first action involves the same parties and issues. *Slidell, Inc. v. Archer Daniels Midland Co.*, 2003 U.S. Dist. LEXIS 15310, 2003 WL 22050776, at *4 (D. Minn. Sept. 2, 2003) (Davis, J.).

The first-filed rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." *Northwest Airlines*, 989 F.2d at 1005 (citations omitted). There are two "red flags" that may signal such "compelling [*4] circumstances": (1) the first suit was filed after the other party gave notice of its intention to sue; and (2) the first suit was for declaratory judgment rather than for damages or equitable relief. *Boatmen's First Nat'l Bank of Kansas City v. Kansas Public Employees Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995); *see Northwest Airlines.*, 989 F.2d at 1007.

At the outset, it is important to note that there is no dispute that the Minnesota and Oklahoma actions involve the same parties and the same subject matter--the arbitration award. While Ecolab is correct to point out that the first-filed "rule" is not a rigid rule to be applied under all circumstances, the Court notes that consideration of which party filed an action first "is often dominant in determining which federal court should proceed when the parties to an arbitration award have filed cross motions to vacate and confirm the award in different district courts." *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002) (emphasis omitted) (citing *Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 198, 146 L. Ed. 2d 171, 120 S. Ct. 1331 (2000)). Thus, the Court determines [*5] that, in the absence of Ecolab's ability to establish the existence of "compelling circumstances," *U.S. Fire Ins. Co.*, 920 F.2d at 488, the fact that S&L filed the Oklahoma action before Ecolab filed the instant action is dispositive of this issue.

According to Ecolab, "there are several compelling circumstances that militate against a rigid application of the rule in this case. (Mem. in Opp'n at 9.) Ecolab points to the fact that, in February 2005, while the arbitration proceedings were ongoing, S&L brought an unsuccessful action regarding the instant dispute in federal court in Oklahoma. It argues that this previous action is evidence that S&L is acting in bad faith and is engaged "in a forum shopping exercise designed to thwart the arbitration process and avoid final and binding orders issued by an arbitrator." (*Id.*) Ecolab also argues that, because S&L's challenge to the arbitration award in Oklahoma is meritless, this Court should decline to apply the first-filed rule. (*Id.*)

The Court determines that Ecolab has not presented evidence of "compelling circumstances" sufficient to render the first-filed rule inapplicable. First, there is nothing to suggest [*6] that either of the two "red flags" specifically recognized by the Eighth Circuit in *Northwest Airlines*, 989 F.2d at 1007--that the first-filing party was on notice of an impending suit by the second-filing party, or that the first-filed action was for declaratory judgment--is at issue under the present circumstances.

Second, that Ecolab perceives S&L's filing in Oklahoma as forum shopping does not compel a different result. This is especially true given that the Oklahoma action is at a more advanced stage than this action, as S&L's Motion to Vacate has been fully briefed by both parties on the merits. In addition, Ecolab has not contested jurisdiction or venue in the Oklahoma action. Thus, a decision by the Court to retain jurisdiction over this action would be contrary to the policy concerns underlying the first-filed rule--to "conserve judicial resources and avoid conflicting rulings." *Keymer*, 169 F.3d at 503, n.2.

Nor is the Court compelled to a different conclusion by Ecolab's argument that the first-filed rule is inapplicable here because the Oklahoma action lacks merit. The first-filed rule "gives priority . . . to the party who *first establishes* [*7] jurisdiction." *Midwest Motor Express, Inc. v. Central States Southeast*, 70 F.3d 1014,

*1017 (8th Cir. 1995)* (emphasis added) (internal quotation omitted). Thus, the fact that Ecolab contends the Oklahoma Action has no merit is of no moment, as "[a] court may have jurisdiction over a case even though the case is one to which there is no merit." *Id.* (internal quotation omitted). And, as discussed above, Ecolab does not contest jurisdiction in Oklahoma, but rather, is fighting that action on the merits. If S&L's claims are legally infirm, the Court trusts the Oklahoma court to rule accordingly. *See id.* As the Oklahoma court has jurisdiction to decide the issues before it, and because it obtained that jurisdiction before this Court did, the Oklahoma court is the proper venue for the instant dispute. *See id.*

Finally, Ecolab relies on *Johnson v. Pfizer, Inc., 2004 U.S. Dist. LEXIS 25217, 2004 WL 2898076 (D. Kan. Dec. 10, 2004)*, as support for the contention that "judicial resources would be saved by limiting the weight of the first-to-file factor in situations dealing with arbitration awards." (Mem. in Opp'n at 11.) Without delving into the reasoning behind the determination [*8] in *Johnson* that "cases involving requests to either vacate or confirm arbitration awards are distinguishable from other types of cases," the Court notes that Ecolab's argument that "judicial resources would be saved" by this court retaining jurisdiction over the instant case rings hollow. As noted above, the Oklahoma action is procedurally more advanced than the instant case. Contrary to the facts in *Johnson*, where the first-filed action was stayed at the time that the Kansas court considered the motion to transfer, *Johnson, 2004 U.S. Dist. LEXIS 25217, 2004 WL 2898076, at *2*, the Oklahoma action is active, and S&L's Motion to Vacate the arbitration award is fully briefed and under advisement. Finally, it is worth noting, that the court in *Johnson* ultimately, though reluctantly, decided to defer to the jurisdiction of the first-filed court, and stayed the second-filed action before it. *2004 U.S. Dist. LEXIS 25217, [WL] at ** 5-6.*

Accordingly, the Court determines that this action will be transferred to the United States District Court for the Western District of Oklahoma pursuant to the first-filed rule. [2] *See Midwest Motor Express, Inc. v. Central States Southeast, 70 F.3d 1014, 1017 (8th Cir. 1995)* [*9] (affirming "the district court['s]. . . decision to transfer this case based upon the 'first-filed' rule"); *see also Monsanto Tech. LLC v. Syngenta Crop Protection, Inc., 212 F. Supp. 2d 1101 (E.D. Mo. 2002)* (transferring case to first-filed jurisdiction pursuant to the first-filed rule).

>   2   S&L has indicated that "upon transfer it will immediately move to consolidate this Minnesota action" with the currently proceeding Oklahoma action. (Mem. in Supp. at 10.)

### Conclusion

Based on the foregoing, and all of the files, records and proceedings herein, it is **ORDERED** that S&L Enterprise's Motion to Dismiss, Transfer, or Stay Petitioner's Petition (Doc. No. 9) is **GRANTED**. The Clerk of Court is hereby directed to transfer this matter to the United States District Court for the Western District of Oklahoma.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 12, 2005

RICHARD H. KYLE

United States District Judge