IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD., ) | |
| ) | File No. 07-CV-1687 (JNE/JJG) |
| Plaintiff, ) | |
| vs. ) | **PLAINTIFF'S MEMORANDUM** |
| ) | **IN SUPPORT OF MOTION FOR** |
| THE THOMSON CORPORATION, ) | **LEAVE TO SERVE AND FILE** |
| WEST PUBLISHING CORPORATION, ) | **AMENDED COMPLAINT** |
| AND WEST SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

Plaintiff, TimeBase Pty Ltd. ("TimeBase"), pursuant to Fed.R.Civ.P. 15(a), requests leave of Court to file an Amended Complaint which: 1) adds additional party defendants West Publishing Corporation ("West Publishing"), and West Services, Inc. ("West Services"); and 2) identifies specific additional products that are made, used, sold or offered for sale by defendants West Publishing, West Services and The Thomson Corporation ("Thomson") which infringe TimeBase's United States Patent No. 6,233,592, "System for Electronic Publishing."

TimeBase's proposed Amended Complaint is attached as Exhibit A to its Motion for Leave to Serve and File an Amended Complaint.

This request to file an Amended Complaint is not based on a dilatory motive. Also, no discovery has taken place, no depositions have been noticed, no briefs have been filed, and defendant Thomson has not filed an answer, so the amendment will not prejudice defendants.

Dockets.Justia.com

I.  **LEAVE TO AMEND PLEADINGS SHALL BE FREELY GRANTED**

Fed.R.Civ.P. 15(a) provides that leave to amend pleadings shall be freely given when justice so requires.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of such an apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); see also, *ARE Sikeston Ltd. v. Weslock National, Inc.*, 120 F.3d 820, 832 (8th Cir. 1997); *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). TimeBase is thus permitted a "presumption of liberality" with respect to its right to amend its pleadings. *DeRoche v. All Am. Bottling Corp.*, 38 F. Supp. 2d 1102, 1105-06 (D. Minn. 1998).

II. **TIMEBASE'S REQUEST FOR LEAVE TO AMEND IS TIMELY**

On January 24, 2007 TimeBase filed its original Complaint against defendant Thomson alleging infringement of TimeBase's United States Patent No. 6,233,592 (the "'592 patent"), entitled "System for Electronic Publishing." The original Complaint was filed in the United States District Court, Northern District of Illinois, Eastern Division. On February 9, 2007 Thomson filed a motion to transfer and for a more definite statement, seeking to transfer the case to the District of Minnesota, and requesting that TimeBase's Complaint identify the product(s) that it accuses of infringement. In addition, Thomson's motion argued that "the proper defendants should be 'West

2

Publishing Corporation' and 'West Services, Inc.' [subsidiaries of defendant Thomson Corporation] as they are responsible for Westlaw and Westlaw related products, including the PastStat Locator product." (*TimeBase v. Thomson Corporation*, Civil Action No. 07-C-460, Northern District of Illinois, Docket Item No. 10 at p.2, n.1). On March 9, 2007, Judge George W. Lindberg of the Northern District of Illinois granted defendant Thomson's motion to transfer this case to this District, but specifically did not reach the issue of whether TimeBase's Complaint failed to name the correct parties. (*TimeBase v. Thomson Corporation*, Civil Action No. 07-C-460, Northern District of Illinois, Docket Item No. 18 at p.1, n.1). TimeBase's proposed Amended Complaint seeks to avoid such complaint in the present case by including the additional parties identified by defendant Thomson and by setting forth those presently known infringing products prior to any answer in this case. Therefore, TimeBase's motion seeking leave to amend its Complaint is timely.

### III.  GRANTING LEAVE TO AMEND WILL NOT PREJUDICE THE DEFENDANTS AND SERVES JUDICIAL ECONOMY

As of the present date, defendant Thomson has neither answered the original Complaint nor has it filed any responsive pleading before this Court. Furthermore, no discovery schedule has been entered, nor has any deadline for amending the pleadings been entered, much less passed. Defendant Thomson cannot complain about any prejudice. *Multi-Tech Sys., Inc. v. Dialpad.com, Inc.,* Civ. No. 00-1540, 2001 U.S. Dist. LEXIS 23575 at *9 (D. Minn. Aug. 28, 2001). No additional patents or patent claims are

alleged against Thomson in this case. The Amended Complaint will not increase the scope of discovery by any significant degree.

