# EXHIBIT 2
## TO DECLARATION OF CHAD DROWN

PTO/SB/57 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

(Also referred to as FORM PTO-1465)

# REQUEST FOR *EX PARTE* REEXAMINATION TRANSMITTAL FORM

Address to:
Mail Stop *Ex Parte* Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Attorney Docket No.: 8868.0008.S1(US)

Date: 1/25/2007

1. [ ] This is a request for *ex parte* reexamination pursuant to 37 CFR 1.510 of patent number 6,233,592 issued May 15, 2001. The request is made by:

   [ ] patent owner.   [✓] third party requester.

2. [✓] The name and address of the person requesting reexamination is:

   Alan L. Stern, Harrington & Smith, PC
   4 Research Drive
   Shelton, CT 06484-6212

3. [✓] a. A check in the amount of $2,520.00 is enclosed to cover the reexamination fee, 37 CFR 1.20(c)(1);

   [ ] b. The Director is hereby authorized to charge the fee as set forth in 37 CFR 1.20(c)(1) to Deposit Account No. _____ (submit duplicative copy for fee processing); or

   [ ] c. Payment by credit card. Form PTO-2038 is attached.

4. [✓] Any refund should be made by [ ] check or [✓] credit to Deposit Account No. 50-1924.
   37 CFR 1.26(c). If payment is made by credit card, refund must be to credit card account.

5. [✓] A copy of the patent to be reexamined having a double column format on one side of a separate paper is enclosed. 37 CFR 1.510(b)(4)

6. [ ] CD-ROM or CD-R in duplicate, Computer Program (Appendix) or large table
   [ ] Landscape Table on CD

7. [ ] Nucleotide and/or Amino Acid Sequence Submission
   *If applicable, items a. – c. are required.*

   a. [ ] Computer Readable Form (CRF)
   b. Specification Sequence Listing on:
      i. [ ] CD-ROM (2 copies) or CD-R (2 copies); or
      ii. [ ] paper

   c. [ ] Statements verifying identity of above copies

8. [ ] A copy of any disclaimer, certificate of correction or reexamination certificate issued in the patent is included.

9. [✓] Reexamination of claim(s) 1-58 is requested.

10. [✓] A copy of every patent or printed publication relied upon is submitted herewith including a listing thereof on Form PTO/SB/08, PTO-1449, or equivalent.

11. [ ] An English language translation of all necessary and pertinent non-English language patents and/or printed publications is included.

[Page 1 of 2]

This collection of information is required by 37 CFR 1.510. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Mail Stop *Ex Parte* Reexam, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/57 (04-05)
Approved for use through 04/30/2007. OMB 0651-0033
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | |
|---|---|
| 12. ☑ | The attached detailed request includes at least the following items:<br><br>a. A statement identifying each substantial new question of patentability based on prior patents and printed publications. 37 CFR 1.510(b)(1)<br>b. An identification of every claim for which reexamination is requested, and a detailed explanation of the pertinency and manner of applying the cited art to every claim for which reexamination is requested. 37 CFR 1.510(b)(2) |
| 13. ☐ | A proposed amendment is included (only where the patent owner is the requester). 37 CFR 1.510(e) |
| 14. ☑ | a. It is certified that a copy of this request (if filed by other than the patent owner) has been served in its entirety on the patent owner as provided in 37 CFR 1.33(c).<br>The name and address of the party served and the date of service are:<br><br>Woodard Emhardt Naughton Moriarty & McNett, LLP<br>111 Monument Circle, Suite 3700, Bank One Tower/Center<br>Indianapolis, IN 46204-5137<br>Date of Service: 1/25/2007 (date of mailing) ; or<br><br>☐ b. A duplicate copy is enclosed since service on patent owner was not possible. |

15. Correspondence Address: Direct all communication about the reexamination to:

☑ The address associated with Customer Number: **29683**

OR

| Firm or Individual Name | | |
|---|---|---|
| Address | | |
| City | State | Zip |
| Country | | |
| Telephone | Email | |

