# EXHIBIT 6
## TO DECLARATION OF CHAD DROWN



| | | |
|---|---|---|
| Europäisches Patentamt | European Patent Office | Office européen des brevets |

EPA/EPO/OEB
D-80298 München
☎ +49 89 2399-0
TX 523 656 epmu d
FAX +49 89 2399-4465

Generaldirektion 2    Directorate General 2    Direction Générale 2

Ryan, Anne Mary
c/o Anne Ryan & Co.
60 Northumberland Road
Ballsbridge
Dublin 4
IRLANDE

| Telephone numbers: | Berlin sub-office |
|---|---|
| **Primary Examiner** (substantive examination) | +49 30 25901-427 |
| **Formalities Officer / Assistant** (Formalities and other matters) | +49 30 25901-704 |



| Application No. | Ref. | Date |
|---|---|---|
| 98 901 249.7 - 1527 | P99-45-EP | 28.01.2005 |
| Applicant Time Base Pty. Limited | | |

**Communication pursuant to Article 96(2) EPC**

The examination of the above-identified application has revealed that it does not meet the requirements of the European Patent Convention for the reasons enclosed herewith. If the deficiencies indicated are not rectified the application may be refused pursuant to Article 97(1) EPC.

You are invited to file your observations and insofar as the deficiencies are such as to be rectifiable, to correct the indicated deficiencies within a period

**of   4   months**

from the notification of this communication, this period being computed in accordance with Rules 78(2) and 83(2) and (4) EPC.

One set of amendments to the description, claims and drawings is to be filed within the said period on separate sheets (Rule 36(1) EPC).

**Failure to comply with this invitation in due time will result in the application being deemed to be withdrawn (Article 96(3) EPC).**



Polzer, A
Primary Examiner
for the Examining Division

Enclosure(s):    5  page/s reasons (Form 2906)

**Registered Letter**

Bescheid/Protokoll (Anlage)   Communication/Minutes (Annex)   Notification/Procès-verbal (Annexe)

| | | |
|---|---|---|
| Datum<br>Date<br>Date  28.01.2005 | Blatt<br>Sheet  1<br>Feuille | Anmelde-Nr.:<br>Application No.: 98 901 249.7<br>Demande n°: |

The examination is being carried out on the **following application documents**:
**Description, Pages**
1-89                       as originally filed

**Claims, Numbers**
1-58              received on               25.09.2002    with letter of       25.09.2002

**Drawings, Sheets**
1/15-15/15           as originally filed

The following documents are referred to in this communication; the numbering will be adhered to in the rest of the procedure:

D1:   KIM H ET AL: "OOHS: AN OBJECT-ORIENTED HYPERMEDIA SYSTEM" 20TH ANNUAL INTERNATIONAL COMPUTER SOFTWARE AND APPLICATIONS CONFERENCE (COMPSAC), SEOUL, KR, 21 August 1996 (1996-08-21), - 23 August 1996 (1996-08-23) pages 496-501, XP000684382 IEEE COMP. SOC., LOS ALAMITOS, CA, US ISBN: 0-8186-7579-9

D2:   ARNOLD-MOORE T ET AL: "The ELF data model and SGQL query language for structured document databases" SIXTH AUSTRALASIAN DATABASE CONFERENCE, ADC'95, ADELAIDE, AU, [Online] vol. 17, no. 2, 30 January 1995 (1995-01-30), - 31 January 1995 (1995-01-31) pages 17-26, XP002204886 Australian Computer Science Communications ISSN: 0157-3055 Retrieved from the Internet: URL:http://www.mds.rmit.edu.au/~tja/papers /index.html> [retrieved on 2002-07-05]

The correspondence between the applicant and the EPO is denoted as follows:

L1:   letter of the applicant dated 25.09.2004

The amendments and arguments contained in L1 have been carefully considered. The examiner is not yet in a position to recommend grant of the application, the reasons being as follows:

1.    The application does not meet the requirements of Article 84 EPC, because claims 1-58 are not clear.

1.1.  Independent system and recording medium claims 1 and 20 and dependent claims are formulated in terms of method steps and not e.g. system components



