# Exhibit D

to

# TIMEBASE'S RESPONSE TO THOMSON'S MOTION FOR A STAY

LEXSEE 3 USPQ2D 1889



Caution
As of: Jun 21, 2007

EMHART INDUSTRIES, INC., Plaintiff, v. SANKYO SEIKI MFG. CO., LTD., Defendant

No. 85 C 7565

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*1987 U.S. Dist. LEXIS 15033; 3 U.S.P.Q.2D (BNA) 1889*

**January 30, 1987, Decided**

**LexisNexis(R) Headnotes**

*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN1] Reexamination is a relatively new procedure by which any person can request that the United States Patent and Trademark Office reexamine or reevaluate the patentability of an unexpired U.S. patent. *35 U.S.C.S. § 302.* A request for such a reexamination must be based upon prior art patents or publications which raise a substantial new question of patentability. Typically, the cited prior art patents or printed publications upon which such a request is based are ones which were not considered by the patent examiner during the processing of the patent application which resulted in the patent-in-suit. Once a reexamination request is granted, a patent examiner who is familiar with the technology involved with the patent conducts the reexamination and is obligated to do so with special dispatch. *37 C.F.R. § 1.550(a).*

*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*

[HN2] Determining the desirability of a staying district court proceedings pending the outcome of a reexamination proceeding before the United States Patent and Trademark Office resides in the discretion of the district court. Rather than terminating the action, a stay operates to shift to the patent examiner a significant issue, patent claim validity, involved in the dispute before the court.

*Patent Law > Inequitable Conduct > Effect, Materiality & Scienter > General Overview*
*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN3] Shifting the validity issue to the patent examiner in a reexamination proceeding has many advantages, including: All prior art presented to the court will have been first considered by the patent examiner, with particular expertise; many discovery problems relating to prior art can be alleviated; in those cases resulting in effective invalidity of the patent, the suit will likely be dismissed; the outcome of the reexamination many encourage a settlement; the record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation; issues, defenses, and evidence will be more easily limited in pre-trial

Case 0:07-cv-01687-JNE-JJG   Document 43   Filed 06/21/2007   Page 3 of 6

Page 2

1987 U.S. Dist. LEXIS 15033, *; 3 U.S.P.Q.2D (BNA) 1889

conferences after a reexamination; and the cost will likely be reduced both for the parties and the court.

*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Appeals*
*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN4] A reexamination proceeding may result in the final cancellation of claims from the patent.

**OPINION BY:** [*1]

KOCORAS

**OPINION:**

MEMORANDUM OPINION

CHARLES P. KOCORAS, UNITED STATES DISTRICT JUDGE

This matter comes before the Court on defendant, Sankyo Seiki's motion to stay the proceedings in this litigation pending a final determination regarding reexamination by the Patent and Trademark Office of the patent in suit. For the reasons stated herein, defendant's motion is granted.

FACTS

This is an action for patent infringement. Plaintiff, Emhart Industries, Inc. ("Emhart"), filed the complaint on August 28, 1985, alleging that defendant, Sankyo Seiki Mfg. Co., Ltd. ("Sankyo Seiki"), has infringed its patent (the "Voland" patent) for a "cam operated program timer" (U.S. Patent No. 3,727,015). No preliminary injunctive relief was sought. The parties have been engaged in discovery for almost one year, including depositions and document production in Japan. The discovery cut-off date of November 30, 1986, has passed, however, no pretrial order is in place and the Court has not considered any trial schedule for this case.

Defendant contends that during recent (September 1986) depositions of plaintiff's in-house patent counsel (Robert F. Meyer) and one of the alleged inventors of the Voland patent **[*2]** (Kurt Pauker) it discovered that two patents (the "Brown patents") owned by plaintiff, antedated the Voland patent and constituted prior art. The Brown patents were not cited to the Patent and Trademark Office ("PTO") during the prosecution of the Voland patent application. On September 29, 1986, defendant filed a request for reexamination of the Voland patent based, in part, upon the Brown patents. On December 5, 1986, the PTO granted the request on the grounds that it raised "substantial new questions of patentability." Presently pending before the Court is defendant's motion to stay the proceedings in this litigation, filed on December 11, 1986.

DISCUSSION

[HN1] Reexamination is a relatively new procedure by which any person can request that the PTO reexamine or reevaluate the patentability of an unexpired U.S. patent. *35 U.S.C. § 302*. A request for such a reexamination must be based upon prior art patents or publications which raise "a substantial new question of patentability. Typically, the cited prior art patents or printed publications upon which such a request is based are ones which were not considered by the patent examiner during the processing of the patent application **[*3]** which resulted in the patent-in-suit. Once a reexamination request is granted, a Patent Examiner who is familiar with the technology involved with the patent conducts the reexamination and is obligated to do so "with special dispatch." *37 C.F.R. § 1.550(a)*.

