# Exhibit F

to

# TIMEBASE'S RESPONSE TO THOMSON'S MOTION FOR A STAY

LEXSEE 1985 US DIST LEXIS 19300


Caution
As of: Jun 21, 2007

**BEN INGRO, Plaintiff, v. TYCO INDUSTRIES, INC., SEARS ROEBUCK AND CO., MONTGOMERY WARD & CO., INC., SPIEGEL ORDER STORES, INC., VENTURE STORES, INC., OSCO DRUG, INC., TOYS "R" US, INC., K MART CORPORATION, CIRCUS WORLD TOY STORES, INC., SERVICE MERCHANDISE COMPANY, INC., ZAYRE CORP., WIEBOLDT STORES, INC., CHILDREN'S PALACE, INC., J. C. PENNEY COMPANY, INC., HOUSEHOLD MERCHANDISING, INC., and McDADE & COMPANY, Defendants**

No. 84 C 10844

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1985 U.S. Dist. LEXIS 19300*; 227 U.S.P.Q. (BNA) 69

**May 31, 1985, Decided**

**LexisNexis(R) Headnotes**

*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN1] Reexamination is a procedure by which any person can request that the Patent and Trademark Office reexamine or reevaluate the patentability of an unexpired United States patent. A request for such a reexamination must be based upon prior art patents or publications which raise "a substantial new question of patentability." Once a reexamination request is granted, a patent examiner who is familiar with the technology involved with the patent conducts the reexamination and is obligated to do so "with special dispatch." *37 C.F.R. § 1.550(a)*.

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Appeals*

*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN2] Determining the desirability of staying district court proceedings pending the outcome of a reexamination proceeding before the Patent and Trademark Office (PTO) resides in the discretion of the district court. Rather than terminating the action, a stay operates to shift to the PTO an issue, patent claim validity, involved in the dispute before the district court.

*Civil Procedure > Justiciability > Mootness > General Overview*
*Constitutional Law > The Judiciary > Case or Controversy > Mootness > General Overview*
*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN3] *35 U.S.C.S. §§ 301-307*, the reexamination statutes, do not violate *U.S. Const. amend. V, U.S. Const. amend. VII*, or U.S. Const. art. III.

*Civil Procedure > Trials > Jury Trials > Jury Instructions > General Overview*

1985 U.S. Dist. LEXIS 19300, *; 227 U.S.P.Q. (BNA) 69

*Patent Law > Infringement Actions > Burdens of Proof*
*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN4] It is appropriate that the jury be instructed that because the Patent and Trademark Office has held the claims in a suit patentable in light of additional art discovered, the burden of proof of unpatentability has become more difficult to sustain - a fact likewise to be taken into account by the trial judge.

*Patent Law > Infringement Actions > Infringing Acts > General Overview*
*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN5] If a patent is upheld upon reexamination, plaintiff may recover from any who have infringed in the interim.

**OPINION BY: [*1]** KOCORAS

**OPINION**

*MEMORANDUM OPINION*

CHARLES P. KOCORAS, District Judge:

In December of 1984, plaintiff Ben Ingro filed a complaint against Tyco Industries, Inc. and fifteen of its customers alleging infringement of plaintiff's patent, U.S. Patent 3,810,515. On or about January 23, 1985, Tyco filed a request for reexamination of the patent with the U.S. Patent and Trademark Office (PTO); on April 5, 1985, the PTO granted the request on the grounds that it raised a substantial new question of patentability affecting all claims of the patent. In the meantime, on February 12, 1985, Tyco filed a motion to stay the proceedings in this litigation pending a final determination in the reexamination proceedings. For the following reasons, Tyco's motion will be granted.

[HN1] Reexamination is a relatively new procedure by which any person can request that the PTO reexamine or reevaluate the patentability of an unexpired U.S. patent. A request for such a reexamination must be based upon prior art patents or publications which raise "a substantial new question of patentability." Typically, the cited prior art patents or printed publications upon which such a request is based are ones which were **[*2]** not considered by the patent examiner during the processing of the patent application which resulted in the patent-in-suit. Once a reexamination request is granted, a Patent Examiner who is familiar with the technology involved with the patent conducts the reexamination and is obligated to do so "with special dispatch" *37 C.F.R. § 1.550(a)*.

