# Exhibit G

to

# TIMEBASE'S RESPONSE TO THOMSON'S MOTION FOR A STAY

LEXSEE 1995 US DIST LEXIS 8328



Caution
As of: Jun 21, 2007

**SULZER INC. and SULZER PAPERTEC MANSFIELD, INC., Plaintiffs, -against- BLACK CLAWSON COMPANY, Defendant. BLACK CLAWSON COMPANY, Third-Party Plaintiff, -against- SULZER-ESCHER-WYSS and GEBRUEDER SULZER AG, Third-Party Defendants.**

**93 Civ. 8721 (JGK)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*1995 U.S. Dist. LEXIS 8328*

**June 14, 1995, Decided**

**COUNSEL:** **[*1]** Counsel for Plaintiff & Third-Party Defendant: Sprung, Horn, Kramer & Woods, Tarrytown, NY, By: Arnold Sprung, Ira J. Schaefer and Nathaniel D. Kramer. Bachner, Tally, Polenoy and Mesher, New York, NY, By: Roger R. Crane Jr., & Lina Liberatore.

Counsel for the Defendant & Third-Party Plaintiff: Braunschweig, Rachlis, Fishman & Raymond, New York, NY, By: Richard Raymond & Robert Braunschweig.

**JUDGES:** John G. Koeltl, United States District Court Judge

**OPINION BY:** John G. Koeltl

**OPINION**

OPINION AND ORDER

JOHN G. KOELTL, District Judge:

Plaintiff moves to continue the existing stay during the pendency of the reexamination proceedings in the U.S. Patent and Trademark Office. The motion is granted and the stay will be continued, conditioned on the plaintiff continuing to prosecute the reexamination proceeding and appeal as expeditiously as possible. If the plaintiff does not expeditiously pursue that proceeding and appeal, the defendant can apply to lift the stay.

Both parties sought a stay of this patent infringement action at the outset pending a decision on the reexamination proceeding which is now near completion. The initial examiner has rejected the claims in the plaintiff's patent at **[*2]** issue in this case, although the plaintiff has filed further data in response to the examiner's request. The plaintiff has indicated that it will appeal a substantially adverse decision to the Board of Patent Appeals. A final decision on the reexamination proceeding may well assist in focussing discovery and trial in this case and indeed may well promote settlement. The most cost effective and efficient means of pursuing the present litigation will be to await the results of the reexamination proceeding. *See generally, Gould v. Control Laser Corp., 705 F.2d 1340, 1342* (Fed. Cir.), *cert. denied, 464 U.S. 935, 78 L. Ed. 2d 310, 104 S. Ct. 343 (1983)*; *GPAC v. D.W.W Enterprises, Inc., 144 F.R.D. 60, 23 U.S.P.Q.2D (BNA) 1129 (D.N.J. 1992)*; *United Sweetener USA, Inc. v. Nutrasweet Co. Inc., 766 F. Supp. 212, 217 (D.Del. 1991)*; *Robert H. Harris Co. v. Metal Mfg. Co. Inc., 19 U.S.P.Q.2D (BNA) 1786 (E.D.*

*Ark. 1991)*; *Emhart Indus. Inc. v. Sankyo Seiki Mfg. Co., Ltd., 3 U.S.P.Q.2D (BNA) 1889, 1890 (N.D.Ill. 1987)*.

While the defendant argues that this action results in a "cloud" over its own allegedly infringing device, that "cloud" is admittedly the same that existed when the defendant **[*3]** agreed to the stay at the outset of this action. Moreover, awaiting the conclusion of the P.T.O. proceeding and then proceeding expeditiously with the present litigation is the most efficient and timely way to resolve the dispute between the parties and to dispel any cloud. In short, the defendant will not be prejudiced by the stay and the stay will conserve the resources of the parties and promote the efficient resolution of this case.

Therefore, the motion to continue the stay is granted. Either party may move to lift the stay for good cause including the failure by the plaintiff to pursue expeditiously the P.T.O. reexamination proceeding. The case will remain on this Court's Suspense Docket. The parties are directed to report to the Court on or before January 12, 1996 on the current status of the P.T.O. proceeding.

SO ORDERED.

John G. Koeltl

United States District Court Judge

Dated: New York, New York

June 14, 1995