# Exhibit H

to

# TIMEBASE'S RESPONSE TO THOMSON'S MOTION FOR A STAY

LEXSEE 29 USPQ2D 1720


Positive
As of: Jun 21, 2007

**CAPTAIN WILLIAM C. GLADISH, an individual, Plaintiff, v. TYCO TOYS, INC., a Delaware corporation; et al., Defendants.**

**NO. CIV. S-92-1666 WBS/JFM**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA**

*1993 U.S. Dist. LEXIS 20211; 29 U.S.P.Q.2D (BNA) 1718*

**September 15, 1993, Decided
September 16, 1993, Filed**

**LexisNexis(R) Headnotes**

*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN1] In patent law, the reexamination process is provided for by *35 U.S.C.S. § 301 et seq. Section 302* provides that any person at any time may request reexamination by the United States Patent and Trademark Office of any patent claim on the basis of any prior art. The request must set forth the pertinency and manner of applying cited prior art to every claim for which reexamination is requested. According to *§ 303(a)*, the commissioner must determine within three months of the request whether it raises a substantial new question of patentability affecting any claim of the patent. Moreover, *37 C.F.R. § 1.552(a)* specifies, the determination is made based on printed publications and patents cited under *§ 301*. If a substantial new question of patentability is raised, *§ 304* declares, the patent will be reexamined. Section 305, finally, provides that all reexamination proceedings will be conducted with special dispatch.

*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN2] Determining the appropriateness of a stay of district court proceedings pending the outcome of the reexamination proceeding rests in the sound discretion of the district court. The court must weigh the competing interests presented by a particular set of facts. Among the considerations to be balanced are hardships to the parties resulting from the granting or denial of the stay as well as the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Civil Procedure > Discovery > General Overview*
*Civil Procedure > Judgments > Entry of Judgments > Stays of Proceedings > General Overview*
*Patent Law > U.S. Patent & Trademark Office Proceedings > Reexaminations*
[HN3] A court may deem a stay inappropriate in a patent case where reexamination is requested when the request for reexamination comes late in the litigation proceedings, after extensive discovery or trial preparation.

**JUDGES:** [*1] SHUBB

Case 0:07-cv-01687-JNE-JJG    Document 43    Filed 06/21/2007    Page 3 of 4

Page 2

1993 U.S. Dist. LEXIS 20211, *1; 29 U.S.P.Q.2D (BNA) 1718

**OPINION BY:** WILLIAM B. SHUBB

**OPINION**

*ORDER*

Plaintiff William Gladish moves to stay this action pending reexamination of his patent by the Patent and Trademark Office ("PTO").

*BACKGROUND*

In this action, plaintiff asserts that certain instructional toy cars sold by defendants (collectively, "Tyco") infringe his U.S. Patent No. 5,100,327 (the " '327 patent"). In investigating plaintiff's claims, Tyco discovered several prior art references not considered by the PTO during the examination process of the '327 patent application, which, Tyco asserts, indicate that the patent was improvidently granted. *See* Brezner Decl., P II.

[HN1] The reexamination process is provided for by *35 U.S.C. § 301 et seq. Section 302* provides that "any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art . . ." *35 U.S.C. § 302*. The request must set forth the "pertinency and manner of applying cited prior art to every claim for which reexamination is requested." *Id.* The Commissioner must determine within three months of the request whether it raises a "substantial new question **[*2]** of patentability affecting any claim of the patent. . ." *35 U.S.C. § 303(a)*. The determination is made on the basis of printed publications and patents cited under *§ 301. 37 C.F.R. section 1.552(a)*. If a substantial new question of patentability is raised, the patent will be reexamined. *35 U.S.C. § 304*. Section 305 then provides that all reexamination proceedings "will be conducted with special dispatch."

*LEGAL STANDARD*

[HN2] Determining the appropriateness of a stay of district court proceedings pending the outcome of the reexamination proceeding rests in the sound discretion of the district court. *Gould v. Control Laser Corp., 705 F.2d 1340* (Fed.Cir.), *cert. denied, 464 U.S. 935, 78 L. Ed. 2d 310, 104 S. Ct. 343 (1983)* (stay pending reexamination not a reviewable final decision); *Hewlett-Packard Co. v. Acuson Corp.,* 1993 WL 149994 at *1 (N.D.Cal. 1993); *Emhart Industries, Inc. v. Sankyo Seiki Mfg. Co., Ltd., 3 U.S.P.Q.2d 1889 (N.D. Ill. 1987)*. The court must weigh the competing interests **[*3]** presented by a particular set of facts. *See Acuson Corp.,* 1993 WL 149994 at *1. Among the considerations to be balanced are hardships to the parties resulting from the granting or denial of the stay as well as "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972), cert. denied, 409 U.S. 1110, 34 L. Ed. 2d 691, 93 S. Ct. 914 (1973)*).

