# Exhibit I

to

## TIMEBASE'S RESPONSE TO THOMSON'S MOTION FOR A STAY

Dockets.Justia.com

LEXSEE 15 USPQ2D 1319



Positive
As of: Jun 21, 2007

**ENPROTECH CORP., Plaintiff, v. AUTOTECH CORPORATION, Defendant**

**No. 88 C 4853**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1990 U.S. Dist. LEXIS 2926; 15 U.S.P.Q.2D (BNA) 1319*

**March 15, 1990, Decided**

OPINION BY:  **[*1]**  MORAN

OPINION

*MEMORANDUM AND ORDER*

JAMES B. MORAN, UNITED STATES DISTRICT JUDGE

Defendant has patents disclosing and claiming a resolver, which detects the position of a rotating shaft, with related decoding electronics. Plaintiff markets a position-sensor with related decoding electronics, and defendant has claimed that plaintiff's devices infringe the patents. Plaintiff brought this declaratory action in June, 1988, asserting invalidity and non-infringement. Discovery proceeded, and by late in the fall the parties were anticipating only limited further discovery and, thereafter, a relatively short trial. On January 18, 1990, the new discovery cutoff date was set for March 20, with final pretrial order to be filed April 18 and trial set for May 7.

That further discovery, however, apparently came up with some surprises. In any event, on January 31, 1990, plaintiff obtained leave to file an amended complaint which squarely raised inequitable conduct in the Patent Office claims and, according to plaintiff, entitled it to

attorneys' fees. That same day the defendant asked for a pretrial conference to discuss a possible stay while defendant pursued a reexamination in the Patent Office. That **[*2]** course of action was discussed at a pretrial conference on February 22 and led to further filings on March 5, which had been requested by the court.

The allegations respecting inequitable conduct in the Patent Office relate to a device which, according to plaintiff, was known to the inventor, was material prior art, and was deliberately not disclosed by the inventor to his attorney or to the Patent Office. The reexamination will, presumably, consider that device, as well as various other United States and foreign references, as prior art. It will not, however, determine the inequitable conduct claim pending here. The process will take, optimistically (we presume that defendant would take an optimistic view of the potential chronology), six to nine months. The result may be a confirmation of claims, perhaps in amended form, or it may result in cancellation.

Plaintiff emphasizes that it has little opportunity to participate and the Patent Office is restricted in the information upon which it relies during the reexamination process. Both concerns are real, although we point out that the original issuance, which created a presumption of validity, was the result of an *ex parte* and **[*3]** circumscribed procedure.

More compelling is plaintiff's contentions that the

1990 U.S. Dist. LEXIS 2926, *3; 15 U.S.P.Q.2D (BNA) 1319

reexamination will not resolve everything. If the claims were cancelled it might end it all -- if there were no longer any threat of a claim of infringement it is questionable whether plaintiff could continue this action solely to establish that it was an exceptional case. But if any of the claims survived we would be right back here to litigate the claim that the patent should not be enforced because of inequitable conduct in the Patent Office. Most compelling, however, is the fact that discovery here is almost completed and the case is set for trial. Plaintiff's customers apparently are advised that defendant contends that plaintiff is infringing; plaintiff wants to have the matter resolved.

We are too far along the road to justify halting the journey while the defendant explores an alternate route. The motion to stay is denied.