IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD., ) | |
| ) | File No. 07-CV-1687 (JNE/JJG) |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| THE THOMSON CORPORATION, WEST) | **RULE 26(f) REPORT** |
| PUBLISHING CORPORATION, AND WEST) | |
| SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

The counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on Thursday, June 7, 2007, and prepared the following recommended pretrial scheduling order.

The pretrial conference in this matter is scheduled for 11:00 a.m., June 28, 2007, before United States Magistrate Judge Jeanne Graham in Courtroom 4, 7th floor of the interim Courthouse, 180 East Fifth Street, St. Paul, Minnesota. The parties do not request that the pretrial be held by telephone.

(a) Description of Case

    (1)    Concise factual summary of Plaintiff's claims, including the patent number(s), date(s) of patent(s), and patentee(s):

           Plaintiff asserts infringement under 35 U.S.C. § 271 of its United States Patent No. 6,233,592, "System for Electronic Publishing." The patent issued on May 15, 2001. The patentee is TimeBase Pty Limited ("TimeBase"), the plaintiff.

    (2)    Concise factual summary of Defendants' claims/defenses:

           Defendants deny that their products and services, including the PastStat Locator, RegulationsPlus, and Graphical Statutes products, infringe one or more claims of the '592 patent and contend the '592 patent is invalid and/or unenforceable.

    (3)    Statement of jurisdiction (including statutory citations):

           The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

  (4)  Summary of factual stipulations or agreements:

    None at this time.

  (5)  Statement of whether jury trial has been timely demanded by any party:

    A jury trial is available under the law and has been timely demanded by all parties on all issues so triable.

(b) Pleadings

  (1)  Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

    All defendants have been served. An amended complaint has been filed. TimeBase has no plans at present to add additional parties, but that depends on whether the defendants seek to remove defendant The Thomson Corporation from the case.

    TimeBase has been served with Defendants' Answer to the Amended Complaint. Defendants reserve the right to amend the pleadings to assert a defense of inequitable conduct based on discovery in the case. Defendants also reserve the right to seek to remove defendant The Thomson Corporation from the case.

  (2)  Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard:

    **Plaintiff proposes:** November 1, 2007
    **Defendants propose:** December 28, 2007

(c) Discovery and Pleading of Additional Claims and Defenses

  (1)  Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

  (2)  Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that the party seeks

    leave as soon as reasonably possible following the opposing party providing the necessary discovery.

(d) Fact Discovery

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

 (1) All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before July 9, 2007.

 (2) Fact discovery shall be commenced in time to be completed by

 **Plaintiff proposes:** December 31, 2007.
 **Defendants propose:** August 1, 2008.

 (3) The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

 (A) 25 interrogatories for each side;

 (B) 100 document requests for each side;

 (C) **Plaintiff proposes:** 10 factual depositions, with a Rule 30(b)(6) deposition counting as one and one deposition for each expert, with the length of such depositions governed by Fed. R. Civ. P. 30

 **Defendants propose:** Depositions of experts will be limited to seven hours for each expert report submitted by such expert. Each side will be permitted 25 hours of Rule 30(b)(6) witness depositions, with no limit on the length of any individual Rule 30(b)(6) witness deposition but not to exceed the overall limit for 30(b)(6) witness depositions of 25 hours per side. Each party will be permitted 160 hours of fact witness depositions, excluding expert and Rule 30(b)(6) depositions. Fact witness depositions will be presumptively limited to 7 hours each, but each party may depose specific witnesses for longer periods under reasonable circumstances, including the inventors.

 (D) **Plaintiff proposes:** 50 requests for admissions for each side;
 **Defendants propose:** 50 requests for admissions for each side on substantive issues and no limit on requests for admissions seeking authentication of documents;

(E) no other.

(e) Expert Discovery

The parties anticipate that they will require expert witnesses at time of trial.

(1) The plaintiff anticipates calling two to three experts in the fields of damages, infringement and validity.

(2) The defendants anticipate calling three to five experts in the fields of patent prosecution, validity, infringement, and damages:

(3) By the close of fact discovery, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

(4) The parties shall exchange initial expert reports on [   ], which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

   **Plaintiff proposes:**   on January 30, 2008
   **Defendants propose:**  75 days after the Markman order issues

(5) Rebuttal Expert Reports shall be exchanged [   ]. Rebuttal Expert Reports shall also be in accordance with Fed.R.Civ. P. 26(a)(2)(B).

