ELECTRONIC DISCOVERY – PROTOCOL
*TimeBase Pty Ltd. v. The Thomson Corporation,
West Publishing Corporation, and West Services, Inc.*

A.   *Recognition of Difficulties of Production of Electronic Discovery*

The parties are each corporations with disaster recovery electronic backup systems that capture massive amounts of data, much of which is not remotely relevant to the issues or potential issues between the parties. This protocol serves to provide guidelines for reasonably isolating potentially relevant documents and avoiding unnecessary costs.

B.   *Initial Scope of eDiscovery*

Initial electronic discovery will be limited to active electronic storage media such as personal computer hard drives, network servers, floppy diskettes, CD-ROMS, DVDs, etc. Requests for the production of electronic files and other records will not initially require a search of, or restoration of, storage media such as back-up tapes or other media (including back-up tapes, CDRoms or DVDs used for this purpose) which are stored and used primarily for "disaster recovery" of the party's computer system in the event of a catastrophe. A showing of need or good cause will be required prior to any search or production of information stored primarily for "disaster recovery."

C.   *Retention Guidelines*

Each party shall institute a process to identify and preserve the potentially relevant electronic documents of individual employees (or other individuals for whom a party has the right to access to electronic documents) who can reasonably be identified as potentially having information related to the proceeding. To the extent such individuals have individual computers or individual files on company servers, reasonable efforts will be made to preserve electronic

documents for such individuals. In addition, the parties shall act reasonably to preserve general corporate electronic documents that reasonably are relevant to this proceeding.

D.   *Retention Policies*

   TimeBase's Retention Policies:

   1. Annual disaster recovery tapes – retention from _____ through the life of the litigation

   2. Monthly disaster recovery tapes – retention from _____ through the life of the litigation

   3. Weekly disaster recovery tapes – retention for \_\_\_ months

   4. Daily disaster recovery tapes– retention for \_\_\_ days

   Compliance with the above stated retention policy by TimeBase shall be deemed to be reasonable.

   Thomson's Retention Policies:

   1. Annual disaster recovery tapes – retention from _____ through the life of the litigation

   2. Monthly disaster recovery tapes – retention from _____ through the life of the litigation

   3. Weekly disaster recovery tapes – retention for \_\_\_ months

   4. Daily disaster recovery tapes – retention for \_\_\_ days

   Compliance with the above stated retention policy by Thomson shall be deemed to be reasonable.

E.   *Document Retention Notices*

   Each party shall circulate a document retention notice designed to ensure the preservation of potentially discoverable electronic and other information to those employees reasonably identified as potentially possessing such information. Thereafter, the parties shall quarterly re-notify their employees of their continuing obligation to preserve such information.

F.   *Form of eDiscovery Production*

    1.   Documents or records that reside in the form of electronic files will be produced as electronic files. Documents that display properly only in native form (i.e., spreadsheets, PowerPoint presentations) will be produced in native form. All other electronic documents may be produced in either native form or as images (i.e., PDFs or .tiffs).

    2.   Where documents reside both in electronic form and on paper, but a paper version has been signed or otherwise annotated by hand, then each separately signed or hand annotated paper version should be produced in addition to the electronic form.

    3.   Electronic files are to be produced in a manner so as to preserve all meta-data associated with such files, although the meta-data need not be produced in the first instance. In addition, the parties will not mine the meta-data associated with any produced documents absent agreement by the parties or a showing of good cause.

    4.   Voicemails are excluded from production. However, transcribed voicemails are to be produced.

    5.   Unless otherwise agreed by counsel, if a party elects to produce their electronic files in electronic form, then the electronic files are to be produced on either read only CD-ROM or DVD media.

    6.   Electronic communications between a party and its legal counsel after the commencement of this lawsuit are presumed to be privileged or protected work product, but shall nonetheless be preserved consistent with the Federal Rules of Civil Procedure and these guidelines.

fb.us.2087542.01