UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TIMEBASE PTY LTD.,

                Plaintiff,

vs.

THE THOMSON CORPORATION,
WEST PUBLISHING CORPORATION,
and WEST SERVICES, INC.

                Defendants.

Civil No. 07-1687 (JNE/JJG)

**AMENDED NOTICE OF PRETRIAL CONFERENCE**

---

      Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial conference will be held on **Wednesday, July 8, 2009, at 9:30 a.m., in Room 342,** Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, **Saint Paul**, MN 55101, before United States Magistrate Judge Jeanne J. Graham.

      Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel shall meet before the scheduled pretrial conference and jointly prepare and file a complete written report of the Rule 26(f) meeting at least **one week** prior to the Pretrial Conference. The report shall include the information as set forth in the attached format for 26(f) reports for pretrial conferences before Magistrate Judge Graham.

      Counsel who will be trying the case should make every effort to be present at the conference. If this is not possible, substitute counsel should be arranged. If counsel is outside of the Twin Cities area and wishes to appear by phone, please **contact me by phone** at 651-848-1890 **prior to the pretrial conference** to make arrangements.

Dated: June 4, 2009                 s/ *Judith M. Kirby*
                                              Judith M. Kirby
                                              Judicial Assistant

Attachment

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Name of Plaintiff | ) |
| | ) |
| | ) CIVIL FILE NO. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) **RULE 26(f) REPORT** |
| | ) **(PATENT CASES)** |
| Name of Defendant | ) |
| | ) |
| Defendant. | ) |
| | ) |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on _____, and prepared the following recommended pretrial scheduling order.

The pretrial conference in this matter is scheduled for _____, before the United States Magistrate Judge Jeanne J. Graham in Room 750, Interim St. Paul Courthouse, 180 East Fifth Street, St. Paul, Minnesota. The parties [request/do not request] that the pretrial be held by telephone.

**(a)   Description of Case**

   (1)   Concise factual summary of Plaintiff's claims, including the patent number(s), date(s) of patent(s), and patentee(s);

   (2)   Concise factual summary of Defendant's claims/defenses;

   (3)   Statement of jurisdiction (including statutory citations);

   (4)   Summary of factual stipulations or agreements;

(5) Statement of whether jury trial has been timely demanded by any party.

**(b) Pleadings**

(1) Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action;

(2) Proposed date by which all hearings on motions to amend and/or add parties to the action shall be heard;
Date: _____

**(c) Discovery and Pleading of Additional Claims and Defenses**

(1) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

(2) Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where <u>prima facie</u> support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

**(d) Fact Discovery**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before _____.

(2) Fact discovery shall be commenced in time to be completed by _____.

(3) The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

(A) _____ interrogatories;

(B) _____ document requests;

(C) _____ factual depositions;

(D) _____ requests for admissions;

(E) _____ other.

**(e)** **Expert Discovery**

The parties anticipate that they will/will not require expert witnesses at time of trial.

(1) The plaintiff anticipates calling _____ experts in the fields of:

(2) The defendant anticipates calling _____ experts in the fields of:

(3) By the close of fact discovery, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.
Alternate recommended date: _____

(4) Within 30 days after the close of fact discovery the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.
Alternate recommended date: _____

(5) Within 30 days after the Initial Expert Reports are exchanged Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).
Alternate recommended date: _____

(6) Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

(7) The parties shall agree that: (A) drafts of expert reports [will/will not] be retained and produced; and (B) inquiry [is/is not] permitted into whom, if anyone, other than the expert participated in the drafting of his/her report. The Court will not entertain motions on these two issues. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective

contributions were is permitted.

(8)　　All expert discovery shall be completed by _____.

**(f)　　Discovery Relating to Claim Construction Hearing**

(1)　　Any party alleging infringement shall serve its Claim Chart to the party defending against infringement by _____. The title of the Claim Chart shall identify the party serving it.

This Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention that there is infringement of any claims under the doctrine of equivalents, the party alleging infringement shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, that party shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

(2)　　Any party defending against infringement shall serve its Responsive Claim Chart to the party alleging infringement by _____. The title of the Responsive Claim Chart shall identify the party serving it.

The Responsive Claim Chart shall indicate with specificity the elements, on the Claim Chart of the party alleging infringement, which it admits are present in its accused device or process, and which it contends are absent. In the latter regard, the party defending against infringement will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, the party defending against infringement shall indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

(3)　　On or before _____, the parties shall simultaneously exchange a list of claim terms, phrases, or clause that each party contends should be construed by the Court. On or before _____, the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each

claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(4) Following the parties' meet and confer described above, and no later than _____, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

(A) The construction of those claim terms, phrases, or clauses on which the parties agree;

(B) Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

(C) Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

(5) If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

    (A) Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

    (B) Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

    (C) A briefing schedule.

**(g) Discovery Relating to Validity/Prior Art**

(1) Within _____ days of its receipt of the Claim Chart pursuant to Discovery Plan above, the party defending against infringement shall serve to the opposing party a Prior Art Statement listing of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the party alleging infringement.

(2) Within _____ days of its receipt of the Prior Art Statement from the party defending against infringement, the party alleging infringement shall serve its own Prior Art Statement, in which it will state in detail its position on what the prior art relied upon by the opposing party shows, if its interpretation differs, and its position on why the prior art does not invalidate the asserted patent claims.

(3) The Prior Art Statements can be, but need not be, in the form of expert reports.

(4) A party can add prior art to its original Statement only by leave of the Court.

**(h) Other Discovery Issues**

(1) A party may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until _____, provided that all relevant privileged documents are produced no later than _____. All additional discovery regarding the waiver will take place after_____ and shall be completed by _____.

(2) The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective and present the following joint or individual proposals:

(3) The parties have discussed the entry of a Protective Order. If either party believes a Protective Order is necessary, the parties shall jointly submit with this report a proposed Protective Order. The parties are encouraged, though not required, to use Local Rule Form 5 as a template for the proposed Protective Order. If the parties disagree as to any terms to be included in the Protective Order, they shall present with this report any issues of disagreement, including but not limited to any issues relating to persons who are entitled to have access to documents subject to protective treatment. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

**(i) Discovery Definitions**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

**(j) Motion Schedule**

(1) The parties recommend that all non-dispositive motions be filed and served on or before the following dates:

(A) All motions that seek to amend the pleadings or add parties must be served by _____.

(B) All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by the discovery deadline date _____.

(C) All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

(2) The parties recommend that all dispositive motions be filed and served so they can be heard by the following dates:

(A) All dispositive motions shall be served and filed by the parties by _____.

(B) All dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

**(k) Trial-Ready Date**

(1) The parties agree that the case will be ready for trial on or after _____.

(2) A final pretrial conference should be held on or before _____.

**(l) Settlement**

(1) The parties will discuss settlement before _____, the date of the initial pretrial conference, by Plaintiff making a written demand for settlement and each Defendant making a written response/offer to Plaintiff's demand.

(2) The parties believe that a settlement conference is appropriate and should be scheduled by the Court before _____.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following to the Court:

**(m) Trial by Magistrate Judge**

The parties have/have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c). (If the parties agree, the consent should be filed with the Fed. R. Civ. P. 26(f) Report.)

**(n) Tutorial Describing the Technology and Matters in Issue**

If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall simultaneously submit a letter to the Court, asking whether the Court wishes to schedule a tutorial and proposing the timing and format of the tutorial.

**(o) Patent Procedure Tutorial**

The parties [agree/do not agree] the video "An Introduction to the Patent System", distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

DATE: _____            _____
                               Plaintiff's Counsel
                               License #
                               Address
                               Phone #
                               Email


DATE: _____            _____
                               Defendant's Counsel
                               License #
                               Address
                               Phone #
                               Email