IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD., ) | |
| ) | Civil Action Nos. 07-cv-1687 (JNE/JJG) and |
| Plaintiff, ) | 07-cv-04551 (JNE/JJG) |
| vs. ) | |
| ) | |
| THE THOMSON CORPORATION, ) | |
| WEST PUBLISHING CORPORATION, ) | **RULE 26(f) REPORT** |
| AND WEST SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

The parties' counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f) and the Local Rules, on May 21 and June 3, 2009, and prepared the following recommended pretrial scheduling order.

The pretrial conference in this matter is scheduled for July 8, 2009 at 9:30 a.m., before United States Magistrate Judge Jeanne J. Graham in Room 342, Federal Building, 316 N. Robert Street, St. Paul, Minnesota, 55101. The parties do not request that the pretrial be held by telephone.

A chronological list of the dates proposed by Plaintiff is attached as Exhibit A to this report. A chronological list of the dates proposed by Defendants is attached as Exhibit B. The parties disagree about the proposed protective order, so Exhibit C includes both parties' proposed versions of the protective order as Exhibits C-1 (TimeBase) and C-2 (Defendants).

TimeBase's separate comment on the protective order: The parties had reached agreement last year on all but two paragraphs of an order, and TimeBase has provided that draft as its proposal.

1

**(a) Description of Case**

(1) Concise factual summary of Plaintiff's claims, including the patent number(s), date(s) of patent(s), and patentee(s):

Two of the patents owned by the Plaintiff, TimeBase Pty Limited, are United States Patents No. 6,233,592, "System for Electronic Publishing," and 7,293,228, "Maltweb Multi-Axis Viewing Interface and Higher Scoping." Both are asserted in this case.

The '592 patent issued on May 15, 2001. The '592 patent has been reexamined, and the cases were stayed during the reexamination. A reexamination certificate issued on May 5, 2009. A copy of the certificate is attached as Exhibit D to this report. The reexamined patent includes three new claims, 59-61. Claims 1 to 5 and 14 to 18 of the '592 patent, and potentially claims 59-61, are asserted. Discovery may reveal that other claims apply.

The '228 patent issued on November 6, 2007. It is a continuation-in-part of the '592 patent. Claims 1 to 46 of the '228 patent are presently asserted.

The products presently accused of infringing are only those known to TimeBase from public information. The presently-known products are: StatutesPlus (which includes PastStat Locator), RegulationsPlus, RegulationsPlus Corporate, RegulationsPlus Corporate Tax, and Graphical Statutes. The claims presently asserted are based on the same information. Therefore, additional products and claims may be identified once TimeBase obtains discovery.

Defendants' Description of Plaintiff's claims:

Defendants disagree that the products presently accused of infringement include: StatutesPlus (which includes PastStat Locator), RegulationsPlus, RegulationsPlus Corporate, RegulationsPlus Corporate Tax, and Graphical Statutes. In the Amended Complaint, Plaintiff accused only the following three products of infringement: PastStat Locator, RegulationsPlus, and Graphical Statutes. To date, Plaintiff has not accused StatutesPlus of infringement.

Defendants also do not agree with Plaintiff's contention that the '228 patent is a continuation-in-part of the '592 patent.

(2) Concise factual summary of Defendants' claims/defenses:

Defendants deny that their products and services, including PastStat Locator, RegulationsPlus, and Graphical Statutes, infringe any valid asserted claims of the '592 and '228 patents and contend that the asserted claims of the '592 and '228 patents are invalid and/or unenforceable.

(3) Statement of jurisdiction (including statutory citations):

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

(4) <u>Summary of factual stipulations or agreements</u>:

None at this time.

(5) <u>Statement of whether jury trial has been timely demanded by any party</u>:

Both parties have timely demanded a jury.

