IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

TIMEBASE PTY LTD.,           )
                             )   Civil No. 07-1687 (JNE/JJG)
            Plaintiff,       )
                             )
vs.                          )   **STIPULATED**
                             )   **PROTECTIVE ORDER**
THE THOMSON CORPORATION, WEST)
PUBLISHING CORPORATION, AND WEST )
SERVICES, INC.               )
                             )
            Defendants.      )

Upon request by the parties for an order pursuant to Fed.R.Civ.P. 26(c) that trade secret or other confidential information be disclosed only in designated ways,

IT IS HEREBY ORDERED:

1. As used in this Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Confidential – Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 5;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document as "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts that it in good faith contends to constitute or contain trade secret or other confidential information and that in good faith believes should be disclosed only to those persons authorized to have access to such information under paragraph 4 of this Protective Order.

Page 1

3.  All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4. Prohibited purposes include, but are not limited to, use for competitive business purposes or the prosecution/procurement of any additional intellectual property rights.

4.  Access to any Confidential document shall be limited to:

(a)  the Court and its officers;

(b)  outside lawyers who are members of or employed by a law firm of record engaged to represent a party to this lawsuit, as well as employees of such law firms whose responsibilities require access to the documents, and outside vendors (e.g., reproduction services, scanning services, and data management services) who have been retained by such counsel and who are assisting counsel in connection with the lawsuit, provided that any outside vendor described above executes the appropriate Written Assurance in the form attached as Exhibit A hereto (to be retained by counsel for the party during the pendency of the case) before receiving access to any Confidential document or information;

(c)  persons shown on the face of the document to have authored or received it;

(d)  videographers and court reporters retained to transcribe testimony;

(e)  these inside counsel and their immediate staff whose responsibilities require access to the documents or information so designated, provided that any non-lawyer staff or employee described above executes the appropriate Written Assurance in the form attached as Exhibit A hereto (to be retained by counsel for the party during the pendency of the case) before receiving access to any Confidential document or information:

For Plaintiff: TimeBase has no inside counsel;

For Defendants: Ms. Carolyn Blankenship, Mr. Mark Stignani, Mr. Ed Friedland and Ms. Deirdre Stanley;

(f) these officers or employees of the parties, provided that each such person executes the appropriate Written Assurance in the form attached as Exhibit A hereto (to be retained by counsel for the party during the pendency of the case) before receiving access to the any Confidential documents or information:

For Plaintiff: Ms. Leonie Muldoon and Mr. Michael McGrath, both employees of TimeBase; Mr. Peter Dowding, Managing Director, Propel Investments Pty Limited, and a Director of TimeBase; Mr. Albin Kurti, Director, Propel Investments Pty Limited and an Alternate Director of TimeBase;

For Defendants: Mr. Peter Warwick, CEO of Thomson Reuters, Ms. Cathy Zappa, CFO of Thomson Reuters, Mr. Andrew Martens, Senior Vice President of New Product Development, Thomson Reuters;

(g) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert service, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action, provided that each such person executes the appropriate Written Assurance in the form attached as Exhibit A.

5. The parties shall have the right to further designate Confidential documents (or portions of documents) as "Confidential – Attorneys' Eyes Only" that the designating party in good faith believes contains or constitutes its or another's highly sensitive and proprietary trade secrets or other confidential business, research, development, technical, financial, or commercial

information that would provide a distinct competitive advantage if disclosed to business representatives of a party or non-party to this litigation. Disclosure of information designated "Confidential – Attorneys' Eyes Only" shall be limited to the persons designated in paragraphs 4(a), (b), (c), (d), (e), and (g); provided, however, that Ms. Leonie Muldoon and Mr. Peter Dowding shall be entitled to see summary financial information relating to the accused products designated as "Confidential – Attorneys' Eyes Only" (but shall not retain any documents so designated and shall not be entitled to see any other information designated as "Confidential – Attorneys' Eyes Only") provided that each has executed the appropriate Written Assurance in the form attached as Exhibit A."

6. Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order.

7a. **Written Assurance Required Before a Party May Disclose Confidential or Confidential - Attorneys' Eyes Only Information of Another Party or a Third Party**: Each outside vendor described in 4(b), each non-lawyer staff or employee described in 4(e), each person appropriately designated pursuant to paragraph 4(f) and 4(g), and Ms. Leonie Muldoon and Mr. Peter Dowding under paragraph 5 shall, before viewing any Confidential or Confidential

– Attorneys' Eyes' Only information as permitted under this Protective Order, execute a "Written Assurance" in the form attached as Exhibit A.

7b. **Disclosure of Persons Receiving Confidential or Confidential - Attorneys' Eyes Only Information of Another Party or a Third Party:** Opposing counsel shall be notified at least 10 business days prior to disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" documents or information to any person pursuant to paragraph 4(g). Such notice shall identify and provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 business days after receipt of notice, no disclosure shall be made unless and until the party seeking disclosure obtains the prior approval of the Court or the objecting party. If the objecting party does not file a motion within 5 business days following its written objection, the objection shall be deemed waived and the party seeking to make the disclosure shall be allowed to do so. In such a motion, the party opposing disclosure shall bear the burden of establishing that disclosure is not appropriate under applicable law.

8. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential

information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

11. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the District of Minnesota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential- Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential – Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing

notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential – Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed.R.Civ.P. 26(c).

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the designating party all documents designated by the that party as "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, all pleadings, depositions and transcripts, and all correspondence generated in connection with the action.

14. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by this Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

Stipulated to:

DATE: July 16, 2009

/s/ Michael R. Cunningham
Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Phone: 312-236-0733; Fax: (312) 236-3137
hosteny@nshn.com, gasey@nshn.com

Michael R. Cunningham
Attorney No. 20424
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 632-3000
Fax: (612) 632-4444
michael.cunningham@gpmlaw.com

Attorneys for TimeBase Pty Ltd.

DATE: July 16, 2009                    /s/ Calvin L. Litsey
                                       David J.F. Gross #208772
                                       Calvin L. Litsey #153746
                                       Theodore M. Budd #314778
                                       Kevin P. Wagner #034008X
                                       Katherine S. Razavi #0388958
                                       Faegre & Benson LLP
                                       2200 Wells Fargo Center
                                       90 South Seventh Street
                                       Telephone: (612) 766-7000
                                       Fax: (612) 766-1600
                                       Minneapolis, Minnesota 55402
                                       Email: DGross@faegre.com
                                       Email: CLitsey@faegre.com
                                       Email: TBudd@faegre.com
                                       Email: KWagner@faegre.com
                                       Email: KRazavi@faegre.com

                                       Attorneys for The Thomson Corporation,
                                       West Publishing Corporation,
                                       And West Services, Inc.

**EXHIBIT A**

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____ county _____, state of _____. I am currently employed by _____ located at _____, and my current job title is_____. I have read and believe I understand the terms of the Protective Order dated _____, filed in Civil Action No. _____, pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential – Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any documents in my possession designated "Confidential" or "Confidential – Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                (Date)                                      (Signature)