

UNITED STATES | ENGLAND | GERMANY | CHINA

September 14, 2009

Magistrate Judge Jeanne J. Graham
United States District Court, District of Minnesota
316 North Robert Street, Suite 600
St. Paul, MN 55101

   Re: <u>TimeBase Pty Ltd. v. The Thomson Corp. et al.</u>, Civ. No. 07-04551 (D. Minn.)

Dear Magistrate Judge Graham:

  I write to update the Court on issues regarding Defendants' Requests for International Judicial Assistance Pursuant to the Hague Convention ("Letters Rogatory"). Following the Court's Order dated September 1, 2009, the parties conferred on September 9, 2009 and resolved most of the issues raised in TimeBase's series of letters. Revised Letters Rogatory reflecting the parties' discussions will be submitted to the Court via e-mail and messenger. Two issues remain unresolved, which are detailed below.

**Background**

  This is a patent infringement action in which discovery in Australia is critical. TimeBase is an Australian company owned by Australian investors. Both of the patents-in-suit claim priority to the filing date of an Australian patent. The electronic publishing system that is the subject of the patents was developed in Australia. Each inventor named on the patents-in-suit resides in Australia. Key prior art was developed by organizations and individuals in Australia.

  From the outset, Defendants have been clear that they will need to conduct discovery in Australia. At the Pretrial Scheduling Conference on July 8, 2009, Defendants informed the Court and TimeBase that they would seek discovery under the Hague Convention in two phases. The first phase would involve document discovery and the second oral testimony. This Hague Convention discovery is critical to Defendants' defenses in this case.

  As Defendants have sought to conduct discovery, TimeBase has resisted at every stage. Defendants are still waiting to receive their first documents from TimeBase, even though Defendants served their requests for production more than a year ago. TimeBase has provided a substantive answer to only one of Defendants' five interrogatories, and ignored or rejected requests to answer the other four. Now, in addition to withholding its own information, TimeBase is attempting to interfere with Defendants' legitimate discovery of information from third parties. TimeBase has no legal or factual basis for its objections and seems intent only on frustrating the discovery process.

**Letters Rogatory**

  TimeBase apparently continues to oppose the issuance of the Letters Rogatory on two grounds: (1) the absence of requests for oral testimony, and (2) the scope of the requests.

  *(1) Requests for Oral Testimony*

Timebase Pty Ltd v. Thomson Corporation, The Doc. 77

Dockets.Justia.com

In its letter to the Court dated September 1, 2009, TimeBase stated: "If the defendants wait to request testimony, this case will be further delayed a long time, and for no good reason . . . . The defendants should request testimony now."

Nothing in the Hague Convention requires Defendants to seek documents and oral testimony at the same time. Likewise, Defendants have no obligation to consolidate their requests under United States or Australian law. TimeBase has no authority to interfere with the issuance of the Letters Rogatory on these grounds.

Moreover, TimeBase's concerns about efficiency are illusory. Defendants have consulted with their counsel in Australia on discovery under the Hague Convention and believe they will be able to complete the process within the timeline established by the Pretrial Scheduling Order in this case. Defendants have a limited number of depositions they may take. They cannot be forced at this early stage of the case to choose which depositions they will take without having received documents or other discovery from TimeBase or reviewed the documents they seek in Australia. Receiving these documents will allow Defendants to determine which witnesses to depose and refine the subject matters of the oral testimony they seek. Efficiency is a reason to issue the Letters Rogatory, not a reason to reject them.

*(2) Scope of the Requests*:

In its September 1, 2009 letter to the Court, TimeBase asserted: "The requests are extremely broad and quite intrusive. They encompass confidential and sensitive information regarding finances, valuations of entire businesses, other products and technical work and the like . . . . The requests should be limited to public documents and documents reasonably related to the issues in this case."

TimeBase's broad assertions are improper and without merit. Under the Hague Convention, substantive analysis of the discovery requests is reserved for the Australian courts. At this stage, Defendants are merely seeking *access* to the Australian courts. Federal law requires only that Defendants seek discovery "by means authorized in the [Hague] Convention." *In re Bayor Products Litigation*, 348 F. Supp. 2d 1058, 1059 (D. Minn. 2004). TimeBase has not objected on these grounds, nor could it, because Defendants have fully complied with this requirement.

Nor could there be any basis for challenging the scope of Defendants' requests even if it were proper to do so in this forum. The Hague Convention does not limit discovery to public documents. And TimeBase's assertions about the requests being "broad and intrusive" lack any specificity. Defendants have in fact narrowly tailored their requests to documents that are important to this case and detailed the relevance of each document in the Letters Rogatory. For example, as stated in the Letters Rogatory, the "financial information" sought is relevant to the damages analysis in this case, specifically the calculation of a reasonable royalty. "Valuations of entire businesses," i.e. TimeBase, are relevant to damages because they reflect the value of TimeBase's assets, which include the patents-in-suit. Documents regarding "other products and technical work" are relevant to Defendants' invalidity defenses because such documents may constitute prior art.

There is no legal basis for delaying the issuance of Defendants' Letters Rogatory any further. Defendants respectfully request that the Court execute the revised Letters Rogatory submitted herewith and permit Defendants to bring their requests before the Australian courts.

Hon. Jeanne J. Graham
September 14, 2009
Page 3

                                                  Best Regards,

                                                  FAEGRE & BENSON LLP

                                                  *Kate S. Razavi*

                                                  Kate S. Razavi

cc:    Michael R. Cunningham
        Joseph N. Hosteny

fb.us.4392391.01