## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD., | **Civil No. 07-1687 (JNE/JJG)** |
| Plaintiff, | |
| vs. | |
| THE THOMSON CORPORATION, WEST PUBLISHING CORPORATION, and WEST SERVICES, INC., | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM TIMEBASE** |
| Defendants. | |

## I. INTRODUCTION

More than sixty days ago, defendants served interrogatories seeking key information about the invention claimed in TimeBase's patents: the dates the invention was conceived and reduced to practice, the identities and contributions of the inventors, and basic information regarding the pertinent art. To date, TimeBase has refused to answer these interrogatories. Instead, TimeBase has responded with baseless objections and indicated that it may answer the interrogatories at some point later in the case. By this motion, defendants ask that the Court order TimeBase to answer all deficient interrogatories immediately.

## II. BACKGROUND TO DISCOVERY DISPUTE

Defendants The Thomson Corporation, West Publishing Corporation, and West Services, Inc. (collectively "defendants") served their first set of interrogatories, totaling five interrogatories, on Plaintiff TimeBase Pty Ltd. ("TimeBase") on July 17, 2009. (Razavi Decl. Ex. 1.) TimeBase served responses to these interrogatories one month later, refusing to

Dockets.Justia.com

answer Interrogatory Nos. 1-3 and providing a substantive answer only to Interrogatory Nos.

4-5.  (Razavi Decl. Ex. 2.)

### III.  ARGUMENT

Defendants ask the Court to compel TimeBase to answer to Interrogatories No. 1, 2,

and 3 at this time.  If TimeBase has no information or contentions on these subjects, it should

state so.  However, TimeBase's current approach of relying on baseless objections and

refusing to answer defendant's interrogatories is improper.

### A.  TimeBase has Refused to Answer Interrogatory No. 1.

Through Interrogatory No. 1, defendants seek information that is relevant to their

invalidity defenses based on anticipation and obviousness under 35 U.S.C. §§102 and 103.

TimeBase's only response to date has been to state five objections, none of which is valid.

---

### INTERROGATORY NO. 1:

State the date of invention of the subject matter claimed by each of the Patents-in-Suit,
including the date the invention was conceived and the date it was reduced to practice.

### TIMEBASE'S REPONSE:

Objections 1 to 10 (with particular reference to objection #9) are adopted by reference.  This
interrogatory calls for a contention relevant to prior art, and is governed by the Pretrial
Scheduling Order.  The claims of the patents are presumed to be valid. 35 U.S.C. 282.  The
Defendants' pleadings assert that "The claims of the '592 patent are invalid for failure to
comply with the patent laws, including without limitation, 35 U.S.C. 102, 103, and/or 112."
(Defendants' Joint Answer and Defenses to Plaintiff's Amended Complaint, June 18, 2007)
and that "The claims of the '228 patent are invalid for the failure to comply with the patent
laws, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112."  (Defendants'
Answer to Plaintiff's Complaint, November 29, 2007).  The Defendants have the burden of
going forward with proof on this issue, and the Defendants bear the ultimate burden of
persuasion by clear and convincing evidence.  At present, however, the Defendants have not
provided any discovery relevant to this subject.  Furthermore, to the extent that this
interrogatory seeks information related to improper inventorship, TimeBase objects to this

---

2

request as outside the scope of discovery as Defendants have not even pled any defense under 35 U.S.C. §116 or §256.

Second, gathering evidence on this subject is a significant burden, because the '592 and '228 patents have a priority date of January 31, 1997, over twelve years ago.

The Pretrial Scheduling Order requires that the Defendants provide their prior art statement by October 23, 2009. TimeBase will respond by December 1, 2009, as required by the Order. TimeBase therefore objects to this interrogatory, and will respond as necessary to the Defendants' prior art statement, and supplement this response as may be required by Rule 26(e).

(Razavi Decl. Ex. 2, 7-8.)

### (1)    *TimeBase may not avoid discovery by improperly relying on the Pretrial Scheduling Order.*

TimeBase contends that Interrogatory No. 1 is a contention interrogatory that "is governed by the Pretrial Scheduling Order." Based on this position, TimeBase has refused to answer this interrogatory until December 1, 2009, the deadline set in the Pretrial Scheduling Order for submitting TimeBase's response to defendants' Prior Art Statement. TimeBase's reliance on the Court's Pretrial Scheduling Order is mistaken. In essence, TimeBase has taken a "you first" approach to discovery, requiring defendants to provide their prior art references before TimeBase will respond to this interrogatory.

