# EXHIBIT 3

Dockets.Justia.com

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TIMEBASE PTY LTD,

               Plaintiff,

v.

THE THOMSON CORPORATION,
WEST PUBLISHING CORPORATION,
and WEST SERVICES, INC.,

               Defendants.

CIVIL NO. 07-1687 (JNE/JJG)

**PRETRIAL SCHEDULING ORDER
(PATENT CASES)**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

### DISCOVERY AND PLEADING OF ADDITIONAL CLAIMS AND DEFENSES

Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in the motion seeking leave.

Leave shall be liberally given where <u>prima facie</u> support is present, provided that the

party seeks leave as soon as reasonably possible following the opposing party providing

the necessary discovery.

## FACT DISCOVERY

1.   All pre-discovery disclosures required by Rule 26(a)(1) have been completed.

2.   Fact discovery shall be <u>commenced in time to be completed on or before</u> **May 1, 2010**.

3.   No more than a total of **twenty-five (25) interrogatories**, counted in accordance with Rule 33(a), shall be served by each side.  No more than **one hundred (100) document requests** and no more than **fifty (50) requests for admissions** shall be served by each side.

4.   No more than **fifteen (15) depositions**, including a 30(b)(6) deposition as one, but excluding expert witness depositions, shall be taken by either side.

## EXPERT DISCOVERY

1.   Each side may call up to **five (5)** experts in the fields of infringement, damages, validity, and patent prosecution.

2.   On or before **May 1, 2010**, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

3.   On or before **May 31, 2010**, the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports").  The Initial Expert Reports from each party shall deal with the issues on which that party has the burden of persuasion.

4.   On or before **July 7, 2010**, Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

5.   Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the

opinion, is subject to discovery by the opposing party.

6.   The parties shall agree that:  (A) drafts of expert reports will **not** be retained and produced; and (B) inquiry is permitted into whom, if anyone, other than the expert participated in the drafting of his/her report.  The Court will not entertain motions on these two issues.  In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

7.   All expert discovery shall be completed by **August 18, 2010.**

## DISCOVERY RELATING TO CLAIM CONSTRUCTION HEARING

1.   Any party alleging infringement shall serve its Claim Chart to the party defending against infringement by **September 8, 2009.**  The title of the Claim Chart shall identify the party serving it.

This Claim Chart shall identify:  (1) which claim(s) of its patent(s) it alleges are being infringed; (2) which specific products or methods of defendant's it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present.  If there is a contention that there is infringement of any claims under the doctrine of equivalents, the party alleging infringement shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, that party shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

2.   Any party defending against infringement shall serve its Responsive Claim Chart to the party alleging infringement by **October 16, 2009.**  The title of the Responsive Claim Chart shall identify the party serving it.

The Responsive Claim Chart shall indicate with specificity the elements, on the Claim Chart of the party alleging infringement, which it admits are present in its accused device or process, and which it contends are absent. In the latter regard, the party defending against infringement will set forth in detail the basis for its contention that the element is absent.  As to the doctrine of equivalents, the party defending against infringement shall indicate on its chart its contentions concerning any differences in function, way, and result, and why any differences are substantial.

3.    On or before **November 6, 2009**, the parties shall simultaneously exchange a list of claim terms, phrases, or clauses that each party contends should be construed by the Court. On or before **November 25, 2009**, the parties shall meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

4.    Following the parties' meet and confer described above, and no later than **December 9, 2009**, the parties shall notify the Court as to whether they request that the Court schedule a Claim Construction hearing to determine claim interpretation. If any party believes there is no reason for a Claim Construction hearing, the party shall provide the reason to the Court.

At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

a.    The construction of those claim terms, phrases, or clauses on which the parties agree;

b.    Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as

permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

    c.    Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

5.    If the Court schedules a Claim Construction hearing, prior to the date of the Claim Construction hearing, the Court shall issue an Order discussing:

    a.    Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive;

    b.    Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants; and

    c.    A briefing schedule.

## DISCOVERY RELATING TO VALIDITY/PRIOR ART

1.    On or before **October 23, 2009**, the party defending against infringement shall serve to the opposing party a Prior Art Statement listing of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the party alleging infringement.

2.    On or before **December 1, 2009**, the party alleging infringement shall serve its own Prior Art Statement, in which it will state in detail its position on what the prior art relied upon by the opposing party shows, if its interpretation differs, and its position on why the prior art does not invalidate the asserted patent claims.

3.    The Prior Art Statements can be, but need not be, in the form of expert reports.

4.    A party can add prior art to its original Statement only by leave of the Court.

## OTHER DISCOVERY ISSUES

A party may postpone the waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until **March 1, 2010**, provided that all relevant privileged documents are produced no later than **March 15, 2010**. All additional discovery regarding the waiver will take place after **March 15, 2010** and shall be completed by **May 1, 2010**.

## DISCOVERY DEFINITIONS

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale") and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

## NON-DISPOSITIVE MOTIONS

All non-dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, **and in the form prescribed by Local Rule 37.2.** The "Meet and Confer" requirement should include attempts to do so through personal contact, rather than solely through correspondence. All non-dispositive motions shall be scheduled for hearing by calling Judith Kirby, Judicial Assistant to Magistrate Judge Graham, at (651) 848-1890, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion.

1.   All motions that seek to amend the pleadings or add parties must be served by **December 1, 2009**.

2.   All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed on or before **May 15, 2010**. If the parties retain expert witnesses, all non-dispositive motions relating to the expert discovery shall be served and filed on or before **August 18, 2010**.

3.   All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

## INFORMAL DISPUTE RESOLUTION (IDR)

Prior to scheduling any non-dispositive motion, parties should consider whether the motion can be informally resolved through Informal Dispute Resolution (IDR). There is no transcript or other recording of IDR proceedings. Therefore, all parties should be in agreement to participate in IDR and the Court will first determine whether the matter may be handled informally. The "moving party" shall electronically file a letter representing that the parties wish to engage in IDR and setting forth the well-defined issue to be resolved. If it is determined that IDR may be used, the parties will be contacted by the Court to schedule a telephone conference and allow for position letters to be filed by each party.

For leave to proceed in a manner other than that outlined above, the requesting party shall electronically file a letter setting forth the specific request.

## DISPOSITIVE MOTIONS

All dispositive motions shall be filed, served and scheduled in compliance with the Electronic Case Filing Procedures for the District of Minnesota and Local Rule 7.1. Dispositive motions shall be scheduled for a hearing by calling **Sheri Frette**, Calendar

Clerk for the Honorable Joan N. Ericksen at **(612) 664-5890**.  Counsel are reminded that they must anticipate the time required for obtaining hearing dates.  All dispositive motions shall be filed and served on or before **October 15, 2010**.

**<u>TRIAL</u>**

     This case shall be ready for a **jury** trial on **February 15, 2011**.  The anticipated length of trial is **ten (10)** days.


