IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

TIMEBASE PTY LTD.,                    )
                                      )
                    Plaintiff,        )
                                      )   File No. 07-CV-1687 (JNE/JJG)
        vs.                           )
                                      )
THE THOMSON CORPORATION, WEST         )
PUBLISHING CORPORATION, AND WEST      )
SERVICES, INC.                        )
                                      )
                    Defendants.       )


**TIMEBASE'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL**

Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733

Michael R. Cunningham
Gray, Plant & Mooty
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 632-3000
Fax:  (612) 632-4444

Attorneys for TimeBase Pty Ltd.

**TABLE OF CONTENTS**

**Page No.**

TABLE OF AUTHORITIES ................................................................................................................. ii

I.      INTRODUCTION ............................................................................................................... 1

II.     THOMSON RELIED ON THE PRETRIAL SCHEDULE IN OBJECTING TO
        TIMEBASE'S INTERROGATORIES .................................................................................... 2

III.    CONCEPTION AND REDUCTION TO PRACTICE IS AN INVALIDITY ISSUE
        UNDER 35 U.S.C. § 102(E) ............................................................................................... 3

IV.     THOMSON AGREED TO A PRETRIAL SCHEDULE PROVIDING A LOGICAL
        DISCOVERY PLAN .............................................................................................................. 7

V.      THOMSON'S INTERROGATORIES INVOLVES OTHER SUBJECTS NOT
        PRESENTLY AT ISSUE ........................................................................................................ 9

VI.     TIMEBASE'S OBJECTIONS ARE JUSTIFIED ................................................................. 11

VII.    THE CASES SUPPORT TIMEBASE ................................................................................ 12

VIII.   TIMEBASE HAS PROVIDED DISCOVERY .................................................................... 19

IX.     TIMEBASE'S RECOMMENDATIONS .............................................................................. 20

X.      CONCLUSION .................................................................................................................. 20

## TABLE OF AUTHORITIES

Page(s)

### FEDERAL CASES

Archer Daniels Midland Co. v. Aon Risk Services, Inc.,
187 F.R.D. 578 (D. Minn. 1999) .................................................................. 18, 19

Cleo Wrap Corp. v. Elsner Engineering Works, Inc.,
59 F.R.D. 386 (M.D. Pa. 1972)..........................................................................13

Endress + Hauser, Inc. v. Hawk Measurement System Pty. Ltd.,
122 F.3d 1040 (Fed. Cir. 1997)..........................................................................10

Ferguson Beauregard/Logic Controls, Division of Dover Resources, Inc. v. Mega
System, LLC,
350 F.3d 1327 (Fed. Cir. 2003)..........................................................................10

Greenwood v. Hattori Seiko Co., Ltd.,
900 F.2d 238 (Fed. Cir. 1990) .............................................................................. 8

Hofer v. Mack Trucks, Inc.,
981 F.2d 377 (8th Cir. 1992).............................................................................17

Invacare Corp. v. Sunrise Medical Holdings, Inc.,
2005 WL 1750271 (N.D. Ohio January 21, 2005) ....................................... 15, 16

Kopykake Enterprises v. Lucks Co.,
264 F.3d 1377 (Fed. Cir. 2001)..........................................................................12

Lamoreaux v. Genesis Pharmacy Services, Inc.,
226 F.R.D. 154 (D. Conn. 2004) ........................................................................18

Lear Siegler, Inc. v. Aeroquip Corp.,
733 F.2d 881 (Fed. Cir. 1984) .............................................................................. 8

Lockwood v. American Airlines,
107 F.3d 1565 (Fed. Cir. 1997)..........................................................................12

Mahurkar v. C.R. Bard, Inc.,
79 F.3d 1572 ...............................................................................................12, 13

McKesson Information Solutions LLC v. Epic Systems Corp.,
242 F.R.D. 689 (N.D. Ga. 2007) ........................................................................17

Medtronic, Inc. v. Guidant Corp.,
2003 WL 23864972 (D. Minn. January 8, 2003)...............................................................15

Medtronic Sofamor Danek, Inc. v. Michelson,
2003 U.S. Dist. LEXIS 18563 (W.D. Tenn. 2003) ............................................................12

RCA Corp. v. Applied Digital Data Systems, Inc.,
730 F.2d 1440 (Fed. Cir. 1984)............................................................................................ 8

Ropak Corp. v. Plastican, Inc.,
2006 WL 1005406 (N.D. Ill. April 17, 2006)........................................................... 10, 16

Roper Corp. v. Litton Systems, Inc.,
757 F.2d 1266 (Fed. Cir. 1985)............................................................................................ 8

Sinco, Inc. v. B&O Manufacturing, Inc.,
2005 WL 1432202 (D. Minn. May 23, 2005) ....................................................................15

