IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD., ) | |
| ) | File No. 07-CV-1687 (JNE/JJG) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **DECLARATION OF JOSEPH N.** |
| THE THOMSON CORPORATION, WEST ) | **HOSTENY** |
| PUBLISHING CORPORATION, AND WEST ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

I, Joseph N. Hosteny, declare:

1. I am one of the attorneys for TimeBase in this litigation. I have personal knowledge of the facts stated in this declaration except where otherwise noted. I can testify to these facts.

2. Attached as Exhibit A is copy of Thomson's First Supplemental Objections and Answers to TimeBase's First Set of Interrogatories (Nos. 1-5). Information that Thomson designated under the Protective Order has been redacted. Parts of the responses or objections, or supplemental responses or objections, were highlighted by us. With those exceptions, Exhibit A is a true and complete copy of Thomson's responses.

3. TimeBase has advised the defendants that Mr. Schnelle and Ms. Lessing are not accessible to TimeBase. One such instance is my email to the defendants' counsel on July 28, 2009. A copy is Exhibit B to this Declaration.

4. I spoke with the defendants by telephone on August 19. To my knowledge, at least Mr. Budd was on the line. I told the defendants at least the following:

    a.    Two inventors, Mr. Schnelle and Ms. Lessing, were not represented by us and were former employees, and information from them could only be obtained by deposition;

    b.    § 102(e) was not a present issue in the case;

    c.    There was no allegation or discovery to the effect that another person had invented earlier that might bring § 102(e) into play;

    d.    That we did not have any identification of prior art by the defendants and that we needed to know what Thomson's prior art was to determine what was in issue, and to answer Thomson's interrogatories;

    e.    That inventorship (§§ 116 and 256) was not mentioned in any pleading, and was therefore not a present issue in the case;

    f.    That the burden in responding regarding conception and reduction to practice was very high, and not presently justified by the issues because of the lack of access to older documents, the age of documents, and the status of Mr. Schnelle and Ms. Lessing; and

    g.    That we could not make a contention about the level of skill in the art (the defendants' Interrogatory 3) without knowing what prior art is asserted by the defendants.

5.    I also suggested two compromises during this conversation. The first was that the parties agree to supplement sequentially. I later suggested another compromise, that the parties supplement simultaneously. I indicated TimeBase would only be able to do so with respect to reasonably available knowledge. The conference ended because Mr. Budd had to leave.

6.  I spoke with the defendants' counsel again on August 25. To my knowledge, Mr. Budd, Mr. Wagner, and Ms. Razavi were on the line for the defendants. I discussed with them supplementation of interrogatories. I also mentioned that, in view of Thomson's non-disclosure of prior art and its position about the Pretrial Schedule, we should handle the discovery of invalidity issues according to the Pretrial Schedule, in part because we were already doing that with respect to validity, and because the Pretrial Schedule provisions were comprehensive. I mentioned my compromise suggestion of a mutual supplementation as well.

7.  In at least one of these conversations, Mr. Budd, said he would call me back to respond to my offers of sequential or simultaneous supplementation of interrogatories or would at least think about doing so. Mr. Budd did not respond again.

8.  My follow-up email of August 25 stated:

My first suggestion -- and I think the best for everyone -- is that the parties use the Court's order regarding the prior art statement to solve those issues in the interrogatories that deal with any invalidity defense. Pages 5 and 6 of the Scheduling Order are very specific, and should give everyone what they need.

My second suggestion is that the defendants supplement on a date they are comfortable with and not too distant, per Ted's 7/23 email, and we will supplement by an agreed date thereafter. My understanding is that Thomson does not wish to accept this proposal.

9.  Exhibit C is a copy of TimeBase's interrogatory responses, with confidential information removed.

10. Exhibit D includes the decisions cited only in Westlaw or Lexis.

I declare under the penalty of perjury that the foregoing is true and correct. Executed this 13th day of October, 2009.

      /s/ Joseph N. Hosteny
      Joseph N. Hosteny