Timebase Pty Ltd v. Thomson Corporation, The                                                    Doc. 92

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LeMond Cycling, Inc., a Minnesota
Corporation,

                Plaintiff,

v.

PTI Holding, Inc., a Delaware
Corporation; and Protective Technologies
International, Inc., a Delaware Corporation,

                Defendants.

Case No. 03-015034 (PAM/RLE)
      03-5441

**STIPULATION OF
CONFIDENTIALITY AND
PROTECTIVE ORDER**

    Plaintiff LeMond Cycling, Inc. ("LeMond") and Defendants PTI Holding, Inc. and Protective Technologies International, Inc. (collectively "PTI"), by and through their respective duly authorized counsel of record, hereby stipulate and agree to the following Stipulation of Confidentiality and Protective Order in this matter.

    During the course of discovery and trial, the parties may be under an obligation to disclose information and/or materials deemed to constitute confidential financial, commercial, or legal information. Disclosure of such information and/or material during discovery and hearing shall occur only upon the terms and conditions contained herein.

    1.    Until further Order of this Court or stipulation of the parties, all discovery and hearings of this matter shall be subject to this Stipulation of Confidentiality and Protective Order. The Court shall retain jurisdiction after the final disposition of this matter for the purpose of enforcing the terms of this Protective Order.

    2.    As used herein, "counsel" shall mean those attorneys who are members or associates of any law firm employed by the parties, including those members of a corporate

DEC 1 9 2003

Dockets.Justia.com

party's general counsel's office, and who are charged with the responsibility for and actively engaged in preparation of this matter, as well as any of counsel's respective secretaries, legal assistants or other staff.

3. In connection with discovery proceedings in this action, any information deemed by the party producing it to be confidential in nature, including without limitation, information contained in documents, things or objects, answers to interrogatories, deposition testimony, or any other information obtained during discovery or trial, may be designated "Confidential" or "Attorneys' Eyes Only" by the producing party, and will be subject to the terms of this Stipulation of Confidentiality and Protective Order. Such information may include information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

    a. derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

    b. is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

The parties shall endeavor to limit the use of the "Confidential" designation to those documents and materials that genuinely warrant the protection provided by the terms of this Stipulation and Order.

4. Information shall be deemed and designated "Confidential" or "Attorneys' Eyes Only" in the following manner:

    a. by imprinting every single-page document, and on the initial page or cover of a multi-page document and on all pages following that contain any

"Confidential" information the designation "Confidential" or "Attorneys' Eyes Only". In addition, this marking shall be applied in a prominent place on the exterior of any tangible object.

b. by imprinting the designation "Confidential" or "Attorney's Eyes Only" next to each answer to interrogatory, response to deposition by written question, or response to request for admission;

c. all deposition transcripts shall be confidential for a period of thirty (30) days after receipt of the transcript from the court reporter. Thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all other parties by listing the page and inclusive line numbers of the designated material. In any deposition transcript in which any portion has been designated confidential, the court reporter or the party in possession of the original shall imprint the work "Confidential" or "Attorneys' Eyes Only" on the front page of the deposition transcript. A deposition containing confidential information shall not be filed with the Court unless placed in a sealed envelope bearing the designation hereafter provided in this paragraph;

d. by describing in writing and in sufficient detail any non-written material and by providing written notice to all other parties that such non-written material shall be kept confidential;

e. by affixing in a prominent location on the exterior of any tangible object including to the canister or cassette of all videotapes or audiotapes the designation "Confidential" or "Attorneys' Eyes Only"; or

f. if, during the course of discovery in this action, a party, or its representative, is authorized to inspect another party's facilities, all information made available as a consequence of the inspection shall be deemed "Confidential" information.

In lieu of marking the original documents, the producing party may mark the copies that are produced or exchanged, and the fact that the original documents themselves may not contain the "Confidential" or "Attorneys' Eyes Only" marking shall not constitute a waiver of confidentiality.

5. The obligation to designate information as confidential shall be upon the party producing it. Except with respect to deposition or trial testimony and discovery from individuals or entities which are not parties to this action, such designation shall occur at the time of production.

