

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2007 WL 1118274 (D.Minn.)
**(Cite as: 2007 WL 1118274 (D.Minn.))**

C
Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.
Paul D. ISENSEE, Plaintiff,
v.
HO SPORTS COMPANY, INC., Defendant.
**Civil No. 06-210 ADM/AJB.**

April 13, 2007.

Douglas J. Frederick, Esq. and Stanley E. Siegel, Jr., Esq., Rider Bennett, LLP, Minneapolis, MN, on behalf of Plaintiff.

Stuart R. Dunwoody, Esq., Davis Wright Tremaine LLP, Seattle, WA, and David R. Fairbairn, Esq., Kinney & Lange, P.A., Minneapolis, MN, on behalf of Defendant.

### MEMORANDUM OPINION AND ORDER

ANN D. MONTGOMERY, U.S. District Judge.

### I. INTRODUCTION

**\*1** This matter is before the undersigned United States District Judge pursuant to Defendant HO Sports Company, Inc.'s ("HO Sports Company") Objections [Docket No. 38] to the Magistrate Judge's March 8, 2007 Order (the "March 8 Order") [Docket No. 37] granting Plaintiff's Motion to Compel Discovery [Docket No. 27]. For the reasons set forth herein, Defendant's Objections are sustained, and the March 8 Order is reversed.

### II. BACKGROUND

On January 12, 2006, Plaintiff Paul D. Isensee ("Isensee") filed a Complaint [Docket No. 1] asserting claims against HO Sports Company for patent infringement, inducement of infringement, and contributory infringement, all in violation of 35 U.S.C. § 271. Discovery issues were referred to Magistrate Judge Arthur J. Boylan, who issued a Pretrial Scheduling Order on April 25, 2006 [Docket No. 14].[FN1]

> [FN1.] Certain aspects of the Pretrial Scheduling Order were subsequently modified. However, for the purpose of addressing HO Sports Company's Objections, only the April 25, 2006 Order is relevant.

Defendant's instant Objections arise from a discovery dispute regarding certain documents HO Sports Company has withheld on the basis of attorney-client privilege and attorney work product protection. The relevant facts are as follows. In a Purchase Agreement executed on May 30, 2002, HO Sports Company, then known as RMA Partners, Inc., purchased certain assets from H.O. Sports, Inc. Bodine Decl. [Docket No. 34] Ex. 1. Pursuant to the Purchase Agreement, HO Sports Company agreed to assume specific debts and liabilities of H.O. Sports, Inc., but debts and liabilities not specifically assumed were rejected. *Id.* at HOS002698.

HO Sports Company has taken the position that because it is not the successor of H.O. Sports, Inc., Isensee can not recover from HO Sports Company on a theory of successor liability for patent infringement committed by H.O. Sports, Inc. In a letter of January 10, 2007 regarding a discovery issue, HO Sports Company represented to Magistrate Judge Boylan that "it merely purchased assets from H.O. Sports, Inc." Frederick Decl. [Docket No. 30] Ex. A.

In a letter of January 11, 2007 to HO Sports Company, Isensee contended HO Sports Company could not assert H.O. Sports, Inc.'s privilege and work product protection if HO Sports Company merely purchased assets from H.O. Sports, Inc. *Id.* Ex. E. In a privilege log dated January 3, 2007 (the "January

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

3 Privilege Log"), HO Sports Company had asserted H.O. Sports, Inc.'s attorney-client privilege and work product doctrine protections for eleven documents. *Id.* Ex. C. In a letter of January 23, 2007, HO Sports Company responded that it "not only acquired the assets of H.O. Sports, Inc., but it continued that business. H.O. Sports, Inc. was wound down and HO Sports Company, Inc. has continued to sell products under the same trademarks, brands, and lines as were sold by H.O. Sports, Inc."*Id.*Ex. F. Therefore, HO Sports Company argued it could assert H.O. Sports, Inc.'s attorney-client privilege. *Id.*

