IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| TIMEBASE PTY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Nos. 07-cv-1687 (JNE/JJG) |
| vs. | ) | |
| | ) | |
| THE THOMSON CORPORATION, | ) | |
| WEST PUBLISHING CORPORATION, | ) | **SECOND AMENDED COMPLAINT** |
| and WEST SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, TimeBase Pty Ltd., ("TimeBase") complains of defendants, The Thomson Corporation, West Publishing Corporation, and West Services, Inc.:

**PARTIES, JURISDICTION AND VENUE**

1.  1. This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §1338(a).

2.  TimeBase is organized under the laws of Australia, with its principal place of business at Level 1, 362 Kent Street, Sydney, NSW 2000.

3.  TimeBase is the owner by assignment and has standing to sue for infringement of United States Patent No. 6,233,592 C1, "System for Electronic Publishing," and is the owner by assignment and has standing to sue for infringement of United States Patent No. 7,293,228, "Maltweb Multi-Axis Viewing Interface and Higher Level Scoping." The '592 patent has now been reexamined, and all of its claims have been confirmed.

4.  The Thomson Corporation ("Thomson") is an alien corporation incorporated under the laws of Canada. Thomson sells publishing services and products nationwide and in this judicial district.

5.  West Publishing Corporation ("West Publishing") is incorporated under the laws of Minnesota with its headquarters at 610 Opperman Drive, Eagan, Minnesota.

6.  West Services, Inc. ("West Services") is incorporated under the laws of Delaware with its headquarters at 610 Opperman Drive, Eagan, Minnesota.

7.  Thomson, West Publishing, and West Services have used, sold, or offered to sell products and services that infringe the '228 patent and the '592 C1 patent within this judicial district, and have advertised the sale of such products in this judicial district.

8.  Thomson, West Publishing and West Services are subject to personal jurisdiction in this judicial district.

9.  Venue is proper in this district under 28 U.S.C. §§1391(d) and 1400(b).

## PATENT INFRINGEMENT

10. The defendants offer numerous products and services. The defendants also offer combinations of products and services, often called bundles, to create new offerings on a continuing basis. These offerings appear to change from time to time as well. The defendants include these offerings in what they describe as the Westlaw architecture. At this time, the products and services, combinations of products and services, and bundles include at least the following available via Westlaw:

   a. "Graphical Bills on Westlaw" (Exhibit A to this complaint);

   b. "Graphical Statutes on Westlaw" (Exhibit B to this complaint);

   c. "PastStat Locator on Westlaw" (Exhibit C to this complaint);

   d. "PastStat Locator Module" (Exhibit D to this complaint);

   e. "RegulationsPlus on Westlaw" (Exhibits E and F to this complaint);

   f. "Regulations Suite on Westlaw" (Exhibit G to this complaint);

g.   "RegulationsPlus Corporate" (Exhibit E to this complaint);

h.   "RegulationsPlus Taxation" (Exhibit E to this complaint);

i.   "RegulationsPlus Module" (Exhibit H to this complaint);

j.   "Westlaw GC-Regulations Suite and RegulationsPlus (Module)" (Exhibit I to this complaint);

k.   "Securities Corporate Finance with RegulationsPlus and Legislative History on Westlaw® (Westlaw PRO®) (Banded)" (Exhibit J to this complaint);

l.   "Securities Litigation with RegulationsPlus and Legislative History on Westlaw® (WestlawPRO®) (Banded)" (Exhibit K to this complaint);

m.   "Securities Practitioner Premier Plus Library on Westlaw® (WestlawPRO®) (Banded)" (Exhibit L to this complaint); and

n.   "StatutesPlus on Westlaw" (Exhibits M and N to this complaint).

11.   These products and services include and use databases. Any given database can be employed in a variety of ways. For example, a user of or subscriber to *United States Code Annotated® on Westlaw®* can employ this database to look at a federal statute. See Exhibit O to this complaint. A user or subscriber would employ the same database in using *Securities Practitioner Premier Plus Library on Westlaw*. It includes the same database, "USCA United States Code Annotated," and also includes PastStat Locator.  See, for example, Exhibit L to this complaint. Finally a user of or subscriber to *PastStat Locator™ United States Code Annotated® (USCA®) Library on Westlaw® (Banded) (WestlawPRO®)* would use the same database, "USCA United States Code Annotated." See Exhibit P to this complaint. The database "USCA United States Code Annotated" is employed in a number of products and services.

3

12. The various services and products, as presently known, are identified above. They are "umbrellas." That is, each of them can be configured in many different but still infringing ways. As one example, PastStat Locator can be used with a database for the Annotated United States Code, or with a database for the state laws of California, Florida, Illinois, Massachusetts, New York, Pennsylvania, New Jersey, or Texas. PastStat Locator can also be used with other databases, such as for the United States Constitution, the Truth in Lending Act, or the Real Estate Settlement Procedures Act. A PastStat Locator user can use one of these databases, or a desired combination of them. Furthermore, a user can pay based on use, or by a variety of standardized and specialized subscriptions. The same is true of the other products and services enumerated in paragraphs 10 and 11 above.

