## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD., | Civil No. 07-1687 (JNE/JJG) |
| Plaintiff, | |
| vs. | |
| THE THOMSON CORPORATION, WEST PUBLISHING CORPORATION, and WEST SERVICES, INC., | ANSWER TO SECOND AMENDED COMPLAINT |
| Defendants. | |

Defendants The Thomson Corporation, West Publishing Corporation, and West Services, Inc. (collectively "defendants"), for their Answer to the Second Amended Complaint of plaintiff TimeBase Pty Ltd. ("TimeBase"), state and allege by reference to the paragraph numbers of that Second Amended Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1.      This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. §271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §1338(a).

**ANSWER:**  Admitted.

2.      TimeBase is organized under the laws of Australia, with its principal place of business at Level 1, 362 Kent Street, Sydney, NSW 2000.

**ANSWER:**  On information and belief, defendants admit that TimeBase is organized under the laws of Australia, with its principal place of business at Level 1, 362 Kent Street, Sydney, NSW 2000.

3.      TimeBase is the owner by assignment and has standing to sue for infringement of United States Patent No. 6,233,592 Cl, "System for Electronic Publishing," and is the owner by assignment and has standing to sue for infringement of United States Patent No. 7,293,228, "Maltweb Multi-Axis Viewing Interface and Higher Level Scoping." The '592 patent has now been reexamined, and all of its claims have been confirmed.

**ANSWER:**  Defendants admit that the '592 patent has been reexamined.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4.      The Thomson Corporation ("Thomson") is an alien corporation incorporated under the laws of Canada. Thomson sells publishing services and products nationwide and in this judicial district.

**ANSWER:**  Defendants admit that The Thomson Corporation is an alien corporation incorporated under the laws of Canada.  Defendants deny that Thomson sells publishing services and products nationwide and in this judicial district.

5.      West Publishing Corporation ("West Publishing") is incorporated under the laws of Minnesota with its headquarters at 610 Opperman Drive, Eagan, Minnesota.

**ANSWER:**  Admitted.

6.      West Services, Inc. ("West Services") is incorporated under the laws of Delaware with its headquarters at 610 Opperman Drive, Eagan, Minnesota.

**ANSWER:**  Admitted.

7.      Thomson, West Publishing, and West Services have used, sold, or offered to sell products and services that infringe the '228 patent and the '592 Cl patent within this judicial district, and have advertised the sale of such products in this judicial district.

**ANSWER:**  Denied.

8.      Thomson, West Publishing and West Services are subject to personal jurisdiction in this judicial district.

**ANSWER:**  Admitted.

9.      Venue is proper in this district under 28 U.S.C. §§1391(d) and 1400(b).

**ANSWER:**  Admitted.

## PATENT INFRINGEMENT

10.     The defendants offer numerous products and services. The defendants also offer combinations of products and services, often called bundles, to create new offerings on a continuing basis. These offerings appear to change from time to time as well. The defendants include these offerings in what they describe as the Westlaw architecture. At this time, the products and services, combinations of products and services, and bundles include at least the following available via Westlaw:

   a.      "Graphical Bills on Westlaw" (Exhibit A to this complaint);

   b.      "Graphical Statutes on Westlaw" (Exhibit B to this complaint);

   c.      "PastStat Locator on Westlaw" (Exhibit C to this complaint);

   d.      "PastStat Locator Module" (Exhibit D to this complaint);

   e.      "RegulationsPlus on Westlaw" (Exhibits E and F to this complaint);

   f.      "Regulations Suite on Westlaw" (Exhibit G to this complaint);

g.      "RegulationsPlus Corporate" (Exhibit E to this complaint);

h.      "RegulationsPlus Taxation" (Exhibit E to this complaint);

i.      "RegulationsPlus Module" (Exhibit H to this complaint);

j.      "Westlaw GC-Regulations Suite and RegulationsPlus (Module)" (Exhibit I to this complaint);

k.      "Securities Corporate Finance with RegulationsPlus and Legislative History on Westlaw® (Westlaw PRO®) (Banded)" (Exhibit J to this complaint);

l.      "Securities Litigation with RegulationsPlus and Legislative History on Westlaw® (WestlawPRO®) (Banded)" (Exhibit K to this complaint);

m.      "Securities Practitioner Premier Plus Library on Westlaw® (WestlawPRO®) (Banded)" (Exhibit L to this complaint); and

n.      "StatutesPlus on Westlaw" (Exhibits M and N to this complaint).

