# Exhibit 8

# FIRST AMENDMENT

AGREEMENT made as of the /oth day of August, 1999, between LEMOND CYCLING, INC., a corporation organized under the laws of the State of Minnesota, having its principal place of business at 641 East Lake Street - Suite 204P, Wayzata, Minnesota 55391 ("Licensor"), and TREK BICYCLE CORPORATION (formerly Trek Bicycle Corp.), a Wisconsin corporation with offices at 801 West Madison Street, P.O. Box 183 Waterloo, WI 53594 ("Licensee").

## W I T N E S S E T H:

WHEREAS, the parties entered into a certain Sublicense Agreement dated as of June 29, 1995 (the "Sublicense Agreement"), relating to bicycles and bike frames ("Products"); and

WHEREAS, the parties also entered into a certain Sublicense Agreement dated as of June 29, 1995, thereafter amended on July 19, 1996, for certain products relating to cycling (the "TCG Agreement"); and

WHEREAS, the parties have terminated the TCG Agreement and have determined to amend the Sublicense Agreement, on the terms and conditions herein provided ; and

WHEREAS, Trek Bicycle Corp. has changed its name to Trek Bicycle Corporation and Intrepid Corporation has changed its name to Trek Corporation,

NOW, THEREFORE, in consideration of the mutual promises, covenants and conditions of the parties hereinafter set forth, it is agreed as follows:

A. **Contract Period.** Paragraph 1.04(a) is hereby amended to read in its entirety as follows:

> "on September 30, 2010 (the "Primary Term"), provided that Licensee shall have an option to extend the Primary Term for an option period of five (5) additional Contract Years, i.e., the period ending September 30, 2015, on two (2) full years notice to Licensor of its election to do so, or . . ."

B. **Restrictive Covenant.** Paragraph 2.01 is amended by changing the *proviso* at the end to read, in its entirety, as follows:

> "; provided, however, that neither Licensor nor LEMOND shall grant to any "Prohibited Vendor" (as hereinafter defined) the right to use the Mark or LEMOND's name, in any form, for product endorsement (or license), during the Contract Period. The term Prohibited Vendor shall mean the entities designated on Exhibit '2.01' hereof, subject to Licensee's right, upon sixty (60) days prior notice to Licensor, to substitute for any entity listed on Exhibit '2.01' any other entity the principal business of which is manufacturing and selling Products in competition with Licensed Products, provided that such substitution shall not affect any deal

made by Licensor prior to the effective date of Licensee's notice hereunder, and the implementation of any such deal shall not constitute a violation of any provision hereof."

C. **Appearances.** Paragraph 2.02.01 is amended in the following respects:

(i) Change the words "the first" to "each" in the third line, and delete the phrase "less the number of Working Days LEMOND provides to Licensee under any other agreement."

(ii) Delete the last sentence, and substitute in its place the following:

"Anything herein contained to the contrary notwithstanding, no more than ten (10) Working Days per Contract Year for the five (5) Contract Years commencing October 1, 1999, and seven (7) Working Days per Contract Year thereafter, shall occur on weekends (Friday, Saturday or Sunday) or on Holidays (as per Exhibit '2.02.01' annexed). The use of Working Days shall be contained in a promotional campaign jointly developed and reasonably approved by the parties."

D. **Earned Royalty.**

(i) Delete the last sentence of Paragraph 3.02, and substitute in its place the following:

"Licensee may deduct from Earned Royalties on Net Sales made in the United States ("US Sales") due for any Contract Year, only payments theretofore actually made of the "US Minimum" (as hereinafter defined) for the same Contract Year, and from Earned Royalties on Net Sales made outside the United States ("International Sales") due for any Contract Year, only payments theretofore actually made of the "International Minimum" (as hereinafter defined) for the same Contract Year."

(ii) Delete the second sentence of Paragraph 3.03, and substitute in its place the following:

"The same shall contain separate reports as to Net Basic Sales and Net Distributor Sales, and as to US Sales and International Sales, with Earned Royalty calculations and, separately, the application of US Minimum and International Minimum payments to the aggregate Earned Royalty then due for US Sales and International sales, respectively. By way of illustration, if total Earned Royalties on US Sales for a Contract Year are $300,000, the excess Earned Royalty of $50,000 on US Sales (over the US Minimum) shall be paid to Licensor without reducing or otherwise being a credit against, and without a credit for the International Minimum for such

-2-

Contract Year, thus resulting in a total of $400,000 being paid to Licensor in such Contract Year."

E. **Minimum Royalty.** Paragraph 4.01 is amended to replace the number $135,000 (written and in numbers) with $350,000, provided, however, that such number shall not affect any obligations of Licensee prior to October 1, 1999 notwithstanding the effectiveness of this Amendment, with $250,000 ("US Minimum") being attributable to US Sales and $100,000 ("International Minimum") being attributable to International Sales provided in said Paragraph.

