# Exhibit 44

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LEMOND CYCLING, INC., | |
| Plaintiff, | Civil No. 08-1010 (RHK-JSM) |
| v. | |
| TREK BICYCLE CORPORATION, | **TREK'S RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| GREG LEMOND, | |
| Third-Party Defendant. | |

Trek Bicycle Corporation ("Trek") hereby objects and responds to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents. In addition to the specific objections made to individual interrogatories and document requests, the General Objections set forth in Trek's Responses to LeMond Cycling, Inc.'s First Set of Discovery Requests apply to each Response.

## INTERROGATORIES

**INTERROGATORY NO. 11:** If it is your contention that Greg LeMond's gift or sale of LeMond-branded bicycles purchased from Trek at employee pricing is a violation of any Agreement with Trek:

    a. describe all facts in support of this contention;

    b. identify any Agreements and the relevant clauses relating to this contention; and

    c. identify each document relating to this contention.

**Specific Objection**: Trek objects to this Interrogatory as overly broad and unduly burdensome to the extent it requires in the form of an interrogatory response an identification of "all" facts and the identification of "each document relating" to the contention.

**Response:** Subject to and limited by its general and specific objections, Trek responds as follows: Trek incorporates by reference the allegations and details contained in its Counterclaim and Third Party Complaint. Trek has learned the following facts based upon the limited discovery thus far, and anticipates developing additional information in upcoming depositions.

### LeMond Breached the Sublicense Agreement
### By Using Free Bikes To Pay Personal Debts
### To Barter For Goods And Services
### And To Promote His Other Businesses

In the initial contract, Trek agreed to provide several free bikes each year for the personal use of Mr. LeMond and his family. Paragraph 5.03 provides:

> "During each Contract Year, Licensee shall provide LEMOND, at no charge, three (3) high end and two (2) low end Licensed Products (completed bicycles) for the *personal use of LEMOND and his family, provided that during the Contact [sic] Period LEMOND shall ride no other bicycles.*"

TREK004970 (emphasis supplied). By its terms, the Contract thus expressly defines "personal use" of the free bikes as "riding" the bikes. The First Amendment to the Sublicense Agreement retained the language restricting the use of the free bikes. It simply added ten bikes to the prior five bikes. The Amendment provides:

> **Bicycles.** The following additional sentence shall be added to Paragraph 5.03 (as an addendum and not as a substitution or limitation of the first sentence):
>
>> "In addition, in each Contract Year, Licensee shall provide to LEMOND, at no charge, and in consideration of the rights granted under Paragraph 2.05 hereof, ten (10) Licensed Products (completed bicycles) consisting of LeMond Zurichs (or other comparable bicycle manufactured by Licensee of at least equal value – subject to LEMOND's reasonable approval, which approval will not be unreasonably withheld); *provided, however, that LEMOND is free to ride each and any of said bicycles notwithstanding the previous sentence.*"

2

TREK004960 (emphasis supplied). Again, by its terms, the Contract expressly provides that the anticipated use is "riding" each and any of the bikes. Contrary to the plain language of these provisions, LeMond used his free bikes as currency to pay debts or to trade for goods and services, such as custom cabinets, collectable artifacts and graphic design work. LeMond's bartering these bikes, or using them to pay debts, or to create goodwill for himself or his other businesses, violates these clear contract provisions.

### LeMond Breached the Sublicense Agreement By Abusing The Employee Pricing Benefit To Profit On Reselling Bikes, To Pay Personal Debts And Promote His Other Businesses

Trek operates its business through an extensive network of independent bicycle dealers in the United States who have the exclusive right to sell Trek bicycles—including LeMond-branded Trek bicycles—to consumers. The exclusivity rights of Trek's independent bicycle dealers is the cornerstone of Trek's distribution plan, and confers significant, essential benefits upon these independent bicycle dealers. Accordingly, Trek and its independent bicycle dealers jealously protect that exclusivity, and do not permit erosion of those rights by unauthorized usurpers.

LeMond has many years of experience in the bicycle industry, and is acutely aware of the importance of the Trek-Dealer relationship, as well as the rights of exclusivity enjoyed by the independent bicycle dealers. LeMond agreed in the Sublicense Agreement that Trek would be the exclusive distributor of LeMond branded bicycles. LeMond has earned millions of dollars from Trek as a result of this distribution system, and has benefited directly from the continued integrity of that system. LeMond is aware that unauthorized sales of LeMond-branded bicycles outside of the dealer network would harm those dealers, would cause harm to the Trek – Dealer relationships, and would result in loss of profits for both the dealers and Trek.

