# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **LeMond Cycling, Inc.,** | Case No. 08-CV-01010 (RHK/JSM) |
| Plaintiff, | |
| v. | |
| **Trek Bicycle Corporation,** | |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| **Greg LeMond,** | |
| Third-Party Defendant | |

## ANSWERS AND OBJECTIONS TO TREK'S SECOND SET OF WRITTEN DISCOVERY TO LEMOND CYCLING, INC. AND GREG LEMOND

Plaintiff LeMond Cycling, Inc. and Third-Party Defendant Greg LeMond (collectively "Plaintiff"), for its Responses to Trek's Second Set of Written Discovery to LeMond Cycling, Inc. and Greg LeMond states as follows:

### GENERAL OBJECTIONS

Plaintiff makes the following General Objections with respect to each and every Interrogatory, Document Request, and Request for Admission:

1. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek information and/or documents protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.

80784522.1

2. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission (as well as the instructions or definitions) to the extent they seek to impose obligations on Plaintiff not otherwise imposed by the Federal Rules of Civil Procedure or any other applicable rules. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek information and/or documents and things not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

3. Nothing contained herein shall be construed as an admission relative to the existence or possession of any document. No answer is an admission respecting the relevance or admissibility of any document or the truth or accuracy of any statement or characterization contained in the request.

4. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek information and/or documents that are equally accessible to both parties or are more accessible to Trek than to Plaintiff.

5. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek documents and/or information outside of Plaintiff's possession, custody, or control and which cannot be located by a reasonable search.

6. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they seek documents and/or information whose disclosure is prohibited by non-disclosure agreement(s) with third parties.

7. Plaintiff objects to these Interrogatories, Document Requests, and Requests for

Admission to the extent they are not limited to an identifiable scope and, as such are overly broad, unduly burdensome, vexatious, harassing, and/or not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they are unreasonably cumulative or duplicative, or to the extent that the information sought may be obtained from another source in a more convenient, less burdensome, or less expensive manner.

9. Plaintiff objects to these Interrogatories, Document Requests, and Requests for Admission to the extent they are vague and ambiguous.

10. Plaintiff objects to the phrase "any non-identical copies (whether different from the originals or otherwise)" in No. 3 of the Instructions and Definitions provided in Trek's First Set of Written Discovery to Greg LeMond and incorporated by Trek in its Second Set of Written Discovery by reference, as contradictory.

11. Plaintiff objects to the definition of "your 'control'" in No. 7 of the Instructions and Definitions provided in Trek's First Set of Written Discovery to Greg LeMond, and incorporated by Trek in its Second Set of Written Discovery by reference, as overbroad.

# REQUESTS FOR ADMISSION AS TO CONSUMER AND DEALER EMAILS AND LETTERS

**REQUEST FOR ADMISSION NO. 1:**

With respect to each of the Consumer and Dealer Emails and Letters, admit they are authentic documents pursuant to Rule 901 and 902.

**RESPONSE:**

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects that it is Defendant's burden, and not that of Plaintiff, to authenticate and provide evidentiary basis for documents that it has produced. Subject to and without waiving its General and Specific Objections, Plaintiff states that Plaintiff is without knowledge as to the authenticity of the Consumer and Dealer Emails and Letters, and is therefore not in a position to admit or deny their authenticity. Plaintiff further states that it believes that Trek is also without such knowledge.

**REQUEST FOR ADMISSION NO. 2:**

With respect to each of the Consumer and Dealer emails and Letters, admit they are not subject to hearsay objections pursuant to Rules 802 or 803.

**RESPONSE:**

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request as confusing because it is stated in the negative. Subject to and without waiving its General

and Specific Objections, Plaintiff denies that the Consumer and Dealer Emails and Letters are not subject to hearsay objections pursuant to Rules 802 or 803.

**REQUEST FOR ADMISSION NO. 3:**

With respect to each of the Consumer and Dealer Emails and Letters, admit they are not subject to admissibility objections for any reason not addressed in your prior two responses.

**RESPONSE:**

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request as confusing because it is stated in the negative. Subject to and without waiving its General and Specific Objections, Plaintiff denies that the Consumer and Dealer Emails and Letters are not subject to admissibility objections.

