# EXHIBIT 3

GASS WEBER MULLINS LLC

309 N WATER ST   MILWAUKEE, WI 53202
TEL  414 223 3300    FAX  414 224 6116
WWW.GASSWEBERMULLINS.COM



RALPH A. WEBER
DIRECT DIAL: 414 224-7698
weber@gasswebermullins.com

**VIA EMAIL**

June 29, 2009

Denise Rahne
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis MN 55402-2015

  RE: *LeMond Cycling, Inc. v. Trek Bicycle Corporation*
     Case No. 08-cv-1010 (RHK/JSM)

Dear Denise:

  In response to my request for a conversation to discuss your recent discovery responses, you declined to talk to me until I sent you this letter. Now that you have it, please let me know when you are available in the next few days to have our meet and confer.

  Trek served its Second Set of Discovery in an effort to narrow the evidentiary and substantive issues for trial. For the reasons stated in your objections, you declined to provide meaningful responses.

  The discovery falls into three categories:

  (1) requests for admission and an accompanying interrogatory aimed at fleshing out evidentiary issues;

  (2) an interrogatory asking you to detail, at the conclusion of fact discovery, the factual and legal bases for your contentions that Trek materially breached the Sublicense Agreement; and

  (3) substantive discovery requests seeking information and documents concerning the case.

This letter outlines the deficiencies in your answers to each category of documents.

## Discovery Requests Concerning Evidentiary Issues
### (Requests For Admission No. 1-9, Interrogatory No. 10, and Document Request No. 27)

In a series of requests for admission and an accompanying interrogatory and document request, Trek asked you to detail any specific objections to the admissibility of certain documents, and especially consumer comments. You declined to do so.

There are numerous consumer and dealer e-mails, blog posts, and documents received from third parties in response to subpoenas. In order to prepare for in limine motions, we need to know which specific documents you believe are inadmissible, and why. Please identify by bates number, the specific documents and the legal and factual bases for any admissibility objections you claim.

## Contention Interrogatory Concerning
### The Legal And Factual Bases Supporting Your Claims
### (Interrogatory No. 11)

Contention interrogatories are favored by courts as an appropriate means to "narrow and define the issues at trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense." *Shqeirat v. U.S. Airways Group, Inc.*, 2008 WL 4232018, *4 (D. Minn. 2008), *quoting*, *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).

Now that fact discovery is closed, if any evidence or law exists to support your clients' claims you should have no problem identifying it. *See*, *e.g.*, *Vishay Dale Electronic, Inc. v. Cyntec Co., Ltd.*, 2008 WL 4868772 *5, (D. Neb. 2008) (noting that while contention interrogatories may be objectionable as premature at the beginning of discovery, courts often defer the requirement to respond until substantial discovery has been completed).

## Substantive Discovery Requests
### (Interrogatory 14 and Document Requests No. 28, 31 and 33).

Interrogatory No. 14

You declined to respond to the interrogatory concerning the retention or disposal of consumer comments sent to the LeMond Fitness website. You have raised numerous objections to this request, none of which is sufficient to justify your outright failure to respond.

- You provide no explanation as to how it is overbroad and unduly burdensome to require you to identify the steps taken to preserve the documents.

- You fail to identify which prior discovery this interrogatory duplicates, much less where you provided the requested information in the past.

- Your disagreement with Mr. Gibson's testimony concerning your client's decision to shut down the bulletin board as a result of the negative consumer comments he received does not entitle you to refuse to provide the requested information.

- Regardless of whether a duty to preserve the documents existed, your assertion of "no duty" provides no basis to refuse to respond to this request.

- Although LeMond Fitness is not a party, consumers sent Mr. LeMond emails concerning his public comments c/o the LeMond Fitness website. Given Mr. LeMond"s ownership stake in LeMond Fitness, the information requested is within his possession, custody, or control, and as such he is required to respond. This is supported by the fact that in response to Interrogatory No. 8 (Trek's First Set of Discovery) you admit that LeMond used the LeMond Fitness website.

Document Request No. 28

This request sought production of documents relating to responses or reactions to Greg LeMond's statements about individual athletes and the topic of doping including all emails sent to any website identified in response to Interrogatory No. 8 (Trek's First Set of Discovery). Please confirm whether all such documents have been produced.

Document Request No. 31:

This request sought copies of all tape-recorded conversations concerning the issues raised in the pleadings, both before and after commencement of the lawsuit. We are aware that you are in possession of a tape-recorded conversation with Betsy Andreu. Please advise whether you continue to object to the production of this tape. In addition, by incorporating your response to Interrogatory 4 (Trek's First Set of Discovery) do you mean to indicate that there are no recordings of conversations occurring subsequent to Trek's assertion of claims in this lawsuit?

Document Request No. 33

This request sought production of documents in various computer folders identified on Mr. LeMond's computer desktop. Your response indicates that you have produced all

non-privileged documents in some folders, but you refuse to produce documents in the "lemond fitness," "warren gibson," and "Warren PTI" folders, asserting that the documents in these folders are "not relevant." Please confirm that you have reviewed these materials, as given the overlap among our issues, Mr. Gibson's and LeMond Fitness, it is reasonable to believe there could be responsive materials in one or more folders.

  Thank you.

         Sincerely,

         Ralph A. Weber

RAW:jml

cc: Erik Salveson