# EXHIBIT 4

# ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

ATTORNEYS AT LAW

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
TEL: 612-349-8500 FAX: 612-339-4181
www.rkmc.com

JENNIFER M. ROBBINS
612-349-8711

July 1, 2009

*Via Email and U.S. Mail*

Ralph A. Weber, Esq.
Gass Weber Mullins LLC
309 North Water Street
Milwaukee, WI 53202

  Re: *LeMond Cycling, Inc. v. Trek Bicycle Corporation*
    Case No. 08-CV-01010 (RHK/JSM)
    Our File No. 123595-0000

Dear Mr. Weber:

I write in response to your June 29, 2009 letter to Denise Rahne.

We have provided adequate responses to Requests for Admission Nos. 1-9, Interrogatory No. 10, and Document Request No. 27, which are an inappropriate effort to shift the question of admissibility from Trek to Plaintiff. It is Trek's responsibility—not Plaintiff's—to prove admissibility of those documents that it produced and that it wishes to use in its case. With regard to your Requests for Admission specifically, we have sufficiently stated our objections to the admissibility of the documents referenced in your requests. Any additional argument would be inappropriate to a discovery response and more appropriately handled in motions in limine, which are not scheduled to be discussed with the Court until, at the earliest, January 15, 2010.

It is unclear what additional information you are requesting in answer to Interrogatory No. 11. Our response appropriately referenced Plaintiff's expert reports, which were exchanged on June 9, 2009 in accordance with the parties' agreement. We are also currently working with you to schedule the depositions of Mr. Townley and Ms. Snelson through which you will have the opportunity to gain further information.

Contrary to your assertions regarding Interrogatory No. 14, Plaintiff adequately explained that the request is overly broad and unduly burdensome since it asked Plaintiff to "identify all steps" that a non-party, LeMond Fitness, took to preserve documents. As you know, despite the fact that LeMond Fitness is not a party, to the degree that there were emails relevant to this litigation, they were gathered and produced some time ago.

In response to Document Request No. 28, Plaintiff made clear that all relevant, non-privileged documents responsive to the request "have been or will be produced by the close of discovery." Since fact discovery is now closed, your request for further explanation is confusing.

Plaintiff did not "mean to indicate" anything in its response to Document Request No. 31 other than what Plaintiff has repeatedly stated in response to Trek's continued rephrasing of this same request. (*See* Answer to Interrogatory No. 9 of Plaintiff's Corrected Response to Trek's First Set of Written Discovery to Greg LeMond; *see also* Supplemental Answer to Interrogatory No. 4 of Plaintiff's Supplemental Responses to Trek's First Set of Written Discovery to LeMond Cycling, Inc.) Additionally, as you are likely aware, I have engaged in several communications with your colleague, Ms. Stippich, regarding the recording of Ms. Andreu. As I stated in my April 30, 2009 letter to Ms. Stippich, in the event that we decided to maintain our assertion of the recording's protection under the work product doctrine, we were amenable to submitting the recording to Magistrate Mayeron for an *in camera* review. After a follow-up conversation with Ms. Stippich during which I informed her of our decision not to produce the recording, but reminded her of our willingness to submit it for an *in camera* review if Trek requested it, Ms. Stippich asked that we provide a revised privilege log with, *inter alia*, additional detail about the recording of Ms. Andreu. We provided the revised privilege log but received no further communication from you regarding an *in camera* review of the recording. I cannot see how this is now the subject of any dispute as you have all information you need in order to proceed as you wish.

Finally, your letter contains a blatant mischaracterization of Plaintiff's response to Document Request No. 33. Plaintiff did not refuse to produce documents. To the contrary, subject to its objections to irrelevant *subject matter*, Plaintiff clearly stated that all relevant, non-privileged documents responsive to Trek's request had already been produced; this includes any relevant documents kept in the folders specified in Trek's request.

We are able to meet and confer regarding these issues on July 2, 2009 at 9:30 a.m. Please confirm your availability.

                                            Sincerely,

                                            ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

                                            Jennifer M. Robbins

JMR/bsb
cc:     Denise S. Rahne, Esq.