# EXHIBIT 5



KRISTAL S. STIPPICH
DIRECT DIAL: 414 224-3446
Stippich@gasswebermullins.com

**Via Email and US Mail**

July 6, 2009

Christopher W. Madel
Jennifer M. Robbins
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis MN 55402-2015

    RE: *LeMond Cycling, Inc. v. Trek Bicycle Corporation*
      Case No. 08-cv-1010 (RHK/JSM)

Dear Counsel:

   I write to recap our Meet and Confer of July 2, 2009 on Trek's Second Set of Written Requests for Discovery to LeMond Cycling, Inc. and Greg LeMond.

   With respect to Trek's Requests for Admission Nos. 1-9, Interrogatory No. 10, and Document Request No. 27, you are not willing to provide any more detailed information. With respect to authentication, it is your position that there are numerous documents and Trek should delineate those it intends to use at trial and what they purport to be.

   With respect to Trek's contention Interrogatory No. 11, you indicated that you would not be revising your answer as this was not an appropriate case for a contention interrogatory.

   With respect to Trek's Interrogatory No. 14, asking for specific information regarding negative comments and emails sent to the LeMond Fitness website in 2004, you repeated your refusal to provide an answer to this interrogatory on the basis that LeMond Fitness is not your client, is not a party to this suit and is not relevant to this lawsuit. We explained that Greg LeMond was receiving comments to the LeMond Fitness website, that LeMond Fitness was ruled relevant by Judge Mayeron and LeMond Fitness documents have been produced by you in response to prior discovery requests according to her rulings. You indicated that you would provide a revised answer to Interrogatory No. 14 within a week.

Christopher W. Madel
Jennifer M. Robbins
July 6, 2009
Page 2


With respect to Document Request No. 28, requesting production of "all documents concerning, reflecting, commenting upon, summarizing, constituting, or relating to any responses or reactions to Greg LeMond's comments about any individual athlete and the topic of doping or performance enhancing drugs, including without limitation all emails to any person or website identified in response to Trek's Interrogatory No. 8 to LeMond Cycling, Inc." you indicated that you produced all such non-privileged documents that you or your clients had in their custody and control.

With respect to Document Request No. 31, you indicated that you would attempt to ascertain the date of the tape recording between Sidney Bluming, Greg LeMond and Betsy Andreu that you have withheld on the basis of work product privilege (LCI PRIV 202-203), including by requesting the information from Mr. Bluming. You also indicated you will provide us with verification that all tapes whether pre or post lawsuit (including post Trek's April 8, 2008 counterclaim) have been produced and/or identified to us. Please provide this information within a week.

With respect to Document Request No. 33, when we asked you to clarify your response and specifically to indicate whether you are refusing to produce documents from computer files designated "lemond fitness," warren Gibson," and "Warrant PTI" on the basis of your objection that they are irrelevant, you represented that you searched all files on LeMond's computers, including those designated "lemond fitness," "warren Gibson," and "Warren PTI," and have produced all documents from the computer files, including these designated files, relating to any claim or defense in this lawsuit.

Sincerely,

Kristal S. Stippich

KSS:js

Enclosures

cc:     Ralph A. Weber (via email)
        Christopher Dombrowicki (via email)
        Erik Salveson (via email)