**Exhibit D**

Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)  
**(Cite as: 2008 WL 4232018 (D.Minn.))**

Page 1

H  
Only the Westlaw citation is currently available.

United States District Court,  
D. Minnesota.  
Ahmed SHQEIRAT, et al., Plaintiffs,  
v.  
U.S. AIRWAYS GROUP, INC., et al., Defendants.  
**Civil No. 07-1513 (ADM/AJB).**

Sept. 9, 2008.

Deborah K. Ellis, Ellis Law Office, St. Paul, MN, Frederick J. Goetz, Goetz & Eckland PA, Minneapolis, MN, Omar T. Mohammedi, Law Firm of Omar T. Mohammedi, LLC, New York, NY, for Plaintiffs.

Dane B. Jaques, Mark A. Dombroff, Dombroff Gilmore Jaques & French, PC, McLean, VA, Gregory S. Bailey, Skadden, Arps, Slate, Meagher & Flom LLP, Chicago, IL, Michael C. Lindberg, Johnson & Lindberg, PA, Andrea Kiehl, Andrew J. Noel, Timothy R. Schupp, Flynn Gaskins & Bennett, LLP, Minneapolis, MN, Raoul D. Kennedy, Skadden Arps Slate Meagher & Flom LLP, San Francisco, CA, for Defendants.

**ORDER**

ARTHUR J. BOYLAN, United States Magistrate Judge.

*1 This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on Plaintiffs' Motions to Compel Discovery from U.S. Airways Group, Inc. and U.S. Airways, Inc. ("U.S.Airways") [Docket No. 122] and from Defendants Bradley Wingate, Roby Desubijana, Matthew Edwards, Sean Hoerdt, Jason Ericksen, David Karsnia, and Metropolitan Airports Commission ("MAC Defendants") [Docket No. 129], as well as MAC Defendants' Motion to Compel Discovery [Docket No. 135]. A hearing was held on July 15, 2008, in the United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Frederick Goetz, Esq., and Omar Mohammedi, Esq., represented Plaintiffs. Timothy Schupp, Esq., represented MAC Defendants. Dane Jaques, Esq., and Michael Lindberg, Esq., represented U.S. Airways.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Compel Discovery from U.S. Airways [Docket No. 122] is **GRANTED IN PART** and **DENIED IN PART** as provided herein.

2. Plaintiffs' Motion to Compel Discovery from the MAC Defendants [Docket No. 129] is **DENIED** as provided herein.

3. MAC Defendants' Motion to Compel Discovery [Docket No. 135] is **GRANTED IN PART, DENIED IN PART,** and **MOOT IN PART** as provided herein.

4. Plaintiffs' request that U.S. Airways be ordered to respond to Document Request No. 38 [FN1] is **granted in part.** Pursuant to agreement of the parties at the hearing (*see* Hr'g Tr. 9 [Docket No. 163]), said request shall be limited to allegations of discrimination based upon race, religion, ethnicity, or national origin. The temporal limitation for this request is responsive documents from January 1998 to the present. Furthermore, the Court agrees with Plaintiffs' contention that U.S. Airways must "supplement the privilege log by adequately describing each document in the log and by identifying which document was responsive to which request" per Fed.R.Civ.P.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)
(Cite as: 2008 WL 4232018 (D.Minn.))

Page 2

*See* Mem. 7 [Docket No. 124].[FN2] Therefore, the Court orders that U.S. Airways must provide Plaintiffs with a Fourth Supplemental Privilege Log identifying claimed attorney-client and/or work product privileged information contained in "documents, communications, or tangible things" separately for each of Plaintiffs' document requests and interrogatories.[FN3] Each instance of privileged information shall be identified by:

> FN1. Plaintiffs' Document Request No. 38 states: "Produce all documents including pleadings, opinions, reports and finding relating to any complaint filed or investigation conducted by a government agency concerning discriminatory treatment of passengers by U.S. Airways, its employees and/or agents."*See* Motion 2 [Docket No. 122].
>
> FN2. The Court finds that U.S. Airways' responses to Document Requests No. 38, 45, 62, and 64 were incomplete and not in compliance with Fed.R.Civ.P. 26(b)(5) because they claim an attorney-client or work product privilege without identifying such privileged information in their privilege log. *See* Ex. 7 [Docket No. 125].
>
> FN3. In particular, the ordering of a Fourth Supplemental Privilege Log applies to Document Request Nos. 38, 45, 62, and 64.

