**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| TIMEBASE PTY LTD., | Civil No. 07-CV-1687 (JNE/JJG) |
| Plaintiff, | |
| vs. | |
| THE THOMSON CORPORATION, WEST PUBLISHING CORPORATION, and WEST SERVICES, INC., | **DEFENDANTS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF** |
| Defendants. | |

Pursuant to the Court's Order of October 15, 2010 (Docket No. 202), the defendants submit the following Supplemental Claim Construction Brief in response to TimeBase's Supplemental Claim Construction Memorandum (Docket No. 186).  As previously stated, the defendants' continue to believe that the record before the Court on claim construction is already complete.  (Docket No. 191.)  Nevertheless, the defendants' wish to clarify the following three points:

## I.   At The Markman Hearing, TimeBase Did Not Accurately Represent The Claim Constructions Agreed To By The Parties.

At the Markman hearing, TimeBase represented that the parties had agreed to the constructions of the following terms: (1) Amended, (2) Modified, (3) Means for Searching/Searching Means, and (4) Step of Searching/Searching Step.  While the parties have reached agreement as to the constructions of these terms, the specific language presented by TimeBase differed slightly from the actual agreed upon constructions of

these terms.  The constructions the defendants actually agreed to for these terms are as

follows:

> (1) <u>Amended</u>: altered or changed in some way

> (2) <u>Modified</u>: altered or changed in some way

> (3) <u>Means for Searching/Searching Means</u>:
> <u>Function</u>: As set forth in the claims.
> <u>Structure</u>: software for locating text-based data using attributes, links,
> portions, words or phrases, or the equivalent.

> (4) <u>Step of Searching/ Searching Step</u>:
> <u>Function</u>: As set forth in the claims.
> <u>Step</u>: using software to locate text-based data using attributes, links,
> portions, words or phrases, or the equivalent.

The parties are finalizing a stipulation that will clarify these agreed upon constructions.

## II.  TimeBase's Proposed Compromise Construction Of Attribute Suffers From All Of The Same Flaws As TimeBase's Originally Proposed Construction, And Should Be Rejected.

In its Supplemental Claim Construction Memorandum, TimeBase proposes a

merged construction of the term "attribute."  (Docket No. 186 at 1.)  The defendants do

not agreed to this proposed compromise construction because it suffers from all of the

same flaws as TimeBase's originally proposed construction of this term.  Specifically,

TimeBase's merged construction duplicates claim language rendering portions of the

asserted claims meaningless, and effectively reads the term "each" out of the claims.

Therefore, TimeBase's proposed compromise construction of "attributes" should be

rejected for all of the reasons previously explained in the defendants' claim construction

briefs, and at the Markman hearing.

2

**III.    TimeBase Clearly Admitted That The Accused Products Do Not Have Point-To-Point Movement, And Their Attempt To Run From This Admission Will Fail.**

At the Markman hearing, counsel for TimeBase clearly acknowledged that the defendants' accused products do not operate via point-to-point movement:

> This is an example of how the invention works using Westlaw which we're all familiar with. . . . If I clicked on the prior versions for the regulation, I go to the next screen, slide 28.  Now, I have a list.  In other words, **I have not gone point to point**.  (Docket No.176 at 27:20-28:6 (emphasis added).)

And similarly stating:

> If I go to the next page, here's the list of versions of the authorizing statute.  And you can't see them all on the page, you have to scroll down.  There's about ten of them there.  That's the list.  **That's not point-to-point movement.**  (Docket No. 176 at 29:4-8 (emphasis added).

TimeBase now apparently hopes to avoid these straightforward admissions.  In its Supplemental Claim Construction Memorandum, TimeBase suggests that the defendants' accused products would somehow infringe even if multidimensional space is construed as requiring point-to-point movement.  (Docket No. 186 at 3.)  As will be shown in this case, TimeBase cannot escape the fact that the defendants' products do not use an organized multidimensional space that allows point-to-point movement as described and claimed in the asserted patents.  The defendants' accused products do just what TimeBase explained at the Markman hearing — they use conventional database techniques to perform a search and return a list of search results, and "That's not point-to-point movement."

Dated: October 22, 2010

**FAEGRE & BENSON LLP**

By:

 *s/Kevin P. Wagner*
David J.F. Gross #208772
Calvin L. Litsey #153746
Theodore M. Budd #314778
Mary V. Sooter (*pro hac vice)*
Kevin P. Wagner #034008X
Katherine S. Razavi #388958
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone:  (612) 766-7000
Fax:  (612) 766-1600
Email: dgross@faegre.com
Email: clitsey@faegre.com
Email: tbudd@faegre.com
Email: kwagner@faegre.com
Email: krazavi@faegre.com

**Attorneys for Defendants The Thomson
Corporation, West Publishing
Corporation, and West Services, Inc.**

fb.us.5885162.01

4