UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **TimeBase Pty Ltd,** | **Civ. No. 07-1687 (JNE/JJG)** |
| **Plaintiff,** | |
| v. | **ORDER** |
| **Thomson Corporation, West Publishing Corporation, and West Services, Inc.,** | |
| **Defendants.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the Court on October 19 and October 25, 2010 for hearings on Plaintiff's Motion Regarding Protective Order (Doc. No. 168), Plaintiff's Motion to Compel Adequate Discovery Regarding Damages (Doc. No. 177), and Defendants' Motion for Protective Order (Doc. No. 192). Because the matters under advisement will affect depositions scheduled this week, and because the discovery period ends in three days, this Order will be concise.

## I.     Plaintiff's Motion to Compel Adequate Discovery Regarding Damages

Plaintiff TimeBase Pty Ltd. ("Plaintiff") moves to compel Defendants Thomson Corporation, West Publishing Corporation, and West Services, Inc. ("Defendants") to produce additional information concerning damages. Plaintiff asks for essentially the same information that it sought in a previous motion to compel, which was denied.

First, Plaintiff seeks the raw financial data Defendants used to compile the financial spreadsheets. This request is denied. Having reviewed the spreadsheets and considered the arguments of counsel, the Court finds that the spreadsheets are complete and accurate. However, the Court will require the author of the spreadsheets, Mark Hoffman, to submit verifications for

the spreadsheets and interrogatory responses he prepared. Additionally, if there is any possible way to measure increased revenue or increased subscriptions attributable to StatutesPlus, Defendants must provide that to Plaintiff.

Plaintiff next asks for a greater sample of contracts and customer communications. The Court grants this request in part. Defendants must produce contracts and customer correspondence for seventy additional customers. Plaintiff may either select the customers by number or allow Defendants to compile the sample based on parameters Plaintiff specifies.

Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiff asks for leave to enter and inspect Defendants' entire financial data warehouse. This request is denied. Rule 34 does not grant a party unrestricted access to an opposing party's database, nor does it give the requesting party the right to conduct the actual search. *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003). Furthermore, the Court has found Defendants' production of financial information largely sufficient, especially with the production of additional contracts and correspondence.

Finally, Plaintiff asks the Court to establish its damages theory as fact and to preclude Defendants from offering evidence on damages, as a sanction for purported discovery violations. The Court finds that Defendants have complied with their discovery obligations and the Court's discovery orders, however, and the request is therefore denied.

## II.     Plaintiff's Motion Regarding Protective Order

Plaintiff asks the Court to determine that a PowerPoint presentation created by Mark Stignani, Defendants' in-house counsel, which was inadvertently produced by Defendants, is not protected by the attorney-client privilege. After Defendants determined that the document had been inadvertently produced as part of a large-scale production effort, they notified Plaintiff and asked for its return, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and the terms of the Stipulated Protective Order. Plaintiff refused and filed the instant motion.

The Court finds that the document is privileged and that the privilege was not waived. The attorney-client privilege protects not only confidential communications from a client to an attorney, but also "the giving of professional advice to those who can act on it." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). Legal advice concerning the patentability of an invention is privileged. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 806 (Fed. Cir. 2000). Here, Stignani created the document for the purpose of giving confidential legal advice regarding the patentability of an invention to members of the Thomson Patent Review Board, all of whom were employees of Defendants, pursuant to a continuous request for advice on such issues. Although a few insignificant phrases, such as titles or captions, arguably are not privileged, that information is incidental to the primary purpose of the presentation. When assessing whether a document conveying legal advice is privileged, a court should not dissect it piecemeal. *Id.* "It is enough that the overall tenor of the document indicates that it is a request for legal advice or services." *Id.*

Defendants' inadvertent production of the document did not waive the privilege, nor was the document disclosed to anyone other than Stignani's client. The privilege therefore remains intact. Plaintiff is ordered to cease using the disputed document immediately and to destroy or return all copies in its possession.

### III. Defendants' Motion for Protective Order

One of Stignani's duties as in-house counsel for Defendants is to manage this litigation. Stignani is also an inventor, prepares patent applications, and engages in sales and marketing activities. Given Stignani's various roles, Plaintiff noticed his deposition on several topics: (1) meetings and communications with third parties in 2001, (2) first-hand knowledge of the patents at issue, (3) knowledge of various documents, (4) contacts with Plaintiff's Chief Executive Officer, (5) Stignani's own patents, and (6) topics for which he was identified as a

witness in Defendants' initial disclosures. Defendants' moving papers discusses why a protective order is warranted on all six topics, but Plaintiff's response to the motion focuses on only the first topic. The Court will limit its discussion accordingly.

One of Plaintiff's primary contentions in this case is that Stignani and other employees of Defendants gathered technical information from Plaintiff during two meetings and in follow-up correspondence in 2001. Then, according to Plaintiff, Defendants filed patent applications for the accused products using the information obtained from Plaintiff. Defendants do not dispute that Stignani has relevant, nonprivileged information concerning the meetings and contacts, but they propose that Stignani convey his knowledge to a Rule 30(b)(6) deponent, Andrew Martens, or that Plaintiff elicit the information through depositions of other meeting attendees.

In-house counsel of an opposing party may be deposed only when "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information . . .; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Plaintiff bears the burden to establish these factors. *See id.*

The Court's inquiry begins and ends with the first factor. Plaintiff may obtain the information they seek from David Spencer, an employee of Defendants who also attended the meetings and was privy to the correspondence.[1] Plaintiff has noticed Spencer's deposition, and Defendants have advised the Court that he will testify not only about the 2001 meetings and subsequent contacts, but also on three other topics noticed for Stignani's deposition.

---

[1] Like Stignani, Spencer worked as an in-house lawyer for Defendants in 2001. (Pl.'s Mem. Supp. Mot. Regarding Prot. Order at 12; Doc. No. 169.) Spencer worked in Legal Product Development, Statutes and Regulations, and was one of the named inventors of the technology at issue. (*Id.* at 12-13.) His testimony will certainly be probative of Defendants' knowledge of Plaintiff's patents.

4

Accordingly, Defendants' motion for a protective order is granted on all noticed topics, unless the parties have agreed otherwise.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion Regarding Protective Order (Doc. No. 168) is **DENIED**, and Plaintiff is ordered to immediately cease using the disputed document and destroy or return all copies in its possession.

2. Plaintiff's Motion to Compel Adequate Discovery Regarding Damages (Doc. No. 177) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully herein.

3. Defendants' Motion for Protective Order (Doc. No. 192) is **GRANTED**.

Dated: October 26, 2010

    s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge