# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TIMEBASE PTY LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE THOMSON CORPORATION, WEST PUBLISHING CORPORATION, and WEST SERVICES, INC., <br><br> Defendants. | Civil No. 07-1687 (JNE/JJG) <br><br><br> **DEFENDANTS' RESPONSE TO TIMEBASE'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY** |

Defendants do not oppose TimeBase's request for partial summary judgment that the claims of the '592 and '228 patents are not invalid due to anticipation (under 35 U.S.C. § 102), obviousness (under 35 U.S.C. § 103), indefiniteness (under 35 U.S.C. § 112 ¶ 2), or enablement (under 35 U.S.C. § 112 ¶ 1). Defendants do maintain their defense that claims 24 - 48 of the '228 patent are invalid for lack of a written description, and TimeBase has not moved for summary judgment on this specific defense.[1]

Defendants have withdrawn their invalidity defenses because the Court construed the claims in a manner that properly limits their scope to what TimeBase actually invented—namely, systems and methods that defendants do not infringe. When

---

[1] TimeBase does not seek summary judgment on the issue of written description with respect to claims 24-48 of the '228 patent. Specifically, TimeBase states in its brief that "Summary judgment is necessary with respect to the entirety of the defendants' §§ 102 and 103 contentions, and with respect to *all but* the single § 112 contention addressed in Dr. Stonebraker's [February 28, 2011] report." (Dkt. 246, at 22 (emphasis added).) A copy of Dr. Stonebraker's expert report on written description is submitted herewith. (Declaration of Michael Stonebraker, Ex. A.) Dr. Stonebraker's opinions create a genuine issue of fact on defendants' written description defense.

TimeBase filed this action, it tried to create a case of infringement against defendants by adopting constructions for the claims of the '592 and '228 patents that were at odds with the plain language of the claims as well as the specifications and prosecution histories. Had TimeBase prevailed in its claim construction proposals, TimeBase would have assured the invalidity of its patents. Defendants' prior art charts point out, for example, numerous pre-1997 prior art electronic publishing systems—including defendants' earlier versions of Westlaw—that disclose each of the features of the '592 and '228 patent claims based on the claim constructions TimeBase was proposing. (Dkt. 247-15–247-40.)

In issuing its Claim Construction Order (Dkt. 219), the Court rejected TimeBase's constructions and confirmed the true scope of TimeBase's invention and the patents' claims. Based on the Court's constructions of claim terms such as "each" and "multidimensional space," for example, TimeBase is required to show that defendants' Westlaw system and methods contain elements that no real-world, large-scale electronic publishing system or method would include. Electronic publishing systems that contain a very large number of documents and attributes, such as Westlaw, do not need each portion of text-based data—that is, every one considered separately—to be encoded with markup language with single reference IDs. Nor is it practical for such electronic publishing systems to include a multidimensional space that is capable of, or involves, more than three dimensions, where the dimensions are axes along which, or along some combination of which, point-to-point movement is allowed. For the same reasons, many

of the prior art systems that would have anticipated or rendered the claims obvious under TimeBase's proposed constructions lack the claimed features as construed by the Court. Therefore, defendants did not submit an expert report showing the existence of these features in the prior art. Instead, this case became a clear case of non-infringement.[2]

In view of the Court's claim constructions, defendants have not pursued their contentions regarding invalidity based on anticipation or obviousness.[3] Instead, defendants have narrowed the issues in this case by focusing on showing that the accused Westlaw system and methods do not infringe any of the claims of the '592 and '228 patents. Defendants have moved for summary judgment on two of their many non-infringement theories (Dkt. 232) and will pursue their remaining theories if this case proceeds to trial. In addition, defendants have maintained their defense of invalidity for claims 24 through 48 of the '228 patent because these claims fail to meet the written description requirements of 35 U.S.C. § 112 ¶ 1.

---

[2] Counsel for TimeBase aptly confirmed during the claim construction hearing that the accused Westlaw system lacks the point-to-point movement necessary for a multidimensional space. In demonstrating the accused Westlaw system, he explained: "If I go to the next page, here's the list of versions of the authorizing statute. And you can't see them all on the page, you have to scroll down. There's about ten of them there. That's the list. That's not point-to-point movement." (Dkt. 176, at 29.)

[3] If the terms "each," "multidimensional space," and other terms had been construed differently, of course, defendants would assert that many prior art references anticipate and/or render obvious each of the patent claims. *See, e.g.*, *Asyst Techs., Inc. v. Emtrak, Inc.*, 544 F.3d 1310, 1317 (Fed Cir. 2008) (allowing defendant to advance new invalidity arguments when the scope of the claims changed due to claim construction); *accord*, *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1357 (Fed. Cir. 1998); *Itron, Inc. v. Benghiat*, 99cv501, 2001 U.S. Dist. LEXIS 23230, at *4 (D. Minn. Dec. 21, 2001) (Tunheim, J.); *3M Innovative Properties Co. v. Avery-Dennison Corp.*, 01cv1781, 2005 WL 6019652, at *1 (D. Minn. Oct. 21, 2005) (Tunheim, J.).

| | |
|---|---|
| Dated: July 22, 2011 | **FAEGRE & BENSON LLP** |
| | By: |
| | *s/Kevin P. Wagner* |
| | David J.F. Gross #208772 |
| | Calvin L. Litsey #153746 |
| | Mary V. Sooter (*pro hac vice*) |
| | Kevin P. Wagner #034008X |
| | 2200 Wells Fargo Center |
| | 90 South Seventh Street |
| | Minneapolis, Minnesota 55402 |
| | Telephone: (612) 766-7000 |
| | Fax: (612) 766-1600 |
| | Email: dgross@faegre.com |
| | Email: clitsey@faegre.com |
| | Email: msooter@faegre.com |
| | Email: kwagner@faegre.com |
| | **Attorneys for Defendants The Thomson Corporation, West Publishing Corporation, and West Services, Inc.** |

fb.us.7056598.03