IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| TIMEBASE PTY LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Nos. 07-cv-1687 (JNE/JJG) |
| vs. | ) | |
| | ) | |
| THE THOMSON CORPORATION, | ) | **TIMEBASE'S REPLY IN SUPPORT OF** |
| WEST PUBLISHING CORPORATION, | ) | **ITS MOTION FOR SUMMARY** |
| and WEST SERVICES, INC., | ) | **JUDGMENT OF NO INVALIDITY** |
| | ) | |
| Defendants. | ) | |

The defendants' response to TimeBase's motion for summary judgment is facile, but without merit. In the opening paragraph of their response, the defendants' effectively state the obvious – that they have no basis by which to oppose the relief requested in TimeBase's motion. In view of the defendants' concession on this issue, entry of summary judgment in TimeBase's favor is warranted. The remainder of the defendants' response is replete with statements that have no bearing on the substance of TimeBase's underlying motion, and are only addressed by TimeBase below for the sake of completeness.

The notion that "Defendants have withdrawn their invalidity defenses" (Dkt. 265, Def. Resp. at 1) – language which is indicative of an event having previously occurred – is nonsense. At no time in this case have the defendants ever informed TimeBase or this Court that any one of their invalidity defenses was being removed from this case. The defendants' suggestion to the contrary is unsupported by the record and, quite frankly, disingenuous.

The defendants have known their prior art contentions for years. They have known for years the views of the United States Patent & Trademark Office's examiners regarding the validity of the patents-in-suit. The defendants should never have launched their invalidity avalanche. But they did so, ignoring the Patent Office and the comments of this Court's Patent Advisory Committee, which stated that it recommended amendments to the Local Rules to "further the goals established in Rule 1 of the Federal Rules of Civil Procedure" and to "[d]iscourag[e] expensive and/or burdensome litigation."

The defendants could have withdrawn their hundreds of purported prior art references and thousands of potential combinations of references long ago. But they never modified their prior art contentions. They never amended their interrogatory responses, which assert §§ 102, 103, and every defense available under § 112. They never amended their pleadings. As of February 28, 2011, the defendants knew they had no person of skill analyzing the references under §§ 102 and 103. They knew they had no witness on any § 112 defense save that addressed by the Stonebraker report on February 28. Yet the defendants remained silent.

If the Court's claim construction has any bearing on this, as the defendants now assert, the defendants knew what the claim constructions were as of January, 2011. They argue that, if TimeBase had prevailed on claim construction, the patents-in-suit would be invalid. The defendants allege that the Court's claim construction ruling narrowed the scope of the patents-in-suit. TimeBase disagrees. But, if the defendants are correct, shouldn't they have dropped their invalidity

2

defenses upon receiving the January 21 claim construction order?  They failed to do so then, and have since provided no notice whatsoever to anyone on this issue, at any of the several times when they could have done so.  Only TimeBase's motion for summary judgment forced the issue.

The defendants discuss what they allegedly would have or could have done in this case under circumstances different from those which they believe to presently exist.  That discussion has no relevance to the issues raised in TimeBase's motion for summary judgment, the focus of which lies on what the defendants **actually** did do (or, more appropriately, failed to do) in this case with regard to their invalidity defenses.

Equally dubious are the defendants' allegations as to what "real-world, large-scale electronic publishing system[s] and method[s]" would or would not include in relation to the claimed inventions of the patents-in-suit.  (Dkt. 265, Def. Resp. at 2).  The defendants provide no evidentiary support whatsoever for these statements, instead relying entirely upon the conjecture provided by their counsel.

The defendants use their response as a way to argue about infringement.  That repetition is contrary to Local Rule 7.1.  Moreover, with respect to the defendants' argument directed to the word "each," their brief missed a controlling case, a precedential decision of the Federal Circuit, *Bowers v. Baystate Technologies, Inc.,* 320 F.3d 1317 (Fed. Cir. 2003).  Local Rule 7.1(b) and (g) precludes further briefing by the defendants with respect to infringement.

The defendants' continue to harp on a quotation from TimeBase's counsel (found at page 29 of the claim construction hearing transcript) as a purported basis for why the defendants should allegedly prevail in this case. The defendants' characterization of this quotation is devoid of context, careless and unfair. Here is what TimeBase's counsel said in relation to the statement referenced by the defendants:

> But the patent isn't limited to these three axes. And it is not limited, this is an example of how you can travel around this multidimensional space. It is not limited to what the defendants call point-to-point movement. It has a number of alternatives.

(Dkt. 176, Hearing Transcript at 26).

Defendants' attempted sideshow aside, TimeBase is entitled to summary judgment in its favor. The defendants' Answer to TimeBase's Second Amended Complaint alleged that the '592 and '228 patents were invalid on every conceivable basis under Title 35:

> **Invalidity**
>
> 3. The claims of the '592 and '228 patents are invalid for failure to comply with the patent laws, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

(Dkt. 112, Def. Ans. to 2nd Am. Comp, at page 11). The summary judgment to which TimeBase is entitled encompasses more than those specific defenses the defendants identify in their response. The patent laws include provisions regarding other grounds for invalidity, e.g., § 101. The defendants have failed to show that they can

prove their case with respect to their entire allegation, save only the § 112 defense regarding written description and claims 24-48 of the '228 patent.

TimeBase is therefore entitled to summary judgment that:

- No claim of the '592 patent is invalid.

- None of claims 1-23 of the '228 patent is invalid.

- None of claims 24-48 of the '228 patent is invalid under any section of Title 35, including but not limited to §§ 101, 102, 103, and with respect to any § 112 defense save written description as described in the Stonebraker report.

TimeBase's motion should be granted, and the defendants' allegations and affirmative defenses relating to invalidity should be dismissed with prejudice, save the § 112 written description defense with respect to only claims 24-48 of the '228 patent.

Dated:  July 28, 2011                         /s/ Joseph N. Hosteny
                                              Joseph N. Hosteny
                                              Arthur A. Gasey
                                              Robert A. Conley
                                              Niro, Haller & Niro
                                              181 West Madison Street, Suite 4600
                                              Chicago, IL  60602
                                              Telephone:  312-236-0733
                                              Fax:  312-236-3137
                                              Email:  hosteny@nshn.com
                                              Email:  gasey@nshn.com
                                              Email:  rconley@nshn.com

                                              Michael R. Cunningham
                                              Attorney No. 20424
                                              Gray, Plant, Mooty,
                                              500 IDS Center
                                              80 South Eighth Street
                                              Minneapolis, MN 55402

        Telephone: (612) 632-3000
        Fax: (612) 632-4444
        Email:  michael.cunningham@gpmlaw.com