## NIRO, HALLER & NIRO

RAYMOND P. NIRO
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

GREGORY P. CASIMER
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
LAURA A. KENNEALLY
TAHITI ARSULOWICZ
BRIAN E. HAAN
JOSEPH A. CULIG
ANNA B. FOLGERS
CHRISTOPHER W. NIRO
DANIEL R. FERRI
GABRIEL I. OPATKEN
OLIVER D. YANG

OF COUNSEL:
JOHN C. JANKA

August 19, 2011

The Honorable Joan N. Ericksen
United States District Court

Re: Timebase v. Thomson, et al - Case No. 07CV1687

Dear Judge Ericksen:

The defendants' letter yesterday says that TimeBase is violating the schedule for claim construction. That is incorrect.

It is impossible to seek clarification of a claim construction without first having the claim construction. For that reason alone, TimeBase's motion for clarification is timely.

Long after claim construction was done, the defendants sought to make "system" in the preamble a new claim limitation. This is a new dispute, not of TimeBase's making, and must be resolved by the court. *Pressure Products Medical Supplies, Inc. v. Greatbatch, Ltd.*, 599 F.3d 1308, 1316 ("As this court has recognized, 'district courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves.' *Pfizer, Inc. v. Teva Pharms., USA, Inc.*, 429 F.3d 1364, 1377 (Fed. Cir. 2005); see also *Utah Med. Prods., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1381-82 (Fed. Cir. 2003) (holding that the district court did not err in amending its claim construction during oral arguments for pretrial motions nearly two years after the original construction). Moreover, '[w]hen the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve that dispute.' *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008)."). The defendants' "apples" argument and analysis on August 11 was more new claim construction. It raises an actual dispute about the scope of the claims.

It was not possible last year to make a motion regarding this new limitation and new construction argument. No one knew of it. The defendants assured the Court last year, during the oral argument on claim construction, that their summary judgment would be based on the multidimensional space limitation. Mr. Gross argued: "That's why it's so important is that if the accused products lack multidimensional space, we are finished with the entire lawsuit. Now, I'm highlighting a future motion that's going to be probably a ways out, but I just wanted the Court to know that's why this is so important. It wouldn't narrow the issue. It would kill the case." (Hearing Transcript, September 23, 2010, at 48-49).

That reaffirms that their "system" argument is new. It is an important point, too, because the defendants say it warrants summary judgment. It does not. The claims cannot possibly be construed to require that every portion in a system – a non-limitation in a preamble – be encoded with a linking means.

TimeBase's motion also mentions that a linking means can be code as well as markup. Claim 9 of the '592 patent says so. This claim has been examined twice, and allowed twice. "Code" is a second structure that carries out the function of the linking means. Claim 9 was not addressed in the Court's Markman Order. A construction that is in conflict with a claim is rarely correct. Claims are part of the specification, 35 U.S.C. § 112, and each claim is presumed valid, 35 U.S.C. § 282. The defendants have conceded the latter with respect to the '592 patent.

The last part of TimeBase's motion provides the specific specification support for the '592 patent that we did not have handy during the oral argument.

The defendants themselves cited *O2 Micro* at page 55 of the oral argument on claim construction, to the effect that any dispute over the scope of a claim had to be resolved by the court. The defendants have raised a new dispute, and it must be resolved. TimeBase's motion, to which the defendants may respond, is the right way to do that.

Sincerely,

Joseph N. Hosteny

cc:   Michael Cunningham
      Opposing counsel