# NIRO, HALLER & NIRO

| | | |
|---|---|---|
| RAYMOND P. NIRO<br>TIMOTHY J. HALLER<br>WILLIAM L. NIRO<br>JOSEPH N. HOSTENY, III<br>ROBERT A. VITALE, JR.<br>PAUL K. VICKREY<br>DEAN D. NIRO<br>RAYMOND P. NIRO, JR.<br>PATRICK F. SOLON<br>ARTHUR A. GASEY<br>CHRISTOPHER J. LEE<br>DAVID J. SHEIKH<br>VASILIOS D. DOSSAS<br>RICHARD B. MEGLEY, JR.<br>MATTHEW G. McANDREWS<br>PAUL C. GIBBONS | 181 WEST MADISON STREET-SUITE 4600<br><br>CHICAGO, ILLINOIS 60602<br>———<br>TELEPHONE (312) 236-0733<br><br>FACSIMILE (312) 236-3137<br><br><br>September 7, 2011 | GREGORY P. CASIMER<br>DINA M. HAYES<br>FREDERICK C. LANEY<br>DAVID J. MAHALEK<br>KARA L. SZPONDOWSKI<br>ROBERT A. CONLEY<br>LAURA A. KENNEALLY<br>TAHITI ARSULOWICZ<br>BRIAN E. HAAN<br>JOSEPH A. CULIG<br>ANNA B. FOLGERS<br>CHRISTOPHER W. NIRO<br>DANIEL R. FERRI<br>GABRIEL I. OPATKEN<br>OLIVER D. YANG<br>———<br>OF COUNSEL:<br>JOHN C. JANKA |

*Filed and served via ECF*
The Honorable Joan N. Ericksen
United States District Court
For the District of Minnesota
12W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re:  Timebase v. Thomson, et al - Case No. 07CV1687

Dear Judge Ericksen:

TimeBase moved for summary judgment of no invalidity. (Document Nos. 244 and 246). The Defendants did not oppose, except with respect to a single defense under 35 U.S.C. § 112, pertaining to claims 24-48 of the '228 patent, one of the two patents TimeBase has asserted. (Document No. 265-1).

The parties exchanged proposed orders concerning entry of summary judgment with respect to TimeBase's motion. We have not reached agreement, and the Defendants advised us today that they would submit their proposed order in lieu of any further discussion.

TimeBase requests entry of the order it has enclosed with this letter. The defendants' Answer to TimeBase's Second Amended Complaint alleged that the '592 and '228 patents were invalid on every conceivable basis under Title 35:

> **Invalidity**
>
> 3.  The claims of the '592 and '228 patents are invalid for failure to comply with the patent laws, including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112.

(Document No. 112, Defendants' Answer to the 2nd Amended Complaint, page 11). Title 35 includes quite a few provisions regarding grounds for invalidity, e.g., utility under § 101. The Defendants' Affirmative Defense included them all. The defendants' response to TimeBase's motion did not provide any evidence, and asked only that the § 112 defense regarding written

The Honorable Joan N. Ericksen
United States District Court
For the District of Minnesota
September 7, 2011
Page 2

description and claims 24-48 of the '228 patent. TimeBase agreed in its reply that only the § 112 was preserved. TimeBase's reply is document no. 267.

Given the Defendants' response, TimeBase's reply, and its proposed order, provide that all the claims of the '592 patent are not invalid, that claims 1-23 of the '228 patent are not invalid, and that the sole remaining validity defense is as described above. TimeBase sent the Defendants a draft order.

The defendants altered TimeBase's draft, and deleted "sole" with respect to their remaining § 112 defense. TimeBase was concerned by their changes and especially by their deletion, because it appears to be an effort to preserve some other, unknown defense. TimeBase so advised the Defendants, but they have not responded in substance to that concern. It is far too late for new defenses.

TimeBase's proposed order does what the defendants asked: it preserves their sole remaining invalidity defense. The Defendants have given up every other invalidity defense. TimeBase therefore requests that the Court enter the enclosed order. A copy of the order is being sent to the Court's email address.

Sincerely,

Joseph N. Hosteny

cc:   Michael Cunningham
      Opposing counsel