IV. **TIMEBASE'S AMENDMENT IS NOT FUTILE**

Although TimeBase's right to amend enjoys a presumption of liberality, the right to amend is not absolute. See, *Floyd v. Missouri Dept. of Social Services, Div. of Family Services*, 188 F.3d 932, 939 (8th Cir. 1999). An amendment to a pleading can be successfully challenged on the grounds of futility if the claims created by the amendment would not withstand a motion to dismiss for failure to state a claim upon which relief can be granted. See, *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999); *Humphreys v. Roche Biomedical Laboratories, Inc.*, 990 F.2d 1078, 1082 (8th Cir. 1993); *Weimer v. Amen*, 870 F.2d 1400, 1407 (8th Cir. 1989); Holloway v. Dobbs, 715 F.2d 390, 392-93 (8th Cir. 1983); but cf., *Karl's Inc. v. Sunrise Computers, Inc.*, 901 F.2d 657, 660 (8th Cir. 1990)("colorable showing" sufficient to withstand application of clearly frivolous rule). TimeBase's requested amendment passes this standard. TimeBase has all substantial rights, including the right to sue, for infringement of the '592 patent. TimeBase's proposed Amended Complaint properly states the elements of a claim against each defendant for direct and/or indirect infringement of the '592 patent. Thus, TimeBase's proposed Amended Complaint is not futile.

V. **CONCLUSION**

For the foregoing reasons, TimeBase's motion for leave to serve and file an Amended Complaint should be granted.

Dated:  May 10, 2007                          GRAY, PLANT, MOOTY,
                                                  MOOTY & BENNETT, P.A.


                                              By    s/Michael R. Cunningham
                                                  Michael R. Cunningham
                                                  Attorney No. 20424
                                              500 IDS Center
                                              80 South Eighth Street
                                              Minneapolis, Minnesota  55402
                                              Telephone:  (612) 632-3000
                                              Fax:  (612) 632-4444
                                              michael.cunningham@gmplaw.com

                                              Attorneys for Plaintiff



Of Counsel

Joseph N. Hosteny (jhosteny @hosteny.com)
Arthur A. Gasey (gasey@nshn.com)
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Telephone:  (312) 236-0733
Fax:  (312) 236-313

GP:2101798 v1

## CERTIFICATE OF COMPLIANCE WITH DISTRICT COURT LOCAL RULE 7.1

1.      This memorandum complies with the type-volume limitation of District Court Local Rule 7.1(c) (as amended May 16, 2005) because, according to the word count of the word processing system used to prepare this memorandum (Microsoft® Word 2002/XP®), this memorandum contains 1,060 words.   The word processing program has been applied specifically to include all text, including headings, footnotes, and quotations.

2.      This memorandum complies with the type size requirements of District Court Local Rule 7.1(e) because it is (a) typewritten in size 13 font, (b) double spaced, (except for headings, footnotes, and quotations that exceed two lines), and (c) submitted on 8½" by 11" paper with at least 1" margins on all four sides.

Dated:  May 10, 2007                    GRAY, PLANT, MOOTY,
                                        MOOTY & BENNETT, P.A.


                                        By    s/Michael R. Cunningham
                                              Michael R. Cunningham
                                              Attorney No. 20424
                                        500 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, Minnesota  55402
                                        Telephone:  (612) 632-3000
                                        Fax:  (612) 632-4444
                                        michael.cunningham@gmplaw.com

                                        Attorneys for Plaintiff

Of Counsel

Joseph N. Hosteny (jhosteny @hosteny.com)
Arthur A. Gasey (gasey@nshn.com)
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois  60602
Telephone:  (312) 236-0733
Fax:  (312) 236-3137