16. ☐ The patent is currently the subject of the following concurrent proceeding(s):
   ☐ a. Copending reissue Application No. _____
   ☐ b. Copending reexamination Control No. _____
   ☐ c. Copending Interference No. _____
   ☐ d. Copending litigation styled: _____

WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

_Alan L. Stern_ (Authorized Signature)     1/25/2007 (Date)

Alan L. Stern (Typed/Printed Name)     39,071 (Registration No.)     ☐ For Patent Owner Requester     ☑ For Third Party Requester

[Page 2 of 2]

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Mail Stop *Ex Parte* Reexam
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

66155   U.S. PTO
90008450



01/29/07

## REQUEST FOR *EX PARTE* REEXAMINATION

Sir:

Pursuant to 37 C.F.R. §1.510, the below-signed patent agent respectfully requests that *ex parte* reexamination be initiated for claims 1-58 of **U.S. Patent No. 6,233,592** (the '592 patent), "System For Electronic Publishing," issued on May 15, 2001 to Schnelle et al., assigned to Time Base Pty Limited, based on the three references identified and discussed below. Furthermore, pursuant to 37 C.F.R. §§1.510(a) and 1.20(c)(1), the required fee of $2,520.00 is attached hereto. However, should the undersigned agent be mistaken, please charge deposit account no. 50-1924 for any required fee deficiency.

Printed Publications Relied On and Attached Hereto:

D1:   Kim H et al: "OOHS: An Object-Oriented Hypermedia System" 20th Annual International Computer Software And Applications Conference (Compsac), Seoul, KR, 21 August 1996 (1996-08-21), -23 August 1996 (1996-08-23) pages 496-501, XP000684382 IEEE comp. Soc., Los Alamitos, CA, US ISBN: 0-8186-7579-9.

D2:   Arnold-Moore T et al: "The ELF data model and SGQL query language for structured document databases", Sixth Australasian Database Conference, ADC'95, Adelaide, AU, vol. 17, no. 2, 30 January 1995, - 31 January 1995 pages 17-26, XP002204886 Australian Computer Science Communications ISSN: 0157-3055.

01/31/2007 KDOZIER  00000002 90008450
01 FC:1812                    2520.00 OP

D3:   George Promenschenkel "STEPS toward a new era in electronic publishing", OCLC Newsletter No. 216, published by OCLC, MC104, 6565 Frantz Road, Dublin, Ohio 43017-3395 July/August 1995.

In light of the three references, there are substantial new questions of patentability with regard to claims 1-58 of the '592 patent, as further discussed below. The three references are prior art to the '592 patent under 35 U.S.C. §102(b). The application date of the '592 patent was July 1, 1998. The three references were each available as a printed publication more than one year prior to the '592 application date. Moreover, references D2 and D3 are prior art under §102(b) even if the '592 patent is entitled to claim an earlier filing date of January 31, 1997, the filing date of the earliest-filed application to which the '592 patent claims priority.

The issues discussed below are substantial new questions of patentability because the cited prior art was not of record in the file of the '592 patent, and because the claims of the '592 patent are not patentable over these documents. A detailed explanation of pertinency and manner of applying the cited prior art to the claims of the '592 patent is set forth below.

Reasons:

D2 discloses claim 1 as follows (the relevant portions of D2 are in brackets): a computer-implemented system for publishing an electronic publication using text based data (abstract), a plurality of predefined portions of text-based data with each predefined portion being stored (page 18 left-hand column lines 19 –32; page 20 right-hand column lines 23-29); at least one predefined portion being modified and stored (implicit in discussion of element versioning in last paragraph of page 20, right-hand column); a plurality of linking means of a mark-up language, each predefined portion of said text-based data and said at least one modified predefined portion of text-based data being encoded with at least one linking means (hyperlinks as commonplace features of SGML documents mentioned on page 18, left-hand column line 7 and page 20 right-hand column lines 46-47); and a plurality of attributes (page 18 left-hand column lines 36-38, page 20 right-hand column line 30), each attribute being a point on an axis of a multidimensional space for organizing said plurality of predefined portions and said at least one modified predefined portion of said text-based data this is disclosed in D2 since the attributes of any database can be seen as spanning up a multidimensional space indexing the database records; also, the "multidimensional space" is redundant with the "plurality of attributes").