Case 0:07-cv-01687-JNE-JJG   Document 36   Filed 06/14/2007   Page 4 of 7

Bescheid/Protokoll (Anlage)   Communication/Minutes (Annex)   Notification/Procès-verbal (Annexe)

| Datum/Date/Date | Blatt/Sheet/Feuille | Anmelde-Nr./Application No./Demande n°: |
|---|---|---|
| 28.01.2005 | 2 | 98 901 249.7 |

or means, making it difficult to determine the category of the claims and the scope of protection. The claims should be amended to clarify the category of the claims.

1.2. Independent claims 1, 20 and 40 are not in the two-part form in accordance with Rule 29(1) EPC, with those features known in combination from the prior art being placed in the preamble (Rule 29(1)(a) EPC) and with the remaining features being included in the characterising part (Rule 29(1)(b) EPC). Presently, the term "characterised by" as foreseen in Rule 29(1)(b) EPC is used in relation to all features of the claims.

1.3. The following terms used in the following claims and their corresponding claims are vague and unclear and leave the reader in doubt as to the meaning of the technical features to which they refer, thereby rendering the definition of the subject-matter of said claims unclear (Article 84 EPC):

claim 1: "linking means" is too vague and should be made more specific. Text-based data "being encoded with at least one linking means" is not clear.

claims 3, 4: A search "using" attributes or text portions is not clear. It should be specified if those items are retrieved by the search, employed as query arguments of the search etc.

claim 8: "any piece of information additional to..." is not clear. It appears to be claimed that a superset of information should contain only text and linking information, but the superset is not specified in the claim.

claim 13: text data being "encoded" with attributes is not clear.

2. Furthermore, the above-mentioned lack of clarity notwithstanding and based on a preliminary analysis, the present application does not meet the requirements of Article 52(1) EPC, because the subject-matter of claims 1-58 is not new in the sense of Article 54(1) and (2) EPC or does not involve an inventive step in the sense of Article 56 EPC.

2.1. The document D2 discloses (the references in parentheses applying to this document):



Bescheid/Protokoll (Anlage)   Communication/Minutes (Annex)   Notification/Procès-verbal (Annexe)

| | | |
|---|---|---|
| Datum / Date / Date: 28.01.2005 | Blatt / Sheet / Feuille: 3 | Anmelde-Nr.: / Application No.: / Demande n°: 98 901 249.7 |

A computer-implemented system for publishing an electronic publication using text-based data (abstract), characterised by:

a. a plurality of predefined portions of text-based data with each predefined portion being stored (page 18 left-hand column lines 19 - 32; page 20 right-hand column lines 23-29);

b. at least one predefined portion being modified and stored (implicit in discussion of element versioning in last paragraph of page 20, right-hand column);

c. a plurality of linking means of a markup language, each predefined portion of said text-based data and said at least one modified predefined portion of text-based data being encoded with at least one linking means (hyperlinks as commonplace features of SGML documents mentioned on page 18, left-hand column line 7 and page 20 right-hand column lines 46-47); and

d. a plurality of attributes (page 18 left-hand column lines 36-38, page 20 right-hand column line 30), each attribute being a point on an axis of a multidimensional space for organising said plurality of predefined portions and said at least one modified predefined portion of said text-based data (this cannot be considered as a technical feature as the attributes of any database can be seen as spanning up a multidimensional space indexing the database records; the "multidimensional space" is therefore redundant with the "plurality of attributes").

The subject-matter of **claim 1** is therefore not new.

It is noted that D1 specifies a very similar system to the one of D2, however i.a. with an extended discussion of hyperlinks (D1 page 497 right-hand column second paragraph) and of element version control (D1 page 500 left-hand column second paragraph). If necessary, the teachings of the two documents would be combined by the skilled person.

2.2. Dependent claims 2-19 do not appear to contain any additional features which, in combination with the features of the claims to which they refer, meet the requirements of the EPC with respect to novelty and inventive step, the reasons being as follows:

**claims 2-7:** these claims specify commonplace features of hypertext document retrieval systems which are mentioned in D2. The claims are therefore not new.