[HN2] Determining the desirability of a staying district court proceedings pending the outcome of a reexamination proceeding before the PTO resides in the discretion of the district court. Rather than terminating the action, a stay operates to shift to the PTO a significant issue, patent claim validity, involved in the dispute before the Court. [HN3] Shifting the validity issue to the PTO has many advantages, including:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination many encourage a settlement without the further use of the Court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of **[*4]**

Case 0:07-cv-01687-JNE-JJG    Document 43    Filed 06/21/2007    Page 4 of 6

Page 3
1987 U.S. Dist. LEXIS 15033, *4; 3 U.S.P.Q.2D (BNA) 1889

the litigation.

6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the Court.

*Fisher Controls Co. Inc. v. Control Components Inc., 443 F. Supp. 581, 582, 196 U.S.P.Q. 817, 818-19 (S.D. Iowa 1977).* n1

> n1 This oft-quoted case was decided under the PTO's reissue proceeding then in effect, which was quite similar to the present reexamination proceeding except that institution of the proceeding could only be requested by the patentee. The advantages of shifting the validity issue to the PTO are the same though in both.

Moreover, in passing the legislation establishing the reexamination proceeding, Congress stated its approval of district courts liberally granting stays within their discretion: n2

The bill does not provide for a stay of court proceedings. It is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court to prevent costly pre-trial maneuvering which attempts to circumvent the reexamination procedure. It is anticipated that these measures provide a useful and necessary alternative **[*5]** for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner.

H. R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4, reprinted in [1980] U.S. Code Cong. & Ad. News 6460, 6463. (Emphasis added). See also *Ingro v. Tyco Industries, Inc., 227 U.S.P.Q. 69 (N.D. Ill. 1985)* (this Court granted a request for a stay of patent litigation pending the outcome of reexamination based, in part, on the above-quoted legislative history); P. Rosenberg, Patent Law Fundamentals § 15.09[3] at 15-167 (2d ed 1986) ("In cases which have not progressed beyond . . . initial litigation stages, the reexamination procedure should be utilized") (Emphasis added).

> n2 Early versions of what became the reexamination statute expressly provided for a stay of court proceedings. S. 1679, 96th Cong., 1st Sess. § 310 (1979); H. R. 5075, 96th Cong., 1st Sess. § 310 (1979); S. 2446, 96th Cong., 2d Sess. § 310 (1980).

Plaintiff objects to a stay of the proceedings on four grounds. The Court is not persuaded by any of the plaintiff's arguments. First, plaintiff contends that there exists no adequate legal remedy for the loss of jobs **[*6]** and the possible destruction of its defrost timer business, which losses will allegedly follow from the delay caused by a reexamination proceeding in this case. The Court notes that, notwithstanding plaintiff's argument that monetary damages will not compensate for its losses, this is a suit for money damages and plaintiff has never sought preliminary injunctive relief from the Court. Moreover, it is not altogether clear that an injunction would, in fact, save plaintiff's defrost timer business. Defendant has submitted evidence suggesting that General Electric, defendant's largest customer, terminated Emhart as a supplier of defrost timers for reasons completely unrelated to the present suit.

Plaintiff's second argument is that defendant has delayed unnecessarily in filing its request for reexamination, and thus, its motion for stay should be denied. Plaintiff claims that the facts necessary to establish the defenses set forth in defendant's request for reexamination were known to defendant since November of 1985. In support of this assertion, plaintiff points out that on November 1, 1985, in response to plaintiff's Interrogatory 3(d), defendant indicated that:

All of the claims **[*7]** in the patent in suit are unenforceable because the patentees failed to draw to the attention of the Examiner of the application from which the subject issued the closest prior art known to the applicants, including the United States Patents Nos. 3,350,606, 3,500,005 [Brown] and 3,553,720 [Brown]. The question of the unenforceability of the patent in suit is under a continuing investigation, and hence this response will be supplemented as necessary. (Emphasis added).

Defendant does not deny that it knew of the Brown patents in November of 1985, nor that it suspected that the patents constituted prior art. However, defendant contends that it did not at that time know, nor could it have known, whether the Brown patents antedated the Voland patent and thus were legally available as prior art.

Case 0:07-cv-01687-JNE-JJG   Document 43   Filed 06/21/2007   Page 5 of 6

Page 4
1987 U.S. Dist. LEXIS 15033, *7; 3 U.S.P.Q.2D (BNA) 1889

Defendant argues that it was only during the depositions of one of the alleged inventors of the Voland patent and of plaintiff's in-house patent counsel that it was established that the Brown patents actually constituted prior art. The record reflects that defendant promptly filed its request for reexamination after the conclusion of these depositions.

As the Court finds that the [*8] benefits of granting a stay in the present proceedings outweigh the burdens, it need not decide whether the defendant could actually have filed its request at an earlier date. The Court notes that the plaintiff has not alleged, nor is there any evidence to support a finding, that the defendant's request was made solely for the purpose of delaying the litigation. Rather, if defendant is "guilty" of any "crime," it is of dragging its feet in filing its otherwise valid request for reexamination.