[HN2] Determining the desirability of staying district court proceedings pending the outcome of a reexamination proceeding before the PTO resides in the discretion of the district court. Rather than terminating the action, a stay operates to shift to the PTO an issue, patent claim validity, involved in the dispute before the district court. As Chief Judge Markey, writing for the Court of Appeals for the Federal Circuit noted:

One purpose of the reexamination procedure is to eliminate trial of [the issue of patent claim validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding). Early versions of what became the reexamination statute (citation omitted) expressly provided for a stay of court proceedings during reexamination **[*3]** (citation omitted). An express provision was deemed unnecessary, however, as explained in the House report:

THe bill does not provide for a stay of court proceedings. It is believed by the committee that *stay provisions are unnecessary in that such power already resides with the Court* to prevent costly pre-trial maneuvering which attempts to *circumvent* the reexamination procedure. It is anticipated that these measures provide a useful and necessary *alternative* for challengers and for patent owners to test the validity of United States patents in an efficient and relatively inexpensive manner. (Original emphasis) (Citations omitted)

*Gould v. Control Laser Corp., 705 F.2d 1340 (F. Cir. 1983)*. Moreover, as an Oklahoma district court has noted:

Congress enacted the reexamination procedure to provide an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts. Parties should not be permitted to abuse the process by applying for reexamination after protracted, expensive discovery or trial preparation. Yet, in cases . . . which have not progressed beyond the initial litigation stages and **[*4]** in which the plaintiff has an

Case 0:07-cv-01687-JNE-JJG   Document 43   Filed 06/21/2007   Page 4 of 5

Page 3
1985 U.S. Dist. LEXIS 19300, *4; 227 U.S.P.Q. (BNA) 69

adequate legal remedy, the reexamination procedure should be utilized.

*Digital Magnetic Systems, Inc. v. Ansley, 213 U.S.P.Q. (BNA) 290 (W.D. Okla. 1982)*. Although the present case is in its initial stages (only a single interrogatory and three production requests have been served), and plaintiff has the adequate remedy of money damages if his patent is found to be valid and infringed, plaintiff objects to a stay of the proceedings on nine grounds.

Three of plaintiff's objections to a stay have recently been considered and rejected by the Federal Circuit Court of Appeals, which, as of October 1, 1982, has had exclusive appellate jurisdiction over all patent infringement cases; a fourth objection has been rendered moot by the PTO's granting Tyco's request for reexamination. Three of plaintiff's objections allege constitutional infirmities with the reexamination proceedings; these objections have now been answered by the Federal Circuit Court of Appeals' holding in *Patlex Corp. v. Mossinghoff*, No. 84-699 (F. Cir. March 7, 1985). There, the Federal Circuit affirmed the decision of the district court that [HN3] *35 U.S.C. §§ 301-307*, the reexamination [*5] statutes, do not violate the *Fifth Amendment*, the *Seventh Amendment*, or Article III.

Plaintiff has also protested that Tyco's requested stay is premature, since the request for reexamination has not been granted as of the time plaintiff responded to the motion. Defendants' request was granted on April 5, 1985, however, and thus, plaintiff's objection of prematurity is now moot.

A fifth objection plaintiff makes to the motion for a stay is the allegation that Tyco made the request for reexamination to harass plaintiff and to delay the litigation unduly and unreasonably. The evidence does not support plaintiff's allegation. Tyco explains that although plaintiff invited Tyco on April 5, 1984, to institute reexamination proceedings and indicated that plaintiff would then defer to the PTO, Tyco chose not to institute reexamination proceedings at that time since additional negotiations continued to occur between the parties. Tyco also contends that it had hoped plaintiff would be persuaded by Tyco's position that the new prior art not previously considered by the PTO invalidated the patent, and Tyco had hoped to avoid the expenses involved in a request for reexamination. Tyco's explanation [*6] is buttressed by the fact that after Tyco ;initially identified to plaintiff the prior art not previously considered by the PTO, plaintiff later disclaimed claims 1 and 2 of his patent.