One of the purposes of the reexamination procedure is to conserve judicial resources. The procedure serves to "eliminate trial [of the issue of patent claim validity] (when the clam is canceled) or to facilitate trial of the issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Ingro v. Tyco Industries, Inc., 227 U.S.P.Q. 69, 71 (N.D.Ill. 1985)* (quoting *Gould,* 705 F.2d at 1342).

[HN3] Courts which have denied stays pending reexamination of the patent's **[*4]** validity have generally done so where the request for reexamination came late in the litigation proceedings, after extensive discovery or trial preparation. *See, e.g., Freeman v. Minnesota Mining & Manufacturing Co., 661 F. Supp. 886, 4 U.S.P.Q.2d 1574 (D.Del. 1987)* (stay inappropriate where discovery had been concluded and reexamination would center on the issue of whether certain documents constituted publications rather than on issues involving the special expertise of the PTO); *Toro Co. v. L.R. Nelson Corp., 223 U.S.P.Q. 636, 638 (C.D.Ill. 1984)* (stay denied where suit had been pending for almost 3 1/2 years and the court had under advisement a motion by defendant for summary judgment possibly dispositive of the issue of validity).

*DISCUSSION*

Defendants object to a stay of the proceedings on numerous grounds. Tyco raises serious questions about plaintiff's good faith in requesting reexamination, maintaining that the prior art which is the basis of plaintiff's request for reexamination has been known to plaintiff's counsel since April, 1992. Instead of requesting a reexamination at that point, plaintiff **[*5]** chose to file this action six months later, in October of 1992. Plaintiff additionally filed a motion for preliminary injunction, on

Case 0:07-cv-01687-JNE-JJG   Document 43   Filed 06/21/2007   Page 4 of 4

Page 3
1993 U.S. Dist. LEXIS 20211, *5; 29 U.S.P.Q.2D (BNA) 1718

October 22, 1992, seeking to restrain further production, sales, and advertising of Tyco's "Incredible Crash Dummies" product line. That motion raised issues of the patent's validity in light of three prior art references, the same references plaintiff now seeks to have considered in his request for reexamination. [1] The preliminary injunction motion subsequently was withdrawn pursuant to stipulation.

> 1   Plaintiff has requested reexamination of his '327 patent in light of three prior art references: Barbie, Crash Kramer and Iowa DOT. Reply, p. 7 n. 6.

Tyco has shown that it would suffer prejudice in its discovery efforts should the stay be granted. Plaintiff has engaged in extensive discovery of Tyco. Tyco's discovery has developed to the point that it is necessary to take depositions. With much of the evidence sought, the issue of dates is critical, and Tyco contends that witnesses [*6] may become unavailable, their memories may fade, and evidence may be lost while the PTO proceeding takes place. Further, the case is nearing the discovery cut-off date of December 1, 1993, and Tyco represents that a summary judgment motion will be forthcoming.

The reexamination proceeding will not finally resolve all the issues in the litigation. Tyco has uncovered evidence of prior public use and prior conception which is material to a court's determination of validity, but which does not fall into the narrow categories the PTO considers on a request for reexamination, namely prior publications and patents. As a result, this court is the only forum for a complete consideration of Tyco's evidence of invalidity. Unless all claims of the patent were cancelled as a result of the reexamination, validity would remain a contested issue in this action, as not all the prior references material to a determination of validity would have been considered by the PTO. Two additional issues would remain: (1) infringement, and (2) whether the case is exceptional such that defendants are entitled to fees and costs. Accordingly, issuance of a stay pending reexamination would not serve Congress' intent [*7] of simplifying the issues and reducing the complexity of the trial. *See Enprotech Corp. v. Autotech Corp., 1990 U.S. Dist. LEXIS 2926, 15 U.S.P.Q.2d 1319 (N.D.Ill. 1990)* (stay denied where reexamination would not resolve all issues in the litigation). After the reexamination, the parties would be right back in this court.

Tyco has a strong interest in concluding this lawsuit without delay. The reexamination procedure can take a year and involve appeals before appellate tribunals of the PTO and the Court of Appeals for the Federal Circuit. Tyco's customers apparently are informed that plaintiff claims infringement; its biggest customer, Toys R Us, is also named as a defendant.

Plaintiff chose this forum, forced Tyco to expend time and money in responding to a motion for preliminary injunction and a motion for sanctions, and now, after the litigation has progressed almost a year and Tyco's discovery efforts are bearing fruit, seeks reexamination of his patent based on prior references known to plaintiff since April of 1992. Plaintiff has not set out a case of hardship should the stay be denied. Under the circumstances, the court concludes [*8] that the issuance of a stay would be unfair to defendants. *See Wayne Automation Corp. v. R.A. Pearson Co., 782 F. Supp. 516 (E.D.Wash. 1991)* (stay unwarranted because plaintiff instituted action, notified customers of the suit, allowed defendant to conduct extensive discovery).

IT IS THEREFORE ORDERED that plaintiff's motion for a stay of this action pending reexamination of the validity of his patent by the PTO be, and the same is, hereby DENIED.

DATED: September 15, 1993

WILLIAM B. SHUBB

UNITED STATES DISTRICT JUDGE