   **Plaintiff proposes:**   on March 3, 2008
   **Defendants propose:**  115 days after the *Markman* order issues (45 days after the exchange of the Initial Expert Reports)

(6) **Plaintiff proposes:** Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.
   **Defendants propose:** Notes taken by experts or communications to or from experts need not be produced, except for specific data or information considered by the expert when forming his or her opinion. Experts giving opinions may be deposed about their dealings with counsel and preparation of their reports, and shall produce their notes in advance of the deposition if the notes were relied on by the expert for his or her opinion or testimony.

(7) The parties agree that: (A) drafts of expert reports will not be retained and produced; and (B) inquiry is permitted into whom, if anyone, other than the expert participated in the drafting of his/her report. The Court will not entertain motions on these two issues. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

(8) All expert discovery shall be completed by [    ]

**Plaintiff proposes:** April 15, 2008.
**Defendants propose:** 160 days after the *Markman* order issues.

(f) Discovery Relating to Claim Construction Hearing

(1) Deadline For Plaintiff's Claim Chart:

**Plaintiff proposes:** July 15, 2007.
**Defendants propose:** November 1, 2007

Plaintiff's Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendants' it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

(2) Deadline For Defendants' Claim Chart:

**Plaintiff proposes:** August 15, 2007.
**Defendants propose:** December 17, 2007.

Defendants' Claim Chart shall indicate with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, Defendants will set forth in detail the basis for their contention that the element is absent. As to the doctrine of equivalents, Defendants shall indicate on their chart their contentions concerning any differences in function, way, and result, and why any differences are substantial.

(3)  On or before [   ]

    **Plaintiff proposes:** September 30, 2007
    **Defendants propose:** February 15, 2008

    the parties shall simultaneously exchange a list of claim terms, phrases, or clause that each party contends should be construed by the Court.

    On or before [   ],

    **Plaintiff proposes:** October 15, 2007
    **Defendants propose:** March 21, 2008

    the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

    At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(4)  Following the parties' meet and confer described above, and no later than [   ],

    **Plaintiff proposes:** October 31, 2007
    **Defendants propose:** April 4, 2008

    the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

    At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

      (A)    The construction of those claim terms, phrases, or clauses on which the parties agree;

      (B)    Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

      (C)    Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

(5)    If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

      (A)    Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

      (B)    Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

      (C) A briefing schedule.

(g) Discovery Relating to Validity/Prior Art

(1)    Within [   ]

**Plaintiff proposes:** 30 days
**Defendants propose:** 90 days (i.e., January 30, 2008)

of its receipt of Plaintiff's Claim Chart pursuant to Discovery Plan paragraph (1) Defendants shall serve on Plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff ("Defendants' Prior Art Statement").

 (2) Within [  ]

  **Plaintiff proposes:** 30 days
  **Defendants propose:** March 14, 2008

  of its receipt of Defendants' Prior Art Statement Plaintiff shall serve on Defendants "Plaintiff's Prior Art Statement", in which it will state in detail its position on what the prior art relied upon by Defendants shows, if its interpretation differs from Defendants', and its position on why the prior art does not invalidate the asserted patent claims.

 (3) Plaintiff's and Defendants' "Prior Art Statements" can be, but need not be, in the form of expert reports.

 (4) **Defendants Propose:** Defendants can add prior art to their original Statement by leave of the Court upon showing of reasonable cause. Reasonable cause shall include, but not be limited to, obtaining prior art from the following sources: third-parties; foreign patent offices; foreign publications; publications in a language other than English; undergraduate or graduate student theses; presentations; or any other source from which prior art could not reasonably be obtained prior to Defendants' service of Defendants' Prior Art Statement.
  **Plaintiffs Propose**: Either party may modify their claim charts or prior art statements by leave of Court upon showing of reasonable cause.

(h) Other Discovery Issues

 (1) Defendants may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until [  ],
  **Plaintiffs propose:** November 15, 2007
  **Defendants propose:** 50 days after the *Markman* order issues.

  provided that all relevant privileged documents are produced no later than [  ].
  December 1, 2007
  **Defendants propose:** 65 days after the *Markman* order issues

  All additional discovery regarding the waiver will take place after [  ].

  **Defendants propose:** 50 days after the *Markman* order issues and shall be completed by 90 days after the *Markman* order issues.

>       **Plaintiffs propose:** All additional discovery regarding the waiver will be responded to no earlier than December 1, 2007, and shall be completed by December 31, 2007.

(2)     The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective and present the following joint or individual proposals: [None at this time.]