## (b) Pleadings

(1) Statement of whether all process has been served, all pleadings filed and <u>any plan for any party to amend pleadings or add additional parties to the action</u>:

All defendants have been served. Plaintiff TimeBase identified defendants based solely on public information. It has no plans at present to add additional parties, but that could be influenced by discovery. For example, TimeBase does not know the details of the transaction between defendant The Thomson Corporation and Reuters, which occurred after this case began, and probably during the stay. Thus, TimeBase may move to amend to add parties, but will not be able to make that decision prior to having discovery. TimeBase requests a deadline for amending to add an inequitable conduct defense.

Defendants state that they reserve their right to amend the pleadings to assert additional defenses, including inequitable conduct, based on discovery in the case. Defendants also reserve the right to seek to substitute for defendant The Thomson Corporation from the case.

(2) Proposed date by which all hearings on motions to <u>amend and/or add parties to the action shall be heard</u>:

**Plaintiff proposes:** September 23, 2009

**Defendants propose:** December 15, 2009

## (c) Discovery and Pleading of Additional Claims and Defenses

(1) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

(2) Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that the

3

party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

**(d) Fact Discovery**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) were completed prior to the stay.

(2) <u>Fact discovery shall be commenced in time to be completed by</u>:

**Plaintiff proposes:** November 30, 2009.

**Defendants propose:** the later of September 1, 2010 or 90 days after the claim construction order issues. (Substantial discovery will be required outside the U.S. through the Hague Convention.)

(2) The parties agree and recommend that the Court limit <u>the use and numbers of discovery procedures as follows</u>:

(A) 25 interrogatories for each side;

(B) 100 document requests for each side;

(C) factual depositions:

**Plaintiff proposes:** 10 factual depositions, with a Rule 30(b)(6) deposition counting as one, and one deposition for each expert, with the length of such depositions governed by Fed. R. Civ. P. 30.

**Defendants propose:** Each side will be permitted 160 hours of fact witness depositions, excluding expert and Rule 30(b)(6) depositions. Fact witness depositions will be presumptively limited to 7 hours each, but each side may depose specific witnesses for longer periods under reasonable circumstances, such as the depositions of each of the inventors. Depositions of experts will be limited to seven hours for each expert report submitted by such expert. Each side will be permitted 14 hours of Rule 30(b)(6) witness deposition.

(D) requests for admissions:

**Plaintiff proposes:** 50 requests for admissions for each side.

**Defendants propose:** 50 requests for admissions for each side on substantive issues and no limit on requests for admissions seeking authentication of documents.

4

(E) other:

**Plaintiff proposes:** TimeBase may issue requests to inspect computer systems or training facilities used in connection with the accused products or services.

**Defendants propose:** none at this time.

**(e) Expert Discovery**

The parties anticipate that they will require expert witnesses at time of trial.

(1) Plaintiff anticipates calling two to four experts in the fields of infringement, damages, validity, and possibly patent prosecution.

(2) Defendants anticipate calling three to five experts in the fields of patent prosecution, validity, infringement, and damages.

(3) By the close of fact discovery, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

(4) The parties shall exchange initial expert reports [**Plaintiff proposes:** January 15, 2010; **Defendants propose:** the later of October 1, 2010 or 120 days after the claim construction order issues], which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports"). The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

(5) Rebuttal Expert Reports shall be exchanged [**Plaintiff proposes:** January 29, 2010; **Defendants propose:** the later of November 15, 2010 or 165 days after the claim construction order issues (45 days after the exchange of the Initial Expert Reports) ]. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

(6) **Plaintiff proposes:** Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

**Defendants propose:** Notes taken by testifying experts or communications to or from experts need not be produced, except for specific data or information considered and relied on by the expert when forming his or her opinion. Experts giving opinions may be deposed about their dealings with counsel and preparation of their reports, and shall produce their notes in advance of the deposition if the notes were relied on by the expert for his or her opinion or testimony.