Nothing in the Pretrial Scheduling Order suggests that TimeBase may postpone discovery related to dates of invention until after the deadlines for the parties' prior art statements. *See, e.g., Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 2007 WL 2790355 at *4-5 (N.D. Iowa 2007) ( "Nothing in . . . the Court's Scheduling Order prohibits discovery on invalidity issues prior to the submission of the prior art statement.") (citing *Medtronic, Inc. v. Guidant Corp.*, 2003 WL 23864972 (D. Minn. 2003)).

3

Moreover, Interrogatory No. 1 seeks information outside the scope of information to be addressed in TimeBase's response to defendants' Prior Art Statement. This interrogatory seeks the dates on which the claimed inventions were conceived and reduced to practice, but the Pretrial Scheduling Order requires only that TimeBase "serve its own Prior Art Statement, in which it will state in detail its position on what the prior art relied upon by [defendants] shows, if its interpretation differs, and its position on why the prior art does not invalidate the asserted patent claim." (Razavi Decl. Ex. 3.) Although TimeBase may disclose the dates of invention through its Prior Art Statement, it is not expressly required to do so. Accordingly, defendants have properly sought that information through Interrogatory No.1, but TimeBase has refused to provide it.

> (2)     *TimeBase's discovery obligations are unaffected by the ultimate burden of persuasion.*

TimeBase also contends that it need not respond to Interrogatory No. 1 because defendants bear the burden of persuasion on invalidity. However, discovery obligations are not affected by the ultimate burden of persuasion. Indeed, another district court recently rejected this exact argument. In *McKesson Information Systems LLC v. Epic Systems Corp.*, 242 F.R.D. 689, 691-92 (N.D. Ga. 2007), the patentee argued that it was not obligated to respond to an interrogatory regarding conception and reduction to practice until after the accused infringer produced prior art that predated the filing date of the patent. *Id.* The court disagreed:

> McKesson appears to confuse Epic's ultimate burden to establish invalidity with Epic's right to discovery information necessary to discharge that burden. Sure enough, the ultimate burden to establish invalidity at summary judgment or trial remains with Epic . . . but Epic does not have to establish a *prima facie* case of invalidity in order to obtain discovery on the '838 patent's priority date. **Nowhere in the Federal Rules of Civil Procedure is it required that a**

> **party who carries the ultimate burden on an issue at trial must establish a**
> ***prima facie* case before it is entitled to discovery information the other**
> **party may use to rebut the *prima facie* case. Quite the opposite, the rules**
> **contemplate that a party receive this information up front, during**
> **discovery, so that when the time comes to discharge its burden it has the**
> **ammunition to do so.**

*Id.* (emphasis added). Accordingly, the court ordered the patentee to answer the

interrogatory and further sanctioned the patentee for its "lackadaisical approach to its

obligations under Rule 26." *Id; see also Invacare Corp. v. Sunrise Med. Holdings, Inc.*, 2005

WL 1750271, *4 (N.D. Ill. 2003) (finding burden-shifting argument unavailing and ordering

patentee to provide dates of conception and reduction to practice).

The same principle applies here. TimeBase's discovery obligations and the timeline

for complying with those obligations does not depend on the ultimate burden of persuasion at

summary judgment or trial. TimeBase should be required to respond to Interrogatory No. 1

regardless of which side bears the burden on the issue of validity.

> **(3)    *Federal Rule of Civil Procedure 26(c)(1)(H) does not apply to***
> ***TimeBase.***

By its reference to General Objection No. 9, TimeBase contends that it is permitted to

delay disclosure of the dates of conception and reduction to practice pursuant to Federal Rule

of Civil Procedure 26(c)(8). In particular, TimeBase's General Objection No. 9 states:

> TimeBase objects to providing conception information unless the issue is
> actually raised in this case, because collection of such evidence is usually
> time-consuming. See Fed F. Civ. P. 26(b)(i) and (iii). Because of the unique
> risks of error or false testimony noted by the Supreme Court and the CAFC,
> e.g., in *The Barbed Wire Patent*, 143 U.S. 275 (1892), or *Lacks Industries v.*
> *McKechnie Vehicle Components U.S.A.*, 322 F.3d 1335 (Fed. Cir. 2003),
> TimeBase will, if at all, exchange dates of conception and reduction to
> practice, however, as contemplated by a number of cases, that is,
> simultaneously with defendants' alleged prior art or alleged dates of
> conception and reduction to practice. See Rule 26(c)(8), Fed. R. Civ. P. See
> also Wright & Miller, Federal Practice & Procedure: Civil 2044, *Cleo Wrap*

*Corp. v. Eisner Engineering Works, Inc.*, 176 USPQ 266, 267 (M.D. Pa. 1972); *Standard Press Steel Co. v. Astoria Plating Corp.*, 162 USPQ 441, 443-44 (S.D.N.Y. 1916); *Carter Products, Inc. v. Eversharp, Inc.*, 360 F.2d 868, 873 (7th Cir. 1966); *Technitrol, Inc. v. Digital Equipment Corp.*, 62 F.R.D. 91 (N.D. Ill. 1973).

As a preliminary matter, Rule 26(c)(8) no longer exists. Based on the other cases cited in General Objection No. 9, defendants assume that TimeBase intended to refer to Federal Rule of Civil Procedure 26(c)(1)(H), which permits a court to order simultaneous disclosure of sensitive information upon a motion for a protective order. Fed. R. Civ. P. 26(c)(1)(H). However, Rule 26(c)(1)(H) clearly does not apply here because TimeBase has not brought a motion for a protective order. Indeed, a case cited in its objections contradicts TimeBase's position. In *Cleo Wrap Corp. v. Eisner Engineering Works, Inc.*, 176 U.S.P.Q. 266, 267 (M.D. Pa. 1972), the court held that, regardless of whether the circumstances supported simultaneous disclosure, Rule 26 did not apply because "the plaintiff [had] not filed a motion for a protective order . . . in which it allege[d] 'good cause' for requiring the simultaneous exchange of information." *Id.* Accordingly, the court granted the accused infringer's motion to compel and ordered the patentee to answer interrogatories regarding conception and reduction to practice. *Id.* The same rule applies here.

Moreover, TimeBase is not seeking the "simultaneous disclosure" of information that Rule 26(c)(1)(H) contemplates. Rather, TimeBase states that it will disclose the dates of conception and reduction to practice *five weeks after* defendants provide their Prior Art Statement. ("The Pretrial Scheduling Order requires that the defendants provide their prior art statement by October 23, 2009. TimeBase will respond by December 1, 2009, as required by the Order."). Rule 26(c)(1)(H) does not provide for such a "you first" schedule, even upon a proper motion for a protective order.

6

**(4)**     *Interrogatory No. 1 is within the proper scope of discovery in this case.*

TimeBase improperly contends: "[T]o the extent that this interrogatory seeks

information related to improper inventorship, TimeBase objects to this request as outside the

scope of discovery as Defendants have not even pled any defense under 35 U.S.C. §116 or

§256." However, the discovery rules provide that defendants are entitled to seek all

information that "appears reasonably calculated to lead to the discovery of admissible

evidence." *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D.

578, 589 (D. Minn. 1999). "The standard . . . is widely recognized as one that is necessarily

broad in its scope, in order to allow the parties essentially equal access to the operative

facts." *Id.* (citing *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 382 (8th Cir. 1992)).

There is no question that the dates of conception and reduction to practice are relevant

to this case, and certainly "reasonably calculated to lead to the discovery of admissible

evidence." *Id.* As TimeBase acknowledges, defendants have alleged that the '592 and '228

patents are "invalid for the failure to comply with the patent laws, including, without

limitation, 35 U.S.C. §§ 102, 103 and/or 112." To prove invalidity on the basis of

anticipation and obviousness, the dates of conception and reduction to practice are critical

facts. Several other courts have emphasized that interrogatories related to conception and

reduction to practice are "incontrovertibly relevant" to anticipation and obviousness. *See*

*Lamoureux v. Genesis Pharm. Servs., Inc.*, 226 F.R.D. 154, 160 (D. Conn. 2004) ("The dates

in question – when the plaintiffs conceived and reduced to practice the invention claimed

with regard to the [patent-in-suit] – are incontrovertibly relevant to defenses and

counterclaims based on statutes which turn almost exclusively on such dates. Frankly, the