Dated:  July 15, 2009                 *s/ Jeanne J. Graham*
                                      JEANNE J. GRAHAM
                                      United States Magistrate Judge

# EXHIBIT 4

# Niro, Scavone, Haller & Niro

181 West Madison Street – Suit 4600
Chicago, IL 60526
Telephone: 312-236-0733
Facsimile:  312-236-3137

# Facsimile Transmittal

|  |  |  |  |
|---|---|---|---|
| | Calvin L. Litsey | | |
| | Terry Beyl | | |
| | David J.F. Gross | | |
| | Mary V. Sooter | | |
| | Kevin P. Wagner | | |
| | Ted Budd | | |
| | Mindy Sooter | | |
| To: | Faegre & Benson LLP | Fax: | 612-766-1600 |
| | Michael R. Cunningham | Fax: | 612-632-4444 |
| From: | Joseph N. Hosteny | Date: | August 19, 2009 |
| RE: | Intrace v. Thomson | Pages: | 5  (including this transmittal page) |

☐ Urgent    ☒ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

If you did not receive all of the pages, please call 312-236-0733 and ask for Sue Burke.

Notes:

## CONFIDENTIAL
THE FOLLOWING INFORMATION BEING TRANSMITTED IS CONFIDENTIAL AND MAY BE
PROTECTED UNDER THE ATTORNEY-CLIENT PRIVILEGE – TO BE DISTRIBUTED TO THE
ADDRESSEE ONLY.  IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT THIS INFORMATION MAY NOT BE DISCLOSED, COPIED, DISTRIBUTED.  IF
YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE PHONE THE ABOVE AND WE WILL
ARRANGE FOR THE RETURN OF THE DOCUMENT.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

TIMEBASE PTY LTD.,                         )
                                           )   File No. 07-CV-1687 (JNE/JJG)
                        Plaintiff,         )
        vs.                                )
                                           )
THE THOMSON CORPORATION, WEST              )   **TIMEBASE'S STATEMENT OF**
PUBLISHING CORPORATION, AND WEST           )   **PRODUCTION OF DOCUMENTS**
SERVICES, INC.                             )   **PURSUANT TO FED.R.CIV.P. 34**
                                           )
                        Defendants.        )

Pursuant to Rule 34(a)(1) and (E), TimeBase makes the following documents available for inspection and copying by the requesting parties. As stated to the Court, TimeBase is producing its documents in the United States, rather than Australia, to the maximum extent possible.

The documents are available for review at the office of TimeBase's counsel, Niro, Scavone, Haller & Niro on the dates indicated, and presuming that Thomson will provide at least three days' prior notice so that a conference room and computer can be arranged, and because some of the documents must be scanned for privilege.

To the extent possible, TimeBase has identified the document request to which the documents may relate. Because the requests are numerous, and subject to varying interpretations, TimeBase cannot say that this identification is complete.

1

08/19/09   15:56 FAX                    NIRO SCAVONE HALLER NIRO                    ☒003/005

The documents presently available are:

| Category Number | Documents Requested/Included | Classification | Available for Reproduction on |
|---|---|---|---|
| 1 | '228 Patent and Prosecution History (Requests 2, 3, 4, 6, 7, 17, 20, 21, 22, 25, 26) | Not Confidential. | Thursday, August 26, presuming notice. |
| 2 | '592 Patent and Prosecution History (Requests 2, 3, 4, 6, 7, 17, 20, 21, 22, 25, 26) | Not Confidential. | Thursday, August 26, presuming notice. |
| 3 | Assignment Documents (Requests 2, 3, 4, 6, 7, 22) | Not Confidential. | Thursday, August 26, presuming notice. |
| 4 | *Communications to and from Bloomberg (Requests 16, 30)* | Confidential. | Thursday, August 26, presuming notice. |
| 5 | Communications to and from Complinet (emails, letters, and claim charts) (Requests 16, 23, 30, 34) | Confidential. | Thursday, August 26, presuming notice. |
| 6 | Communications to and from LexisNexis (emails, marketing materials, miscellaneous documents and claim charts) (Requests 16, 23, 30) | Confidential. | Thursday, August 26, presuming notice. |
| 7 | *Communications to and from Sweet & Maxwell (emails and miscellaneous documents) (Requests 16, 30)* | Confidential. | Thursday, August 26, presuming notice. |
| 8 | Communications to and from Thomson (emails and *correspondence*) (Requests 16, 30) | Confidential. | Thursday, August 26, presuming notice. |

| Category Number | Description of Document | Classification | Available for Inspection |
|---|---|---|---|
| 9 | Communications to and from The Stationery Office (TSO) (emails and correspondence) (Requests 16, 30) | Confidential. | Thursday, August 26, presuming notice. |
| 10 | Communications to and from Wolters Kluwer (emails and miscellaneous) (Request 16) | Confidential. | Thursday, August 26, presuming notice. |
| 11 | TimeBase 2001 Meeting Reports (Request 12) | Confidential. | Thursday, August 26, presuming notice. |

Additional documents will be made available as they are prepared for production.

Documents selected for copying will be numbered, marked if required under the protective order, and provided in electronic form as tiff files with load files wherever possible.

Respectfully submitted,

/s/ Joseph N. Hosteny
Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733

Michael R. Cunningham
Gray, Plant & Mooty
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: 612/632-3000
Fax: 612/632-4444
michael.cunningham@gpmlaw.com

Attorneys for TimeBase Pty Ltd.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that **TIMEBASE'S STATEMENT OF PRODUCTION**

**OF DOCUMENTS PURSUANT TO FED.R.CIV.P. 34** was served on August 19, 2009 upon

Thomson's counsel, listed below, by email and facsimile on:

> Mindy Sooter; MSooter@faegre.com
> Terry Beyl; TBeyl@faegre.com
> Katherine S. Razavi; krazavi@faegre.com
> Kevin P. Wagner; KWagner@faegre.com
> David Gross; DGross@faegre.com
> Calvin L. Litsey; CLitsey@faegre.com
> Theodore M. Budd; TBudd@faegre.com
> Faegre & Benson LLP
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, Minnesota 55402
> Phone: 612-766-7000
> Fax: 612-766-1600

> /s/ Joseph N. Hosteny

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| TIMEBASE PTY LTD., | ) | |
| | ) | Civil Action Nos.    07-cv-1687 (JNE/JJG) |
| Plaintiff, | ) | and                          07-cv-04551 |
| vs. | ) | |
| | ) | Honorable Joan N. Ericksen |
| THE THOMSON CORPORATION, | ) | Magistrate Judge Jeanne J. Graham |
| WEST PUBLISHING CORPORATION, | ) | |
| AND WEST SERVICES, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**TIMEBASE'S RESPONSES TO DEFENDANTS' FIRST SET
OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-49)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, TimeBase hereby responds

to Defendants' First Set of Requests for Production of documents (Nos. 1-49):

### DEFENDANTS' INSTRUCTIONS AND DEFINITIONS

A.     As used herein, the terms "TimeBase" or "you" shall mean and include plaintiff
TimeBase Pty Ltd. and all predecessors (merged, acquired, or otherwise), subsidiaries, parents,
joint ventures, and affiliates thereof, and all current and former directors, officers, agents,
employees, attorneys and other persons acting on its behalf.