Transamerica Life Insurance Co. v. Lincoln National Life Insurance Co.,
2007 WL 2790355 (N.D. Iowa Sept. 24, 2007)................................................................14

## FEDERAL STATUTES

35 U.S.C. §§ 102 ........................................................................................................... 2, 3, 14

35 U.S.C. § 103.................................................................................................................... 14

35 U.S.C. § 282.................................................................................................................... 8

## FEDERAL RULES

Fed.R.Civ.P. 26...................................................................................................................17

Fed. R. Civ. P. 33 .....................................................................................................11, 19, 20

Fed.R.Civ.P. 34.................................................................................................................... 6

I.    **INTRODUCTION**

This needless controversy arises for three reasons. Thomson says that it does not have to provide interrogatory responses on invalidity issues arising under § 102 until the Pretrial Schedule requires it to do so on October 23. At the same time, however, Thomson insists that TimeBase must be compelled to answer interrogatories concerning the same invalidity issue. Thomson argues that TimeBase cannot abide by the Pretrial Schedule, even though TimeBase's responses necessarily depend upon knowledge of the prior art that Thomson has so far declined to identify.

Thomson did not comply with Local Rule 37, either. Its skeletal certification does not reveal that TimeBase proposed various compromises. TimeBase proposed that each party simply respond to the other's interrogatories. TimeBase proposed compromises, even though TimeBase's interrogatories have been outstanding for seventeen months. TimeBase offered a mutual supplementation, and then a simultaneous supplementation. TimeBase suggested, as yet another alternative, that both parties should rely on the dates in the Pretrial Schedule. (Declaration of Joseph N. Hosteny).

The certification does not reveal that TimeBase advised Thomson, in detail, the burden and cost this discovery would impose on TimeBase. The certification does not reveal that Thomson's counsel promised to respond to the offer of compromise, and did not do so. (Hosteny Dec.).

Finally, Thomson ignores that TimeBase has already provided discovery, to the extent reasonably possible, about the dates of the inventions.

## II.      THOMSON RELIED ON THE PRETRIAL SCHEDULE
##          IN OBJECTING TO TIMEBASE'S INTERROGATORIES

Thomson complains that TimeBase has not answered questions relevant to the validity of the patents in suit under 35 U.S.C. § 102(e), but Thomson's motion does not reveal that it declined, formally or informally, to identify a single prior art reference that applies under § 102(e).

Thomson has taken the position -- not revealed in its motion -- that discovery from Thomson regarding invalidity under § 102(e) is controlled by the Pretrial Schedule. Thomson asserts in particular that it is excused from identifying prior art, and from analyzing or applying prior art to the claims, until October 23, 2009, when its prior art statement is due.

TimeBase's Interrogatory 2 asked for the basis of the defendants' allegations that the patents are invalid under § 102, among others. The defendants' original response says:

> Thomson also objects to this interrogatory on the grounds that it is premature, since the scheduling order to be entered for this case will set forth a procedure and deadline for disclosing information relating to invalidity contentions and claim construction. See Notice of Pretrial Conference, 3/5/08.

(Hosteny Dec., Exhibit A, p. 9). Thomson added that "no response" was necessary to parts (a) and (b) of this interrogatory. (Hosteny Dec., Exhibit A, p. 10).

A year and a half later, Thomson's supplement response to Interrogatory 2 says the same thing, this time about the entire interrogatory:

> Thomson also objects to this interrogatory on the grounds that it is premature, since the Pretrial Scheduling Order entered by the Court on July 15, 2009 sets a deadline of October 23, 2009 for Thomson to disclose its Prior Art Statement.

2

(Hosteny Dec., Exhibit A, p. 15). Thomson reiterated the objection to parts (a), and (b). (Hosteny Dec., Exhibit A, p. 16).

Thomson reiterated the objection regarding TimeBase's Interrogatory 3 concerning non-infringement. (Hosteny Dec., Exhibit A, pp. 23, 24 and 25). It told TimeBase the Pretrial Schedule excused any answer by Thomson to TimeBase's Interrogatory 5 about claim construction, too. (Hosteny Dec., Exhibit A, pp. 32 and 33).

Thus, Thomson asserts that it need not provide discovery to most of TimeBase's interrogatories including those inquiring about §102 defenses, because these subjects are addressed and controlled by the Pretrial Schedule. Thomson has therefore not provided any discovery on any aspect of § 102.

Yet, Thomson now asserts that TimeBase must answer interrogatories about § 102, and that TimeBase cannot abide by or benefit from the Pretrial Schedule. Thomson says that TimeBase must do what the Pretrial Schedule requires, but must do it weeks or months earlier. For itself, however, Thomson says that it can wait until the date set in the Schedule.