6. Any information designated "Confidential" shall not be disclosed to any person other than:

a. the employees of the parties who have direct responsibility for managing the parties' involvement in this litigation;

b. counsel for the parties;

c. Court personnel and employees;

d. employees of any party who are directly involved in the preparation or evaluation of this case;

e. persons designated by the Court in the interest of justice, upon such terms as the Court deems proper;

f. persons noticed or subpoenaed for deposition or hearing testimony to the extent necessary for the preparation of the person's testimony in this case provided that documents will not be shown to witnesses who are not employees of the producing party (or otherwise within the categories of persons to whom disclosure may be made), except during depositions with prior notice and consent during the deposition by counsel for the producing party, provided that such witnesses agree to maintain the confidentiality of the information pursuant to this Protective Order;

g. outside consultants or experts retained to testify or assist counsel in litigation; and

h. persons participating in research such as mock trials, focus groups, and the like. This subsection expressly prohibits providing confidential information to members of the media for any purpose whatsoever.

Each individual identified above, to whom confidential information is to be disclosed, shall be provided a copy of this Protective Order and advised he or she is bound by its terms.

7. Any information designated as "Attorneys' Eyes Only" shall be examined by counsel only. The parties agree that counsel will not divulge the contents of such information to any party or third party at any time; this includes any notes or excerpts produced by examining counsel. All such designated information shall remain in the sole possession of the counsel to whom it was produced.

8. No person may refuse to answer a question at a deposition on the sole ground that the question requires the person to reveal confidential material, provided that a party may refuse to answer questions regarding information which involves material or information which it designates as "Attorneys' Eyes Only" unless:

    a. prior to answering deposition question(s), all persons present shall be advised of the terms of this Stipulation and Order; and

    b. all persons not authorized to receive or review confidential information under this Stipulation and Order shall leave the room during the time which this material is discussed, and shall not be permitted to review the transcript of this testimony.

9. Any person to whom disclosure of confidential information is made pursuant to the terms of this Stipulation and Order shall use said information only for the purpose of this matter. All persons are forbidden from using any confidential information for any business, competitive, or other purpose.

10. The inadvertent or unintended disclosure by the supplying party of confidential information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver of that party's claim of confidentiality. Nothing in this Stipulation and Order shall restrict a party or its counsel from using or disclosing information which they already possess or may be acquired by proper means, independent of the formal discovery process. Nothing in this Stipulation and Order shall be construed as a waiver by either party of their privileges under the attorney client privilege or the attorney work product doctrines. If a producing party discovers that it inadvertently or mistakenly produced documents that are privileged or otherwise immune from discovery, the producing party shall inform the receiving

party of the error and the receiving party shall promptly return all copies of such documents. No party shall thereafter assert such inadvertent or mistaken disclosure waived any privilege or immunity. The party having returned inadvertently or mistakenly produced documents may challenge the producing party's privilege or immunity claim on other grounds.

11. Should any confidential information subject to this Protective Order be disclosed, through inadvertence or otherwise, to any person or party not authorized pursuant hereto, then the disclosing party shall use its best efforts to obtain the prompt return of such confidential information, and to bind such person to the terms of this Protective Order. The disclosing party shall:

   a. promptly inform such person of all the provisions of this Protective Order;

   b. identify such person immediately to the party or nonparty that produced the document; and

   c. request such person to sign an undertaking in the form attached as Exhibit A.

The executed undertaking shall be served promptly upon the producing party.

12. A party shall not be obligated to challenge the propriety of another party's designation of information, and failure to do so shall not preclude any subsequent challenge thereto. In the event that any party disagrees with another's designation, the parties agree to attempt to resolve the dispute in good faith. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, with the burden on the designating party to show the confidential nature of the material.

13. The Court Administrator is directed to maintain under seal all documents, transcript, affidavits memoranda or other papers filed in this litigation which have been

designated confidential. The party filing such material shall instruct the Court Administrator in writing of the confidential nature of the material, and shall file the material in a sealed envelope prominently marked:

    a.    the caption of the case,

    b.    the identity of the party filing the envelope, and

    c.    the notation:

> CONFIDENTIAL INFORMATION
> SUBJECT TO PROTECTIVE ORDER
>
> THIS ENVELOPE IS NOT TO BE OPENED NOR THE
> CONTENTS DISPLAYED, COPIED OR REVEALED,
> EXCEPT BY AGREEMENT OF THE PARTIES OR
> AT THE DIRECTION OF THE COURT

14. If counsel intends to introduce confidential material into evidence at hearing or trial, he/she shall so inform the court and opposing counsel. The Court shall take such steps as it deems necessary to preserve the confidentiality of such information.