On February 20, 2007, Isensee filed a Motion to Compel Discovery of documents HO Sports Company withheld on the basis of H.O. Sports, Inc.'s attorney-client privilege and work product protection. On February 27, HO Sports Company filed an Opposition [Docket No. 33] arguing that Isensee's Motion should be denied unless Magistrate Judge Boylan found that HO Sports Company is not liable under a theory of successor liability for H.O. Sports, Inc.'s actions. HO Sports Company argued it was not liable for H.O. Sports, Inc.'s actions because it "simply acquired the assets of H.O. Sports, Inc." Def.'s Opp'n at 13. However, HO Sports Company argued in the alternative that if it is liable for H.O. Sports, Inc.'s actions, then HO Sports Company is entitled to assert H.O. Sports, Inc.'s attorney-client privilege because "it not only acquired the assets of H.O. Sports, Inc., but it continued that business."*Id.* at 15.

**\*2** In support of its Opposition, HO Sports Company provided Judge Boylan with an updated privilege log, dated February 20, 2007 (the "February 20 Privilege Log"). Bodine Decl. Ex. 25. The February 20 Privilege Log contains 25 entries. *Id.* Eleven entries are identical to those on the January 3 Privilege Log. *Compare id. with* Frederick Decl. Ex. C. Six entries are documents created in the years 2003-2006, and so presumably those documents relate to legal advice or attorney work product prepared for HO Sports Company. Bodine Decl. Ex. 25. Eight documents are from the years 2002 and earlier, and so presumably those documents relate to legal advice or attorney work product prepared for HO Sports, Inc. *Id.*

The March 8, 2007 Order granted Isensee's Motion to Compel Discovery. Judge Boylan found that HO Sports Company's position regarding its purchase of H.O. Sports, Inc.'s assets "is inconsistent and evasive." March 8 Order at 5. Based on case law that a mere transfer of assets between corporations does not transfer the attorney-client privilege, *see* [Soverain Software LLC v. The GAP, Inc., 340 F.Supp.2d 760, 763 (E.D.Tex.2004)](#), Judge Boylan found that HO Sports Company had no basis to assert H.O. Sports, Inc.'s attorney-client privilege and work product protection because HO Sports Company had previously asserted that "it merely purchased assets from H.O. Sports, Inc." Therefore, Judge Boylan ordered that:

1. Defendant HO Sports Company, Inc. shall produce to Plaintiff all documents listed on Defendant HO Sports Company, Inc.'s Privilege Log dated January 3, 2007 and February 20, 2007.

2. Defendant shall supplement its responses to Plaintiff's discovery requests to include any withheld information or documents that Defendant has in its possession, custody or control ... that Defendant gained control over or obtained from H.O. Sports, Inc ., which are responsive to Plaintiff's discovery requests.

3. Defendant may not object to questions in a deposition that relate to information or documents that Defendant HO Sports Company, Inc. gained control over or obtained from H.O. Sports, Inc., on the basis of privilege.

March 8 Order at 1-2. On March 22, 2007, HO Sports Company timely filed its Objections to the March 8 Order.

### III. DISCUSSION

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

### A. Standard of Review

Under Federal Rule of Civil Procedure 72(a), "[t]he district judge to whom the case is assigned shall consider ... objections [to a magistrate judge's order on a nondispositive pretrial matter] and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

### B. Defendant's Objections

A party asserting the attorney-client privilege or the work product protection has the burden to provide a factual basis for the privilege or protection. *Hollins v. Powell,* 773 F.2d 191, 196 (8th Cir.1985); *In re Grand Jury Proceedings,* 655 F.2d 882, 886-87 (8th Cir.1981).Federal Rule of Civil Procedure 26(b)(5) specifies that a party must make a privilege or work product claim "expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."A party can meet this burden by "produc[ing] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its general counsel." *Rabushka ex. rel United States v. Crane Co.,* 122 F.3d 559, 565 (8th Cir.1997).