13. The '592 C1 patent and the '228 patent include both method and apparatus claims. Method claims are infringed when someone goes online via Westlaw, and employs one of the services described in paragraphs 10-12. Apparatus claims are infringed when the defendants provide a database that is correctly configured. The infringing databases are at least those used with the products and services described in paragraphs 10-12 and, on information and belief, the number of such infringing databases is growing. The infringement of the method claims by the defendants is at least contributory and by inducement pursuant to 35 U.S.C. § 271(b) and (c), because they encourage customers, both here and abroad, to use Westlaw, and provide access via, for example, the internet, to the products and services in Minnesota. The defendants also directly infringe the method claims when they use Westlaw. The infringement of the apparatus claims by the defendants is direct, because the defendants design, construct, and configure the databases.

4

14. Thus, the products and services accused of infringement include (1) the umbrella products and services identified above, their variable components, (2) the databases, and (3) any other product or service including one or more of those products or services or databases.

15. The defendants have therefore infringed the reexamined '592 C1 patent at least by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of products and services that fall within the scope of one or more claims of the '592 C1 patent. The claims asserted are 1-61. Additional products may be identified in the course of discovery. Defendants have received notice of their infringement of the original '592 patent.

16. The defendants have therefore infringed the '228 patent at least by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of products and services that fall within the scope of one or more claims of the '228 patent. The asserted claims are 1-48. Additional products may be identified during the course of discovery. Thomson was notified in early 2006 and again in September 2006 that these products would infringe the application from which the '228 patent issued.

17. The defendants' acts of infringement have injured TimeBase, and TimeBase is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty. The defendants advertise their products and services as part of Westlaw, in order to promote the sales of all Westlaw components. See Exhibits A to O. They provide StatutesPlus as part of Westlaw, and describe it as "the StatutesPlus Features on Westlaw." See Exhibit M. The defendants

advertise PastStat Locator as part of Westlaw, and describe it as "PastStat Locator on Westlaw." See Exhibit C to this complaint. Andrew Martens, a Senior Vice President, New Product Development for Thomson, stated in a Declaration that PastStat Locator is "Westlaw related" and is a "feature within the Westlaw architecture." See Exhibit Q to this complaint.

18. The defendants advertise RegulationsPlus, RegulationsPlus Tax, and RegulationsPlus Corporate as part of Westlaw, and describe them as "Westlaw RegulationsPlus." See Exhibit F. Martens' Declaration says that these products and services are "features on the Westlaw architecture." See Exhibit Q, and particularly paragraph 11. The defendants advertise Graphical Statutes as a way to retrieve statutes in Westlaw. See Exhibit B. The defendants advertise Graphical Bills as part of Westlaw, describing it as "Graphical Bills on Westlaw." See Exhibit A. The defendants advertise "The Statutes research you've always wanted – only on Westlaw." See Exhibit N. They say that "RegulationsPlus on Westlaw is a regulation-research breakthrough making it easier than ever" to complete legal research. See Exhibit F. The databases are an integral part of Westlaw as a whole, and of any accused product.

19. The defendants use the infringing products and services to distinguish Westlaw from their competitors, and to increase the use of and subscriptions to Westlaw as a whole. The defendants collect revenues in multiple ways, including by subscriptions of various kinds and by user fees or pay as you go. Thus, the infringing apparatuses and acts create, contribute to or promote the sales of all products available via Westlaw. The infringing products and services are part of Westlaw, which the defendants describe as "the most complete online statutory research service available, with intuitive finding tools

6

gathered in one place . . . ." In 2008, the Legal Segment of Thomson's Professional Division generated revenue in excess of $3,500,000,000 with an operating profit margin of 32.1%. Westlaw is a substantial part of this revenue.

20. The infringement by the defendants has injured and will continue to injure TimeBase unless the infringement is enjoined by this Court.

21. One or more of the defendants learned of TimeBase's patented technology in 2001 during a meeting with TimeBase representatives. Following that contact, and on information and belief, one or more of the defendants took and used TimeBase's patented technology, and the information provided during the 2001 contact, to develop their own infringing products and services, in disregard of TimeBase's legal rights. The defendants, on information and belief, sought no legal advice regarding their obligations concerning TimeBase's rights. Thus, the infringement is willful. Additional facts supporting willful infringement are covered by the Stipulated Protective Order, and so cannot be described here. The factual contentions described above will likely have additional evidentiary support after a reasonable opportunity for further discovery.

## **DEMAND FOR RELIEF**

WHEREFORE, TimeBase respectfully demands judgment against the defendants and their subsidiaries and affiliates as follows:

A. An award of damages adequate to compensate TimeBase for the infringement that has occurred, together with prejudgment interest from the date infringement of the patent began and through the lifetime of the patent;

B. Any other damages permitted, including any for willful infringement, under 35 U.S.C. § 284;

7

C. A finding that this case is exceptional and an award to TimeBase of its attorneys' fees and expenses as provided by 35 U.S.C. § 285;

D. An injunction permanently prohibiting the defendants and all persons in active concert or participation with it, from further acts of infringement of the '228 patent and of the reexamined '592 C1 patent; and

E. Such other and further relief as this Court or a jury may deem proper.

## JURY DEMAND

TimeBase demands a trial by jury.

/s/ Joseph N. Hosteny
Joseph N. Hosteny
Arthur A. Gasey
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602
Telephone: 312-236-0733
Fax: 312-236-3137
Email: hosteny@nshn.com
Email: gasey@nshn.com

Michael R. Cunningham
Attorney No. 20424
GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 632-3000
Fax: (612) 632-4444
michael.cunningham@gmplaw.com

**Attorneys for Plaintiff TimeBase Pty Ltd.**

8