**ANSWER:**  Defendants admit that West Publishing Corporation and West Services, Inc. offer numerous products and services, including bundles of certain products and services.  Defendants further admit that West Publishing Corporation and West Services, Inc.  offer the following products: Graphical Bills; Graphical Statutes; PastStat Locator; PastStat Locator Module; RegulationsPlus; Regulations Suite; RegulationsPlus Corporate; RegulationsPlus Module; Westlaw GC-Regulations Suite and RegulationsPlus (Module); Securities Corporate Finance with RegulationsPlus and Legislative History; Securities Litigation with RegulationsPlus and Legislative History; and Securities Practitioner Premier Plus Library.  Except as expressly admitted, defendants deny the allegations of paragraph 10.  Defendants expressly deny that RegulationsPlus Taxation and StatutesPlus are products sold by the defendants.

11.     These products and services include and use databases. Any given database can be employed in a variety of ways. For example, a user of or subscriber to *United States Code Annotated® on Westlaw®* can employ this database to look at a federal statute. See Exhibit O to this complaint. A user or subscriber would employ the same database in using *Securities Practitioner Premier Plus Library on Westlaw*. It includes the same database, "USCA United States Code Annotated," and also includes PastStat Locator. See, for example, Exhibit L to this complaint. Finally a user of or subscriber to *PastStat Locator^TM United States Code Annotated® (USCA®) Library on Westlaw® (Banded) (WestlawPRO®)* would use the same database, "USCA United States Code Annotated." See Exhibit P to this complaint. The database "USCA United States Code Annotated" is employed in a number of products and services.

**ANSWER:**  Defendants admit that United States Code Annotated is a database or group of databases offered by West Publishing Corporation and West Services, Inc., and defendants admit that United States Code Annotated includes federal statutes.  Defendants further admit that United States Code Annotated can be used with a number of products and services, including Securities Practitioner Premier Plus Library on Westlaw and PastStat Locator.  Except as expressly admitted, defendants deny the allegations of paragraph 11.

12.     The various services and products, as presently known, are identified above. They are "umbrellas." That is, each of them can be configured in many different but still infringing ways. As one example, PastStat Locator can be used with a database for the Annotated United States Code, or with a database for the state laws of California, Florida, Illinois, Massachusetts, New York, Pennsylvania, New Jersey, or Texas. PastStat Locator can also be used with other databases, such as for the United States Constitution, the Truth in Lending Act, or the Real Estate Settlement Procedures Act. A PastStat Locator user can use one of these databases, or a

desired combination of them. Furthermore, a user can pay based on use, or by a variety of standardized and specialized subscriptions. The same is true of the other products and services enumerated in paragraphs 10 and 11 above.

**ANSWER:**  Defendants admit that PastStat Locator can be used with the United States Code Annotated database, or with a database for the state statutes of California, Florida, Illinois, Massachusetts, New York, Pennsylvania, New Jersey, or Texas.  Defendants further admit that there are a varieties of subscriptions made available to the defendant's subscribers.  Except as expressly admitted, defendants deny the allegations of paragraph 12.

13.     The '592 C1 patent and the '228 patent include both method and apparatus claims. Method claims are infringed when someone goes online via Westlaw, and employs one of the services described in paragraphs 10-12. Apparatus claims are infringed when the defendants provide a database that is correctly configured. The infringing databases are at least those used with the products and services described in paragraphs 10-12 and, on information and belief, the number of such infringing databases is growing. The infringement of the method claims by the defendants is at least contributory and by inducement pursuant to 35 U.S.C. § 271(b) and (c), because they encourage customers, both here and abroad, to use Westlaw, and provide access via, for example, the internet, to the products and services in Minnesota. The defendants also directly infringe the method claims when they use Westlaw. The infringement of the apparatus claims by the defendants is direct, because the defendants design, construct, and configure the databases.