F. **Bicycles.** The following additional sentence shall be added to Paragraph 5.03 (as an addendum and not as a substitution or limitation of the first sentence):

"In addition, in each Contract Year, Licensee shall provide to LEMOND, at no charge, and in consideration of the rights granted under Paragraph 2.05 hereof, ten (10) Licensed Products (completed bicycles) consisting of LeMond Zurichs (or other comparable bicycle manufactured by Licensee of at least equal value - subject to LEMOND's reasonable approval, which approval will not be unreasonably withheld); provided, however, that LEMOND is free to ride each and any of said bicycles notwithstanding the previous sentence."

G. **Notices.** Paragraph 22 is modified to provide that notices to Licensor and Licensee, as otherwise therein provided, shall be addressed to Licensor and Licensee, respectively, with copies, only as follows:

To Licensor:   641 East Lake Street - Suite 204P    **AND**   3000 Willow Drive,
                Wayzata, Minnesota 55391                      Medina, Minnesota 55340
                Telecopier No.: (612) 476-7852                (612) 478-6073

with copy to: Sidney D. Bluming, P.C.
                315 West 57th Street - Suite 501
                New York, NY 10019
                Telecopier No.: (212) 977-8811

To Licensee:  801 West Madison Street,
                P.O. Box 183
                Waterloo, WI 53594
                Telecopier No.: (920) 478-2774
                Attn: Mr. John Burke

with copies to: Robert Burns, Esq.        and
                Mr. Joe Siefkes
                P.O. Box 183
                Waterloo, WI 53594
                Telecopier No.: (920) 478-2774

H.  **New Provisions.**

(i)  A new Paragraph regarding the Contract Period shall be inserted as follows:

"During the Contract Period and for six (6) months thereafter, Licensor agrees that before granting a sublicense to any third party to use the Mark in the Territory on and in association with Products commencing after the Expiration Date, Licensor shall give written notice to Licensee (the "Refusal Notice") of its intent to grant such sublicense, including the material business terms thereof. Licensee shall have the right of first refusal to obtain such sublicense and become the licensee thereunder upon all of such terms. Such right must be exercised by Licensee by written notice to Licensor delivered to Licensor within thirty (30) days after receipt of the Refusal Notice. In the event that Licensee fails to timely exercise its right hereunder, the Licensor may enter into a sublicense agreement with any third party, provided however that the terms and conditions of such sublicense shall not be more favorable to the third party than those offered to Licensee in the Refusal Notice (unless a further Refusal Notice is issued by Licensor). If Licensee effectively makes its election hereunder, the commencement date therefor shall commence the first day after the Expiration Date or the effective date of such new sublicense, whichever is later."

(ii)  A new Paragraph 2.05 regarding the right to produce and distribute premiums or promotional items by Licensee shall be inserted as follows:

"Licensee shall have the further right to make, have made exclusively for it, and sell or give away as premiums only, in connection with its sale of Licensed Products (and not to sell or give away in connection with or for promotion of any other item or entity), reasonable quantities of typical promotion items (such as caps, shirts, coffee mugs and drinking glasses), produced in connection with the promotion of Licensed Products and either included with the Products, provided after sale to purchasers of the Licensed Products (with coupon or otherwise) or distributed (by gift or sale) as a part of a direct promotion for the Licensed Products. Each such premium item, as well as the promotional program, must be approved in advance by Licensor, which approval (to the extent of non-bicycle accessory items) shall not be unreasonably withheld or delayed, and must otherwise conform to all requirements for Licensed Products hereunder; and provided, further, that each premium item shall contain such phrase and reference to the Licensed Products as Grantor shall expressly approve in advance in writing as herein provided. Until further notice from Licensor, the phrases 'Greg LeMond Bicycles,' 'LeMond Bicycles,' 'LeMond Cycles' and 'Greg LeMond Cycles' are approved."

-4-



IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first above written.

LEMOND CYCLING, INC.

By: *[signature]*

TREK BICYCLE CORPORATION

By: *Joseph R. Siefkes*

AGREED:

TREK CORPORATION

BY: *Joseph R. Siefkes*

APPROVED:

*[signature]*
Greg LeMond

-5-

## LEMOND CYCLING, INC.

## LICENSEE: TREK BICYCLE CORPORATION

## PRODUCT CATEGORY: BICYCLES AND FRAMES

## PROHIBITED VENDORS

### EXHIBIT 2.01

SPECIALIZED

CANNONDALE

SCHWINN/GT

GIANT

BRUNSWICK

## LEMOND CYCLING, INC.

## LICENSEE: TREK BICYCLE CORPORATION

## PRODUCT CATEGORY: BICYCLES AND FRAMES

### HOLIDAYS

### EXHIBIT 2.02.01

New Year's Day
New Year's Eve
President's Day
Easter
Memorial Day
July 4
Labor Day
Veteran's Day
Thanksgiving Day
Day after Thanksgiving
Christmas
Day after Christmas
New Year's Eve

In any calendar year in which the above holidays are officially celebrated on days other than the calendar date therefor, such celebration date shall be deemed the holiday in that calendar year.



JKS