3

LeMond has taken advantage of Trek's employee discount program for many years. LeMond has resold, bartered for value or otherwise distributed many or most of the other bicycles that he purchased from Trek at employee discount pricing, improperly usurping the business otherwise available to Trek and its dealers and causing damage to Trek and its dealers. Examples of this have already been set out in detail in Trek's Counterclaim and Third Party Complaint, which is incorporated by reference. In addition, LeMond's documents and deposition testimony show he marked up bicycles and collected from his customers more than he paid Trek, used bicycles for barter or to pay personal debts, and abused his employee pricing benefit to promote his other businesses.

Further, LeMond and LeMond Cycling owed Trek a duty of good faith and fair dealing in the performance of their obligations under the Sublicense Agreement. LeMond and LeMond Cycling were obligated to discharge their obligations honestly, diligently, and in a manner that did not undermine or destroy the essential benefits to be conferred under the agreement. LeMond's abuse of the free bikes and employee pricing benefit breached this duty.

Further, paragraph 13.02.01 of the Sublicense Agreement prohibits LeMond Cycling and Greg LeMond from taking "any action which damages or has an adverse impact upon the Licensee or the Licensee's business or goodwill." Mr. LeMond's abuse of the free bikes and employee pricing benefit breached this duty.

Further, paragraph 16.03 of that Sublicense Agreement requires LeMond Cycling to cause Greg LeMond "to render his services hereunder in a professional and conscientious manner." Mr. LeMond's abuse of the free bikes and employee pricing benefit breached this duty.

The following are the primary documents known to Trek thus far that support Trek's claim. Documents contained in LCI 0001-2026; TREK000001 – 53; TREK 004926 – 4955; TREK 004958 – 4987; TREK006584 – 6617; TREK011986 – 12168; and TREK012192 – 12197.

Discovery is not complete, and Trek's investigation of this claim is ongoing. Pursuant to Fed. R. Civ. P. 33(d), Trek supplements this response by incorporating by reference all documents produced and made available by the parties in discovery that relate to this issue.

## DOCUMENT REQUESTS

**REQUEST NO. 26:** All documents identified or referenced in your answers to the above interrogatories.

**Specific Objection:** Trek incorporates by reference the specific objections asserted in response to the interrogatory requests incorporated into this Request for Production.

**Response:** Subject to and limited by Trek's general and specific objections, Trek responds by noting that the documents referenced and identified in its interrogatory responses have been produced.

**REQUEST NO. 27:** All documents constituting, containing, or relating to Trek's employee discount policy, including all documents reflecting bicycle purchase requests of Trek employees, the resale or gift of such bicycles, and any internal Trek investigations or admonitions relating to such requests.

**Specific Objection:** Trek objects to this request as overly-broad and unduly burdensome, and vague as to the terms "investigations or admonitions."

**Response:** Subject to and limited by Trek's general and specific objections, Trek's policies regarding employee purchases have been produced. *See* Trek Bates No. TREK12192 – 12197.

Trek will produce responsive documents reflecting 2005-2008 employee purchases. Trek is gathering and will produce additional documents responsive to the request for documents reflecting "internal investigations or admonitions."

**REQUEST NO. 28:** All documents constituting or containing any complaint about Trek, Trek products, and/or John Burke, including customer comments, news articles, or consumer reports.

**Specific Objection**: Trek objects to this request as vague with respect to what qualifies as a "complaint," and to the extent the unlimited breadth of this request makes it virtually impossible to discern what "complaint, "comments," "articles," and "reports" might be responsive to this request. This request is over broad and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence inasmuch as it contains no restrictions on the subject matter of the "complaints" or other requested documents. For example, a product liability complaint would fall within the scope of this request.

**Response:** Subject to and limited by its general and specific objections, Trek responds as follows: Construing this request as seeking documents relating to the controversy created by LeMond that gave rise to this dispute, all responsive documents identified by Trek after a reasonable and thorough search already have been produced.

Dated: January 21, 2009.

**AS TO OBJECTIONS AND CONTENTION INTERROGATORIES:**

GASS WEBER MULLINS, LLC

By: /s/ Ralph Weber
Ralph A. Weber (State Bar No. 1001563)
Christopher P. Dombrowicki
(State Bar No. 1041764)
Kristal S. Stippich (State Bar No. 1061028)
309 North Water Street, Suite 700
Milwaukee, WI 53202
Telephone: (414) 223-3300
Fax: (414) 224-6116
Email: weber@gasswebermullins.com
dombrowicki@gasswebermullins.com
stippich@gasswebermullins.com

and

Erik T. Salveson (Reg. No. 177969)
Amanda M. Cialkowski (Reg. No. 306514)
Benjamin R. Rolf (Reg. No. 386413)
HALLELAND LEWIS NILAN & JOHNSON, P.A.
600 U.S. Bank Plaza South
220 South Sixth Street
Minneapolis, MN 55402
Telephone (612) 338-1838
Fax: (612) 338-7858

**ATTORNEYS FOR DEFENDANT AND THIRD-PARTY PLAINTIFF TREK BICYCLE CORPORATION**