## REQUESTS FOR ADMISSION AS TO BLOG POSTS

**REQUEST FOR ADMISSION NO. 4:**

With respect to each Blog Post, admit they are authentic documents pursuant to Rule 901 and 902.

**RESPONSE:**

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects that it is Defendant's burden, and not that of Plaintiff, to authenticate and provide evidentiary basis for documents that it has produced. Subject to and without waiving its General and Specific Objections, Plaintiff states that Plaintiff is without knowledge as to the authenticity of the Blog Posts, and is

therefore not in a position to admit or deny their authenticity. Plaintiff further states that it believes that Trek is also without such knowledge.

**REQUEST FOR ADMISSION NO. 5:**

With respect to each Blog Post, admit they are not subject to hearsay objections pursuant to Rules 802 or 803.

**RESPONSE:**

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request as confusing because it is stated in the negative. Subject to and without waiving its General and Specific Objections, Plaintiff denies that the Blog Posts are not subject to hearsay objections pursuant to Rules 802 or 803.

**REQUEST FOR ADMISSION NO. 6:**

With respect to each Blog Post admit they are not subject to admissibility objections for any reason not addressed in your prior two responses.

**RESPONSE:**

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request as confusing because it is stated in the negative. Subject to and without waiving its General and Specific Objections, Plaintiff denies that the Blog Posts are not subject to admissibility objections.

## REQUESTS FOR ADMISSION AS TO SUBPOENA DOCUMENTS

**REQUEST FOR ADMISSION NO. 7:**

With respect to each Subpoena Document, admit they are authentic documents pursuant to Rule 901 and 902.

**RESPONSE:**

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects that it is Defendant's burden, and not that of Plaintiff, to authenticate and provide evidentiary basis for documents that it has produced. Subject to and without waiving its General and Specific Objections, Plaintiff objects to this Request as improper. Plaintiff states that the Subpoena Documents are not in our custody or control, and that therefore, Plaintiff is not able to admit nor deny their authenticity.

**REQUEST FOR ADMISSION NO. 8:**

With respect to each Subpoena Document, admit they qualify as business records pursuant to Rules 802 and 803.

**RESPONSE:**

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this request as an improper effort to authenticate the documents of a third-party not in the custody or control of Plaintiff. Subject to and without waiving its General Objections, Plaintiff states that the Subpoena Documents are not in our custody or control, and that therefore, Plaintiff is not able to

admit nor deny that they qualify as business records pursuant to Rules 802 and 803. Plaintiff also objects to this Request as overbroad and unduly burdensome.

**REQUEST FOR ADMISSION NO. 9**:

With respect to each Subpoena Document, admit that they [sic] not subject to admissibility objections for any reason not addressed in your prior two responses.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request as confusing because it is stated in the negative. Subject to and without waiving its General and Specific Objections, Plaintiff denies that each Subpoena Document is not subject to admissibility objections.

## INTERROGATORY REGARDING REQUESTS FOR ADMISSION

**INTERROGATORY NO. 10**:

With respect to all prior Requests for Admission, for each document concerning which you failed to provide an unequivocal admission, identify each such document by date and bates number, and provide all legal and factual bases for your refusal to so admit.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff further objects to this Interrogatory as unnecessary, overbroad, and unduly burdensome. Plaintiff incorporates by reference its responses and objections to Requests for Admission numbers 1 through 9.

## GENERAL INTERROGATORIES

**INTERROGATORY NO. 11**:

If you contend Trek materially breached its obligations under the Sublicense Agreement, provide a detailed factual and legal basis for your contention, as well as a reference to bates-stamped documents (where applicable) and other documents substantiating or relating to such contention, including without limitation:

a. each way in which you contend Trek materially breached express contractual provisions, including a recitation of the specific provision(s) in the agreement;

b. each way in which you contend Trek materially breached the duty of good faith and fair dealing; and

c. each way in which you contend Trek materially breached its obligation to exert "best efforts" within the meaning of § 5.02 of the Sublicense Agreement.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to the degree that this Interrogatory invades attorney-client or work product privileges. Plaintiff further objects on the grounds that any response to this Interrogatory is pertinent to liability and is therefore appropriately addressed through the opinions of Plaintiff's experts which are not due until the date agreed upon by the parties regarding the exchange of expert reports. Subject to and without waiving its General and Specific Objections, Plaintiff reasserts all statements made in its Complaint as to its factual bases regarding Trek's material breach of express contractual provisions, material breach of

the duty of good faith and fair dealing, and material breach of its obligation to exert best efforts within the meaning of § 5.02 of the Sublicense Agreement.