1) Date;

2) Author of privileged information contained in "documents, communications, or tangible things";

3) Primary addressee;

4) Secondary addressee(s), persons copied and recipient (and the relationship of that person(s) to the client and/or author);

5) Type of document, communication, or tangible thing (e.g., internal memo, email, draft affidavit, etc.);

6) Client (i.e., party asserting privilege);

7) Attorneys;

8) Subject matter of information;

9) Whether information is attorney-client and/or work product privilege.

*2 Said privilege log shall be produced to Plaintiffs by no later than **October 15, 2008.**

5. Plaintiffs' request that U.S. Airways be ordered to respond to Document Request No. 45 [FN4] is **granted in part.**At this time, U.S. Airways indicates that it does not possess any documents responsive to said request because it has yet to identify the exhibits that will be used for trial. *See* Mem. 10 [Docket No. 141]. Should responsive and privileged information be discovered by U.S. Airways in the future regarding this request, the Court orders that such information be identified in a supplemental privilege log pursuant to Fed.R.Civ.P. 26(b)(5) and the Court's ruling in "4." above. The Court finds this request to be premature as it runs counter to Local Rule 39.1(b). At the appropriate time, U.S. Airways shall also be allowed to supplement their response to Request No. 45 to expressly claim attorney-client and/or work product privilege pursuant to Fed.R.Civ.P. 26(e) without any objection by Plaintiffs that such privilege has been waived. *But see*Fed.R.Civ.P. 26(b)(5) advisory committee's note, 1993 amendments ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.")(emphasis added).

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)
(Cite as: 2008 WL 4232018 (D.Minn.))

Page 3

FN4. Plaintiffs' Document Request No. 45 states: "Produce all documents, including but not limited to any document that defendant may seek to use to impeach any plaintiff or any of the Plaintiffs' witnesses at trial. This demand includes, but i[s] not limited to, any document containing information that defendant may seek to use at trial under Federal Rules of Evidence 404, 405, 608, and 609. This demand also includes, but is not limited to, any document containing information that defendant may seek to use at trial to attack the credibility of any plaintiff or any witness or as evidence of bias, prejudice, or interest." *See* Mot. 3 [Docket No. 122].

6. Plaintiffs' request that U.S. Airways be ordered to respond to Document Request Nos. 62 [FN5] and 64 [FN6] is **granted in part.** If responsive and privileged information is discovered by U.S. Airways in the future regarding these requests, the Court orders that such information be identified in a supplemental privilege log pursuant to Fed.R.Civ.P. 26(b)(5) and in accordance with the Court's ruling in "4." above concerning the list of items to detail in said privilege log. At that time, U.S. Airways shall also be allowed to supplement their responses to Request Nos. 62 and 64 to expressly claim attorney-client and/or work product privilege pursuant to Fed.R.Civ.P. 26(e) without any waiver objection by Plaintiffs. To the extent that these requests seek Sensitive Security Information ("SSI") [FN7] and Plaintiffs object to U.S. Airways production of documents after SSI review by the TSA, [FN8] the Court directs Plaintiffs to the Court of Appeals which have "exclusive jurisdiction to affirm, amend, modify or set aside" final orders issued by the TSA pursuant to 49 U.S.C. § 114(s). *See* 49 U.S.C. § 46110. District Courts are without jurisdiction to entertain challenges to the TSA's decisions regarding disclosure of SSI. *See In re Sept. 11 Litig.*, 236 F.R.D. 164, 174-75 (S.D.N.Y.2006)(citing *Gilmore v. Gonzales,* 435 F.3d 1125, 1133 (9th Cir.2006); *Merritt v. Shuttle, Inc.,* 245 F.3d 182, 187 (2d Cir.2001); *Chowdhury v. Northwest Airlines Corp.*, 226 F.R.D. 608, 614 (N.D.Cal.2004)); *see also Koutny v. Martin,* 530 F.Supp.2d 84, 91 (D.D.C.2007)("An interested party may petition to modify or set aside such an order in an appropriate court of appeals.").