The subject-matter of claim 1 is therefore not novel in view of the disclosure of D2.

Claims 2 to 7: these claims specify commonplace features of hypertext document retrieval systems, which features are mentioned in D2. The claims are therefore not new.

Claims 8, 9: The features of these claims are features of SGML, which is disclosed in D2. Thus, these claims are not novel in comparison to D2.

Claim 10: links specifying element Ids for the link anchors are disclosed in D2, page 20 right-hand column, last paragraph, so this claim is also not novel.

Claims 11, 12: Separate storage of content, attributes, hyperlinks etc. of hypertext data is a common practice in the technical field of which the invention relates. The claims are therefore not inventive.

Claim 13: Storage of content data linked to the content attributes is trivial and, in any case, is disclosed by D2, page 18 left-hand column lines 29-38.

Claims 14, 15: Editing of data portions is anticipated by the discussion of element versioning in D2, page 20 right-hand column last paragraph, and of the corresponding passage of D1, page 497 right-hand column and page 500, left-hand column. The claims spell out commonplace data editing operations and are therefore not inventive.

Claims 16-18: The content of the documents to be retrieved is not a technical feature of the invention and do not contribute to novelty.

Claim 19: The conditions specified in the claim are implicit in the structural elements described in D2, page 18 left-hand column lines 29-32, see also the "section" element of D2, page 19 top of left-hand column. Thus claim 19 is not novel.

Claims 20 to 37 and 39 correspond to claims 1 to 19 respectively and are thus unpatentable in view of D2 for corresponding reasons.

Claims 40 to 58 also correspond to claims 1 to 19 and thus also are unpatentable in view of D2.

Claim 38: Is not novel as its features specify commonplace recording media and would be obvious to the skilled person.

D1 specifies a very similar system to the one of D2, however *inter alia* with an extended discussion of hyperlinks (D1 page 497 right-hand column second paragraph) and of element version control (D1 page 500 left-hand column second paragraph). Thus, D1 also deprives claim 1 of novelty. D1 also deprives some of the claims dependent on claim 1 of novelty. Claims 20 and 40 and the claims dependent thereon are unpatentable for corresponding reasons.

Claim 1 of the patent is anticipated by the disclosure of D3 as follows:

A computer implemented system for publishing an electronic publication (see page 1, paragraph 1, line 5 – the system provides a computer based system for publishing an electronic document) using text-based data (page 1, paragraph 5 – the system is clearly designed to be applied to text based publications) comprising: a plurality of predefined portions of text-based data with each predefined portion being stored (page 1, paragraph 3, lines 3-5 – the system provides a database management system and a storage manager for storing "SGML document components". Page 2, paragraph 3 indicates that customized publications can be created. It is clear from this latter section of D3 that the "document components" are smaller than the complete document but larger than individual words or phrases, i.e. the document components are the same as the predefined portions in the present patent); a plurality of linking means of a markup language (page 1, paragraph 4 – document components are treated as separate objects and hierarchical relationships are maintained. This implies a linking means between components, and also between the components and the system. The phrase "linking means" is not defined in relation to the other components of claim 1 and is only referred to in claim 10. As such therefore the maintenance of hierarchical relationships is an implicit disclosure of a linking means); at least one predefined portion being modified and stored (page 1, paragraph 4 – document components are "updated and stored"); each predefined portion of said text-based data and said at least one modified predefined portion of text-based data being encoded with at least one linking means (a database necessarily will comprise a number of entries. In order to allow the customization feature mentioned above to function there will be a linking means between the various document components. Given that D3 discloses an SGML type document then it is implicit

that D3 discloses this feature of the claims); a plurality of attributes, each attribute being a point on an axis of a multidimensional space for organizing said plurality of predefined portions and said at least one modified predefined portion of said text-based data (page 2, paragraph 3 – attributes are implicit from this section of D3. If a customizable document is to be provided then there must be one or more features that are used to organize and select the document components).