Case 0:07-cv-01687-JNE-JJG   Document 36   Filed 06/14/2007   Page 6 of 7

| Bescheid/Protokoll (Anlage) | Communication/Minutes (Annex) | Notification/Procès-verbal (Annexe) |
|---|---|---|
| Datum/Date/Date 28.01.2005 | Blatt/Sheet/Feuille 4 | Anmelde-Nr./Application No./Demande n°: 98 901 249.7 |

**claims 8, 9:** The claims are not clear, see 1.3. SGML documents containing textual information and hyperlinks would of course not be novel in comparison to D2.

**claim 10:** The claim is not novel, links specifying element IDs for the link anchors are mentioned in D2, page 20 right-hand column, last paragrpah.

**claims 11, 12:** separate storage of content, attributes, hyperlinks etc. of hypertext data is a common practice in the field. The claims are therefore not inventive.

**claim 13:** the claim is not clear, see 1.3. Storage of content data linked to the content attributes is of course trivial and would be anticipated by D2, page 18 left-hand column lines 29-38.

**claims 14, 15:** editing of data portions is anticipated by the discussion of element versioning in D2, page 20 right-hand column last paragraph, and of the corresponding passage of D1 mentioned in 2.1. The claims just spell out commonplace data editing operations and are therefore not inventive.

**claims 16-18:** the content of the documents to be retrieved is not considered to constitute a technical feature in the context of Art. 52(2) and (3) EPC. It therefore cannot contribute to inventive step, cf. decision T0258/03 of the Technical Board of Appeal, section 5.3.

**claim 17:** the conditions specified in the claim are implicit in the structural elements described in D2, page 18 left-hand column lines 29-32, see also the "section" element of D2, page 19 top of left-hand column.

2.3. The objections raised under 2.1. and 2.2. to system claims 1-20 apply mutatis mutandis to corresponding computer readable medium **claims 20-37 and 39** and to corresponding method **claims 40-58**.

2.4. **Claim 38** is considered to be not inventive as its features specifying commonplace recording media would be obvious to the skilled person.

2.5. It is not at present apparent which part of the application could serve as a basis for a new, allowable claim. Should the applicant nevertheless regard some


particular matter as patentable, an independent claim should be filed taking account of the above comments. The applicant should indicate in the letter of reply the difference of the subject-matter of the new claim vis-à-vis the state of the art and the significance thereof, in particular the technical effect provided by said difference. He is further invited to explain what he thinks is the objective technical problem to be solved in view of the closest prior art, and where he sees any inventive step in the solution, i.e. why the modification of the closest prior art to provide this identical technical effect would not be obvious to the person skilled in the art, taking into account the prior art and the common general knowledge of the skilled person. The independent claim to be filed should contain all the essential features necessary to solve the technical problem.

3. Upon amending with a view to overcoming the above objections, the opportunity should be taken to attend the following outstanding matter:

3.1. To meet the requirements of Rule 27(1)(b) EPC, document D2 should be identified in the description and their relevant contents should be indicated. The applicant should ensure that it is clear from the description which features of the subject-matter of the independent claim are known from D2.

3.2. The statement in the description on page 19 lines 18-20, implies that the subject-matter for which protection is sought may be different to that defined by the claims, thereby resulting in lack of clarity of the claims (Article 84 EPC) when used to interpret them (see the Guidelines, C-III, 4.3a). This statement should therefore be amended to remove this inconsistency.

3.3. When filing amended claims the applicant should at the same time bring the description into conformity with the amended claims. Care should be taken during revision, especially of the introductory portion and any statements of problem or advantage, not to add subject-matter which extends beyond the content of the application as originally filed (Article 123(2) EPC).

In order to facilitate the examination of the conformity of the amended application with the requirements of Article 123(2) EPC, the applicant is requested to clearly identify the amendments carried out, irrespective of whether they concern amendments by addition, replacement or deletion, and to indicate the passages of the application as filed on which these amendments are based.