Third, plaintiff contends that defendant's motion for stay should not be granted because this case has "substantially progressed." Plaintiff cites to Digital Magnetic Systems Inc. v. Ansley, where the court, while granting the requested stay, cautioned that the reexamination process should not be abused "by applying for reexamination after protracted, expensive discovery or trial preparation." *213 U.S.P.Q. 200, 290 (W.D. Okla. 1982)*. The Court recognizes that significant, costly discovery has already taken place. However, substantially no trial preparations have been carried out -- there is no pretrial order in place and no trial schedule has been set.

Moreover, it is significant [*9] here that defendant contends that it could not have filed its request for reexamination before it took the depositions of Robert Meyer and Kurt Pauker, whereupon it discovered that the Brown patents actually constituted prior art. The depositions of Pauker and Meyer were originally set for January 28, 1986, and May 19, 1986, respectively, but were postponed, at plaintiff's request, until September 1986. Defendant claims that plaintiff purposely delayed to prohibit defendant from establishing whether or not the Brown patents were legally available as prior art references. Clearly, based on defendant's response to plaintiff's Interrogatory 3(d), plaintiff knew that defendant was investigating the existence of prior art. Whatever plaintiff's reasons were for postponing these depositions, plaintiff will not now be heard to object to defendant's motion for stay on the grounds that too much time has passed since the commencement of this litigation.

Lastly, it should be noted that the same court that decided Digital, has subsequently granted a stay pending reexamination in a case that was much further advanced than the instant case. See *Loffland Brothers Co. v. Mid-Western Energy Corp.,* [*10] *225 U.S.P.Q. 886 (W.D. Okla. 1985)* (stay granted after significant discovery, pretrial conference and trial date set). See also *Gould v. Control Laser Corp., 705 F.2d 1340, 217 U.S.P.Q. 985 (Fed. Cir. 1983),* cert. denied, *104 S.Ct. 343 (1983)* (stay granted five years after commencement of litigation and only 20 days before scheduled start of trial). In sum, the Court finds that granting a stay 18 months into this litigation, after admittedly significant discovery, but virtually no trial preparation, will not unduly prejudice the plaintiff, especially in light of the plaintiff's own delay. n3

> n3 Plaintiff's reliance on the decision in *Antonious Kamata-Ri & Co., Ltd., 205 U.S.P.Q. 294 (D. Md. 1979),* for the assertion that this Court should not stay the proceedings in this case because it has been pending for over a year, is misplaced. Antonious may be distinguished from the instant case in that the court in Antonious had access to records of two other forums that had previously examined the validity of the patent in suit, making it less likely that the court would need the PTO's expert opinion. *205 U.S.P.Q. at 295.* Moreover, the litigation in Antonious did not involve the issue of prior art. In fact, the court noted that where the issue of prior art was involved, the PTO's opinion could be "invaluable." *Id. at 296.* Lastly, the court in Antonious was primarily concerned with whether or not it should order the owner to file for reissue, rather than whether a stay should be granted pending reissue examination.

[*11]

Fourth, and finally, plaintiff claims that reexamination proceedings will not "solve anything with finality" because the PTO's decision on the patent's validity is not binding. Mem. Opp. at 5-6. This is simply not so. [HN4] "A reexamination proceeding may result in the final cancellation of claims from the patent." Manual of Patent Examining Procedure § 2271 (1985). Of course, the patent owner may appeal the PTO's decision to the Board of Appeals and then to the Court of Appeals for

Case 0:07-cv-01687-JNE-JJG   Document 43   Filed 06/21/2007   Page 6 of 6

Page 5

1987 U.S. Dist. LEXIS 15033, *11; 3 U.S.P.Q.2D (BNA) 1889

the Federal Circuit. *35 U.S.C. § 145.* Clearly, however, the end result of the reexamination proceedings will be to simplify the issues and reduce the complexity of trial.

Moreover, if the patent does survive the reexamination proceedings, the defendant has assured the Court that it will not contest the issues decided by the PTO, assuming that the plaintiff has been forthcoming and has cooperated fully during the proceedings. Reply at 13. Thus, a reexamination proceeding in this case may very well resolve significant issues of this litigation with finality. Based on the foregoing, the Court finds that the benefits of granting defendant's motion to stay outweigh the burdens of delay caused by a reexamination **[*12]** proceeding in this case. n4 Accordingly, defendant's motion to stay all further activities in connection with this action, pending a final determination in the reexamination proceeding, is granted.

n4 The Court notes in addition that where litigation has been stayed pending reexamination proceedings, the PTO will attempt to expedite those proceedings. Manual of Patent Examining Procedures § 2286 (1985).

Dated: January 30, 1987