Tyco also points out that in response to K Mart Corporation's Interrogatory No. 1, plaintiff indicated that it "became aware of K Mart's infringing use and sale of his patented magnetic car" as early as 1977 and confirmed such sales each year since 1977. Nevertheless, plaintiff waited to commence litigation almost seven years after his first knowledge of alleged infringement and almost six years years after the alleged first contact between plaintiff and Tyco. The court agrees that especially in light of plaintiff's own delay in initiating litigation, a stay pending completion of reexamination proceedings, which on the average involve 15.9 months from filing date to termination in the PTO, will constitute neither undue nor unreasonable delay. (Reexamination Filing Data, Defendant's Exhibit B). Plaintiff's concern that Tyco or the other defendants may file multiple requests for reexamination for the purpose of delay if the current request is denied is also unwarranted; this court can later modify or [*7] vacate the stay if it is abused.

Plaintiff's initially most appealing argument against a stay is entitled "Proof of Damages Becomes Stale" and alleges that if discovery must wait until the termination of the reexamination proceedings, Ingro "will have lost the opportunity to collect necessary documents from the various defendants and third parties." However, as Tyco points out, seeking discovery relating to proof of damages from defendants at this point in the litigation would be premature until after discovery on liability has been conducted. Plaintiff's claimed need "to go back to 1970 to prove prior invention over some of the cited patents" will probably not require discovery or others, and defendants have pledged to make every effort to retain existing records relating to the manufacture, use, and sale of the products involved in this litigation. Tyco has also indicated that because of Aurora Products of Canada, Ltd.'s alleged liquidation, Tyco would not object to plaintiff's attempt to obtain from Aurora relevant documents and the identification of prospective witnesses. Because of the time, effort, and expense involved in discovery of damages and other issues involving the named [*8] defendants and third parties other than Aurora, however, such other discovery should await the outcome of the reexamination proceedings.

Plaintiff's next argument, that summary judgment

Case 0:07-cv-01687-JNE-JJG   Document 43   Filed 06/21/2007   Page 5 of 5

Page 4

1985 U.S. Dist. LEXIS 19300, *8; 227 U.S.P.Q. (BNA) 69

would be a superior alternative to a stay of the proceedings, makes little sense. As Tyco points out, plaintiff argues inconsistent positions; on one hand, he argues that the obviousness test as applied to the patented invention is simple, indicating that no genuine issues of material fact exist; on the other hand, he contends that experts may be necessary to set forth or assess the facts and seeks a trial by jury of the "difficult issues of obviousness." Moreover, a motion for summary judgment is neither pending nor believed to be appropriate at the present time.

Contrary to plaintiff's next argument against a stay, that only patent holders lose during reexamination proceedings, plaintiff's patent probably will be enhanced if it is recertified in the reexamination proceedings. As the Federal Circuit has stated with respect to a successful reissue application:

[[HN4] I]t is clearly appropriate that the jury be instructed that because the PTO has now held the claims in suit patentable in light of **[*9]** the additional art discovered by Sowa, its burden of proof of unpatentability has become more difficult to sustain - a fact likewise to be taken into account by the trial judge.

*American Hoist v. Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1354 (Fed. Cir. 1984)*. Furthermore, [HN5] if the patent is upheld upon reexamination, plaintiff may recover from any who have infringed in the interim.

Finally, rather than a stay pending reexamination running counter to the reexamination statute's legislative history, such legislative history indicates Congress and the testifying witnesses approved of courts liberally granting stays within their discretion. As the Federal Circuit recently stated:

The bill's proponents foresaw three principal benefits [of the reexamination legislation]. First, the new procedure could settle validity disputes more quickly and less expensively than the often protracted litigation involved in such cases. Second, the procedure would allow courts to refer patent validity questions to the expertise of the Patent Office. *See Senate Hearings* at 1, wherein Senator Bayh said that reexamination would be "an aid" to the trial court "in making an informed decision **[*10]** on the patent's validity". Third, reexamination would reinforce "investor confidence in the certainty of patent rights" by affording the PTO a broader opportunity to review "doubtful patents". 126 Cong. Rec. 29,895 (1980) (statement of Rep. Kastenmeier).

When Congress voted the reexamination statute into law, it had before it a voluminous record to the effect that the procedure was an important step forward for the United States patent system and for the public interest that the system is charged to serve. Congress, without apparent objection, applied the legislation to all unexpired patents.

*Patlex Corp., v. Mossinghoff*, No. 84-699, slip. op. at 15-16 (F. Cir. March 7, 1985).

Accordingly, for the foregoing reasons, Tyco's motion to stay all further activities in connection with this action, pending a final determination in the reexamination proceeding, will be granted.

It is so ordered.

Charles P. Kocoras, United States District Judge