(3)     The parties have discussed the entry of a Protective Order. If either party believes a Protective Order is necessary, the parties shall jointly submit with this report a proposed Protective Order. The parties are encouraged, though not required, to use Form 5 as a template for the proposed Protective Order. If the parties disagree as to any terms to be included in the Protective Order, they shall present with this report any issues of disagreement, including but not limited to any issues relating to persons who are entitled to have access to documents subject to protective treatment. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

>        **Plaintiff proposes:**   The attached Plaintiff's draft protective order.
>        **Defendants propose:**  The attached Defendants' draft protective order.

(4)     Electronic Discovery. The parties have met and discussed regarding the discovery of electronic documents. Attached hereto is an E-discovery protocol that defendants have proposed. Plaintiffs propose letting Fed. R. Civ. P. 34 govern electronic document production

(5)     **Defendants propose:** All communications between a party and their respective trial counsel and between outside trial counsel and others assisting in the litigation occurring after the filing of the Complaint in this action need not be produced or included in the appropriate privilege log. This provision will not apply to communications relating to the subject matter of an opinion of trial counsel in the event a party relies on an opinion of trial counsel. Each side will produce its initial privilege log within 30 days following that side's initial production of documents. Each side will thereafter reasonably update its privilege log as discovery continues, not to exceed 30 days after its corresponding production.
        **Plaintiffs proposal**: Plaintiffs are willing to agree to defendants' proposal, but want to simultaneously exchange initial privilege logs on October 1, 2007, with supplementation of such discovery governed by Fed. R. Civ. P. 26(e).

(i)     Discovery Definitions

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

(j) Motion Schedule

    (1)    The parties recommend that all non-dispositive motions be filed and served on or before the following dates:

        (A)    All motions that seek to amend the pleadings or add or remove parties must be served by

        **Plaintiff proposes:**  August 1, 2007.
        **Defendants propose:**  December 28, 2007.

        (B)    All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by the discovery deadline date

        **Plaintiff proposes:**  December 31, 2007.
        **Defendants propose:**  10 days after close of expert discovery.

        (C)    All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

    (2)    The parties recommend that all dispositive motions be filed and served so they can be heard by the following dates:

        (A)    All dispositive motions shall be served and filed by the parties by

        **Plaintiff proposes:**  May 15, 2008.
        **Defendants propose:**  90 days after close of expert discovery.

        (B)    All dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

(k) Trial-Ready Date

    (1)    The parties agree that the case will be ready for trial on or after

        **Plaintiff proposes:**  July 1, 2008.
        **Defendants propose:**  180 days after close of expert discovery.

      (2)    A final pretrial conference should be held on or before

           Plaintiff proposes: June 15, 2008
           **Defendants propose:** 165 days after close of expert discovery (two weeks before trial ready date).

(l) Settlement

    (1)    The parties will discuss settlement before June 28, 2007, the date of the initial pretrial conference, by Plaintiff making a written demand for settlement and each Defendant making a written response/offer to Plaintiff's demand.

    (2)    The parties believe that a settlement conference is appropriate and should be scheduled by the Court before the final pretrial conference.

    (3)    The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following to the Court:

(m)    Trial by Magistrate Judge

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Fed. R. Civ. P. 26(f) Report.)

(n)    Tutorial Describing the Technology and Matters in Issue

Defendants propose: If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall simultaneously submit a letter to the Court, asking whether the Court wishes to schedule a tutorial for 30 days after the joint claim construction hearing and proposing the format of the tutorial.

**Plaintiff propose:** If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall simultaneously submit a letter to the Court, asking whether the Court wishes to schedule a tutorial at the Court's convenience and proposing the format of the tutorial.

(o)    Patent Procedure Tutorial

The parties agree the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

**Defendants propose:** The three-legged stool exhibit typically used in conjunction with the video shall not be used in connection with the video when shown to the jurors. Instead, the parties shall submit to the court an exhibit agreed upon by all parties.

**Plaintiffs propose** using the exhibits normally used to educate the jurors.

DATE:  June 21, 2007                  /s/ Arthur A. Gasey
                                                 Arthur A. Gasey, Plaintiff's Counsel
                                                 Address: Niro, Scavone, Haller & Niro
                                                 181 W. Madison Street – Suite 4600
                                                 Chicago, IL  60602
                                                 Phone:  312-236-0733
                                                 Email:  gasey@nshn.com

DATE:  June 21, 2007                  /s/ Calvin L. Litsey (with permission)
                                                 Calvin L. Litsey, Defendants' Counsel
                                               Address:  Faegre & Benson LLP
                                               2200 Wells Fargo Center
                                               90 South Seventh Street
                                               Minneapolis, Minnesota  55402
                                               Phone:  612-766-7000
                                               Email:  clitsey@faegre.com