(7) **The parties agree that:** (A) drafts of expert reports will not be retained and produced; and (B) inquiry is permitted into whom, if anyone, other than the expert participated in

5

the drafting of his/her report. The Court will not entertain motions on these two issues. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

(8) All expert discovery shall be completed by:

**Plaintiff proposes:** February 26, 2010.

**Defendants propose:** the later of January 1, 2011 or 210 days after the claim construction order issues

**(f) Discovery Relating to Claim Construction Hearing**

(1) Deadline for Plaintiff's Claim Chart:

**Plaintiff proposes:** October 1, 2009

**Defendants propose:** September 1, 2009

Plaintiff's Claim Chart shall identify: (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

(2) Deadline for Defendants' Claim Chart:

**Plaintiff proposes:** October 30, 2009

**Defendants propose:** October 15, 2009

Defendants' Claim Chart shall indicate with specificity the elements, on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, defendants will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, defendants shall indicate on their chart their contentions concerning any differences in function, way, and result, and why any differences are substantial.

(3) On or before [**Plaintiff proposes:** August 26, 2009; **Defendants propose:** November 1, 2009], the parties shall simultaneously exchange a list of claim terms, phrases, or clause that each party contends should be construed by the Court.

6

On or before [**Plaintiff proposes:** September 16, 2009; **Defendants propose:** December 1, 2009], the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

(4) Following the parties' meet and confer described above, and no later than [**Plaintiff proposes:** September 30, 2009; **Defendants propose:** January 10, 2010], the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

(A) The construction of those claim terms, phrases, or clauses on which the parties agree;

(B) Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

(C) Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

(5) If the Court schedules a Claim Construction hearing, then prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

(A) Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

(B) Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

(C) A briefing schedule.

**(g) Discovery Relating to Validity/Prior Art**

(1) Within [**Plaintiff proposes:** September 30, 2009; **Defendants propose:** 180 days (March 1, 2010)] of its receipt of Plaintiff's Claim Chart pursuant to Discovery Plan paragraph (f)(1), Defendants shall serve on Plaintiff a Prior Art Statement listing of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff ("Defendants' Prior Art Statement").

(2) Within [**Plaintiff proposes:** October 28, 2009; **Defendants propose:** 45 days (April 15, 2010)] of its receipt of Defendants' Prior Art Statement Plaintiff shall serve on Defendants "Plaintiff's Prior Art Statement", in which it will state in detail its position on what the prior art relied upon by Defendants shows, if its interpretation differs from Defendants', and its position on why the prior art does not invalidate the asserted patent claims.

(3) Plaintiff's and Defendants' "Prior Art Statements" can be, but need not be, in the form of expert reports.

(4) **Plaintiff proposes:** A party can add prior art to its original Statement only by leave of the Court.

**Defendants' propose:** Either party may modify their claim charts or prior art statements by agreement of the parties or by leave of the Court upon a showing of reasonable cause.

**(h) Other Discovery Issues**

(1) A party may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until [**Plaintiff proposes:** September 30, 2009; **Defendants propose:** the later of July 1, 2010 or 50 days after the claim construction order issues], provided that all relevant privileged documents are produced no later than [**Plaintiff proposes:** October 14, 2009; **Defendants propose:** the later of July 15, 2010 or 65 days after the claim construction order issues ]. All additional discovery regarding the waiver will take place after [**Plaintiff proposes:** October 14, 2009; **Defendants propose:** the later of July 1, 2010 or 50 days after the claim construction order issues] and shall be

completed by [**Plaintiff proposes:** November 30, 2009; **Defendants propose:** the later of September 1, 2010 or 90 days after the claim construction order issues].

(2) The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective and present the following joint or individual proposals: none at this time.

(3) The parties have discussed the entry of a Protective Order. If either party believes a Protective Order is necessary, the parties shall jointly submit with this report a proposed Protective Order. The parties are encouraged, though not required, to use Local Rule Form 5 as a template for the proposed Protective Order. If the parties disagree as to any terms to be included in the Protective Order, they shall present with this report any issues of disagreement, including but not limited to any issues relating to persons who are entitled to have access to documents subject to protective treatment. The Court shall endeavor to resolve any issues relating to the Protective Order in connection with the pretrial conference.

**Plaintiff proposes:** The attached Exhibit C-1 with Plaintiff's preferred language for the protective order.

**Defendants propose:** The attached Exhibit C-2 with Defendants' preferred language for the protective order.

(4) Electronic Discovery. The parties have met and discussed the discovery of electronic documents. The parties are currently working on a stipulation regarding electronic discovery.