7

court is surprised that the plaintiffs would attempt to assert otherwise."); *McKesson Information Solutions LLC v. Epic Systems Corp.*, 242 F.R.D. 689, 691-92 (N.D. Ga. 2007) (holding that when an accused infringer asserts anticipation and obviousness as a defense, dates of conception and reduction to practice are "unquestionably relevant to a 'claim or defense,' and thus [the patentee] may not refuse to produce it") (emphasis added); *see also Sinco, Inc. v. B & O Mfg., Inc.*, 2005 WL 1432202, at *2 (D. Minn. 2005) (holding that a "court must consider a discovery request relevant unless it is clear that the information sought has no bearing upon the subject matter of the action"). TimeBase's "improper inventorship" argument is a red herring. The information sought by Interrogatory No. 1 is squarely within the proper scope of discovery under Rule 26 because it seeks information directly related to defendants' invalidity defenses.

### (5) *The "significant burden" on TimeBase is baseless.*

Finally, TimeBase contends that responding to Interrogatory No. 1 is "a significant burden, because the '592 and '228 patents have a priority date of January 31, 1997, over twelve years ago." Like TimeBase's other objections, this argument is completely without merit.

First, defendants are not responsible for the significant delay in filing this case. TimeBase waited to file this action until five years and eight months after the '592 patent issued. TimeBase cannot claim to be prejudiced by a time delay that TimeBase itself created. Second, TimeBase has failed to demonstrate, and indeed has no grounds on which to demonstrate, that responding to Interrogatory No. 1 will be unduly burdensome and outweigh the benefits of discovery. *See* Fed. R. Civ. P. 26, 33(b)(4). Interrogatory No. 1 seeks information that is "incontrovertibly relevant" to this case. *See Lamoureux*, 226 F.R.D.

at 160; *McKesson Information Solutions*, 242 F.R.D. at 691-92.  Third, TimeBase is the only

party that has direct access to this information.  Three of the five individuals listed as

inventors on the '592 and '228 patents are represented by TimeBase's counsel, and one of

those individuals is currently employed by TimeBase.  Certainly, since this case has been

pending for more than two years, TimeBase has some knowledge of its own development

story.  The "burden" to disclose this development story is minimal compared the critical

nature of this information.  Accordingly, defendants request that the Court compel TimeBase

to provide whatever information it has on this subject.

**B.      TimeBase has Also Refused to Answer Interrogatory No. 2.**

Similar to Interrogatory No. 1, Interrogatory No. 2 seeks information that is also

related to defendants' invalidity defenses.   Once again, TimeBase has provided no

substantive response, instead relying on four improper objections.

---

**INTERROGATORY NO. 2**:

For each person who assisted, contributed to, or otherwise was involved in the conception
and/or reduction to practice of the subject matter claimed by each of the Patents-in-Suit,
identify each such person and describe fully and in complete detail the nature and extent of
each such person's involvement in the conception and/or reduction to practice of the subject
matter claimed by each of the Patents-in-Suit, including the claims to which each such
person contributed.

**TIMEBASE'S REPONSE**:

Objections 1 to 10 are adopted by reference.  This interrogatory calls for a contention
regarding conception, reduction to practice, and inventorship, and therefore is governed by
the Pretrial Scheduling Order.  The claims of the patents are presumed to be valid.  35 U.S.C.
282.  The Defendants' pleadings assert that "The claims of the '592 patent are invalid for
failure to comply with the patent laws, including without limitation, 35 U.S.C. 102, 103,
and/or 112."  (Defendants' Joint Answer and Defenses to Plaintiff's Amended Complaint,
June 18, 2007) and that "The claims of the '228 patent are invalid for the failure to comply
with the patent laws, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112."

---

(Defendants' Answer to Plaintiff's Complaint, November 29, 2007). The Defendants have the burden of going forward with proof on this issue, and the Defendants bear the ultimate burden of persuasion by clear and convincing evidence. At present, however, the Defendants have not provided any discovery relevant to this subject.

Second, gathering evidence on this subject is a significant burden, because the '592 and '228 patents have a priority date of January 31, 1997, over twelve years ago.