B.     As used herein, the phrase "the '592 Patent" means U.S. Patent No. 6,233,592, the
phrase "the '228 Patent" means U.S. Patent No. 7,293,228, and "Patents-in-Suit" means U.S.
Patent No. 6,233,592 and U.S. Patent No. 7,293,228.

C.     As used herein, the phrase "Related Patents" means any United States or foreign
counterpart or counterparts to the Patents-in-Suit, including, without limitation, EP any patent or
patent applications (including applications now abandoned) deriving from or relying on the
priority date of AU 04892.

D.     As used herein, the phrases "accused product" or "accused products" mean the
products or services that plaintiff accuses of infringement in this action.

E.     As used herein, the term "commercial embodiment" means any product invented,
reduced to practice, developed, sold, offered for sale and/or distributed by or for plaintiff or on
its behalf that plaintiff contends is covered by one or more claims of the Patents-in-Suit or any
Related Patents.

F.     As used herein, the term "Prosecutor(s)" means any person who acted as the
attorney or agent for any of the named inventors and/or plaintiff, or at their or its direction, in

connection with the prosecution of the Patents-in-Suit or any Related Patents and any individual associated with the filing or prosecution of the application for the Patents in-Suit, as defined by 37 C.F.R. § 1.56.

G.     As used herein, "communication(s)" shall mean any transmission of information by one or more persons and/or between two or more persons by any means, including, without limitation, telephone conversations; letters; telegrams; teletypes; telexes; telecopies; electronic mail; electronic documents; instant messages; text messages; other computer linkups; written memoranda; presentations; and face-to-face conversations.

H.     As used herein, "document" has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure, and includes any written or graphic matter or any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be recorded, which is or has been in the possession, control, or custody of plaintiff, or of which plaintiff has knowledge, including the original and any non-identical copy (whether different from the original because of notes made on said copy or otherwise) of any advertising literature; agreement; bank: record or statement; blueprint; book; white paper; presentation; blog; website; journal; article; book of account; booklet; brochure; calendar; chart; check; circular; coding form communication (intra- or inter--company); computer printout; computer-readable form; contract; copy; correspondence; data base; diary; schedule; agenda; personal calendar (electronic or otherwise); display; draft of any document; drawing; electronic mail or "e-mail"; film; film transparency; flyer; forecast; graph; index; instruction; instruction manual or sheet; invoice; job requisition; letter; license; magnetic media of all kinds (including disks, tapes, or other media) containing computer software with supporting indices, data, documentation, flow charts, comments, object code, source code, and computer programs relating thereto; manual; map; memoranda; minute; newspaper or other clipping; note; notebook; opinion; pamphlet; paper; periodical or other publication; photograph; price list; print; printed circuit board; promotional literature; receipt; record; recorded Read-Only-Memory (ROM); recording; report; solicitation; statement; statistical compilation; stenographic notes; study; summary (including any memoranda, minutes, notes, records, or summary of any (a) telephone, intercom, or voicemail conversation or message, (b) personal conversation or interview, or (c) meeting or conference); telegram; telephone log; travel or expense records; video recording; video tape; voice recording; voucher; worksheet or working paper; writing or other handwritten, printed, reproduced, recorded, typewritten, or otherwise produced graphic material from which the information required may be obtained, or any other documentary material of any nature.

I.     As used herein, "referring" and/or "relating" to any given subject shall mean, without limitation, identifying, describing, discussing, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, pertaining to or concerning, in any way, the particular subject matter identified.

J.     Should you claim that any information requested in a discovery request is subject to a claim of privilege or claim of work product, state the nature of the claim being made, describe the grounds on which the claim rests, identify who is making the claim, and provide all information required by Fed. R. Civ. P. 26(b)(5).

K.     These discovery requests are continuing and require timely supplementation as provided in Fed. R. Civ. P. 26(e).

L.     These document requests shall be deemed to include any and all responsive documents within the possession, custody or control of plaintiff, including documents located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys and accountants of plaintiff, and also including electronic files and information stored off-site by a third-party, such as an internet service provider or email provider, or by any third-party for purposes of storage, archival, or disaster recovery.

M.     If, after conducting a reasonable investigation, a full response cannot be provided for any request for the production of documents and things, stat e that such is the case and respond to the fullest extent possible, stating what responsive documents or information are available, what documents or information cannot be provided, why the documents or information are unavailable, and what efforts were made to obtain the unavailable documents or information.

N.     Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the originals.

O.     If any document responsive to these document requests has been destroyed, describe the contents of such document, the location of any copies of such document, the date of such destruction and the name of the person who ordered or authorized such destruction.

P.     As used herein, "named inventors" means the named inventors of the Patents-in-Suit, i.e., Abha Lessing, Christoph Schnelle, Paul William Leslie, Geoffrey John Nolan, and Peter Mariani.

Q.     As used herein, "this lawsuit" shall mean Civil No. 07-4551 (JNE/JJG), Civil No. 07-CV-1687 (JNE/JJG), and the consolidated case.

### TimeBase's Objections to Definitions, Instructions, and All Requests

1.     Rule 34 does not require that documents be transported for production to the office of defendants' counsel. That is an extreme burden, particularly where the requests are numerous and broad, as is the case here. Responsive documents and things will initially be produced as required by Rule 34. Please contact TimeBase's counsel to make arrangements.

2.     TimeBase objects to any document request that calls for documents or information subject to the attorney-client privilege and/or the doctrine of work-product immunity. Such documents will not be produced. Any documents or information withheld

3

from production on either basis will be identified in a withheld document list prepared pursuant to Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure that will be exchanged with Thomson when Thomson is prepared to exchange its list of withheld documents.

3.    TimeBase objects to producing documents not in its possession, custody or control. TimeBase will observe the requirements of the Federal Rules of Civil Procedure.

4.    TimeBase objects to Thomson's document requests to the extent they are not reasonably calculated to lead to discovery of admissible evidence and are, therefore, overly broad and unduly burdensome. TimeBase objects to any and all document requests to the extent that they are repetitive, overlapping or duplicative. Requests calling for "all documents" are burdensome; see, for example, requests 4, 18, 20, 22, 23 and 42. These requests do not identify documents "with reasonable particularity" as required by Rule 34(B)(1)(A). TimeBase will use its judgment in accordance with Rule 34.

5.    Where a discovery request includes words and concepts indicative of a legal conclusion, such as "prior art," "sale," "scope of any claim" and so on, by stating that it will produce documents its possession or identify documents, TimeBase does not represent that such legal conclusions apply.

6.    TimeBase objects to Thomson's definitions and instructions. They are too complicated, are repetitive, contradict ordinary English, and are inconsistent with the Federal Rules of Civil Procedure. TimeBase will respond to Thomson's document requests using normal English and as required by the Federal Rules of Civil Procedure.