Rules are meant to be the same for everyone. It frustrates the most basic sense of fairness to argue that a party can interpret the Pretrial Schedule one way for itself, and an entirely different and inconsistent way for another.

III.     **CONCEPTION AND REDUCTION TO PRACTICE**
        **IS AN INVALIDITY ISSUE UNDER 35 U.S.C. § 102(E)**

A resolution of the motion requires some understanding of what § 102(e) does, and what this statute implies for discovery.

§ 102(e) pertains to the invalidity of a patent. § 102(e) says that a patent or patent application is prior art if it was filed before the invention was made by the applicant. Suppose, for example, that applicant Smith files a patent application on October 1, 2008. The filing date of the application is presumed to be the date of Smith's invention. Next, suppose that another person, Jones, filed a patent application, but Jones filed on some date before October 1, 2008. If so, an examiner could treat Jones' application as prior art, and reject Smith's application, citing Jones as a reference.

Smith can "remove" the reference by showing that it is not prior art. Smith could show, by digging up invention records and the like, that his invention was actually made at an earlier time, before he filed his application, so that his invention date is now earlier than the date of Jones' filing. If so, the examiner drops his rejection based on Jones.

A reference can only qualify under § 102(e) if it has an earlier date: Jones' filing date must be earlier than Smith's filing date. Only then does Smith need to gather facts about earlier inventive activities, that is, conception and reduction to practice. Otherwise, this entire issue is a exercise in expensive irrelevance.

This lawsuit does not as yet require discovery about conception and reduction to practice, because Thomson declined in negotiations to identify even one § 102(e) reference, and has declined to identify any in discovery. In the same negotiations, Thomson did not identify any statutory basis, other than § 102(e), requiring discovery about conception and reduction to practice. It says it does not have to say anything about prior art until October 23. That leaves TimeBase in the dark.

Discovery on this issue is a very significant burden. Returning to our example above, suppose that Jones' patent application predated Smith's by one day. Smith could prevail by

showing that his date of invention is earlier, because he reduced his invention to practice (roughly speaking, made a workable version) one day before Jones filed. That implicates only two days, or forty-eight hours, in a discovery time line.

But suppose that Jones has a date two years before Smith's filing. To prevail, Smith must now go back more than two years in discovery. Smith must find evidence that he conceived of his invention, and reduced it to practice before the date of Jones' filing. The discovery timeline that must be investigated is potentially two years, not two days. At least Smith knows what to look for, because he is the inventor.

Here, as the defendants know, discovery regarding conception and reduction to practice is a very large burden, and is in part impossible. (Hosteny Dec., ¶¶ 3 and 4; Exhibit B). First, the patents in this suit have an invention date (called a priority date) of January 31, 1997; the date is based on an Australian provisional patent application on that date. Thus, the defendants need to find one or more § 102(e) references that are dated before January 31, 1997. They have not done so, and may never do so. Should the defendants present and apply such a reference, the discovery timeline would be from 1997 back to sometime in 1994, when Mr. Schnelle and Ms. Lessing established the predecessor to TimeBase. The defendants may argue that the patents in the suit are not entitled to January 31, 1997, but rather a later date. But they have not identified any § 102(e) reference for any date at all.

Mr. Schnelle and Ms. Lessing, have not been employed by TimeBase for six years. They have no obligations to assist TimeBase. Their knowledge, therefore, is not within the possession, custody or control of TimeBase.

That means the discovery window is about three years wide, is from twelve to fifteen years ago, and involves two persons, and their knowledge, who are not within TimeBase's employ, possession, custody or control.

That is not all of the burden on TimeBase, either. Documents from that era are not only old., they are not reasonably accessible. The Advisory Committee Notes to the 2007 amendments to Fed.R.Civ.P. 34 state:

> Some electronically stored information may be ordinarily maintained in a form that is not reasonably usable by any party. One example is "legacy" data that can be used only by superseded systems. The questions whether a producing party should be required to convert such information to a more usable form, or should be required to produce it at all, should be addressed under Rule 26(b)(2)(B).

(The underlining is by us.) Thomson is aware of these issues, because they were discussed between the parties at least twice: once during the discussion of a stipulation regarding electronic discovery, and again during conversations about the parties' interrogatory responses. (Hosteny Dec., ¶ 4).

Rule 26(b)(2)(B) in turn provides that:

> (B) *Specific Limitations on Electronically Stored Information*. A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

One of the conditions in Rule 26(b)(2)C) is that:

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Here, we are dealing with very old, and inaccessible information. It is "legacy" data, accessible only through superseded systems. TimeBase does not have access to data before 1998, because such data, to the extent it may exist, is on tapes that can only be read, if at all, by equipment that is obsolete and not available to TimeBase. (See the Declaration of Leonie Muldoon). The burden is even worse. Here, the persons who established TimeBase – Schnelle and Lessing -- would be the logical ones to ask about the earliest documents, and to help find them. But neither of those persons is available to TimeBase.