15. There shall be no reproduction whatsoever of any confidential information, except as required in this matter. Copies, excerpts, or summaries of confidential information, including affidavits, briefs, and memoranda may be shown or given to only those with authorized access under this Stipulation and Order.

16. Upon termination of this matter, including appeals, counsel shall:

    a.    return to the furnishing party all discovery marked "Confidential" or "Attorney's Eyes Only" received from such party during the course of the matter, including all copies of discovery, excerpts and summaries, unless properly classified as attorney work product, or

b. destroy all such material and provide evidence of such destruction to the opposing party.

17. The obligations described herein are to be enforced for the period of this litigation and shall remain in effect subsequent to its termination so as to protect the confidentiality of designated material. This Court shall retain continuing jurisdiction over this matter, even after final disposition, for purposes of enforcing this Stipulation and Order.

18. Third parties who are requested to produce documents or things or provide testimony in this matter may avail themselves of the provisions of this Protective Order and designate documents, things or testimony containing "Confidential" information in accordance with the provisions of this Order, or may seek further protective order from the Court.

19. The parties hereto stipulate and agree that a Protective Order in the form hereto attached may be entered by the Court.

20. Violations of this Stipulation and Order shall be subject to the contempt power of the Court or any other appropriate court upon application and such other sanctions as the Court may deem appropriate.

MASLON EDELMAN BORMAN & BRAND LLP

Dated: 12/15/03

By _____
William Z. Pentelovitch (#85078)
André J. LaMere (#321205)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 672-8338
(612) 642-8338 (facsimile)

**Attorneys for Plaintiff**

LeMond Cycling, Inc.

ARTHUR, CHAPMAN, KETTERING
SMETAK & PIKALA, P.A.

Dated: 12 16 03          By  *Thomas A. Forker*
                             Robert W. Kettering, Jr. (#55499)
                             Thomas A. Forker (#246682)
                          500 Young Quinlan Building
                          81 South Ninth Street
                          Minneapolis, MN 55402-3214
                          (612) 339-3500
                          (612) 339-7655 (facsimile)

**Attorneys for Defendants**
**PTI Holding, Inc. and**
**Protective Technologies International, Inc.**

## PROTECTIVE ORDER

Pursuant to the stipulation of the parties and the Court's authority:

**IT IS HEREBY ORDERED**:

1. The foregoing Stipulation of the parties shall be and hereby is adopted as the Order of this Court, and the parties are directed to comply fully with its terms.

2. The Clerk of Court is directed to maintain the confidentiality of the documents filed in accordance with the foregoing stipulation.

Dated: December 19, 2003

Raymond C. Erickson
Magistrate Judge

# EXHIBIT A

## AGREEMENT TO ABIDE BY STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

1. My name is _____.

2. I am aware that a Stipulation of Confidentiality and Protective Order ("Order") has been issued in the above-entitled litigation and I have received and read a copy of the Order.

3. I agree that I will comply with the Order and I will use confidential materials under the Order only in connection with the above-entitled litigation.

4. I agree that I will not disclose or discuss such confidential materials with any person other than counsel and other designated persons as permitted by the Order.

_____

# UNITED STATES DISTRICT COURT
## District of Minnesota

| | | |
|---|---|---|
| 700 Federal Building | 202 U.S. Courthouse | 417 Federal Building |
| 716 North Robert Street | 300 South Fourth Street | 515 West First Street |
| St. Paul, MN 55101 | Minneapolis, MN 55415 | Duluth, MN 55082 |

# CLERK'S NOTICE IN RE: PROTECTIVE ORDER

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. **Failure to do so may result in documents NOT getting filed under seal.**

## Guidelines for Submission of Sealed Documents:

A. File ORIGINALS with the Clerk. Copies are for the Judge or Magistrate Judge.

B. Each ORIGINAL document is to be **sealed** (closed, fastened, taped, or otherwise secured) in a separate envelope of comparable size no larger than 9 x 12.
*LR 5.1: All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. This rule does not apply to: (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.*

C. EACH original document MUST be in a separate envelope, and the front of EACH envelope must include the following information:
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal). Note: Motions, affidavits and memoranda are each considered a separate document.
- The word **"SEALED"** or **"CONFIDENTIAL"**

D. Copies MUST be together as a separate set in an envelope **addressed to the Judge or Magistrate Judge**.

Modified 04/09/02