**\*3** HO Sports Company argues it was contrary to law for Magistrate Judge Boylan to grant Isensee's Motion to Compel Production without addressing the merits of HO Sports Company's attorney-client privilege and work product protection arguments. This Court agrees with Judge Boylan's assessment that HO Sports Company's position has been inconsistent and evasive. For the purposes of another discovery matter, HO Sports Company informed Judge Boylan in the January 10, 2007 letter that "it merely purchased assets from H.O. Sports, Inc." But for the purposes of asserting H.O. Sports, Inc.'s attorney-client privilege and work product protection, HO Sports Company now claims that it "not only acquired the assets of H.O. Sports, Inc., but it continued that business."*Id.* Ex. F. These claims contradict each other.

HO Sports Company can properly make alternative legal arguments that: 1) it is not liable for any recovery Isensee may be entitled to from H.O. Sports, Inc., and 2) if HO Sports Company is liable under a theory of successor liability, then HO Sports Company should be entitled to assert H.O. Sports, Inc.'s privilege and work product protection. However, rather than change the facts to suit these alternative arguments, HO Sports Company should have made alternative arguments based on a single, consistent account of the facts. HO Sports Company's failure to do so was indeed inconsistent and evasive.

However, this Court finds that HO Sports Company's conduct does not warrant the stiff sanction of disclosure of documents that may be privileged or protected as attorney work product. Therefore, it was contrary to law for the March 8 Order to grant Isensee's Motion to Compel Production without addressing the merits of HO Sports Company's privilege and work product arguments. In reaching this conclusion, this Court expresses no opinion regarding the relationship between successor liability and the attorney-client privilege in this case.

In the interest of the expeditious resolution of this discovery dispute, a few additional issues are briefly discussed. First, this Court agrees with Magistrate Judge Boylan's conclusion that Isensee's Motion to Compel Production and supporting materials satisfied Local Rule 37.2. Second, Isensee correctly argues that certain entries in the February 20 Privilege Log fail to meet the requirements of Federal Rule of Civil Procedure 26(b)(5) and Judge Boylan's Pretrial Scheduling Order. For example, some entries fail to identify an author or recipient's position, and certain descriptions vaguely refer to "corporate issues" without specifying whether legal issues were involved. Other entries claim a document is attorney work product but fail to indicate that an attorney authored or was otherwise involved

in the creation of the document. Isensee suggests that these deficiencies require that HO Sports Company's Objections be overruled. However, Isensee did not raise these deficiencies in his Memorandum supporting his Motion to Compel. See Mem. of Law in Supp. of Mot. to Compel Disc. [Docket No. 29]. Instead, Isensee raised them for the first time in his Response [Docket No. 42] to HO Sports Company's Objections. HO Sports Company should be afforded an opportunity to correct the deficiencies. Therefore, in accordance with a deadline set by Judge Boylan, HO Sports Company should submit a revised privilege log that fully complies with Rule 26(b)(5) and the Pretrial Scheduling Order. Disclosure will be an appropriate sanction for continued deficiencies in HO Sports Company's privilege log. *See SmithKline Beecham Corp. v. Apotex Corp.,* 232 F.R.D. 467, 475 (E.D.Pa.2005).

***4** Finally, it appears that six documents in HO Sports Company's February 20 Privilege Log were created after the winding down of H.O. Sports, Inc.'s affairs in 2002. Therefore, these documents are not encompassed by Isensee's Motion to Compel Production. Nevertheless, HO Sports Company still bears the burden of establishing these documents are privileged or protected by the work product doctrine, and HO Sports Company should ensure that its amended privilege log adequately describes these documents so that Isensee can "assess the applicability of the privilege or protection."Fed R. Civ. P. 26(b)(5).

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Objections [Docket No. 38] are **SUSTAINED,** and the Magistrate Judge's March 8, 2007 Order [Docket No. 37] is **REVERSED.**

D.Minn.,2007.
Isensee v. HO Sports Co., Inc.
Not Reported in F.Supp.2d, 2007 WL 1118274 (D.Minn.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.