**ANSWER:**  Defendants admit that the '592 patent and the '228 patent include both method and apparatus claims.  Except as expressly admitted, defendants deny the allegations of paragraph 13.

14.     Thus, the products and services accused of infringement include (1) the umbrella products and services identified above, their variable components, (2) the databases, and (3) any other product or service including one or more of those products or services or databases.

**ANSWER:**  Defendants deny that plaintiff has specifically identified the products and services accused of infringement and deny that any of defendants' products or services infringe the claims of the '592 and '228 patents.

15.     The defendants have therefore infringed the reexamined '592 Cl patent at least by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of products and services that fall within the scope of one or more claims of the '592 Cl patent. The claims asserted are 1-61. Additional products may be identified in the course of discovery. Defendants have received notice of their infringement of the original '592 patent.

**ANSWER:**  With respect to PastStat Locator, Regulations Plus, and Graphical Statutes, defendants admit that they received notice in the Complaint of plaintiff's claims of infringement of the original '592 patent.  Except as expressly admitted, defendants deny the allegations of paragraph 15.

16.     The defendants have therefore infringed the '228 patent at least by making, using, importing, selling or offering to sell, and by inducing, aiding and/or abetting, encouraging or contributing to others' use of products and services that fall within the scope of one or more claims of the '228 patent. The asserted claims are 1-48. Additional products may be identified during the course of discovery. Thomson was notified in early 2006 and again in September 2006 that these products would infringe the application from which the '228 patent issued.

**ANSWER:**  Defendants admit that TimeBase asserted in late 2006 that it had a pending application which TimeBase claimed would cover PastStat Locator.  Defendants deny that these assertions constitute notice that any of the defendants' products would infringe the '228 patent. Except as expressly admitted, defendants deny the allegations of paragraph 16.

17.     The defendants' acts of infringement have injured TimeBase, and TimeBase is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty. The defendants advertise their products and services as part of Westlaw, in order to promote the sales of all Westlaw components. See Exhibits A to O. They provide StatutesPlus as part of Westlaw, and describe it as "the StatutesPlus Features on Westlaw." See Exhibit M. The defendants advertise PastStat Locator as part of Westlaw, and describe it as "PastStat Locator on Westlaw." See Exhibit C to this complaint. Andrew Martens, a Senior Vice President, New Product Development for Thomson, stated in a Declaration that PastStat Locator is "Westlaw related" and is a "feature within the Westlaw architecture." See Exhibit Q to this complaint.

**ANSWER:**  Defendants admit that Andrew Martens has the title Senior Vice President, New Product Development for Thomson.  Defendants further admit that quoted language appears in Mr. Martens' declaration and in the defendants' advertising, respectively.  Except as expressly admitted, defendants deny the allegations of paragraph 17.

18.     The defendants advertise RegulationsPlus, RegulationsPlus Tax, and RegulationsPlus Corporate as part of Westlaw, and describe them as "Westlaw RegulationsPlus." See Exhibit F. Martens' Declaration says that these products and services are "features on the Westlaw architecture." See Exhibit Q, and particularly paragraph 11. The defendants advertise Graphical Statutes as a way to retrieve statutes in Westlaw. See Exhibit B. The defendants

advertise Graphical Bills as part of Westlaw, describing it as "Graphical Bills on Westlaw." See Exhibit A. The defendants advertise "The Statutes research you've always wanted — only on Westlaw." See Exhibit N. They say that "RegulationsPlus on Westlaw is a regulation-research breakthrough making it easier than ever" to complete legal research. See Exhibit F. The databases are an integral part of Westlaw as a whole, and of any accused product.

**ANSWER:** Defendants admit that quoted language appears in Mr. Martens' declaration and in the defendants' advertising, respectively. Except as expressly admitted, defendants deny the allegations of paragraph 18.