**INTERROGATORY NO. 12**:

Provide a detailed itemization of each category of damages claimed by LeMond Cycling, Inc., including without limitation the factual basis for the claimed damages, the documentary support for such damages (including specific reference to bates numbered documents where applicable), and a presentation of the actual calculation of such claimed damages.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to the phrase "detailed itemization" as overbroad. Plaintiff further objects on the grounds that the issue of damages is appropriately addressed through the opinions of Plaintiff's experts which are not due until the date agreed upon by the parties regarding the exchange of expert reports. Subject to and without waiving its General and Specific Objections, Plaintiff states that from 1999 to April 8, 2008, Trek damaged Plaintiff by its repeated failure to support the LeMond brand through known routes such as, but not limited to, marketing efforts, promotional efforts, or trade show efforts. In addition, Plaintiff states that from 1995 to the present, Trek has failed to promote the LeMond brand internationally in a manner consistent with bikes of similar quality and reputation. Plaintiff also states that between April 8, 2008 and the present, Trek's unilateral termination of the Sublicense Agreement—done without force of law—and its public comments regarding Mr. LeMond

Pages 11 – 12 removed as designated

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

by LeMond

presumes a duty to preserve documents before any such duty existed with respect to this litigation. Plaintiff also objects on the grounds that LeMond Fitness is not a party to the litigation, as confirmed by Magistrate Mayeron at the January 15, 2009 Hearing.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### DOCUMENT REQUEST NO. 27:

Produce all documents relating to, reflecting, substantiating, or concerning your responses to each of the Requests for Admissions and Interrogatories served upon you in this action.

### RESPONSE:

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. Plaintiff further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, Plaintiff objects that the Request is overbroad and unduly burdensome. Subject to and without waiving its General and Specific Objections, Plaintiff states that all relevant, non-privileged documents responsive to this Request have been or will be produced by the close of discovery.

### DOCUMENT REQUEST NO. 28:

Produce all documents concerning, reflecting, commenting upon, summarizing, constituting, or relating to any responses or reactions to Greg LeMond's statements about any individual athlete

and the topic of doping or performance enhancing drugs, including without limitation all emails to any person or website identified in response to Trek's Interrogatory No. 8 to LeMond Cycling, Inc.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, Plaintiff objects that the Request is overbroad and unduly burdensome. Plaintiff also objects to the extent that the Request calls for the production of documents or information covered by the attorney-client or work-product privileges. Plaintiff objects on the grounds that this Request seeks documents that are outside of Plaintiff's custody or control. Plaintiff further objects on the grounds that the Request presumes a duty to preserve documents before any such duty existed with respect to this litigation. Subject to and without waiving its General and Specific Objections, Plaintiff states that all relevant, non-privileged documents responsive to this Request have been or will be produced by the close of discovery.

**DOCUMENT REQUEST NO. 29**:

Produce all documents supporting, substantiating, relating to, or concerning all damages you claim in this lawsuit.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request to the extent that it calls for the production of documents or information covered by the

attorney-client or work-product privileges. Plaintiff further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, Plaintiff objects that the Request is overbroad and unduly burdensome. Subject to and without waiving its General and Specific Objections, Plaintiff states that such documents are the subject of expert analysis and that they will be produced concurrently with expert reports which are not due until the date agreed upon by the parties for exchange of the same.

**DOCUMENT REQUEST NO. 30**:

Produce all documents supporting, substantiating, relating to, or concerning any effort you claim to have undertaken to mitigate your claimed damages in this lawsuit.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. Plaintiff further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, Plaintiff objects that the Request is overbroad and unduly burdensome. Subject to and without waiving its General and Specific Objections, Plaintiff states that all relevant, non-privileged documents responsive to this Request have been or will be produced by the close of discovery.