FN5. Plaintiffs' Document Request No. 62 states: "Produce all documents relating to any training Rob Davis, Danielle Manning, Suzanne Messer, Teri Boatner, Kevin Kelly, John Wood and Glenn Blumenstein received at any time during the course of their employment with U.S. Airways regarding the detection or identification of possible terrorists or the profiling of possible terrorists." *See* Mot. 4 [Docket No. 122].

FN6. Plaintiffs' Document Request No. 64 states: "Produce all documents, including but not limited to policies and procedures, all written rules, regulations, guidelines, or the like relating to U.S. Airways threat assessment for the week up to and including November 20, 2006." *See* Mot. 5 [Docket No. 122].

FN7. The Transportation Security Administration ("TSA") has broadly defined SSI as "information obtained or developed in the conduct of security activities, including research and development, the disclose of which TSA has determined would ... (3) Be detrimental to the security of transportation." 49 C.F.R. § 1520.5(a). Such information includes "aircraft operator, airport operator, or fixed base operator security programs" (*Id.* § 1520.5(b)(1)(i)), "security inspection or investigative in-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)
**(Cite as: 2008 WL 4232018 (D.Minn.))**

Page 4

formation" (*Id.* § 1520(b)(6)), "security training materials" (*Id.* § 1520(b)(10)), and a catchall category for "other information" (*Id.* § 1520.5(b)(16)).

FN8."TSA may authorize a conditional disclosure of specific records or information that constitute SSI upon the written determination by TSA that disclosure of such records or information, subject to such limitations and restrictions as TSA may prescribe, would not be detrimental to transportation security."49 C.F.R. § 1520.15(e).

*3 7. Plaintiffs' request that U.S. Airways be ordered to fully respond to Document Request Nos. 31, 34, 41, 42, 58, 59, and 73 [FN9] is **granted.**More specifically, through these discovery requests Plaintiffs seek information regarding past occurrences similar to the subject matter in this litigation since 1998. Plaintiffs argue that the ten year limitation is relevant because it encompasses pre- and post-September 11, 2001, events. To the contrary, U.S. Airways asserts that Plaintiffs' ten year temporal limitation is excessive. U.S. Airways has produced and Plaintiffs have accepted tables containing details of denied boardings based on security concerns from 2003-2008 responsive to Document Request Nos. 31, 34, 41, 42, and 73. They have also produced current versions of non-discrimination policies and procedures that were in effect on November 20-21, 2006, when this incident occurred, and responsive to Document Request Nos. 58 and 59. Nevertheless, the Court finds that the information sought by Request Nos. 31, 34, 41, 42, 58, 59, and 73 is relevant, and that a ten year limitation on discovery for said requests is not unreasonable considering the effect that the events of September 11, 2001, generally had on airline security, policies, and procedures. To the extent that U.S. Airways does not have responsive documents in their possession dating back to January 2008, U.S. Airways shall expressly state so in their discovery responses.

FN9.*See* Mot. 6-12 [Docket No. 122].

8. Plaintiffs' request that U.S. Airways be ordered to further answer Interrogatory No. 15 [FN10] is **denied.**Plaintiffs argue that U.S. Airways has failed to comply with its discovery obligations regarding this request. U.S. Airways responded to this request by referring Plaintiffs to documents numbered "USAIRWAYS0001-0017" which is a redacted copy of the Minnesota Airport Police Department Report form dated November 21, 2006. *See* Ex. 12 [Docket No. 125]. Plaintiffs object to this response because the police report and attachments failed to identify the individuals who made the complaints, as well as the time and manner of those complaints. Additionally, Plaintiffs seek identification of both oral and written complaints. U.S. Airways counters by stating, "We are not aware of any written or oral complaints other than what is otherwise referenced in the MAC police report which Plaintiffs now have a copy of unredacted from MAC."*See* Tr. 34-35. Upon review of their response to Interrogatory No. 15, the Court finds that U.S. Airways has sufficiently responded to said request. However, the Court reminds both parties of its obligation to timely supplement its discovery responses per Fed.R.Civ.P. 26(e).