Further comments in respect of selected dependent claims are provided below:

Claim 2 – A search means is disclosed at page 2, paragraph 3 of D3.

Claim 3 – This feature is implicit in D3. See page 1, paragraph 3 where the storage manager can query document components. This equates to searching via attributes.

Claims 4 and 5 – these are implicit features of the search feature of D3.

Claim 6 – see page 1, paragraph 2 of D3.

Claim 7 – see page 2, paragraph 2 of D3.

Claim 8 – this features is implicit in D3. To allow searching of the database of D3, the system must be provided with more information regarded the document components.

Claim 11 – see page 1, paragraph 6 of D3 – the system is stored in a BASISPlus database.

D3 provides a system for the publication of electronic documents. As such, it anticipates at least claims 1-8 and 11. Claims 20 and 40 and their dependent claims lack patentability for corresponding reasons.

D2 anticipates the claims of the present patent. However, in the event that certain features are regarded as lacking from D2, the following is relevant:

As noted above, D3 provides a publication system in which a document is broken down into component pieces, these pieces being larger than single words and smaller than complete

documents. This "chunking feature" would have been applied to the teachings of D2 by the person skilled in the art without exercising inventive skill.

D3 teaches that document components may be updated. This feature that the "predefined portions" may be modified and stored would have been applied to the teachings of D2 by the skilled person without exercising inventive skill.

It is noted from claim 10 that the only example given of a linking means is an identification code to be applied to a predefined portion. It is assumed from this that the linking means is therefore merely a sub-set of the attributes of the predefined portions and that the terms may be interchangeable, or indeed that the term linking means is irrelevant to the interpretation of the claim.

D2 discloses the use of "elements" within the body of the markup text – see page 18, lines 29-35. This corresponds to the definition of "attribute" as it appears in claim 1 of the patent. Therefore, even disregarding the linking means/attributes interpretation of D3 above, claim 1 lacks inventive step over the combination of D3 and D2. Furthermore, it is noted from page 18, lines 36-38 of D2 that the SGML attributes discussed in D2 appear within the text of the document.

For all of the foregoing reasons, it is respectfully requested that *ex parte* reexamination proceedings be initiated for U.S. Patent No. 6,233,592 to Schnelle et al.

Respectfully submitted:

_____    1/25/2007
Alan L. Stern                Date
Reg. No.: 59,071

Customer No.: 29683

HARRINGTON & SMITH, PC
4 Research Drive
Shelton, CT 06484-6212
Telephone:   (203) 925-9400
Facsimile:   (203) 944-0245
E-mail:      astern@hspatent.com

## CERTIFICATE OF MAILING – COPY TO AGENT OF RECORD

I hereby certify that, pursuant to 37 C.F.R. §§1.510(b)(5) and 1.33(c), a copy of this document, and one copy of each attached document, is being deposited with the United States Postal Service as first class mail in an envelope addressed to the agent of record for U.S. Patent No. 6,233,592: Woodard Emhardt Naughton Moriarty & McNett, LLP, 111 Monument Circle, Suite 3700, Bank One Tower/Center, Indianapolis, IN 46204-5137.

_____    1/25/2007
Alan L. Stern                                         Date
Reg. No.: 59,071

## CERTIFICATE OF MAILING – THIS DOCUMENT

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Mail Stop Ex Parte Reexam, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

_____    1-25-07
Name of Person Making Deposit      Date