(5) Privilege logs. **Defendants propose:** Each side will produce its initial privilege log within 30 days following that side's initial production of documents. Each side will thereafter periodically update its privilege log as discovery continues, not to exceed 30 days after its corresponding production. All communications between a party and their respective trial counsel and between outside trial counsel and others assisting in the litigation occurring after the filing of the Complaint in this action need not be produced or included in the appropriate privilege log. This provision will not apply to communications relating to the subject matter of an opinion trial counsel in the event a party relies on an opinion of trial counsel.

**Plaintiff proposes:**

**(i) Discovery Definitions**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used.

Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

**(j) Motion Schedule**

    (1) The parties recommend that all non-dispositive motions be filed and served on or before the following dates:

        (A) All motions that seek to amend the pleadings or add parties must be served by:

            **Plaintiff proposes:** August 26, 2009

            **Defendants propose:** December 1, 2009

        (B) All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by the discovery deadline date

            **Plaintiff proposes:** November 30, 2009

            **Defendants propose:** the later of January 10, 2011 or 220 days after the claim construction order issues.

        (C) All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

    (2) The parties recommend that all dispositive motions be filed and served so they can be heard by the following dates:

        (A) All dispositive motions shall be served and filed by the parties by

            **Plaintiff proposes:** March 26, 2010;

            **Defendants propose:** the later of March 1, 2011 or 270 days after the claim construction order issues.

        (B) All dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

**(k) Trial-Ready Date**

    (1) The parties agree that the case will be ready for trial on or after

        **Plaintiff proposes:** April 30, 2010;

>> **Defendants propose:** the later of June 1, 2011 or 360 days after the claim construction order issues.

(2) A final pretrial conference should be held on or before

>> **Plaintiff proposes:** April 22, 2010;

>> **Defendants propose:** the later of May 15, 2011 or 345 days after the claim construction order issues.

## (l) Settlement

(1) The parties will discuss settlement before July 8, 2009, the date of the pretrial conference, by Plaintiff making a written demand for settlement and the Defendants making a written response/offer to Plaintiff's demand.

(2) TimeBase believes that a settlement conference should be held only after some discovery has occurred, so that TimeBase knows the products at issue, and the revenues and profits derived from the accused products. Defendants believe that a settlement conference is appropriate and should be scheduled by the Court before the final pretrial conference.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following to the Court: Not at this time.

## (m) Trial by Magistrate Judge

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

## (n) Tutorial Describing the Technology and Matters in Issue

If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall simultaneously submit a letter to the Court, asking whether the Court wishes to schedule a tutorial and proposing the timing and format of the tutorial.

**Plaintiff proposes:** Any tutorial should be held as part of a claim construction hearing, if such a hearing is necessary.

**Defendants propose:** A tutorial should be held in advance of the claim construction hearing at a time convenient for the Court.

## (o) Patent Procedure Tutorial

The parties agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

**Plaintiff proposes:** Following paragraph (o) of the form order.

**Defendants propose:** The three-legged stool exhibit typically used in conjunction with the video shall not be used in connection with the video when shown to the jurors. Instead, the parties shall submit to the court an exhibit agreed upon by all parties.

DATE: July 1, 2009

Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Phone: 312-236-0733; Fax: (312) 236-3137
hosteny@nshn.com, gasey@nshn.com

Michael R. Cunningham
Attorney No. 20424
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 632-3000
Fax: (612) 632-4444
michael.cunningham@gpmlaw.com
Attorneys for TimeBase Pty Ltd.

DATE: 7-1-09

David J.F. Gross, # 208772
Calvin L. Litsey, # 153746
Theodore M. Budd, #314778
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
DGross@faegre.com; CLitsey@faegre.com,
Tbudd@faegre.com,
Attorneys for The Thomson Corporation,
West Publishing Corporation,
and West Services, Inc.

fb.us.4187860.01

13