The Pretrial Scheduling Order requires that the Defendants provide their prior art statement by October 23, 2009. TimeBase will respond by December 1, 2009, as required by the Order. TimeBase therefore objects to this interrogatory, and will respond as necessary to the Defendants' prior art statement, and supplement this response as may be required by Rule 26(e).

Without waiving these objections, TimeBase will produce documents pursuant to Rule 33(c) concerning the persons involved.

(Razavi Decl. Ex. 2, 8-9.)

### (1)   *The identity and contributions of inventors are facts, not "contentions."*

TimeBase contends that Interrogatory No. 2 "calls for a contention regarding conception, reduction to practice, and inventorship, and therefore is governed by the Pretrial Scheduling Order." TimeBase is wrong again.

Through this interrogatory, defendants are seeking factual information, not legal contentions or conclusions. The identity of a person is a fact. The nature of their involvement in conception and reduction to practice is a fact. Indeed, the information sought by Interrogatory No. 2 is historical information—the conception and reduction to practice have already occurred, and the details of those events will not change based on TimeBase's opinion or future events in this litigation. TimeBase has no basis to withhold such factual information and should disclose it now. This Court has clearly instructed so on at least two prior occasions. *See Medtronic, Inc. v. Guidant Corp.*, 2003 WL 23864972 at *3-5 (D.

Minn. 2003) (holding that interrogatory that sought identity of persons involved in conception and reduction to practice was "distinguishable" from contention interrogatories because it was merely "asking for facts and evidence"); *see also In re Grand Casinos, Inc.*, 181 F.R.D. 615, 618-19 (D. Minn. 1998) (holding that the identities of witnesses are facts, not contentions, and "are plainly discoverable even if raised in the preliminary stages of discovery"; collecting cases and ordering party to answer interrogatory).

**(2)**     ***Discovery obligations are unaffected by the ultimate burden of persuasion.***

TimeBase repeats its "burden of persuasion" argument, contending that TimeBase need not provide information on issues where it does not bear the ultimate burden of production or persuasion. As with TimeBase's objection to Interrogatory No. 1, this argument is incorrect as a matter of law. *See McKesson Information Systems LLC v. Epic Systems Corp.*, 242 F.R.D. 689, 691-92 (N.D. Ga. 2007).

**(3)**     ***The "significant burden" on TimeBase is baseless.***

TimeBase also repeats its argument that responding to Interrogatory No. 2 is a "significant burden." The information sought by Interrogatory No. 2 is incontrovertibly relevant to this case and only TimeBase has access to that information.

**(4)**     ***TimeBase's reference to Rule 33 is not sufficient.***

Finally, TimeBase contends that it "will produce documents pursuant to Rule 33(c) [sic] concerning the persons involved." Defendants assume that TimeBase intended to refer to Federal Rule of Civil Procedure 33(d), as Rule 33(c) does not appear relevant in this context. Nonetheless, TimeBase's reliance on Rule 33 is improper because TimeBase has failed to "specify the records from which the answer may be derived or ascertained." Fed. R. Civ. P. 33(d); *see also, e.g. Ropak Corp v. Plastican, Inc.*, 2006 WL 1005406 (N.D. Ill.

11

2006) ("Rule 33(d) requires that if a party is relying upon a document in response to the interrogatory, the documents referred to be clearly identified . . . . Because Plastican's answers fail to identify the responsive documents its response is inadequate.").

Moreover, despite its claimed reliance on Rule 33(d), TimeBase has taken the position in responding to Thomson's document requests that it would not produce documents related to "conception information." (Razavi Decl. Ex. 5, General Objection No. 9.) The index of documents TimeBase provided outlining the documents it has produced in this case confirms that no such conception documents have been produced. (Razavi Decl. Ex. 4.) Because TimeBase has no legitimate reasons for refusing to respond to Interrogatory No. 2, and because TimeBase has provided no substantive response to this request either in writing or through document production, defendants request that the Court order TimeBase to substantively answer this interrogatory immediately.

## C.   TimeBase has Provided No Answer to Interrogatory No. 3.

Interrogatory No. 3 seeks information that is relevant to defendants' obviousness defense under 35 U.S.C. § 103. Without providing any substantive response, TimeBase reasserts two objections raised in response to earlier interrogatories. Once again, both objections are improper.