7.    Discovery responses will be supplemented only as required by Rule 26(e) Fed. R. Civ. P. unless the parties agree otherwise.

8.    By responding to these requests, TimeBase does not represent that documents necessarily exist, only that a search pursuant to Rule 34 will be made.

4

9.      TimeBase objects to providing conception information unless the issue is

actually raised in the case, because collection of such evidence is usually time-consuming. See

Fed. R. Civ. P. 26(b)(i) and (iii). Because of the unique risks of error or false testimony noted

by the Supreme Court and the CAFC, e.g., in *The Barbed Wire Patent*, 143 U.S. 275 (1892), or

*Lacks Industries v. McKechnie Vehicle Components U.S.A.*, 322 F.3d 1335 (Fed. Cir. 2003),

TimeBase will, if at all, exchange dates of conception and reduction to practice, however, as

contemplated by a number of cases, that is, simultaneously with defendants' alleged prior art or

alleged dates of conception and reduction to practice. See Rule 26(c)(8), Fed. R. Civ. P. See

also Wright & Miller, Federal Practice and Procedure: Civil ' 2044; *Cleo Wrap Corp. v. Eisner*

*Engineering Works, Inc.*, 176 USPQ 266, 267 (M.D. Pa. 1972); *Standard Pressed Steel Co. v.*

*Astoria Plating Corp.*, 162 USPQ 441, 443-44 (N.D. Oh. 1969); *A.B. Dick Co. v. Underwood*

*Typewriter Co.*, 235 F. 300, 304-05 (S.D.N.Y. 1916); *Carter Products, Inc. v. Eversharp, Inc.*,

360 F.2d 868, 873 (7th Cir. 1966); *Technitrol, Inc. v. Digital Equipment Corp.*, 62 F.R.D. 91

(N.D. Ill. 1973).

10.      Discovery may be impacted because Thomson has not accepted the stipulation

regarding electronic discovery.

### DEFENDANTS' REQUESTS FOR
### PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST FOR PRODUCTION NO. 1.

All documents and things identified, or that were requested to be identified, in response
to any of the defendants' interrogatories served in this lawsuit, or that refer or relate to plaintiff's
responses to any of the defendants' interrogatories served in this lawsuit.

**Response:**      See Objections 1 to 10, which are adopted by reference. Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

5

located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 2.

All documents and things that plaintiff intends to offer into evidence at any trial, motion, or hearing in this action.

**Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 3.

All documents referring or relating to the Patents-in-Suit or any of the Related Patents.

**Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 4.

All documents referring or relating to any patents or patent applications that plaintiff has an ownership interest in, including those issued, expired, abandoned, or pending, anywhere in the world.

**Response:**    See Objections 1 to 10, which are adopted by reference. Furthermore, this request is too broad because it (1) calls for all patents and applications, without regard to whether they are related to this case, (2) calls for expired patents, and (3) calls for "all documents referring or relating to" and is thus not reasonably particular. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a

6

search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 5.

Documents containing information, including organizational charts, by-laws, mission statements, and corporate descriptions, sufficient to show the structure, function, organization, employees, management, and ownership of plaintiff from January 1, 1995 to the present.

**Response:**  See Objections 1 to 10, which are adopted by reference.  TimeBase objects to producing documents from thirteen years ago on this subject due to the burden and lack of relevance. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 6.

All documents that constitute prior art to the Patents-in-Suit under 35 U.S.C. §§ 102 and/or 103 (whether or not cumulative).

**Response:**  See Objections 1 to 10, which are adopted by reference.  Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 7.

All documents constituting or referring to or relating to the results of any search for prior art to the Patents-in-Suit.

**Response:**  See Objections 1 to 10, which are adopted by reference.  Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 8.

All documents referring or relating to the date of invention of the subject matter claimed by the each of the Patents-in-Suit, including each document that refers or relates to the date the invention was conceived and/or the date it was reduced to practice for each of the Patents-in-Suit.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 9.

All documents referring or relating to the conception and/or reduction to practice of the subject matter claimed by each of the Patents-in-Suit, including, without limitation, all research and development documents of the named inventors for each of the Patents-in-Suit.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 10.

All documents constituting, referring to, or relating to any communications from or to any of the named inventors for each of the Patents-in-Suit relating to the conception and/or reduction to practice of the subject matter claimed by the Patents-in-Suit.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 11.

All documents considered, used or relied on by the named inventors for each of the Patents-in-Suit in connection with the conception and/or reduction to practice of the subject matter claimed by the Patents-in-Suit.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 12.

Documents containing information sufficient to identify each seminar or presentation that any of the named inventors attended that related to the subject of the Patents-in-Suit, or fields of electronic publishing or database management.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 13.

All contracts or agreements between plaintiff and any named inventor, including, without limitation, any employment agreements, confidentiality agreements, assignments, licenses, and independent contractor agreements.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 14.

All articles, publications, presentations or papers authored or co-authored by any of the named inventors that relate to the subject of the Patents-in-Suit, or the fields of electronic publishing or database management.

**Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the

exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 15.

All documents relating to any research and development by plaintiff in the fields of the
electronic storage of text-based data and related attributes; markup languages; version control of
electronic information; electronically publishing, searching, storing, displaying, and/or viewing
legal information; and electronically publishing, searching, storing, displaying, and/or viewing
versioned or time-sensitive information.

**Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the

exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 16.

All documents constituting or referring or relating to any communications between
plaintiff and any other person or entity, or any of plaintiff's internal communications, concerning
the Patents-in-Suit, any Related Patents and/or this lawsuit.

**Response:**    See Objections 1 to 10, which are adopted by reference. TimeBase will

not produce ongoing communications concerning settlement with third parties. Those

communications are subject to Fed.R.Evid. 408. See for example, the opinion in *Black & Decker*

*v. Bosch Tools*, Case No. 4 C, 7955 in the United States District Court for the Northern District

of Illinois, dated October 24, 2005, and the cases cited at pages 3 to 5 of that opinion. A copy of

the opinion is Exhibit A to these responses. Without waiving these objections, and to the best of

TimeBase's knowledge, all remaining reasonably responsive documents located after a search

pursuant to Rule 34 will be made available for inspection with the exception of documents

protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 17.

Documents containing information sufficient to identify each Prosecutor (as defined in the definitions above) and each other person involved in prosecuting the Patents-in-Suit or any Related Patents.

**Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 18.

All documents referring or relating to, or which discuss, the Royal Melbourne Institute of Technology (RMIT), or RMIT's work related to the subject matter of the Patents in-Suit or the Related Patents or the fields of electronic publishing or database management.

**Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 19.

All documents constituting or referring or relating to any communications between plaintiff or the named inventors and the Royal Melbourne Institute of Technology (RMIT).

**Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 20.

All documents constituting or referring or relating to any communications with any of the following individuals:

a. Timothy Arnold Moore;

b. Graham Greenleaf;
c. Justin Zobel;
d. Ronald Sacks-Davis;
e. James Thorn;
f. Ross Wilkinson;
g. HyunKiKim;
h. HakGene Shin;
i. JaeWoo Chang;
J. George Promenschenkel;
k. John Robertson;
l. Frank Merrick;
m. Brian Lowe; or
n. Alan Kent.

**Response:**     See Objections 1 to 10, which are adopted by reference. Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the

exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 21.

The file wrapper and complete prosecution history for each of the applications for the
Patents-in-Suit and any of the Related Patents.

**Response:**     See Objections 1 to 10, which are adopted by reference. Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the

exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 22.

All documents referring or relating to, or that were filed or produced in (including,
without limitation, any pleadings, correspondence, motions, position papers and other filings)
any other lawsuit, opposition, reexamination, nullity or revocation action, interference,
arbitration, mediation, or other dispute or adversarial proceeding, including any equivalent or
similar foreign proceedings, involving the Patents-in-Suit or any Related Patents.

**Response:**     See Objections 1 to 10, which are adopted by reference. Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the

exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 23.

All documents constituting or referring or relating to any communications between plaintiff and any of the following entities:

     a. Complinet Ltd.;
     b. LexisNexis;
     c. any of the Defendants; or
     d. the Tasmanian government.

**Response:**    See Objections 1 to 10, which are adopted by reference. TimeBase will not

produce ongoing communications concerning settlement with third parties. Those

communications are subject to Fed.R.Evid. 408. See for example, the opinion in *Black & Decker*

*v. Bosch Tools*, Case No. 4 C, 7955, in the United States District Court for the Northern District

of Illinois, dated October 24, 2005, and the cases cited at pages 3 to 5 of that opinion. A copy of

the opinion is Exhibit A to these responses. Without waiving these objections, and to the best of

TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to

Rule 34 will be made available for inspection with the exception of documents protected by the

attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 24.

All documents constituting, referring or relating to any patent licenses or patent license negotiations to which plaintiff is or has been a party in which the subject matter of the license related or relates to any of the Patents-in-Suit, any Related Patents, electronic publishing, or database management.

**Response:**    See Objections 1 to 10, which are adopted by reference. TimeBase will not

produce ongoing communications concerning settlement with third parties. Those

communications are subject to Fed.R.Evid. 408. See for example, the opinion in *Black & Decker*

*v. Bosch Tools*, Case No. 4 C, 7955, in the United States District Court for the Northern District

of Illinois, dated October 24, 2005, and the cases cited at pages 3 to 5 of that opinion. A copy of the opinion is Exhibit A to these responses. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 25.

All documents referring or relating to the date when any Prosecutor first became aware of any of the following articles:

a. Arnold-Moore et al., "The ELF data model and SGQL query language for structured document databases";

b. Kim et al., "OOHS: An Object-Oriented Hypermedia System"; and

c. Promenschenkel, "STEPS: toward a new era in electronic publishing."

**Response:**     See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 26.

All documents referring or relating to the date when the plaintiff or any named inventors first became aware of any of the following articles:

a. Arnold-Moore et al., "The ELF data model and SGQL query language for structured document databases";

b. Kim et al., "OOHS: An Object-Oriented Hypermedia System"; and

c. Promenschenkel, "STEPS: toward a new era in electronic publishing."

**Response:**     See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 27.

All documents referring or relating to any agreements or promises between the plaintiff and Royal Melbourne Institute of Technology (RMIT) or any representatives or agents of RMIT.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 28.

A copy of each agreement that includes a license to any part of the Patents-in-Suit or any Related Patents and/or any covenant-not-to-sue relating to any part of the Patents-in-Suit or any Related Patents.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 29.

All documents constituting or referring or relating to any communications relating to each agreement that includes a license to any part of the Patents-in-Suit or any Related Patents and/or any covenant-not-to-sue relating to any part of the Patents-in-Suit or any Related Patents.

**Response:**   See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 30.**

All documents constituting or referring or relating to any communications relating to any proposal or offer to enter into an agreement that includes a license to any part of the Patents-in-Suit or any Related Patents and/or any covenant-not-to-sue relating to any part of the Patents-in-Suit or any Related Patents, including, without limitation, all offers to license, draft license agreements, notices of infringement, and license agreements.

**Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 31.**

All documents constituting or referring or relating to any enforcement of, potential enforcement of, or considerations about whether to enforce any of the Patents-in-Suit or any Related Patents.

**Response:**    See Objections 1 to 10, which are adopted by reference. Such documents would be protected by the attorney-client privilege or work-product immunity. TimeBase declines to produce them.

**REQUEST FOR PRODUCTION NO. 32.**

Documents sufficient to show plaintiff patent and/or technology licensing policies, guidelines, practices, programs or manuals since 1996.

**Response:**    See Objections 1 to 10, which are adopted by reference. TimeBase objects to producing documents from twelve years ago on this subject due to the burden and lack of relevance. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

16

**REQUEST FOR PRODUCTION NO. 33.**

    All documents constituting or referring or relating to a discussion or calculation of the value of the Patents-in-Suit or any Related Patents.

    **Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 34.**

    All documents referring or relating to any actual notice by plaintiff to any of the defendants of infringement of the Patents-in-Suit, including, without limitation, all written documents (if any) in which actual notice of infringement was given, all documents relating to any verbal communications (if any) by which actual notice of infringement was given, and all documents specifying particular products or services alleged to infringe.

    **Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 35.**

    All documents relating to any damages to which plaintiff contends it is entitled as a result of any alleged infringement of the Patents-in-Suit by defendants, including any documents discussing how such damages are or might be calculated and/or the factual basis for such damages.

    **Response:**    See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 36.**

All documents constituting or referring or relating to communications with any of the defendants relating to the Patents-in-Suit, including all letters, emails, summaries or notes of oral communications or meetings.

**Response:**     See Objections 1 to 10, which are adopted by reference.  Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the

exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 37.**

All documents referring or relating to any "secondary factors of non-obviousness" of the subject matter claimed by the Patents-in-Suit, including, without limitation, commercial success, satisfaction of a long-felt need, and copying.

**Response:**     See Objections 1 to 10, which are adopted by reference.  Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the

exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 38.**

All documents referring or relating to any unexpected results from the subject matter claimed by the Patents-in-Suit.

**Response:**     See Objections 1 to 10, which are adopted by reference.  Without waiving

these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents

located after a search pursuant to Rule 34 will be made available for inspection with the

exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 39.**

All documents referring or relating to any alleged acts of infringement of the Patents in-Suit by defendants and/or any investigation of any of the defendants for any alleged infringement of the Patents-in-Suit and/or any Related Patents.

**Response:**     See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 40.

All documents relating to royalty rates for licenses for technology in the electronic publishing industry.

**Response:**     See Objections 1 to 10, which are adopted by reference. "Electronic publishing industry" is vague. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 41.

Documents containing information sufficient to show the ownership and control of plaintiff at any time, including without limitation, ownership or control rights at any time by Deutsche Bank, Deutsche Asset Management, or Propel Investments Pty Ltd.