Subsection (iii) plainly applies. Unless Thomson identifies a reference under § 102(e), which it has so far declined to do, this burdensome discovery outweighs its "likely benefit." Indeed, at this point, this discovery is pure burden; it has no benefit at all.

The defendants are aware of these facts, because they have been discussed at various times, including the most recent conference about the interrogatories, and because TimeBase has produced the agreement governing Mr. Schnelle's and Ms. Lessing's separation from TimeBase. (Hosteny Dec., ¶¶ 3-8).

TimeBase therefore asks that the Court issue a protective order at least until such time as Rule 26(b)(2)C)(iii) is satisfied. It was Thomson, after all, that told the Court that the reexaminations would simplify this litigation. Its confident pronostication that claims would be invalidated was more than wrong. It was nonsense.

## IV.   THOMSON AGREED TO A PRETRIAL SCHEDULE PROVIDING A LOGICAL DISCOVERY PLAN

The Pretrial Schedule requires the plaintiff to present its infringement contentions, which TimeBase has done. Only then does it require the defendant to respond to these contentions.

With respect to prior art, the Pretrial Schedule requires the defendants to provide a "Prior Art Statement listing of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the party alleging infringement." (Document 71, p. 5, paragraph 1). TimeBase is required to respond only after receiving that statement.

The steps described in the Pretrial Schedule are in accordance with the burdens of proof. 35 U.S.C. § 282 says that a patent is presumed to be valid, and that every claim is presumed valid without regard to the validity of other claims. In order to overcome the statutory presumption of validity, a defendant bears the heavy burden of demonstrating "clear and convincing" evidence of invalidity. *Roper Corp. v. Litton Systems, Inc.*, 757 F.2d 1266, 1270 (Fed. Cir. 1985); *Lear Siegler, Inc. v. Aeroquip Corp.*, 733 F.2d 881, 885 (Fed. Cir. 1984); *Greenwood v. Hattori Seiko Co., Ltd.*, 900 F.2d 238, 240-241 (Fed. Cir. 1990). This burden never shifts. *RCA Corp. v. Applied Digital Data Systems, Inc.*, 730 F.2d 1440, 1444 (Fed. Cir. 1984).

The principle underlying the Schedule is that the responding party is entitled to knowledge of that to which it must respond. TimeBase does not know what it must respond to regarding § 102, because Thomson objected to TimeBase's interrogatories seeking this information.

The reexamination suggests that Thomson's discovery is a burden, and should not be allowed unless Thomson comes forward with some prior art. This case was stayed on Thomson's motion for reexamination of the '592 patent. At that time, Thomson told this Court that the reexamination would simplify the case, because the Patent Office would consider the submitted prior art. The PTO was presented with numerous patents and

8

articles, and nevertheless confirmed every claim of the '592 patent. The same art was submitted in the '228 patent, where TimeBase went the extra mile, withdrawing the '228 from issue so that the examiner of that patent could consider the reexamination request filed with respect to the '592.

Before the parties embark on an expensive chase, the Court is justified in asking Thomson to show its cards: Does it have any art that the PTO did not consider, and can any of those references qualify under § 102(e)? If the answers are no, then TimeBase's objections are on the mark; this discovery is a useless burden and a costly, time-consuming wild-goose chase.

Neither TimeBase nor the Court has any idea what Thomson may be relying upon to invalidate either patent. TimeBase has no knowledge of how any item of prior art may be used by Thomson. There are two statutes, §§ 102 and 103, and § 102 has seven sub-sections. TimeBase therefore does not know what statute applies to any reference Thomson may rely upon. TimeBase will not gain any insight until it receives the Prior Art Statement on October 23. We should all wait for that statement.

## V.   THOMSON'S INTERROGATORIES INVOLVES OTHER SUBJECTS NOT PRESENTLY AT ISSUE

The defendants' interrogatory 2 seeks information about inventorship, too. But the defendants did not even plead any statute dealing with inventorship, i.e., § 116 or § 256. (Hosteny Dec., ¶ 4). It deals with whether inventors were incorrectly added or omitted, and whether there was any deceptive intent associated with those actions. Again, this is a validity issue, because § 256 provides that a patent can be invalidated if deceptive intent is shown. Thomson bears the burden of proof, and has declined so far to provide any

discovery showing that this is an issue in the case. In the one case cited by Thomson that involves inventorship, *Ropak Corp. v. Plastican, Inc.*, 2006 WL 1005406 (N.D. Ill. April 17, 2006), the defendant had alleged facts: that another, David Diamond, had invented.