19.    The defendants use the infringing products and services to distinguish Westlaw from their competitors, and to increase the use of and subscriptions to Westlaw as a whole. The defendants collect revenues in multiple ways, including by subscriptions of various kinds and by user fees or pay as you go. Thus, the infringing apparatuses and acts create, contribute to or promote the sales of all products available via Westlaw. The infringing products and services are part of Westlaw, which the defendants describe as "the most complete online statutory research service available, with intuitive finding tools gathered in one place ... ," In 2008, the Legal Segment of Thomson's Professional Division generated revenue in excess of $3,500,000,000 with an operating profit margin of 32.1%. Westlaw is a substantial part of this revenue.

**ANSWER:** Defendants admit that West Publishing Corporation and West Services, Inc. collect revenues in multiple ways including subscriptions and pay-as-you-go fees. Defendants admit that in 2008, the Legal Segment of Thomson's Professional Division generated worldwide revenue of approximately $3,500,000,000 with a segment operating profit margin of approximately 32.1%. Except as expressly admitted, defendants deny the allegations of paragraph 18.

20.     The infringement by the defendants has injured and will continue to injure TimeBase unless the infringement is enjoined by this Court.

**ANSWER:** Denied.

21.     One or more of the defendants learned of TimeBase's patented technology in 2001 during a meeting with TimeBase representatives. Following that contact, and on information and belief, one or more of the defendants took and used TimeBase's patented technology, and the information provided during the 2001 contact, to develop their own infringing products and services, in disregard of TimeBase's legal rights. The defendants, on information and belief, sought no legal advice regarding their obligations concerning TimeBase's rights. Thus, the infringement is willful. Additional facts supporting willful infringement are covered by the Stipulated Protective Order, and so cannot be described here. The factual contentions described above will likely have additional evidentiary support after a reasonable opportunity for further discovery.

**ANSWER:** Defendants admit meeting with individuals from TimeBase during 2001.  Except as expressly admitted, defendants deny the allegations of paragraph 21.

## RESPONSE TO DEMAND FOR RELIEF

Defendants deny that plaintiff is entitled to any of the relief it has requested in its Demand for Relief.

## DEFENSES

### Failure to State a Claim

1.     TimeBase has failed to state a claim against one or more defendants upon which relief can be granted.

**Noninfringement**

2.        Defendants do not infringe any valid claim of the '592 or '228 patents.

**Invalidity**

3.        The claims of the '592 and '228 patents are invalid for failure to comply with the patent laws, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

**Estoppel/Laches**

4.        TimeBase's claims are barred, in whole or in part, by the doctrines of estoppels and/or laches.

**Prosecution Laches**

5.        TimeBase's claims with respect to the '228 patent are barred, in whole or in part, by the doctrine of prosecution laches.

**Provisional Rights**

6.        TimeBase's damages with respect to the '228 patent, if any, do not include provisional rights damages under 35 U.S.C. § 154(d).

**Marking**

7.        TimeBase's damages, if any, are limited under the marking requirements of 35 U.S.C. § 287.

8.        Defendants reserve the right to assert any additional defenses that further investigation or discovery may support, including, without limitation, the right to assert that the '592 and/or '228 patents are unenforceable for inequitable conduct.

**PRAYER FOR RELIEF**

WHEREFORE, defendants pray for the following relief:

A.        That TimeBase's Second Amended Complaint be dismissed with prejudice;

B.      That TimeBase take nothing by its Amended Complaint;

C.      That the Court enter judgment that defendants have not infringed the claims of the '592 and '228 patents;

D.      That the Court enter judgment that the claims of the '592 and '228 patents are invalid;

E.      That defendants be awarded their reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285; and

F.      That the Court award defendants such other relief that this Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury of all issues triable by right of jury.

Dated: December 21, 2009                    **FAEGRE & BENSON LLP**

By:
  *s/Theodore M. Budd*
David J.F. Gross #208772
Calvin L. Litsey #153746
Theodore M. Budd #314778
Mary V. Sooter (*pro hac vice*)
Kevin P. Wagner #034008X
Katherine S. Razavi #388958
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone:  (612) 766-7000
Fax:  (612) 766-1600
Email: dgross@faegre.com
Email: clitsey@faegre.com
Email: tbudd@faegre.com
Email: kwagner@faegre.com
Email: krazavi@faegre.com

**Attorneys for Defendants The Thomson Corporation, West Publishing Corporation, and West Services, Inc.**