**DOCUMENT REQUEST NO. 31**:

Produce all documents reflecting tape-recorded conversations concerning one or more of the issues raised in the pleadings in this lawsuit that you have not already produced to Trek, including without limitation such recordings of conversations occurring subsequent to Trek's assertion of claims in this lawsuit.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff specifically objects to this Request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. Plaintiff further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, Plaintiff objects that the Request is overbroad and unduly burdensome. Plaintiff also objects to this Request as duplicative of previous Requests. Subject to and without waiving Plaintiff's General and Specific Objections, Plaintiff hereby incorporates its response to Defendant's First Set of Discovery Requests, Interrogatory No. 4, found in Plaintiff's Responses to Trek's First Set of Written Discovery to LeMond Cycling, Inc., and Plaintiff's Supplemental Responses to Trek's First Set of Written Discovery to LeMond Cycling, Inc.

**DOCUMENT REQUEST NO. 32**:

Produce all non-privileged documents reflecting communications between LeMond Cycling, Inc. or Greg LeMond, on the one hand, and any third person, on the other hand, relating to one or

more of the issues raised in the pleadings in this action, or relating to the filing and litigation of the lawsuit itself, including without limitation any such communications occurring subsequent to Trek's assertion of claims in this lawsuit.

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff objects to this Request as compound. Plaintiff further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, Plaintiff objects that the Request is overbroad and unduly burdensome. Plaintiff further objects to the extent that this Request calls for the production of documents or information covered by the attorney-client or work-product privileges. Plaintiff objects to this Request on the grounds of relevance, particularly as to any documents created after April 8, 2008. Subject to and without waiving its General and Specific Objections, Plaintiff states that all relevant, non-privileged documents responsive to this Request have been or will be produced by the close of discovery.

**DOCUMENT REQUEST NO. 33**:

With respect to LCI 3233-3235 (see Exhibit 59 to E. Huber's deposition attached hereto), produce all documents in the following "My Folders" listed on the left side of the document: "Lance evidence," "lemond bikes," "lemond fitness," "trek evidence," "warren gibson," and "Warren PTI."

**RESPONSE**:

Plaintiff incorporates by reference its General Objections. Plaintiff objects to this Request to the extent that it calls for the production of documents or information covered by the attorney-client or work-product privileges. Plaintiff further objects to the term "all documents" as vague and ambiguous and, to the extent such term is given its broadest interpretation, Plaintiff objects that the Request is overbroad and unduly burdensome. Plaintiff objects specifically to "lemond fitness" as not relevant to any claims or defenses at issue in this matter, as it is a separate business interest of Mr. LeMond, as confirmed by Magistrate Mayeron in the January 15, 2009 Hearing. Plaintiff also objects to "warren gibson," and "Warren PTI" as not relevant to the issues at hand. Subject to and without waiving its General and Specific Objections, Plaintiff states that all relevant, non-privileged documents responsive to this Request have already been produced.

Dated: June 8, 2009　　　　　　　　ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: _____
　　Christopher W. Madel (#230297)
　　Denise S. Rahne (#331314)
　　Jennifer M. Robbins (#387745)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

ATTORNEYS FOR PLAINTIFF
LEMOND CYCLING, INC.

As to Written Interrogatory Answers:

Greg LeMond, being first duly sworn on oath, states:

That he has read Answers and Objections to Trek's Second Set of Written Discovery to LeMond Cycling, Inc. and Greg LeMond, that the answers and objections were prepared with the assistance and advice of counsel and employees of LeMond Cycling, Inc., upon whose advice he has relied; that the answers and objections set forth, subject to inadvertent or undiscovered errors, are based on and necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of the answers and objections; that he consequently reserves the right to make any changes in the answers and objections if it appears at any time that omissions or errors have been made; that subject to the limitations set forth in this document, the answers and objections are true to the best of his knowledge, information and belief.

_____
Greg LeMond

Subscribed and sworn to before me
this 5 day of June, 2009.

_____
Notary Public, State of Minnesota

STEPHANIE L. UNTERBERGER
Notary Public
Minnesota
My Commission Expires January 31, 2010