FN10. Plaintiffs' Interrogatory No. 15 states: "Identify all persons who made written or oral complaints regarding or related to Plaintiffs' on November 20, 2006. With each communication identify the time and manner by which the communication was made."*See* Mot. 12 [Docket No. 122].

9. Plaintiffs' request that U.S. Airways to be ordered to properly respond to Interrogatory Nos. 1, 4, 5, 6, and 20 is **granted in part.**Similar to U.S. Airways' responses to Plaintiffs' Document

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)
(Cite as: 2008 WL 4232018 (D.Minn.))

Page 5

Requests No. 38, 45, 62, and 64, Plaintiffs argue and the Court agrees that U.S. Airways' answers to Interrogatory Nos. 1, 4, 5, 6, and 20 were inadequate because they object on blanket grounds of attorney-client or work product privilege without identifying any privileged information in their privilege log as required under Rule 26(b)(5). If U.S. Airways is in possession of *information* responsive to these interrogatory requests that they claim is privileged, then that *information* contained in "documents, communications, or tangible things" must be adequately identified in a privilege log. Pursuant to Rule 26(b)(5), U.S. Airways cannot preserve a right to claim attorney-client and/or work product privilege if no such privileged information exists. As previously stated, should responsive and privileged information be discovered by U.S. Airways in the future regarding these interrogatories, the Court orders that such information be identified in a supplemental privilege log pursuant to Fed.R.Civ.P. 26(b)(5) and in accordance with the Court's ruling in "4." above. At that time, U.S. Airways shall also be allowed to supplement their answers to Interrogatory Nos. 1, 4, 5, 6, and 20 to expressly claim attorney-client and/or work product privilege pursuant to Fed.R.Civ.P. 26(e) without any objection by Plaintiffs that such privilege has been waived. Furthermore, to the extent that Plaintiffs object to the substantive answers and information that U.S. Airways has provided for Interrogatory Nos. 1, 4, 5, 6, and 20, the Court orders the parties to meet-and-confer to resolve this issue. Should those discussions reach impasse, the parties are instructed to file a formal motion for resolution of the dispute by the Court.

*4 10. Plaintiffs' request for attorney's fees and costs associated with this motion [Docket No. 122] is **denied.**

11. Plaintiffs' request that the MAC Defendants be ordered to provide complete responses to Interrogatories 17 [FN11] and 18 [FN12] is **denied**

Plaintiffs argue that they are entitled to know "in detail and chronological order" the factual basis for the MAC Defendants' claims that probable cause and a reasonable articulable basis existed to arrest and detain each Plaintiff. They claim that an interrogatory may "properly ask for the principal or material facts which support an allegation or defense, and may seek the identity of knowledgeable persons and supporting documents for the principal or material facts supporting an allegation or defense." *Turner v. Moen Steel Erection Co.,* 2006 WL 3392206, at *4 (D.Neb. Oct. 5, 2006).

> FN11. Plaintiffs' Interrogatory No. 17 states: "As to each named Plaintiff, do you claim that there ever existed probable cause to believe that such individual committed any crime, offense, or violation at any time on November 20, 2006? If so, identify the crime, offense, or violation by name and citation to any applicable statute or ordinance; describe in detail and chronological order all facts that you contend established probable cause as to such individual; and identify by name, address, and employer any individual supplying any described fact, state what facts they supplied, and state when they supplied them."*See* Mem. 3 [Docket No. 130].

> FN12. Plaintiffs' Interrogatory No. 18 states: "As to each named Plaintiff, do you claim that there ever existed a reasonable and articulable suspicion to believe that such individual committed any crime, offense, or violation at any time on November 20, 2006? If so, identify the crime, offense, or violation by name and citation to any applicable statute or ordinance; describe in detail and chronological order all facts that you contend established such reasonable and articulable suspicion as to

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)
(Cite as: 2008 WL 4232018 (D.Minn.))