**INTERROGATORY NO. 3:**

For purposes of assessing obviousness under 35 U.S.C. § 103, describe fully and in complete detail what TimeBase contends to be the pertinent art of the subject matter claimed by the Patents-in-Suit and the level of ordinary skill in the art at that time the invention of the [sic] was made, including the level of education and/or experience necessary to qualify as a hypothetical person of ordinary skill in the pertinent art.

---

**TIMEBASE'S REPONSE**:

Objections 1 to 10 are adopted by reference. Without waiving those objections, TimeBase responds.

This is a contention interrogatory, and is governed by the Pretrial Scheduling Order. The claims of the patents are presumed to be valid. 35 U.S.C. § 282. The Defendants' pleadings assert that "The claims of the '592 patent are invalid for failure to comply with the patent laws, including without limitation, 35 U.S.C. 102, 103, and/or 112." (Defendants' Joint Answer and Defenses to Plaintiff's Amended Complaint, June 18, 2007) and that "The claims of the '228 patent are invalid for the failure to comply with the patent laws, including, without limitation, 35 U.S.C. §§ 102, 103 and/or 112." (Defendants' Answer to Plaintiff's Complaint, November 29, 2007). The Defendants have the burden of going forward with proof on this issue, and the Defendants bear the ultimate burden of persuasion by clear and convincing evidence. At present, however, the Defendants have not provided any discovery relevant to this subject.

The Pretrial Scheduling Order requires that the Defendants provide their prior art statement by October 23, 2009. TimeBase will respond by December 1, 2009, as required by the Order. TimeBase therefore objects to this interrogatory, and will respond as necessary to the Defendants' prior art statement.

(Razavi Decl. Ex. 2, 9-10.)

---

### (1) *TimeBase cannot withhold information within its possession, custody, and control.*

TimeBase refuses to answer Interrogatory No. 3 because TimeBase believes it is a

contention interrogatory and "governed by the Pretrial Scheduling Order." Once again,

TimeBase is wrong. This interrogatory is not governed by the Pretrial Scheduling Order, nor

may TimeBase use the Pretrial Scheduling Order as an excuse to withhold discoverable

information. *See Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 2007 WL

2790355 at *4-5 (N.D. Iowa 2007) (citing *Medtronic, Inc. v. Guidant Corp.*, 2003 WL

23864972 (D. Minn. 2003)). Interrogatory No. 3 seeks the identification of "the pertinent art

of the subject matter claimed by the Patents-in-Suit and the level of ordinary skill in the art,"

13

while the Pretrial Scheduling Order only governs the disclosure of prior art references.
Clearly, defendants are seeking information different than—and more specific than—
information required under the Pretrial Scheduling Order. Defendants are entitled to this
information now and TimeBase has no legitimate reason to withhold it until TimeBase
responds to defendant's Prior Art Statement.

**(2)** *TimeBase's discovery obligations are unaffected by the ultimate burden of persuasion.*

In responding to Interrogatory No. 3, TimeBase repeats its "burden of persuasion"
argument, contending that TimeBase need not provide discovery on issues where it does not
bear the ultimate burden of production or persuasion. As with Interrogatories No. 1 and 2,
this argument is incorrect as a matter of law and should be rejected. *See McKesson
Information Systems LLC v. Epic Systems Corp.*, 242 F.R.D. 689, 691-92 (N.D. Ga. 2007).

## V. CONCLUSION

For the foregoing reasons, defendants ask the Court to grant their motion to compel
and order TimeBase to answer the defendants' Interrogatories Nos. 1-3 without further delay.

14

Dated: October 6, 2009

**FAEGRE & BENSON LLP**

By:

*/s/ Katherine S. Razavi*

David J.F. Gross #208772
Calvin L. Litsey #153746
Theodore M. Budd #314778
Mary V. Sooter (*pro hac vice*)
Kevin P. Wagner #034008X
Katherine S. Razavi #388958
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone:  (612) 766-7000
Fax:  (612) 766-1600
Email: dgross@faegre.com
Email: clitsey@faegre.com
Email: tbudd@faegre.com
Email: kwagner@faegre.com
Email: krazavi@faegre.com

**Attorneys for Defendants The Thomson
Corporation, West Publishing
Corporation, and West Services, Inc.**

fb.us.4479220.08