**Response:**     See Objections 1 to 10, which are adopted by reference. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

## REQUEST FOR PRODUCTION NO. 42.

All documents referring or relating to the electronic publishing market.

**Response:**     See Objections 1 to 10, which are adopted by reference. "Electronic publishing market" is vague. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will

be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 43.

All minutes or other documents that refer or relate to any plaintiff meetings in which this lawsuit was discussed.

**Response:**   See Objections 1 to 10, which are adopted by reference.  Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 44.

Documents showing or reflecting the roles, responsibilities, dates of employment, and the employment status (i.e. whether each was an employee or contractor of plaintiff) of each of the named inventors.

**Response:**   See Objections 1 to 10, which are adopted by reference.  Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

### REQUEST FOR PRODUCTION NO. 45.

All documents relied on, considered, or referred to by plaintiff in relation to the reexamination proceedings for the '592 patent and the EPO proceedings for patent application EP 98901249.7.

**Response:**   See Objections 1 to 10, which are adopted by reference.  Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

05/05/08  15:04 FAX                    NIRO SCAVONE HALLER NIRO                    @022/030

**REQUEST FOR PRODUCTION NO. 46.**

Documents sufficient to show the design, architecture, testing, operation, features, use, sales, and marketing of all of any of plaintiff's products or services.

**Response:**   See Objections 1 to 10, which are adopted by reference.  Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 47.**

Documents sufficient to show plaintiffs annual revenues, costs, and profits since 1995.

**Response:**   See Objections 1 to 10, which are adopted by reference.  TimeBase objects to providing documents from twelve years ago due to the potential burden. Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 48.**

Documents sufficient to show any license plaintiff has taken for patents or technology relating to any of its products or services.

**Response:**   See Objections 1 to 10, which are adopted by reference.  Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

**REQUEST FOR PRODUCTION NO. 49.**

Documents sufficient to show any payments to any of the named inventors by plaintiff and any financial interests of any of the named inventors in any of the Patents-in Suit or this lawsuit.

**Response:**   See Objections 1 to 10, which are adopted by reference.  Without waiving these objections, and to the best of TimeBase's knowledge, all reasonably responsive documents located after a search pursuant to Rule 34 will be made available for inspection with the exception of documents protected by the attorney-client privilege or work-product immunity.

Respectfully submitted,

Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733
Fax: (312) 236-3137
jhosteny@hosteny.com, gasey@nshn.com

Michael R. Cunningham
Attorney No. 20424
Gray, Plant, Mooty, Mooty & Bennett, P.A.
Minneapolis, Minnesota 55402
Phone: (612) 632-3000
Fax: (612) 632-4444
michael.cunningham@gpmlaw.com

Attorneys for TimeBase Pty Ltd.

22

05/05/08  15:05 FAX                NIRO SCAVONE HALLER NIRO                    ☑024/030

Order Form (01/2005)  Case 1:04-cv-07955   Document 123   Filed 10/24/2005   Page 1 of 6

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7955 | **DATE** | 10/24/2005 |
| **CASE TITLE** | | Black & Decker vs. Bosch Tools | |

**DOCKET ENTRY TEXT:**

Defendant's motion to compel is granted in part and denied in part.  The Court grants the parties until November 22, 2005 to complete the fact discovery provided for in this opinion.  The Court revises the expert discovery deadlines as follows:  expert reports due on or before 12/2/05, rebuttal expert reports: 12/22/05; expert discovery closes 1/27/06.

■ [ For further details see text below.]                                    Docketing to mail notices.

### STATEMENT

Bosch recently deposed Joseph Domes, a non-party and the named inventor of the patents in suit. During that deposition, Bosch made several inquiries into the content of settlement negotiations between Domes and Black & Decker (the negotiations took place through the parties' attorneys, Alfred Walker and Adan Ayala, respectively) regarding the licensing and assignment of Domes's patent (the "Settlement Negotiations"). Domes's counsel (David Mahelek of Niro, Scavone, Haller & Niro ("Niro, Scavone"), the firm that represents Black & Decker in this case) instructed Domes not to answer these questions on grounds of attorney-client privilege, to the extent Domes learned of information from his attorney, and a supposed "settlement privilege" under Fed. R. Evid. 408 ("Rule 408"). During Domes's deposition, Bosch also inquired as to certain communications between Domes and his counsel from Niro, Scavone regarding Domes's preparation for his deposition. Mahelek instructed Domes not to answer these questions on the basis of attorney-client privilege. Bosch now moves to compel (and seeks other related relief) contending that:  (1) Domes and Niro, Scavone do not have an attorney-client relationship sufficient to give rise to attorney-client privilege; (2) that communications between Walker and Domes regarding the settlement negotiations with Black & Decker are not protected by the attorney-client privilege; and (3) that Rule 408 does not protect settlement negotiations from discovery.  For the reasons stated below, the Court grants Bosch's motion in part, and denies it in part.

### ANALYSIS

I.    **The Attorney-Client Relationship Between Domes and Niro, Scavone**

In its motion, Bosch argues that Niro, Scavone and Domes do not have an attorney-client relationship. Specifically, Bosch contends that no such relationship existed because Domes was not seeking legal advice

04C7955 Black & Decker vs. Bosch Tools

**EXHIBIT**

**A**

## STATEMENT

from Niro, Scavone and that Niro, Scavone retained Domes (and not the other way around as is usually the case). During oral argument on the motion to compel, Bosch's counsel conceded that Domes and Niro, Scavone had an attorney-client relationship sufficient to give rise to privilege. But even if he had not, the Court nonetheless would have denied Bosch's motion. Domes testified that he expressly agreed to be represented by Niro, Scavone for purposes of his deposition in this case, and, throughout his deposition, Domes relied on Niro, Scavone's legal advice. Under Seventh Circuit precedent, Domes and Niro, Scavone clearly had an attorney-client relationship. *See Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1319 (7th Cir. 1978) ("The professional relationship for purposes of the privilege for attorney-client communications hinges upon the client's belief that he is consulting a lawyer in that capacity and his manifested intention to seek professional legal advice") (internal quotation omitted). Accordingly, the Court denies Bosch's motion to compel communications between Domes and Niro, Scavone.

**II.     The Attorney-Client Privilege Between Walker and Domes**

On this issue, Bosch contends that because no settlement privilege exists (discussed below) the attorney-client privilege does not protect statements made during the Settlement Negotiations that Walker passed on to Domes. Based on the record submitted to the Court, it appears that counsel objected based on attorney-client privilege (as to communications between Walker and Domes) as an alternative to counsel's Rule 408 objection. The Court will address the merits of the Rule 408 objection below, but notes here that if Walker tendered any legal advice premised on what was said during the Settlement Negotiations, that information, of course, would be privileged. *See United States v. Defazio*, 899 F.2d 626, 635 (7th Cir. 1990) (communications from attorney to client are privileged if they constitute legal advice). To the extent Walker was merely relaying what Black & Decker said during settlement negotiations, the attorney-client privilege would not exist. *See United States v. Weger*, 709 F.2d 1151, 1154 (7th Cir. 1983) ("the attorney-client privilege does not prohibit the disclosure of *all* communications between a client . . . and her attorney" and does not protect "things which, at the time, are not intended to be held in the breast of the lawyer, even though the attorney-client relation provided the occasion for the lawyer's observation of them" (emphasis in original; internal quotation omitted)). In any event, the Court expects that Bosch will stay true to its representation that it will "not seek any legal advice given Mr. Domes by Mr. Walker relating to the information that B & D provided [during settlement negotiations.]" (R. 88-1; Def.'s Mot. to Compel at 2.)