The interrogatory poses a burden on TimeBase, because two inventors are not available, and because any discovery would deal with documents that are more than twelve years old and now inaccessible. Pursuing this discovery is a large burden, and a needless one given that the issue is not in the case, even by way of a conclusory pleading.

Thomson's Interrogatory 3 requires that TimeBase identify the level of skill in the "pertinent art." But Thomson declines to say anything, until October 23, about what the "pertinent art" consists of. TimeBase asked, and was turned down flat. (Hosteny Dec., ¶¶ 4-8).

Thomson's interrogatory no. 3 seeking TimeBase's contentions about the "level of skill" does not relate to any actual discovery of facts, but rather is a stalking horse to get an understanding of TimeBase's positions in advance of the claim construction schedule ordered by this Court.  In construing the claims as a matter of law, the Court must address the issue of the level of skill in the art applicable to the interpretation of the patents in suit. As the Federal Circuit has repeatedly instructed, the claim terms must be "examined through the viewing glass of a person skilled in the art." *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1338 (Fed. Cir. 2003)

The level of skill is simply a legal construct that the Court analyzes in determining an issue of law like claim construction. *Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997) (the person of ordinary skill in the art is "a theoretical construct . . . and is not descriptive of some particular individual").  Like any

contention interrogatory, this Court "may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed.R.Civ.P. 33(a)(2). In fact, this Court has entered a schedule for claim construction contentions and briefing, and TimeBase's claim construction contentions are not due until November 6, 2009. Thomson's interrogatory seeking TimeBase's claim construction contention about the "level of skill" controverts this Court's schedule, and thus Thomson's motion to compel such information in advance of the due date for TimeBase's claim construction contentions should be denied.

## VI.   TIMEBASE'S OBJECTIONS ARE JUSTIFIED

Thomson flamboyantly refers to TimeBase's objections as baseless. TimeBase's objections were detailed. The objections cited specific pleadings, identified supporting case law, referred to the Pretrial Schedule, identified the burdens of proof, and stated that Thomson had not provided any facts or prior art references about § 102(e) or inventorship. TimeBase pointed to the burden imposed. TimeBase promised to respond in accordance with the Pretrial Schedule. (Hosteny Dec., Exhibit C, pp. 7-10).

TimeBase addressed all of these grounds in even more detail in the conferences on August 19 and 24 with Thomson's counsel. (Hosteny Dec., ¶¶ 3-8). TimeBase offered compromises as well, including relying on the Pretrial Schedule, per Thomson's objections. (Hosteny Dec., ¶¶ 5-8). That was a good faith effort on TimeBase's part to avoid unnecessary motion practice.

Each of TimeBase's responses is not a refusal to respond, either. Each response is to the effect that TimeBase will respond in more detail as is reasonably possible, and

according to a principle adopted by Thomson, but applied equally to both parties, not just Thomson.

## VII.   <u>THE CASES SUPPORT TIMEBASE</u>

Decisions by courts depend upon the facts. When one considers the facts of the cases, including those cited by Thomson, two conclusions follow. Those cases support TimeBase. Second, they show that Thomson's course of conduct is at odds with many of the cases it cites.

Thomson does not cite *Medtronic Sofamor Danek, Inc. v. Michelson,* 2003 U.S. Dist. LEXIS 18563 (W.D. Tenn. 2003). That Court denied a motion to compel the actual dates of conception and reduction to practice, holding:

> As Michelson and KTI have indicated, Medtronic has not specifically identified any claim in dispute that would require construction, nor has it identified any invalidating prior art that would require Michelson and KTI to establish an earlier date of conception. . . .The general rule is that "filing a patent application is constructive reduction to practice." 60 Am. Jur. 2d Patents § 90 (2003); see also *Kopykake Enters. v. Lucks Co.,* 264 F.3d 1377, 1383 (Fed. Cir. 2001) ("We consider the meaning of the claim as of the date the invention was constructively reduced to practice - the date the patent application was filed.") Moreover, this court has stated previously that a "'priority date' is a 'constructive date of conception, design, and reduction to practice' for a patented item." Order Granting in Part and Deny. in *Part Pl.'s Renewed Mot. to Compel, Medtronic* Sofamor Danek, Inc. v. Michelson, Civil Case No. 01-2373-MIV, 20 (W.D. Tenn. October 24, 2002) (citing the United States Patent and Trademark Office Manual of Patent Examining Procedure). Michelson and KTI have stated that they will rely on the dates of filing as the constructive dates of invention and have already provided Medtronic with those dates.
>
> Medtronic argues that the instrumental date in identifying the prior art is the date of invention, not the date of filing. (See Pl.'s Mem. in Supp. of 2d Renewed Mot. to Compel Defs.' Resp. to Interrog. No. 1 at 10) (citing *Lockwood v. American Airlines*, 107 F.3d 1565, 1570 (Fed. Cir. 1997); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576. (Fed. Cir. 1996)).   At this point in the current litigation, the invention dates and filing dates for the allegedly infringed patents are the same because Michelson and KTI have not