Page 6

such individual; and identify by name, address, and employer any individual supplying any described fact, state what facts they supplied, and state when they supplied them."*Id.* at 3-4.

"Contention interrogatories" are allowed pursuant to Fed.R.Civ.P. 33(a)(2), which provides:

An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

The term "contention interrogatories" may encompass several types of questions. For example: "They may ask another party to indicate what it contends, to state all the facts on which it bases it contentions, or to explain how the law applies to the facts. *They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.*" *In re Grand Casinos, Inc. Sec. Litig.,* 181 F.R.D. 615, 618 (D.Minn.1998)(quoting *McCarthy v. Paine Webber Group, Inc.,* 168 F.R.D. 448, 450 (D.Conn.1996))(emphasis added by Minnesota court). True contention interrogatories may be helpful "in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense." *Moses v. Halstead,* 236 F.R.D. 667, 674 (D.Kan.2006). Nevertheless, a contention interrogatory will be considered overly broad and unduly burdensome "if it seeks 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case."*Id.*

Here, the Court finds that Plaintiffs' Interrogatory Requests 17 and 18 are not overly broad and unduly burdensome. Said contention interrogatories bear on specific and relevant allegations in the case as Plaintiffs ask the MAC Defendants to identify "all facts" and identities of individuals supplying such facts to support its probable cause and reasonable suspicion arguments. However, the Court holds that the MAC Defendants are not required to supplement its responses to Interrogatories 17 and 18. Plaintiffs argue that they "are entitled to the factual basis upon which the MAC contends its officers based their suspicions for each element of the criminal statutes [and that] [d]irecting Plaintiffs to a police report or witness statements does not provide the facts upon which the MAC officers decided to detain each of the Plaintiffs."*See* Mem. 9 [Docket No. 130]. MAC Defendants sufficiently responded to said interrogatories by identifying the criminal statutes that provide the basis for a lawful seizure, and directing Plaintiffs to the facts set forth in the Airport Police Department Incident Report and witness statements (*see* Schupp Aff., Ex. A [Docket No. 134] ) to support its probable cause and reasonable suspicion arguments. MAC Defendants are not required to provide the narrative account of its case that Plaintiffs seek through its Interrogatory Requests 17 and 18. *See Hiskett v. Wal-Mart Stores, Inc.,* 180 F.R.D. 403, 404 (D.Kan.1998). Plaintiffs already possess the documents identified in these requests and they will have the opportunity for further inquiry into the factual basis of MAC Defendants' contentions through depositions.

*5 12. Plaintiffs' and MAC Defendants' request for attorney's fees and costs associated with this motion [Docket No. 129] are **denied.**

13. MAC Defendants' request that Plaintiffs be ordered to provide them with the remaining signatures to their Answers and Supplemental Answers to MAC Defendants' Interrogatories is deemed **moot.**At the July 15, 2008, hearing the Court verbally ordered Plaintiffs to provide said signatures to the MAC Defendants by no later

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)
(Cite as: 2008 WL 4232018 (D.Minn.))

Page 7

than August 1, 2008;

14. MAC Defendants' request that Plaintiffs produce responsive and unredacted documents concerning its Request for Production of Documents No. 14 [FN13] is **granted in part.** Plaintiffs object to said request for three reasons: (1) it seeks information that is irrelevant to the issues of this litigation; (2) not reasonably calculated to lead to the discovery of admissible evidence; and (3) protected from disclosure by the attorney-client privilege. With respect to Plaintiffs' first two arguments, the Court finds that Request No. 14 does seek relevant information and/or is reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed.R.Civ.P. 26(b)(1). With respect to Plaintiffs' third argument, the Court ordered that any documents responsive to this request that were designated as "confidential and protected from disclosure by the attorney/client privilege and/or the work product doctrine" by Plaintiffs in their privilege log to be produced to the Court for *in camera* privilege review. *See* Tr. pp. 46-47 [Docket No. 163]. After *in camera* review of Plaintiffs privilege log and several of documents designated as privileged, the Court agrees with the MAC Defendants that Plaintiffs privilege log fails to meet the specificity requirements of Fed.R.Civ.P. 26(b)(5). Therefore, Plaintiffs must supplement its privilege log and identify each communication separately by the items listed in "4." above. Plaintiff shall provide its Supplemental Privilege Log and respective documents responsive to the MAC Defendants' document requests [FN14] to the Court for *in camera* review by no later than **October 1, 2008.**