**III.    Rule 408 and Discovery of the Settlement Negotiations**

Bosch moves to compel testimony regarding the Settlement Negotiations contending that there is no settlement privilege under Rule 408. Black & Decker asserts that the Court should apply the Sixth Circuit's reasoning in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003) to find that such a settlement privilege exists, and, alternatively, that the sought-after discovery is not relevant.

**A.     Choice of Law**

As an initial matter, the Court must determine whether Seventh Circuit or Federal Circuit precedent governs this issue. The Federal Circuit "review[s] procedural matters, that are not unique to patent issues, under the law of the particular regional circuit court where appeals from the district court would normally lie." *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984). But "a procedural issue that is not itself a substantive patent law issue is nonetheless governed by Federal Circuit law if the issue pertains to patent law, if it bears an essential relationship to matters committed to [the Federal Circuit's] exclusive [jurisdiction] by statute, or if it clearly implicates the jurisprudential responsibilities of [the Federal Circuit] in a field within its exclusive jurisdiction." *Midwest Indus., Inc. v. Karavan*, 175 F.3d

05/05/08   15:07 FAX          NIRO SCAVONE HALLER NIRO                    ☑ 028/030

## STATEMENT

1356, 1359 (Fed. Cir. 1999) (internal citations and quotation marks omitted).  Because the discoverability of the licensing negotiations here depends on determining whether they are relevant to the underlying patent claims, the Court will apply Federal Circuit law.  *See Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1307-08 (Fed. Cir. 2001) (applying Federal Circuit law to issue of whether a party may obtain discovery of settlement negotiations); *Midwest Industries, Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359-60 (Fed. Cir. 1999) (Federal Circuit law applies to "whether particular materials are relevant for purposes of discovery in a patent case under Fed.R.Civ.P. 26" (citing *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

### B.    The Scope of Rule 408

#### 1.    A Claim Disputed as to Validity or Amount

Next, the Court must determine whether a dispute existed between Domes and Black & Decker sufficient to (potentially) trigger Rule 408.  *See* Fed. R. Evid. 408.  That Rule governs "compromise and offers to compromise" and states:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.  Evidence of conduct or statements made in compromise negotiations is likewise not admissible.  This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations.  This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

In the patent context, Rule 408 "is limited to actual disputes over existing claims, and, accordingly, cannot be applicable to an offer, albeit one ultimately rejected, to license an, as yet, uncontested patent." *Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1557 (Fed.Cir. 1983) (holding that an offer to license a patent when there was no charge of infringement was not an offer to settle a claim in dispute and was admissible into evidence); *see also S.A. Healy*, 50 F.3d at 480 (for purposes of Rule 408, a "dispute arises only when a claim is rejected at the initial or some subsequent level"); *General Leaseways, Inc. v. National Truck Leasing Ass'n*, 830 F.2d 716, 724 n.12 (7th Cir. 1987) (Rule 408 is not applicable unless a dispute exists).  A court nonetheless may exclude settlement negotiations undertaken before patent issuance if those negotiations intended to settle a claim in dispute.  *See, e.g., National Presto Indus., Inc. v. West Bend Comp.*, 76 F.3d 1185, 1197 (Fed. Cir. 1997) (no abuse of discretion where district court excluded "several communications between Presto and West Bend before patent issuance" as "settlement negotiations" under Rule 408).

Here, the record reflects that the Settlement Negotiations culminated to resolve Domes's claim that Black & Decker was infringing on his patent.  Foremost, Domes testified that such was the case.  (R. 103-1; Pl.'s Opp., Ex. Domes Testimony at 20-24.)  In addition, the parties' licensing agreement represents that the parties agreed to resolve an active dispute:

> [Black & Decker] currently sells a radio charger... and has pending patent applications disclosing and claiming the Radio Charger.  Domes has a pending patent application with claims that Domes has asserted cover the Radio charger.  [Black & Decker] and Domes desire to avoid a possible interference.  [Black & Decker] and Domes have entered into this Agreement to settle such assertion

05/05/08  15:08 FAX                NIRO SCAVONE HALLER NIRO                    ☒027/030

Case 1:04-cv-07955   Document 123   Filed 10/24/2005   Page 4 of 6

## STATEMENT

and such possible interference.

The parties' subsequent assignment and release agreement likewise represents that the parties had on ongoing dispute:

> [Black & Decker] currently sells a radio charger... and has pending patent applications disclosing and claiming the Radio Charger. Domes has a pending patent application with claims that Domes has asserted cover the Radio Charger. Previously, Domes alleged that his patent portfolio would cover the Radio Charger. In order to settle such allegation, [Black & Decker] and Domes entered into a non-exclusive license agreement... Since then, [Black & Decker] and Domes have filed patent applications covering the Radio Charger that could ultimately result in the declaration of an interference and/or the invalidation of at least one patent of either [Black & Decker] or Domes. In order to avoid a possible interference, and to settle and resolve issues regarding the parties' portfolios, [Black & Decker] desires to purchase Domes' patent portfolio, and Domes desires to sell his patent portfolio to [Black & Decker].

After reviewing the current record, the Court concludes that the Settlement Negotiations took place to resolve a disputed claim of patent infringement and, as a result, they fall within the ambit of Rule 408. *See National Presto*, 76 F.3d at 1197 (no abuse of discretion where district court excluded pre-patent issuance negotiations under Rule 408); *cf. Deere*, 710 F.2d at 1556 (Rule 408 inapplicable where patent owner made licensing offers to an admittedly non-infringing party).