come forward with any earlier dates as evidence of invention. See *Mahurkar*, 79 F.3d at 1577. (finding that plaintiff's invention date would have been the filing date of his patent if he had not come forward with earlier date of invention).  The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." Patent, Trademark, and Copyright Laws § 282 (Jefferey M. Samuels ed., 2002); see also *Mahurkar*, 79 F.3d at 1576. Medtronic has failed to identify any prior art that existed before the patent application filing dates that would force Michelson and KTI to offer evidence of an earlier date of invention and thus make the requested dates relevant to Medtronic's defense of the patent infringement counterclaim. Moreover, it does not appear that Medtronic has even asserted patent invalidity as a defense to the patent infringement counterclaim in this case.

Accordingly, the court finds that Medtronic has failed to make a sufficient showing of how the requested dates of conception, design and reduction to practice are relevant to its defense of the patent infringement counterclaim. Medtronic's second renewed motion to compel is therefore denied as to Group 2.

*Id*. at *11-14.

The patents in the case identify their priority dates. Thus, Thomson does have what *Medtronic* and *Kopykake* say is the date of invention: the date of filing, which is the constructive date of conception and reduction to practice.

*Medtronic's* reasoning is similar to *Cleo Wrap Corp. v. Elsner Engineering Works, Inc.* 59 F.R.D. 386 (M.D. Pa. 1972), one of the cases cited by TimeBase in its detailed objections. *Cleo Wrap* allowed discovery into conception and reduction to practice because the defendant had already provided its positions on those issues. The defendant said that it could not establish dates earlier than the plaintiff's, and it had disclosed its own date of conception. Both *Medtronic* and *Cleo Wrap* demonstrate that TimeBase has followed the law.

Of course, Thomson has said nothing here about any aspect of its validity defense. All we know is that, per Thomson's boilerplate defense, the patents "are invalid for failure

to comply with the patent laws, including without limitation, 35 U.S.C. §§ 102, 103, and/or 112." (Defendants' Joint Answer and Defenses, Document 40 in 07-1687).

The defendants cite *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 2007 WL 2790355 (N.D. Iowa Sept. 24, 2007), which held that a requirement for a prior art statement did not preclude earlier discovery into validity. The defendant had identified a number of prior art references in response to one interrogatory, but objected to another interrogatory calling for analysis of the prior art. The objector said the interrogatory was premature in light of the requirement for a later prior art statement. *Id.* at 2-3.

The court overruled the objection. It noted that the parties had **agreed** that discovery unrelated to claim construction could proceed independently. *Id.* at 6. There is no such agreement here. Thomson refused such an agreement. (Hosteny Dec., ¶¶ 5-8).

Applying *Transamerica* would mean that Thomson has to do the same as the defendant in *Transamerica* was required to do: fully answer TimeBase's invalidity interrogatory, which has been outstanding for seventeen months. Had Thomson responded to TimeBase's interrogatory, TimeBase would have been in a better position to respond. That is especially true where, as *Transamerica* recognizes, the burden with respect to validity is on Thomson. *Id.* at 4. Supplementing the interrogatory responses was TimeBase's initial proposal. (Hosteny Dec., ¶¶ 5-8).

Yet Thomson objected to answering about prior art, or about § 102, or about § 103. Thomson's interrogatory responses use the ground used by the defendant in *Transamerica*, and rejected by *Transamerica*. Thus, Thomson has not followed the holding of its own case. To allow Thomson to be so inconsistent -- to argue that a rule really applies to only one of two parties in the litigation -- would make a shambles of litigation.

14

*Transamerica* cites *Medtronic, Inc. v. Guidant Corp.*, 2003 WL 23864972 (D. Minn. January 8, 2003). Thomson cites it, too. *Medtronic* starts by saying that discovery is to be liberal; but that is a proposition that Thomson has ignored when it comes to answering interrogatories. Medtronic defended against a claim of patent infringement by asserting invalidity under § 102. The court ordered Medtronic to respond to an interrogatory on the subject. *Id.* at 3-4. There does not appear to have been a provision in *Medtronic* for statements by the parties with respect to infringement and invalidity. Again, Thomson is seeking to apply a proposition of law to its adversary, while avoiding the application of that same proposition to itself. That is not just, or equitable, or fair, or remotely sensible.

Thomson cites *Sinco, Inc. v. B&O Mfg, Inc.*, 2005 WL 1432202 (D. Minn. May 23, 2005). This case involves damages discovery, and commented that discovery is not normally sequenced. Ironically, Thomson wants a sequence. It does not want to fully respond to TimeBase's April, 2008 interrogatory on the ground that the schedule does not require it to do so until October, 2009, seventeen months later. That is a sequence. Again, Thomson is ignoring, if not flaunting, the holdings of its own cases.