> FN13. MAC Defendants' Request for Production of Documents No. 14 states: "All correspondence, including letters, emails and text, instant messages, relating or referring to this incident between you and the Counsel for American-Islamic Relations from the date of this incident to the present." *See* Mem. 12 [Docket No. 137].

> FN14. This includes MAC Defendants' Requests for Production of Documents Nos. 11, 14, and 27 as noted in Plaintiffs' original privilege log. *See* Pls.' Letter dated July 31, 2008.

14. MAC Defendants' request that Plaintiffs be ordered to produce responsive and unredacted documents concerning its Request for Production of Documents No. 27 [FN15] is **granted in part.** As stated above, Plaintiffs privilege log lacks specificity and Plaintiff shall provide the Court with a Supplemental Privilege Log and documents responsive to the MAC Defendants' document requests, including No. 27. However, pursuant to agreement of the parties (*see* Defs.' Mem. 13 [Docket No. 137]; Pls.' Mem. 10 [Docket No. 144] ), Plaintiffs shall provide the MAC Defendants with a complete and unredacted copy of the email communications between individual Plaintiffs concerning the retainer agreement dated November 29, 2006 (but not a copy of the actual retainer agreement itself) by **October 1, 2008.**

> FN15. MAC Defendants' Request for Production of Documents No. 27 states: "All correspondence, including letters, emails and text/instant messages, showing communications between two or more plaintiffs from January 1, 2006 to the present." *See* Mem. 13 [Docket No. 137].

15. MAC Defendants' request for sanctions pursuant to Fed.R.Civ.P. 37(a)(5)(A) is **denied.**

*6 16. U.S. Airways Motion for Clarification of July 14, 2008, Order Regarding the Production of Privileged Documents for *in camera* review by the Court [Docket No. 156] [FN16] and Plaintiffs' Mo-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)
(Cite as: 2008 WL 4232018 (D.Minn.))

Page 8

tion to Strike U.S. Airways Motion [Docket No. 158] [FN17] are deemed **moot** pursuant to the Court's Order above. At this time, only Plaintiffs must provide the Court with a Supplemental Privilege Log and corresponding documents for purposes of *in camera* review as it pertains to the Court's ruling on MAC Defendants' Motion to Compel Discovery [Docket No. 135].[FN18]

> FN16. U.S. Airways' motion filed on August 1, 2008, "seeks clarification of whether the Court's [verbal] order [during the July 14, 2008, hearing] requires submission of all documents that U.S. Airways has identified as privileged, or privileged documents responsive to the document requests addressed in Plaintiffs' Motion to Compel [Docket No. 122], even though Plaintiffs did not challenge the application of privilege in relation to those documents?" *See also* Tr. 21-22 [Docket No. 163].

> FN17. Plaintiffs' claim in their counter motion that U.S. Airways motion for clarification was unsolicited and unpermitted pursuant to Fed. R. Civ. 7(b) and Local Rule 7.1(f). Plaintiffs argue that U.S. Airways should not be allowed to set forth further arguments to issues of privilege discussed in Plaintiffs' Motion to Compel [Docket No. 122] that have already been briefed and argued in front of the Court.

> FN18. Should Plaintiffs have any objections to U.S. Airways claims of privilege after it produces its Fourth Amended Privilege Log, Plaintiffs are instructed to file the appropriate motion with the Court.

D.Minn.,2008.
Shqeirat v. U.S. Airways Group, Inc.
Not Reported in F.Supp.2d, 2008 WL 4232018 (D.Minn.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.