### b.   Discoverability of Settlement Discussions

In its motion, Bosch asserts that discovery of the Settlement Negotiations is warranted because it will lead to relevant evidence regarding to prior inventorship, invalidity, possible "design arounds," and reasonable royalty determinations. Any of these proposed uses, however, would entail using settlement negotiations regarding the claim in issue as proof of liability or invalidity of that claim, and, thus, Rule 408 would operate to bar the use of such evidence at trial. Even at the discovery stage, a court may properly prohibit discovery regarding settlement negotiations. *See Medtronic*, 265 F.3d at 1308 (finding no abuse of discretion where district court refused to permit discovery of settlement negotiations). Here, the Court bars Bosch's sought-after discovery for several reasons. First, settlement negotiations in general lack relevance because they "are typically punctuated with numerous instances of puffing and posturing since they are motivated by a desire for peace rather than from a concession of the merits of the claim." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003) ("parties may assume disputed facts to be true for the unique purpose of settlement negotiations. The discovery of these sort of 'facts' would be highly misleading if allowed to be used for purposes other than settlement") (internal quotation and citation omitted). Inquiries such as "[w]hat was Black & Decker's initial offer to you for the license?" (R. 103-1; Pl.'s Opp., Ex. Domes Testimony at 20-24) go to Black & Decker's posturing, but nothing relevant, especially where Bosch already has the licensing agreement which indicates exactly what Black & Decker was actually willing to pay. That Bosch seeks discovery into settlement negotiations (which are of no relevance) for impermissible purposes under Rule 408 is reason alone to deny Bosch's motion. Bosch's contention in reply that this discovery could be relevant to proving Black & Decker's intent does not warrant a different result. *See, e.g., National Presto*, 76 F.3d at 1197 (evidence of settlement negotiations properly excluded even where party asserted that those negotiations were relevant as to mental state as opposed to proving liability); *see also James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir. 1998) ("Arguments raised for the first time in a reply brief are waived.").

## STATEMENT

Second, barring discovery in this instance furthers the purposes of Rule 408. The policy behind excluding evidence of compromise and compromise offers, such as settlement communications, "is that the law favors out-of-court settlements, and allowing offers of compromise to be used as admissions of liability might chill voluntary efforts at dispute resolution." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005). The Federal Circuit has noted that the same policy is implicated even at the discovery stage, and that the Court must be mindful of it. *Medtronic*, 265 F.3d at 1308 (affirming denial of discovery into settlement negotiations and noting that "we are mindful, as was the district court, of the policy in favor of protecting settlement negotiations from being admitted as evidence, thus serving to encourage settlements"); *see also Goodyear*, 332 F.3d at 980 ("There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations"). Barring discovery here avoids chilling voluntary settlement efforts.

Third, as Black & Decker aptly points out, Bosch already has had discovery of the underlying factual issues that they pursue again here. For instance, Bosch has deposed Black & Decker's 30(b) designee and has in hand the licensing and assignment agreements which were the ultimate byproduct of the Settlement Negotiations. That Bosch has had discovery on the same issues further supports the Court's finding that discovery into the Settlement Negotiations is not warranted on these facts. For these reasons, the Court denies Bosch's request to compel testimony from Domes, Ayala, and Walker on this issue.

Because the Court has determined that these negotiations are not otherwise discoverable it need not (and will not) reach the issue of whether Rule 408 gives rise to a settlement privilege.

## IV.   Milwaukee and Ryobi

The Court, however, grants leave to Bosch to depose Domes regarding his offer and subsequent negotiations with Milwaukee and Ryobi. As an initial matter, counsel objected to this line of questioning on Rule 408 grounds, but the record before the Court does not indicate whether Domes and these third parties engaged in negotiations "to settle a claim disputed as to validity or amount," as Rule 408 requires. *See Deere*, 710 F.2d at 1557 (Rule 408 "is limited to actual disputes over existing claims, and, accordingly, cannot be applicable to an offer, albeit one ultimately rejected, to license an, as yet, uncontested patent."). Rather, in contrast to the Settlement Negotiations, the record shows that Domes offered to license his patent to Milwaukee and Ryobi (which did not ultimately lead to a licensing agreement (R. 103-1; Pl.'s Opp., Ex. Domes Testimony at 49)), but does not indicate whether Domes first accused these parties of infringing the patent. Thus, counsel's objection on Rule 408 grounds was misplaced.

Even assuming that Domes's communications with these parties was to settle a disputed claim, discovery on this issue may nonetheless proceed. Courts typically "admit[] evidence when the settlement communications at issue arise out of a dispute distinct from the one for which the evidence is being offered." *Zurich*, 417 F.3d at 689 (citing authorities); *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1363 (10th Cir. 1987) (stating that Rule 408 "does not appear to cover compromises and compromise offers that do not involve the dispute that is the subject of the suit, even if one of the parties to the suit was also a party to the compromise"); *see also Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997) ("Rule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated, though admission of such evidence may nonetheless implicate the same concerns of prejudice and deterrence of settlements which underlie Rule 408") (citations omitted). In line with these authorities, the Court concludes that discovery into Domes's licensing offers to third parties Milwaukee and Ryobi, (even if related to alleged infringement by those third parties) is reasonably calculated to lead to admissible evidence. *See Sunstar, Inc. v. Alberto-Culver Co., Inc.*, 2004 WL 1899927, *28-29 (N.D. Ill. Aug 23, 2004) (holding that a

05/05/08  15:09 FAX                    NIRO SCAVONE HALLER NIRO                    ☒029/030

## STATEMENT

prior settlement agreement between the plaintiff and defendant was admissible to determine reasonable royalty because the "dispute under negotiation in the [prior agreement] is different than the dispute at issue in this litigation"); *see also Snellman v. Ricoh Co., Ltd*, 862 F.2d 283, 289 (Fed. Cir. 1988) (agreement between patent owner and third party was not to settle a disputed claim and "properly was admitted into evidence, and the jury was justified in considering it in determining a reasonable royalty"). The Court grants Bosch's motion to the extent it relates to Domes's communications with third parties.

## V.    The Mizzi Deposition

Bosch also moves for leave to take the deposition of John Mizzi. In support of its motion, Bosch states that, until deposing Domes, it did not know that Mizzi could be a co-inventor of the invention described in the patent-in-issue. (*See, e.g.*, R. 103-1; Pl.'s Opp., Ex. Domes Testimony at 49 (referring to the invention at issue "I came up with the concept, and I had it worked on paper. That's it. I'm not an engineer. John Mizzi wan an engineer.").) Bosch further argues that leave is warranted because despite Bosch's efforts to depose Domes in early August 2005 it could not actually take Domes's deposition until September 23 due to Domes's unavailability. In light of the difficulties scheduling Domes's deposition and in light of the potential significance of Mizzi's testimony, the Court will grant Bosch's motion in this regard.

## CONCLUSION

In sum, the Court grants Bosch's motion to compel testimony from Domes regarding his licensing efforts with Milwaukee and Ryobi. The Court also grants Bosch leave to depose John Mizzi consistent with this opinion. The Court denies Bosch's motion to the extent it seeks discovery regarding: (1) the settlement negotiations between Domes and Black & Decker; (2) confidential communications between Walker and Domes, and (3) confidential communications between Domes and Niro, Scavone during the course of their attorney-client relationship.

## CERTIFICATE OF SERVICE

The  undersigned  hereby  certifies  that  **TIMEBASE'S  RESPONSES  TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-49)** was served upon defendants' counsel, listed below, by facsimile and first class mail on

> Calvin L. Litsey
> David J.F. Gross
> Mary V. Sooter
> Shawn T. Gordon
> Kevin P. Wagner
> Faegre & Benson LLP
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, Minnesota  55402
> Phone:  612-766-7000
> Fax:  612-766-1600

On May 5 2008.