Thomson cites *Invacare Corp. v. Sunrise Medical Holdings, Inc.*, 2005 WL 1750271 (N.D. Ohio January 21, 2005).  Part of the dispute concerned a failure to respond to an interrogatory about conception and reduction to practice. *Id.* at 3-4. The defendant identified "at least one piece of prior art, i.e., the '898 patent." 2005 WL 1750271, at 4. Thus, there were some facts justifying discovery into conception and reduction to practice dates. Thomson has identified not one reference.

In *Invacare* there was a consulting agreement about the litigation between the inventor and the plaintiff in Invacare. *Id.* at 4. Here, there is no such agreement with those

15

persons who established the predecessor to TimeBase fifteen years ago: Mr. Schnelle and Ms. Lessing. In *Invacare*, the plaintiff had agreed to represent the inventor. *Id.* at 4. But Thomson knows that Mr. Schnelle and Ms. Lessing are not represented by TimeBase's counsel. (Hosteny Dec., ¶¶ 3-4). In *Invacare*, there was no showing that obtaining the information sought by the interrogatory constituted an unreasonable burden, as contemplated by Rules 26 and 34. Here, there is such a showing. (Muldoon Dec.)

Most of all, *Invacare* again shows Thomson's inconsistency. Thomson wants its adversary to answer interrogatories; but, on the same subject, Thomson declines to answer, relying on the Pretrial Schedule. It is only fair to do so if the same requirement applies to both parties. TimeBase cannot respond to invalidity interrogatories blind and in a vacuum, especially when the discovery sought is such a burden.

Thomson cites *Ropak Corp. v. Plastican, Inc.*, 2006 WL 1005406 (N.D. Ill. April 17, 2006). Ropak sued Plastican for infringement. Plastican alleged that the invention was made by David Diamond, who did so independently of Ropak. Thus, Plastican provided facts, not just an allegation, about inventorship. The court ruled that Plastican had to provide documents supporting Diamond's work. *Id.* at 3. The case supports TimeBase: Discovery was ordered because the <u>facts</u> showed the issue was in the case.

Thomson cites *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377 (8th Cir. 1992). The case involved a spinal injury in a truck accident. The plaintiff sought discovery about the design of Mack truck models preceding the one in the accident. The trial court did not permit that discovery, and the appellate court affirmed, saying that the plaintiff had shown no prejudice from the denial. This case supports TimeBase. It has shown prejudice from the discovery pursuant to Rule 26(b)(2)(B) and the notes to Rule 34.

Thomson cites *McKesson Information Solutions LLC v. Epic Systems Corp.,* 242 F.R.D. 689 (N.D. Ga. 2007). That case involved U.S. Patent No. 6,757,898. It did not rely on any prior patent for its priority date. The defendant moved to compel an answer to several of its interrogatories, including one about conception and reduction to practice. The court compelled McKesson to answer the interrogatories, and said that McKesson had been "lackadaisical" in attending to its obligations under Rule 26.

*McKesson* did not make any showing that the information sought was not "reasonably accessible because of undue burden or cost." Fed.R.Civ.P. 26(b)(2)(B). TimeBase has made that showing. (Muldoon Dec.) *McKesson* did not involve discovery that was twelve to fifteen years old, as is the case here. TimeBase has made such a showing, and told Thomson about the problems. (Hosteny Dec., ¶ 4). And, far from being lackadaisical, TimeBase proposed various alternatives to Thomson, and could not even get an answer that Thomson promised. (Hosteny Dec., ¶ 7). Finally, the movant in *McKesson* did not do what Thomson has done here: object to answering based on the Pretrial Schedule, while proposing that TimeBase's wish to do the same (on both invalidity <u>and</u> infringement) is baseless.

Thomson cites *Lamoreaux v. Genesis Pharmacy Services, Inc.,* 226 F.R.D. 154 (D. Conn. 2004). This was a patent case about needles for radiation therapy. Both inventors and their company were the plaintiffs. Thus, the inventors were, unlike here, available. (Hosteny Dec., ¶¶ 3-4). The defendant counterclaimed for invalidity of the patent. The defendant sought to compel answers to interrogatories regarding conception and reduction to practice. This case does not involve Rule 26(b)(2)(B). In fact, it notes that, while discovery is broad, it can be restricted based on, for example, the burden that would result in

providing the discovery. 226 F.R.D. at 158-159. Nor does *Lamoreaux* involve inventors who are no longer employed by the patent owner. Here, TimeBase cannot require the inventors who might be able to give information to do so, and the only records that may be available are "not reasonably accessible" as provided by Rule 26(b)(2)(B). (Muldoon Dec.).

Thomson has not shown any "good cause" for this discovery. On the contrary, during negotiations, it declined to identify even a single prior art reference that would justify such an onerous burden. Nor can the posing of an interrogatory on the subject be sufficient to show good cause. If that were the case, good cause would always automatically exist, without any factual showing. A party could simply issue an interrogatory.

Thomson cites *Archer Daniels Midland Co. v. Aon Risk Services, Inc.,* 187 F.R.D. 578 (D. Minn. 1999).  This was an insurance malpractice action relating to a 1993 flood on the Mississippi River. Aon sought discovery relating to proposed affirmative defenses, including price-fixing. *Id.* at 580-581. The court noted that "we are directed to limit discovery upon a determination that" one of the conditions of Rule 26(b)(2)(B)(i)-(iii) applies. *Id.* at 589-590. It added that these conditions are "to be applied in a common sense, and practical manner." *Id.* at 589. It neither allowed nor denied the requested discovery. Instead, it required Aon to "first present a cogent showing that ADM is claiming specific categories of damages which are generated by admitted price-fixing activities . . . ." *Id.* at 590.

This case supports TimeBase's arguments applying Rule 26(b)(2)(B) and (C) to this case. Thomson has offered no reason for the burdensome discovery it seeks. Its demand is at odds with its representations two years ago that the reexamination would, at the very least, simplify this case.

Not one of Thomson's cases involves the limitations placed on electronic discovery by Rule 26(b)(2)(B). None of Thomson's cases deal with the burden of searching through hundreds of tapes, with equipment not available, for information that is fifteen years old. Not one of Thomson's cases involves inventors who had been gone from the patent owner's employ for any period of time, much less six years, as is the case here. Thomson's cases do suggest that (1) Thomson is unreasonable in its inconsistency, and (2) burdensome discovery that does not advance an issue that is really in the case – not just a lawyer's boilerplate say-so in a pleading – is not to be allowed, because it contravenes the practical and sensible application of Rule 26(b)(2)(B) and (C).

## VIII.    TIMEBASE HAS PROVIDED DISCOVERY

Thomson argues that TimeBase's reliance upon Fed.R.Civ.P. 33 in response to interrogatory no. 2 is insufficient, and that TimeBase has "provided no substantive response to [interrogatory number 2] either in writing or through document production." (Thomson brf. at 11-12).  Thomson's response, however, ignores the documents produced by TimeBase to date, such as the patents themselves.  The patents include priority dates and the names of the inventors on each patent.

These facts are apparent from the patents themselves, but which Thomson's motion ignores.  With the exception of the archived materials which would create an unreasonable burden upon TimeBase, and the unavailable inventors, TimeBase has provided the non-privileged facts in its possession which are responsive to Thomson's interrogatory in accord with Fed.R.Civ.P. 33(d).

IX.    **TIMEBASE'S RECOMMENDATIONS**

Should the Court deem this discovery necessary, TimeBase asks for conditions, as provided by Rule 26(b)(2)(B):

1.    Thomson should first show "good cause" as required by the Rule. It should fully answer TimeBase's Interrogatory 2, or provide the same information in its Prior Art Statement on October 23. In that answer, Thomson should state its contentions about the dates of the inventions and inventorship.

2.    There should be a protective order entered that protects TimeBase against unnecessary burden and expense.

3.    If legacy data is to be provided, Thomson should pay the reasonable cost of recovering legacy data, including the research time of individuals involved at TimeBase, any outside data recovery consultants that may reasonably be required, and the cost of any equipment and consumables. TimeBase is a small company, and cannot readily divert its employees from their normal business duties.

4.    TimeBase is not required to obtain information from sources not under its possession, custody or control.

X.    **CONCLUSION**

The defendants were in such a headlong rush to file this motion that they did not comply with Local Rule 37; they offered no compromise or suggestion at all: it was to be all Thomson's way, and no other way. TimeBase tried to persuade the defendants to work cooperatively, identified for the defendants to the sources of evidence unavailable to TimeBase, and explained why retrieving old documents was costly and not worth the benefit at this point. TimeBase also said it would respond to any § 102(e) reference cited by

Thomson. Thomson did not budge an inch. That is not the way to a smooth path in patent litigation.

Thomson's motion should be denied, and both parties – not just Thomson -- should operate in accordance with the Pretrial Schedule.

Respectfully submitted,


 /s/  Joseph N. Hosteny
Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Telephone: (312) 236-0733

Michael R. Cunningham
Gray, Plant & Mooty
80 South Eighth Street
Minneapolis, MN  55402
Telephone: (612) 632-3000
Fax:  (612) 632-4444

Attorneys for TimeBase Pty Ltd.